C.D. Michel – SBN 144258
Sean A. Brady – SBN 262007
Anna M. Barvir – SBN 268728
Matthew D. Cubeiro – SBN 291519
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA DUNCAN, RICHARD LEWIS, PATRICK LOVETTE, DAVID MARGUGLIO, CHRISTOPHER WADDELL, CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, a California corporation,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>　　　　　　　　　Defendant. | Case No: 17-cv-1017-BEN-JLB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR ORDER SHORTENING TIME**<br><br>Date:<br>Time:<br>Dept:　　5A<br>Judge:　Hon. Roger T. Benitez |

1

# INTRODUCTION

Good cause exists to shorten time so that Plaintiffs have an opportunity to submit a timely motion for a preliminary injunction on the upcoming changes to California Penal Code section 32310. While California law has restricted the acquisition, manufacture, import, and transfer of magazines over ten rounds since January 2000, recent amendments to the law will bar the *mere possession* of such magazines starting on July 1, 2017. If an injunction on this matter cannot be obtained before the amended law is scheduled to take effect, untold thousands of law-abiding Californians will be forced to surrender their constitutional rights to keep and use their lawfully acquired property, or become criminals under state law. Plaintiffs thus respectfully request that the Court set a briefing and hearing schedule on shortened time such that 14 days constitutes sufficient notice, with a final hearing on a Motion for Preliminary Injunction on June 12, 2017.

# FACTUAL BACKGROUND

In July 2016, California enacted Senate Bill 1446 (SB 1446), amending Penal Code section 32310 to prohibit the mere possession of magazines capable of holding more than ten (10) rounds. S. B. 1446, 2015-2016 Reg. Sess. (Cal. 2016). On November 8, 2016, California voters approved Proposition 63 (Prop 63), which made effectively the same amendments as SB 1446 did to section 32310, prohibiting the possession of magazines capable of holding more than 10 rounds.

Under the amended law, any person in lawful possession of such a magazine has only until July 1, 2017 to either: (1) remove it from the state; (2) sell it to a licensed firearms dealer; or (3) surrender it to law enforcement without compensation. Cal. Penal Code § 32310(d). By that date, every law-abiding Californian in current possession of magazines over 10 rounds, including Plaintiffs Lewis and Lovette and countless members of Plaintiff CRPA, must surrender their fundamental, individual right to possess and use common magazines over 10 rounds—without just government compensation—under threat of criminal penalty. Cal. Penal Code § 32310(c)-(d); *see* Lewis Decl. ¶ 10; Lovette Decl. ¶ 10; Dember Decl. ¶ 5.

Aside from the amendments to California's magazine restrictions, the Legislature also enacted a series of gun control measures in 2016 that drastically changed California's regulatory environment regarding firearms and ammunition. These measures included new restrictions on: firearms now classified as "assault weapons," S. B. 880, 2015-2016 Reg. Sess. (Cal. 2016); Assemb. B. 1135, 2015-2016 Reg. Sess. (Cal. 2016); loaning firearms, A.B. 1511, 2015-2016 Leg. Sess. (Cal. 2016); home-built firearms, Assemb. B. 1511, 2015-2016 Reg. Sess. (Cal. 2016); and ammunition transfers, S.B. 1235, 2015-2016 Leg. Sess. (Cal. 2016). To further complicate things, Prop 63, which included, among other provisions, its own versions of many of these restrictions.[1]

Because the Legislature and Prop 63 created *so many new laws* within a matter of months, Plaintiffs' counsel had to dedicate considerable time and resources to evaluate how Plaintiff CPRA could best serve its membership and California gun owners in light of the changing legal landscape. Brady Decl. ¶¶ 2-6. Compounding that problem, many of those new laws regulate the same things in different ways, creating widespread confusion among law enforcement, prosecutors, courts, and members of the public as to which requirements are specifically enforceable. Brady Decl. ¶¶ 7-8. To alleviate that confusion, Plaintiffs' attorneys, in their role as counsel for Plaintiff CRPA, has been working since July to analyze the recent changes to state firearms law and to provide critical information regarding the new laws. *Id.* ¶¶ 9-14. Plaintiffs' counsel has had to do so because Defendant Attorney General Becerra has yet to provide any substantive guidance to the public regarding the new laws, *id.* ¶¶ 3,15, despite it being the duty of his office "to see that the laws of the State are uniformly and adequately enforced," Cal. Const. art. 5, § 13.

