C.D. Michel – SBN 144258
Sean A. Brady – SBN 262007
Anna M. Barvir – SBN 268728
Matthew D. Cubeiro – SBN 291519
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIRGINIA DUNCAN, RICHARD LEWIS, PATRICK LOVETTE, DAVID MARGUGLIO, CHRISTOPHER WADDELL, CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>Defendants. | Case No: 17-cv-1017-BEN-JLB<br><br>**DECLARATION OF SEAN BRADY IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME** |

# DECLARATION OF SEAN BRADY

1. I am an attorney at law duly licensed to practice in the State of California. I am an associate at Michel & Associates, P.C., attorneys of record for Plaintiffs Virginia Duncan, Richard Lewis, Patrick Lovette, David Marguglio, Christopher Waddell, and the California Rifle & Pistol Association, Inc. ("CRPA"). I have personal knowledge of the facts set forth herein and if called as a witness I could and would competently testify thereto.

2. On July 1, 2016, several new firearm related laws were chaptered into the California Penal Code by the Secretary of State. These new measures included restrictions on firearms now classified as "assault weapons," a prohibition on the possession of magazines capable of holding more than ten rounds, restrictions on home-built firearms, restrictions on loaning a firearm, and a new regulatory scheme for the transfer of ammunition.[1]

3. Because these new laws drastically changed California's regulatory scheme regarding firearms, members of the public—including law enforcement, prosecutors, courts, firearm dealers, and law-abiding gun owners—were uncertain how they were to be implemented and enforced. No guidance was provided by Defendants, and many of the new laws were set to take effect January 1, 2017.

4. To assist members of the public and our clients in avoiding prosecution for unintentional violations, our office began the process of reviewing and analyzing each of the new laws. Given the length and complexity of each bill, this process took a substantial amount of time and effort from multiple attorneys in our office over the

---

[1] See S.B. 880, 2015-2016 Leg. Sess. (Cal. 2016); S.B. 1446, 2015-2016 Leg. Sess. (Cal. 2016); S.B. 1235, 2015-2016 Leg. Sess. (Cal. 2016); Assemb. B. 1135, 2015-2016 Leg. Sess. (Cal. 2016); Assemb. B. 1511, 2015-2016 Leg. Sess. (Cal. 2016); Assemb. B. 1695, 2015-2016 Leg. Sess. (Cal. 2016); Assemb B. 857, 2015-2016 Leg. Sess. (Cal. 2016).

1  course of several months.

2  5.  On November 8, 2016, California voters approved Proposition 63, which included, among other provisions, a new regulatory scheme for the sale or transfer of ammunition in California, a prohibition on the possession of magazines capable of holding more than ten rounds, new procedures for courts to ensure prohibited individuals do not possess firearms or ammunition, and new requirements for individuals to report the theft or loss of a firearm to law enforcement.[2] Many of Proposition 63's provisions were largely duplicative of the laws passed by the Legislature, but with significant distinctions.

6.  Prior to the November 8, 2016, election, our office prepared a number of informational bulletins for prosecutors, gun owners, law enforcement, and members of the general public regarding Proposition 63.[3] These bulletins informed the public of the potential ramifications on different groups of gun owners by Proposition 63.

7.  Following the enactment of Proposition 63, because it has provisions that differ from those of some of the bills passed by the Legislature addressing the same subject matter, it was unclear to many of those affected by the laws which provisions would control.

8.  Because of the substantial overlap between Proposition 63 and the new laws, our office was contacted by a number of clients (organizational, business, and individuals) law enforcement officials and members of the public with questions regarding the effects and requirements of the new laws. To this day, our office still receives questions from various individuals and entities regarding this subject.

9.  To assist members of the public and our clients in avoiding prosecution, and to help them understand the overlap between Proposition 63 and the new laws, our office

---

[2] The full text of Proposition 63 can be viewed online at https://www.oag.ca.gov/system/files/initiatives/pdfs/15-0098%20(Firearms)_0.pdf.

[3] These bulletins are available online at http://stoptheammograb.com/resources/.

immediately began the process of reviewing and analyzing its provisions. This process took a substantial amount of time and effort from multiple attorneys in our office over the course of several months.

10. On August 19, 2016, our office held a live webinar discussing in detail all of the new laws and requirements regarding "assault weapons" and home-built firearms. Many of these provisions were set to take effect on January 1, 2017, and would have a drastic impact on the ability to sell or transfer certain firearms in the state of California, and carry a potential felony conviction if violated.

11. On August 24, 2016, our office held a live webinar discussing in detail all of the new laws and requirements regarding the sale or transfer of ammunition in the state of California. Many of these provisions will be phased in over the next few years, and carry potential criminal penalties, including jail time, if violated.

