C.D. Michel – SBN 144258
Sean A. Brady – SBN 262007
Anna M. Barvir – SBN 268728
Matthew D. Cubeiro – SBN 291519
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIRGINIA DUNCAN, RICHARD LEWIS, PATRICK LOVETTE, DAVID MARGUGLIO, CHRISTOPHER WADDELL, CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>Defendants. | Case No: 17-cv-1017-BEN-JLB<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: June 13, 2017<br>Time: 10:00 a.m.<br>Dept: 5A<br>Judge: Hon. Roger T. Benitez |

PLEASE TAKE NOTICE that Plaintiffs Virginia Duncan, Richard Lewis, Patrick Lovette, David Marguglio, Christopher Waddell, and California Rifle & Pistol Association, Inc., through their undersigned counsel, object to the following evidence presented by Defendant Xavier Becerra in support of his Opposition to Plaintiffs' Motion for Preliminary Injunction, set for hearing before this Court at 10:00 a.m. on June 13, 2017.

1.   **Declaration of John J. Donohue, III**, **4:19-21** (Paragraph 15; conclusion that "every survey of gun ownership conducted over time . . . shows that the percentage of household [sic] with guns today is lower than it was two decades ago."). The Court may exclude testimony if there is too great a gap between the data and the opinion proffered. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146-47 (1997); Fed. R. Evid. 702-703. The declarant does not identify the data upon which he bases the conclusion that every gun survey shows decline in ownership by household. Nothing in the prior statements by the declarant lays a foundation for reaching the conclusion, as the declarant identified only three past surveys of gun ownership he relied upon. In fact, the cited-to report attached as Exhibit "B" to the declaration states that "the percentage of individuals owning firearms has remained relatively constant over the past several decades (GSS 2010)." Declaration of John J. Donohue, III ("Donohue Decl."), Ex. B, at 6.

2.   **Declaration of John J. Donohue, III**, **6:1-8** (Paragraph 20; assumption regarding the demographic trends on ownership of magazines over ten rounds). Fed. R. Evid. 702-703; *Glen Elec. Co.*, 522 U.S. at 146; *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1321-22 (9th Cir. 1995). An expert's lack of certainty may lead to exclusion of evidence on the basis that the testimony is unreliable or unhelpful. *Daubert*, 43 F.3d at 1321-22. The declarant admits in the preceding paragraph that he has no basis for making the conclusions he reaches in paragraph 20: "I am not aware of any current social science research providing for an estimate for the number of American households that own large-capacity magazines . . . or for the number of LCMs in private hands in America." Donohue Decl., at 5:17-21. Despite this lack of knowledge or data, the declarant

admittedly speculates ("It is reasonable to assume . . . .") about the demographic trends regarding owners of magazines with a capacity greater than ten rounds.

The declarant also attempts to base his conclusion on a January 2013 New York Times/CBS News poll. *See Glen. Elec. Co.*, 522 U.S. at 146; Fed. R. Evid. 702-703. Little information is given about the poll except that it queried adults on whether they favored a ban on "high-capacity magazines." The declarant offers no basis as to why a poll on preferences on the legality of "high-capacity magazines" is reliable indicia of ownership of magazines with a capacity greater than ten rounds. Nothing in the declarant's statements suggests that use of such a poll regarding respondents' preferences on firearms laws is an accepted method within the declarant's field for determining firearms or magazine ownership rates. And the declarant offers no information that he is aware of the types of questions posed in the survey he relied upon, and whether such questions show indicia of being the same or similar to the issues raised in this lawsuit's challenge (e.g., whether the term "high-capacity magazine" was represented to poll respondents in eliciting the responses as magazines greater than ten rounds, or thirty rounds, or fifty rounds).