---

[1] Letter from Thomas A. Willis, Remcho, Johansen & Purcell, LLP, to Ashley Johansson, Initiative Coordinator, Office of the Atty. Gen. (Dec. 7, 2015) https://www.oag.ca.gov/system/files/initiatives/pdfs/15-0098%20(Firearms)_0.pdf (text of Proposition 63 attached).

Plaintiffs' counsel has also had to devote significant time responding to proposed regulations purporting to implement the new laws and issued by the Department of Justice (DOJ), under the authority of Defendant Becerra. Brady Decl. ¶¶ 16-18, 20-29, 36-37. First, and most relevant here, the DOJ gave public notice of a package of "emergency regulations" regarding "large capacity magazines" it submitted to the Office of Administrative Law ("OAL") on December 23, 2016.[2] Plaintiffs' counsel, on behalf of Plaintiff CRPA and others, opposed the "emergency" proposal. *Id.* ¶¶ 16-18; Letter from Joseph A. Silvoso, III, Michel & Assocs., P.C., to Office of Admin. L & Dep't of J., (Dec. 28, 2016), http://michellawyers.com/wp-content/uploads/2016/12/Oppo-to-Proposed-Emergency-Regs-re-Lg-Capacity-Mags-Conversion-Kits_12.28.16.pdf. **The DOJ withdrew its proposal the next day.** Mark Storm, Sr. Atty., Office of Admin. L., to Kamala D. Harris, Atty. Gen., Amended Notice of Withdrawal (Dec. 29, 2016), https://oal.blogs.ca.gov/files/2016/12/2016-1223-02E_Amended_Withdrawal.pdf.

Then on December 29, 2016, the DOJ submitted proposed regulations regarding the registration of newly classified "assault weapons."[3] The DOJ classified the proposal as "file and print only," effectively prohibiting public comment. The agency then refused to release a copy of the proposal, compelling counsel to seek alternative methods to access the records—increasing both the time required to respond and the uncertainty surrounding the issue. Brady Decl. ¶¶ 20-23.[4] Without access to public comment, Plaintiffs' counsel prepared and sent a comprehensive litigation demand letter to the DOJ

---

[2] Dep't of J., Text of Regulations – Large-Capacity Magazine Permits- California Code of Regulations, Title 11, Division 5, https://oag.ca.gov/sites/all/files/agweb/pdf/firearms/regs/lcmp-text-of-regs.pdf.

[3] Dep't of J., Notice of Publication/Regulations Submission (Dec. 28, 2016), http://213ajq29v6vk19b76q3534cx.wpengine.netdna-cdn.com/wp-content/uploads/2016/06/doj.pdf.

[4] The DOJ recently submitted another round of regulations regarding "assault weapons." Brady Decl. ¶ 36. Again, the agency actively kept the documents from public review—refusing to distribute the proposal to the public for several days. *Id.* ¶ 36. And again, Plaintiffs' counsel was forced to expend time and resources pursuing alternative channels to obtain the documents. *Id.* ¶ 36-37.

explaining that the proposal exceeded the agency's regulatory authority. *Id.* ¶¶ 24-25. Letter from C.D. Michel, Michel & Assocs., P.C., to Jacqueline Dosch, Dep't of J., (Jan. 9, 2017), *available at* http://michellawyers.com/wp-content/uploads/2017/01/Letter-to-DOJ-re-Bullet-Button-Assault-Weapons_1.9.17.pdf. **The DOJ subsequently withdrew the "assault weapons" proposal.** Brady Decl. ¶ 28.

The DOJ's withdrawal of its first attempts to adopt regulations for the enforcement of the new laws notwithstanding, the agency remained poised throughout 2017 to adopt similar regulations. *See* Brady Decl. ¶¶ 30-33. Plaintiffs' counsel thus monitored the situation, waiting for the DOJ to adopt the expected "large-capacity magazine" regulations to get a full understanding of the bounds of the magazine ban before suing. *Id.* ¶¶ 32-33. With the July 1st effective date inching ever closer, however, it became clear that Plaintiffs could not wait any longer for the DOJ to act. *Id.* ¶ 33.