12. On October 18, 2016, our office held a live webinar discussing in detail Proposition 63 and its provisions regarding the mandatory reporting of lost or stolen firearms, the prohibition on the possession of magazines capable of holding more than ten rounds, the new restrictions on the sale or transfer of ammunition in the state of California, new provisions regarding the seizure of firearms from a prohibited person by the courts, and the modification of Proposition 47 concerning the theft of firearms. As a voter initiative, Proposition 63 would take effect immediately if enacted by voters, and several of its provisions carry potential criminal penalties, including jail time, if violated.

13. On November 2, 2016, our office held a live webinar discussing in detail all of the new laws and requirements for loaning firearms in California, as well as the prohibition on possession of magazines capable of holding more than ten rounds and the false reporting of a firearm as lost or stolen. Many of these provisions would take effect January 1, 2017, and carry potential criminal penalties, including jail time, if violated.

14. Our office also held a live webinar discussing in detail the new laws and requirements for loaning firearms in California, and how those laws affect the loan of a firearm through a licensed firearms dealer and the loan of a firearm to a minor for the

purposes of engaging in lawful shooting activities. These provisions would take effect January 1, 2017, and carry potential criminal penalties, including jail time, if violated.[4]

15. On December 14, 2016, our office submitted a letter to Defendants regarding its failure to provide adequate information to California gun owners and firearm retailers regarding newly classified "assault weapons."[5] This letter was necessary because Defendants failed to provide any guidance on the new law, which was set to take effect January 1, 2017. Included with the letter was a comprehensive memorandum regarding the definition of key terms used in the new laws for the purpose of clarifying our position and providing Defendants with a suggested definition.

16. On December 16, 2016, Defendant submitted proposed regulations regarding magazines capable of holding more than ten rounds. On December 23, Defendant officially noticed those proposed regulations under the "emergency" rulemaking procedure of the California Administrative Procedure Act to the Office of Administrative Law, giving members of the public only 5-days to comment on the proposal.[6]

17. To assist members of the public in submitting comments on Defendant's proposed regulations regarding magazines capable of holding more than ten rounds, our office prepared a comprehensive analysis of the proposal, which was made available to the public on December 23, 2016.[7]

18. On December 28, 2016, our office submitted a formal opposition to Defendants' proposed regulations regarding magazines capable of holding more than ten

---

[4] Each of these webinars is publicly available at www.crpa.org/webinars.
[5] A copy of this letter is available at http://michellawyers.com/wp-content/uploads/2016/12/286244864.pdf.
[6] *Emergency Rulemaking*, Office of Administrative Law, http://oal.blogs.ca.gov/files/2016/08/Emergency-Rulemaking-Flowchart_FINAL_June-2014.pdf (June 2014).
[7] This analysis can be viewed on the CRPA's website at http://crpa.org/doj-proposed-regs-large-capacity-magazines/.

rounds to the Office of Administrative Law.[8]

19. On December 28, 2016, Defendants informed certified Firearm Safety Certificate instructors that it had improperly released their personal information—including their name, date of birth, California Driver's License number, and/or California Identification Card number—to an unknown third party in a response to a public records act request.[9] To assist certified Firearm Safety Certificate affected by this data breach, our office prepared a comprehensive bulletin, which included a discussion on how to protect their identity and credit rating.[10]

20. On December 29, 2016, Defendant formally withdrew from the OAL's consideration his proposed regulations regarding magazines capable of holding more than ten rounds.

21. The very next day, on December 30, 2016, Defendant submitted proposed regulations regarding the registration of newly classified "assault weapons" to the Office of Administrative Law. These regulations were proposed as a direct result of Senate Bill No. 880 and Assembly Bill No. 1135. Defendant submitted the proposed regulations as "file and print only," claiming that their proposed regulations were exempt from the California Administrative Procedure Act. By claiming an exemption, Defendant's proposed regulations would not be subject to public comment while under review by the Office of Administrative Law.

---

[8] A copy of this letter is available at http://michellawyers.com/wp-content/uploads/2016/12/Oppo-to-Proposed-Emergency-Regs-re-Lg-Capacity-Mags-Conversion-Kits_12.28.16.pdf.

[9] Defendants notified those affected via mail. A copy of the letter can be viewed at http://michellawyers.com/wp-content/uploads/2017/01/Letter-DOJ-Firearm-Safety-Instructor-Breach-2016-2.pdf.

[10] This bulletin can be viewed online at http://213ajq29v6vk19b76q3534cx.wpengine.netdna-cdn.com/wp-content/uploads/2016/06/CRPA-Information-Bulletin-re-DOJ-Data-Breach-930701-v-6.pdf.

22. On or about December 30, 2016, our office attempted to obtain a copy of Defendant's proposed regulations regarding the registration of newly classified "assault weapons." The DOJ informed our office, however, that they would not release the proposed text of the regulations.