**3.      Declaration of John J. Donohue, III**, **6:9-7:8** (Paragraph 21; "A review of the resolution of mass shootings in the U.S. suggests that bans on large capacity magazines can help save lives by forcing mass shooters to pause and reload ammunition. Citizens have frequently taken advantage of a perpetrator stopping to reload his weapon to tackle him or otherwise subdue him in at least 20 separate shootings in the United States since 1991 . . ."). Fed. R. Evid. 402, 702-703; *Glen Elec. Co.*, 522 U.S. at 146. The declarant provides no data or other citation for his claim that "shootings" were halted on 20 separate occasions while a perpetrator was reloading a magazine. First, the declarant does not confirm that the 20 "shootings" were mass shootings. Second, he does not indicate if he performed the "review" or if it was the work of some currently anonymous source. Third, it is impossible to determine if the review is, or includes the type of data, reasonably relied on by experts in the relevant field. *See* Fed. R. Evid. 703. If the 20

shootings referred to are not mass shootings, the declarant's statement is irrelevant to the instant discussion and should be ignored by the Court. *See* Fed. R. Evid. 402. There is reason to suspect at least some of those shootings are not relevant to the discussion of mass shootings because declarant refers to a shooting where no one was shot (the incident of October 29, 1994, outside the White House). Donohue, Decl., at 6:15.

Further, though declarant's other three references are to mass shootings, the declarant provides no actual data or information as to why those instances support the conclusion that a ban on magazines with a capacity greater than ten rounds would have a statistically significant effect in reducing the number of casualties in mass shootings. For the sources declarant uses are based on hearsay accounts that a pause in reloading a magazine allowed the perpetrator to be subdued or for victims to escape. And declarant provides no context about what percentage of mass shootings the four shootings relied upon by the declarant represent as a total of mass shootings over a sampled period. The Court may exclude the testimony if there is too great a gap between the data and the opinion proffered. *Gen. Elec. Co.*, 522 U.S. at 146. Also, because the testimony is not founded on any media reports or facts or data that show there have been 20 mass shootings that ended because of a shooter having to change magazines, there is no data for the expert to reasonably rely on in making his opinion, which means that opinion is further inadmissible pursuant to Federal Rules of Evidence, rules 702 and 703.

**4.     Declaration of John J. Donohue, III, 9:11-12:4** (Paragraphs 28-36; legal arguments). Fed. R. Evid. 403, 701-703; *Daubert*, 509 U.S. at 590-93; *Daubert*, 43 F.3d at 1321-22; *Dukes*, 222 F.R.D. 189, 196-97 (N.D. Cal. 2004). An expert witness cannot give an opinion on his legal conclusion, i.e., an opinion on an ultimate issue of law." Fed. R. Evid. 403, 702; *United States v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009). Declarant reframes and analyzes Plaintiffs' evidence which simultaneously unfairly prejudices Plaintiffs, confuses the issues, misleads the trier of fact, and results in inadmissible legal conclusions.

Declarant unduly prejudices and misleads the trier of fact by incorrectly identifying

1  Plaintiffs as "the NRA." Donohue, Decl., at 9:12, 9:16, 11:3-4, 11:13-14.

2      Declarant unduly prejudices, confuses the issues, and misleads the trier of fact with
3  hyperbole, stating "while the old lady or disabled person quaking with the blasting gun in
4  her shaking hands will protect herself and her loved ones if she can only get off 30 plus
5  shots without re-loading." Donohue, Decl., at 9:18-20. California bans magazines capable
6  of holding more than 10 rounds—not more than 30 rounds. And Plaintiffs did not argue
7  that self-defense against an attack is not possible without "get[ting] off 30 plus shots
8  without re-loading."

9      Declarant unduly prejudices, confuses the issues, misleads the trier of fact, and
10 makes a legal conclusion when declarant states: "First, the notion that safety will be
11 enhanced if someone with quaking hands that prevent them from hitting their target in the
12 first ten shots is able to spray additional bullets is ludicrous." Donohue, Decl., at 10:1-3.
13 Plaintiffs' expert declared that the stress of an attack affects the fine motor skills of a
14 victim, preventing the victim from efficiently changing a magazine during the attack.
15 Declarant misleads the Court by suggesting Plaintiffs' expert was referring to the impact
16 on gross motor skills needed to hold, point, and shoot a firearm against an attacker or
17 multiple attackers. Further, Declarant does not identify any data upon which he bases his
18 opinion.