Now Plaintiffs seek a preliminary injunction to stay the enforcement of the ban on the possession of magazines over 10 rounds. They require that motion to be heard on shortened notice, however, so that relief may be obtained before the ban takes effect on July 1, 2017, and irreparably harms Plaintiffs and potentially hundreds of thousands of law-abiding citizens. Barvir Decl. ¶ 7.

## ARGUMENT

### I. GOOD CAUSE EXISTS TO SHORTEN TIME FOR A HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

An application for an order shortening time must be accompanied by a declaration showing "good cause" for the order. Fed. R. Civ. P. 6(c)(1)(C). As stated in the Declaration of Anna M. Barvir and further described here, "good cause" exists to shorten time for the hearing of Plaintiffs' Motion for Preliminary Injunction. For irreparable harm to Plaintiffs' constitutional rights and property interests will result if Plaintiffs are unable to present their case for and obtain a preliminary injunction before the law takes effect in July.

///

As described more fully in Plaintiffs' Motion for Preliminary Injunction, section 32310 violates multiple constitutional provisions, including the right to keep and bear arms under the Second Amendment, the Takings Clause of the Fifth Amendment, and the Due Process Clause of the Fourteenth Amendment. While section 32310 has restricted the acquisition, manufacture, import, and transfer of magazines over ten rounds since January 2000, Cal. Penal Code § 32310(a), recent amendments to the law barring the mere possession of such magazines will take effect on July 1, 2017, *id.* § 32310(c). By that date, thousands of law-abiding Californians must either ***surrender their constitutional rights*** to keep and use their lawfully acquired magazines or become criminals under state law. *Id.* § 32310(c)-(d). Plaintiffs require a preliminary injunction to prevent the enforcement of those portions of section 32310 banning the possession of magazines over 10 rounds lawfully acquired by thousands of Californians, including Plaintiffs. A hearing before this Court on shortened time is thus necessary because Plaintiffs must obtain an injunction before the amendments take effect on July 1. Otherwise, they will be forced, under threat of criminal penalty, to surrender their rights in their lawfully acquired property—possibly forever—without any recourse.

Plaintiffs recognize that filing their preliminary injunction motion so close to the July 1st effective date requires the Court, Defendant's counsel, and their own counsel to work quickly to resolve this matter. But as described above and in the Declaration of Sean A. Brady, any delay in seeking injunctive relief, while regrettable, was not unreasonable. Although the challenged statute was approved in November 2016, Plaintiffs have not been sitting on their hands. In addition to their already-heavy caseload, Brady Decl. ¶¶ 38-47, counsel has worked diligently on the litany of complex issues that sprang up after Prop 63 and the 2016 legislative amendments—including those caused by the actions of the state (including Defendant Becerra and his office), *id.* ¶¶ 2-37. For instance, delay in seeking an injunction became necessary when the DOJ submitted a package of emergency regulations on "large capacity magazines" over the Christmas holiday and withdrew them just days later. *id.* ¶¶ 16, 20. Considering DOJ sought to

implement those proposed regulations on an "emergency" basis, and the fact the deadline to comply with the new possession-restriction was just months away, it seemed manifest that the DOJ would one day try and promulgate them again. *Id.* ¶ 33. That belief was corroborated by records Plaintiff's counsel obtained from Defendant via a Public Records Act request in April. *Id.* ¶¶ 30-32. Plaintiffs' counsel thus reasonably believed it was necessary to wait until those regulations became final so the legal landscape was clear before proceeding with a motion for preliminary injunction because those regulations could directly impact the law challenged here. *Id.* ¶ 33.

As the July effective date drew closer, however, Plaintiffs recognized they could no longer wait for the DOJ to resubmit its "large capacity magazine" proposal before challenging section 32310. Plaintiffs' counsel therefore made every possible effort to finalize their complaint and promptly began work on a motion for preliminary injunction. *See* Factual Background, *supra; see generally* Brady Decl ¶¶ 33.