23. On or about December 30, 2016, our office contacted the Office of Administrative Law requesting a copy of the text of Defendant's proposed regulations regarding the registration of newly classified "assault weapons." Shortly thereafter, the Office of Administrative Law provided our office with a copy of the proposed text.

24. Because Defendant's proposed regulations went far beyond what was necessary to register a firearm as an "assault weapon," our office submitted a formal request to the Office of Administrative Law that they reject Defendant's proposal on January 9, 2017.[11]

25. In addition to our office submitting a formal request to the Office of Administrative Law, our office submitted a pre-litigation demand letter to Defendant to withdraw his proposed regulations regarding the registration of newly classified "assault weapons" on January 9, 2017.[12]

26. On January 10, 2017, our office held a live webinar discussing in detail Defendant's proposed regulations regarding the registration of newly classified "assault weapons." If approved by the Office of Administrative Law, the regulations would become effective no later than February 13, 2017. Failure to properly register a firearm could result in a potential conviction for being in possession of an unregistered assault weapon, which is a potential felony in California. So getting the registration process right is very important to California gun owners staying on the right side of the law.

27. On or about January 12, 2017, our office submitted a Public Records Act

---

[11] A copy of this letter is available online at http://michellawyers.com/wp-content/uploads/2017/01/Letter-to-OAL-re-Bullet-Button-Assault-Weapons_1.9.17.pdf.

[12] A copy of this letter is available online at http://michellawyers.com/wp-content/uploads/2017/01/Letter-to-DOJ-re-Bullet-Button-Assault-Weapons_1.9.17.pdf.

request to DOJ requesting any and all communications with the Office of Administrative Law regarding Defendant's proposed regulations for magazines capable of holding more than ten rounds and the registration of newly classified "assault weapons."

28. On February 13, 2017, Defendant formally withdrew his proposed regulations regarding the registration of newly classified "assault weapons."

29. Prior to Defendant withdrawing his proposed regulations regarding the registration of newly classified "assault weapons," our office was in the final stages of preparing a lawsuit to challenge the regulations to prevent them from being officially published in the California Code of Regulations. Defendant's withdrawal of the proposal made it unnecessary to proceed with the lawsuit at that time, but not after Plaintiffs' attorneys spent many days and resources preparing for the anticipated lawsuit.

30. On April 6, 2017, Defendants responded to the public records request our office submitted on January 12, 2017. Included in this response were emails between the Office of Administrative Law and Jacqueline Dosch, Legislative and Public Records Act Analyst for Defendant.

31. In one email dated December 29, 2016, Jacqueline Dosch states that DOJ has "a few questions in light of the fact that we will most likely receive a formal rejection next week" with regards to Defendant's proposed regulations regarding magazines capable of holding more than ten rounds. Jacqueline Dosch also inquired about "any time constraints on following this up with regular, permanent regulations." *Id*.

32. Based off this email, our office concluded that our belief that Defendants would soon attempt to re-submit regulations regarding magazines capable of holding more than ten rounds was accurate.

33. In anticipation of Defendant's renewed attempt to adopt regulations regarding magazines capable of holding more than ten rounds—based on Defendant's identifying the previous ones as "emergency" regulations and the looming deadline for the law to take effect— our office withheld filing this lawsuit and monitored the situation in the interests of saving time and preventing the waste of precious judicial resources, in case

such proposed regulations would might affect our challenge to Penal Code section 32310. However, with the deadline for gun owners to dispossess themselves of their magazines fast approaching, our office was left with no choice but to file this lawsuit and seek injunctive relief. At the time of this filing, Defendant has yet to submit revised regulations regarding magazines capable of holding more than ten rounds.

34. Recent developments regarding California's new firearm laws have continued to require our office's immediate attention.

35. In April, the Judicial Council of California forwarded our office and members of the public an invitation to comment on the implementation of Proposition 63.[13] Our office is drafting and will be submitting a letter of comment which is currently due May 31, 2017.

36. On May 15, 2017, Defendants submitted revised regulations regarding the registration of newly classified "assault weapons" to the office of administrative law, again labeling the submission as "file and print only."[14] Once again, Defendants refused to provide a copy of the proposed regulations to the public for review.

37. On May 18, 2018, our office obtained a copy of the text of Defendants' proposed regulations regarding the registration of newly classified "assault weapons" from the Office of Administrative Law. Defendants' proposed regulations remain substantially unchanged from its original proposal in December 2016. To assist our client's and California gun owners, our office will be hosting another live webinar discussing Defendants' proposed regulations in detail on May 25, 2017.

38. In addition to the above workload, our office is currently involved in other

---

[13] See *Invitation to Comment: SP17-03*, Judicial Council of California, http://www.courts.ca.gov/documents/SP17-03.pdf.