19     Declarant does not identify any data upon which he bases his opinion that "the
20 notion that safety will be enhanced if someone with quaking hands that prevent them
21 from hitting their target in the first ten shots is able to spray additional bullets is
22 ludicrous." Donohue, Decl., at 10:1-3.

23     Declarant unduly prejudices, confuses the issues, misleads the trier of fact, when
24 he declares, without identifying any data upon which he bases his statement, that
25 "[b]ullets from modern guns with large-capacity magazines can easily penetrate walls,
26 which means that poorly directed shooting will pose a significant threat to other family
27 members and neighbors." Donohue, Decl., at 10:3-5.

28     Declarant unduly prejudices, confuses the issues, and misleads the trier of fact by

stating that the "vast majority" of victims of violent crime "do not use a gun for self-defense." Donohue Decl., 10:6-7. The statistics regarding attacks *without* firearms is irrelevant to the instant discussion and should be ignored by the Court. Declarant refers to data from the National Crime Victimization Survey over the period from 2007-2011, but does not provide information as to how such data was collected, what biases the collector may have had in culling the information that was used, or other indicia of methodology or reliability. *See Dukes*, 222 F.R.D. at 196-97.

Declarant unduly prejudices, confuses the issues, and misleads the trier of fact by implying that a magazine over ten rounds cannot be "used" by an individual for self-defense. Donohue Decl., at 9:11-10:10 (purposefully using verbs: "blast," "spray," or "get off" instead of the verb "used").

Declarant also injects legal conclusions by making statements such as:

- "These unsupported assertions are either irrelevant or have no empirical assert." Donohue Decl., at 9:20-21.
- "The LCM ban is designed to address one particularly societally damaging problem—that of mass shootings." Donohue Decl., at 7-8.
- "[A]nd therefore they are an appropriate target of government concern and regulation."
- "This implies that the LCM ban is well-tailored to limit the behavior of criminals." Donohue Decl., at 12:1-2.

Declarant does not identify any data upon which he bases his opinion that "[b]ullets from modern guns with large-capacity magazines can easily penetrate walls, which means that poorly directed shooting will pose a significant threat to other family members and neighbors." Donohue, Decl., at 10:3-5.

Declarant does not identify any data upon which he bases his opinion that "it is irrelevant if most times that criminals use guns, they don't fire their guns more than ten times. The LCM ban is designed to address one particularly societally damaging problem—that of mass shootings. By definition, these incidents will involve firing of

many bullets, and therefore they are an appropriate target of government concern and regulation," Donohue Decl., at 10:8-10.

Finally, as Defendants' Opposition has a separate caption page and the signature block is on page 26 of the Opposition, it seems these paragraphs of the Declaration are a knowing attempt to gain an "extra" few pages of briefing, i.e., an impermissible gambit intended to circumvent the relevant page limit. *See* CivLR 7.1(h).

**5.    Declaration of Lucy P. Allen, 3:12-5:21** (Paragraphs 7-11 and accompanying tables). Fed. R. Evid. 702-703; *Gen. Gelec. Co.*, 522 U.S. at 146; *Daubert*, 43 F.3d at 1321-22; *Claar v. Burlington N. R. Co.*, 29 F.3d 499, 502 (9th Cir. 1994); *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 196-97 (N.D. Cal. 2004). The declarant bases her opinions in these paragraphs, which refer to the average number of shots fired in defensive gun use scenarios, by using entirely anecdotal evidence drawn from a regular National Rifle Association magazine feature about defensive gun uses. The declarant provides no information as to how such data were collected by the NRA for its magazine feature, what biases the magazine's editors might have had in culling the information that was used in the feature, or other indicia of methodology or reliability. *See Dukes*, 222 F.R.D. at 196-97.

The lack of reliability in basing statistical conclusions on a self-selected group of self-reporting magazine readers, in which the declarant had no involvement or knowledge of what self-selection biases occurred, is patent. The declarant also provides no evidence that any credible member of the declarant's field would rely upon self-reported anecdotal data generated by a third party to form statistical conclusions. As set forth by Plaintiffs' expert supplemental Kleck's supplemental declaration, declarant's reliance on such unknown, anecdotal data generated by a third party, with no knowledge of the methodology or indicia of reliability of the information, is not an accepted practice within the field of statistical analysis, and violates basic, cardinal rules of statistical sampling and analysis. Kleck Suppl. Decl. ¶¶ 9-10.