It is worth noting that if an order to shorten time is granted, the Court will have more than two weeks to consider the pressing issues in Plaintiffs' Motion for Preliminary Injunction and render a decision. Absent such an order, the Court will have mere days to analyze Plaintiffs' motion before the law takes effect. Considering the issues at stake here, which implicate citizens' fundamental rights, this matter deserves careful and measured consideration. An order shortening time would help ensure these issues are resolved fairly and without undue haste.

Counsel for Plaintiffs intends to submit their preliminary injunction motion for hearing without further delay—in fact, they are prepared to file the motion on Friday, May 26, 2017.

## II. COUNSEL HAS FULLY COMPLIED WITH THE PROCEDURAL REQUIREMENTS GOVERNING EX PARTE MOTIONS

Pursuant to Southern District of California Local Rule 83.3(g)(2), Plaintiffs confirm that they have duly complied with the requirements of Federal Rules of Civil

Procedure, rule 6, and Local Rules 7.1(e)(5) and 83.3(g)(2), for the notice, filing, and service of ex parte motions.

To wit, Plaintiffs' counsel contacted attorneys at the California Department of Justice, via email on May 24, 2017, at 2:53 p.m. to give notice that Plaintiffs' intended to file this ex parte application for order shortening time. Barvir Decl. ¶ 2; Ex. A at 3. Plaintiffs' counsel was subsequently directed to Deputy Attorneys General Alexandra Robert Gordon and Anthony O'Brien, counsel assigned to represent Defendant Attorney General Xavier Becerra in this matter. Barvir Decl. ¶ 3; Ex. A at 2. Plaintiffs' counsel then reached out to Ms. Robert Gordon and Mr. O'Brien to provide more-detailed notice of this application and to attempt meet and confer efforts. Barvir Decl. ¶ 4; Ex. A at 1.

Defendant's counsel has indicated that his client would oppose Plaintiffs' request for an order shortening time, though he did not state on which grounds. Barvir Decl. ¶ 5; Ex. B at 1.

## CONCLUSION

Based on the foregoing, Plaintiffs request that this Court grant their Ex Parte Application for Order Shortening Time to Hear Motion for Preliminary Injunction, such that 14 days constitutes sufficient notice. Specifically, Plaintiffs request the following scheduling order for Plaintiffs' preliminary injunction motion:

- Filing and Service of Moving Papers:       May 29, 2017
- Filing and Service of Opposition Papers:   June 5, 2017
- Filing and Service of Optional Reply Papers: June 9, 2017
- Hearing on Motion for Preliminary Injunction: June 12, 2017

/ / /
/ / /
/ / /
/ / /
/ / /

8

MEMORANDUM OF POINTS & AUTHORITIES ISO EX PARTE APPLICATION FOR ORDER SHORTENING TIME

17-cv-1017-BEN-JLB

1  Plaintiffs are open to any alternative schedule the Court deems more convenient or
2  appropriate, even if it means less time for Plaintiffs to reply.

4  Date: May 25, 2017                                    MICHEL & ASSOCIATES, P.C.

                                                         s/C.D. Michel
                                                         Email: cmichel@michellawyers.com
                                                         *Counsel for Plaintiffs Duncan, Lewis
                                                         Lovette, Marguglio, Waddell, and
                                                         California Rifle & Pistol Association,
                                                         Incorporated*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA DUNCAN, RICHARD LEWIS, PATRICK LOVETTE, DAVID MARGUGLIO, CHRISTOPHER WADDELL, CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>Defendant. | Case No: 17-cv-1017-BEN-JLB<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least 18 years of age. My business address is 180 East Ocean Boulevard, Suite 200 Long Beach, California 90802. I am not a party to the above-entitled action.

I have cause service of the following documents, described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR ORDER SHORTENING TIME**

on all parties by email with return receipt requested and by overnight mail, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at Long Beach, California, on May 25, 2017.

Ms. Alexandra Robert Gordon
alexandra.robertgordon@doj.ca.gov
Mr. Anthony P. O'Brien
anthony.obrien@doj.ca.gov
California Department of Justice
1300 I Street, Suite 125
Sacramento, CA 95814

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 25, 2017, at Long Beach, California.

_____
Laura Palmerin

PROOF OF SERVICE

17-cv-1017-BEN-JLB