[14] A copy of Defendants' proposed regulations are available online at http://michellawyers.com/wp-content/uploads/2017/05/DOJ-Submission-of-Regulation-.pdf.

ongoing firearm-related litigation on behalf of our clients, which have all required significant attorney time and effort following the enactment of California's new laws, some of it *because* of their enactment.

39. In December 2016, our office responded to a motion to dismiss in the case of *Flanagan v. Becerra* (formerly *Flanagan v. Harris*), Case No. 16-06164, which is currently pending in the Western Division of the Central District of the United States District Court. And in February 2017, our office filed a required joint Rule 16(b)/26(f) report, and prepared for and attended a hearing regarding the motion to dismiss. During this hearing, the court also held a scheduling conference and set deadlines for discovery, which included cut-off dates as early as June 1, 2017. Discovery has been ongoing since.

40. Our office assisted in the preparation of a petition for *certiorari* to the United States Supreme Court in *Peruta v. California* (formerly *Peruta v. San Diego*), Case No. 16-894, which was filed in January 2017. And on March 7, 2017, our office assisted in the preparation of a reply to the respondents' brief in opposition to that petition. These were both statutory deadlines before the U.S. Supreme Court.

41. On April 19, 2017, oral arguments were held before the Ninth Circuit in the case of *Bauer v. Becerra* (formerly *Bauer v. Harris*), Case No. 15-15428. Attorneys from our office assisted in preparation for and one attended these arguments.

42. Our office is also currently involved in discovery in the case of *Gentry v. Becerra* (formerly *Gentry v. Harris*), Case No. 34-2013-80001667-CU-WM-GDS, which is pending in California Superior Court in the County of Sacramento.

43. Our office is also currently litigating the recovering of attorney fees in *Belemjian v. Becerra* (formerly *Belemjian v. Harris*), California Superior Court Case No. 15-CE-CG-00029. The case challenged Defendant's refusal to properly enact necessary regulations for the implementation of California's Firearm Safety Certificate Program. After the trial court judge denied our fee motion on February 18, 2016, we filed a timely appeal. On August 24, 2016, we filed Appellants' Opening Brief in the Fifth District Court of Appeal. Respondents filed their brief on December 29, 2016. And we filed

1  Appellants' Reply Brief on March 15, 2017. We are currently waiting for the appellate court to set a date for oral argument.

45. 44. Our office is also currently litigating to recover attorneys' fees in the case of *Parker v. California*, California Supreme Court Case No. S215265, in both the Superior Court and the California Court of Appeals. Defendants petitioned the California Supreme Court to rehear the case after the Court of Appeals ruled in favor of our clients. While pending oral arguments, Senate Bill No. 1235 was enacted by the California Legislature, and California voters approved Proposition 63. As a result, the Supreme Court dismissed the case as moot, but not before ordering supplemental briefing on the effects of Senate Bill No. 1235.

45. All of the above lawsuits were pending prior to the enactment of California's new firearm laws—except for *Flanagan*, which was filed in August, shortly after the Legislature enacted the laws at issue, but which was already being developed much before then—and we had little or no control over certain deadlines.

46. On April 24, our office filed a new lawsuit, *Rupp v. Becerra*, Case No. 17-00746, in federal district court in Orange County, which challenges California's "Assault Weapons Control Act" on the grounds that it violates the Second Amendment, the due process clause, and the takings clause of the United States Constitution. This case was filed in direct response to Senate Bill No. 880 and Assembly Bill No. 1135, both of which classify commonly owned, semiautomatic firearms as "assault weapons," and require such firearms currently owned by California residents to be registered with the Department of Justice. The law took effect on January 1, 2017, and impacts thousands of California gun owners.

///
///
///
///
///

47. All of the above lawsuits required attorneys in our office to expend significant time and resources necessary to adequately and effectively represent the interests of our clients.

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States on May 25, 2017.

_____
Sean Brady
Declarant

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA DUNCAN, RICHARD LEWIS, PATRICK LOVETTE, DAVID MARGUGLIO, CHRISTOPHER WADDELL, CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, a California corporation,<br><br>                Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>                Defendant. | Case No: 17-cv-1017-BEN-JLB<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, am a citizen of the United States and am at least 18 years of age. My business address is 180 East Ocean Boulevard, Suite 200 Long Beach, California 90802. I am not a party to the above-entitled action.

    I have cause service of the following documents, described as:

**DECLARATION OF SEAN BRADY IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME**

on all parties by email with return receipt requested and by overnight mail, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at Long Beach, California, on May 25, 2017.

Ms. Alexandra Robert Gordon
alexandra.robertgordon@doj.ca.gov
Mr. Anthony P. O'Brien
anthony.obrien@doj.ca.gov
California Department of Justice
1300 I Street, Suite 125
Sacramento, CA 95814

    I declare under penalty of perjury that the foregoing is true and correct. Executed on May 25, 2017, at Long Beach, California.

                                              /s/ Laura Palmerin
                                              Laura Palmerin