In using anecdotal evidence gleaned from a third-party's magazine feature to make

statistical conclusions regarding defensive gun uses—in addition to the many biases and indicia of unreliability in such information—the declarant also does not discuss or account for alternative explanations for the data in reaching her conclusions. *See Claar*, 29 F.3d at 502. The declarant neither mentions nor assesses an alternative explanation for the data such as that the magazine editors themselves culled reported submissions on defensive gun uses based on editorial or space limitations.

Again, whether any of these or other alternative explanations is true or not, is unclear, but there is no indication that the declarant took any action to obtain knowledge of how the data was compiled and what limitations were present. Her conclusions are unreliable and violate basic rules of statistical sampling.

**6.     Declaration of Lucy P. Allen, in its entirety**. Fed. R. Evid. 701, 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590-93 (1993); *Dukes*, 222 F.R.D. 189, 196-97 (N.D. Cal. 2004). Because the declarant engaged in a fundamentally-flawed statistical analysis of third-party anecdotal evidence, and proffered unqualified conclusions based upon such an unacceptable methodology, the Court should exercise its discretion to disregard the entirety of the declaration.

**7.     Declaration of Daniel W. Webster, in its entirety.** Fed. R. Evid. 402, 701, 702; *Daubert*, 509 U.S. at 590-93; *Daubert*, 43 F.3d at 1321-22; *Dukes*, 222 F.R.D. 189, 196-97 (N.D. Cal. 2004). An expert's lack of certainty may lead to exclusion of evidence on the basis that the testimony is unreliable or unhelpful. Daubert, 43 F.3d at 1321-22. The Court may also exclude the testimony if there is too great a gap between the data and the opinion proffered. *Gen. Elec. Co.*, 522 U.S. at 146. Insofar as the declarant relied on the research and opinions of Dr. Christopher Koper—opinions which Dr. Koper has admitted lack sufficient support—the declarant misleads the trier of fact by only making speculative statements or making statements based on reports that are based on speculation. *See* Barvir Decl., Exhibit NNN at 12, 30-34.

Plaintiffs will respectfully request the Court to sustain the above objections at the hearing on the motion and to strike the evidence referred to above. To the extent that the

1  Court concludes any of the disputed evidence is admissible or preliminarily admissible,
2  Plaintiffs request that, based on the discussion above, each and every disputed evidentiary
3  item be given little or no weight in the Court's deliberations vis-à-vis the pending motion.
4  *See Dr. Suess Enters., L.P. v. Penguin Books USA, Inc.*, 924 F. Supp 1559, 1562 (S.D.
5  Cal. 1996), *aff'd,* 109 F.3d 1394 (9th Cir. 1997) (holding that a court hearing a
6  preliminary injunction motion has discretion to weigh evidence that may not meet the
7  standards for admissibility at trial).

Date: June 9, 2017                    MICHEL & ASSOCIATES, P.C.

                                      s/ C.D. Michel
                                      C.D. Michel
                                      Email: cmichel@michellawyers.com
                                      *Counsel for Plaintiffs*

8
OBJECTIONS TO DEFS' EVIDENCE ISO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION
17-cv-1017

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA DUNCAN, RICHARD LEWIS, PATRICK LOVETTE, DAVID MARGUGLIO, CHRISTOPHER WADDELL, CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, a California corporation,<br>                    Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br>                    Defendant. | Case No: 17-cv-1017-BEN-JLB<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 180 E. Ocean Boulevard, Suite 200 Long Beach, CA 90802. I am not a party to the above-entitled action.

I have cause service of the following documents, described as:

**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

on the following parties by electronically filing the foregoing on June 9, 2017, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Ms. Alexandra Robert Gordon
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
alexandra.robertgordon@doj.ca.gov

Mr. Anthony P. O'Brien
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 95814
anthony.obrien@doj.ca.gov

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 9, 2017, at Long Beach, CA.

*Laura Palmerin*