1  XAVIER BECERRA
   Attorney General of California
2  TAMAR PACHTER
   Supervising Deputy Attorney General
3  NELSON R. RICHARDS
   ANTHONY P. O'BRIEN
4  Deputy Attorneys General
   ALEXANDRA ROBERT GORDON
5  Deputy Attorney General
   State Bar No. 207650
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone: (415) 703-5509
    Fax: (415) 703-5480
8   E-mail:
    Alexandra.RobertGordon@doj.ca.gov
9  *Attorneys for Defendant*
   *Attorney General Xavier Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIRGINIA DUNCAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**XAVIER BECERRA, in his official capacity as Attorney General of the State of California; et al.,**<br><br>Defendants | 17-cv-1017-BEN-JLB<br><br>**ATTORNEY GENERAL'S OBJECTIONS TO PLAINTIFFS' REPLY EVIDENCE**<br><br>Date: June 13, 2017<br>Time: 10:00 a.m.<br>Dept: 5A<br>Judge: Hon. Roger T. Benitez<br>Action Filed: May 17, 2017 |

Defendant Attorney General Xavier Becerra respectfully files these Objections to Plaintiffs' Reply Evidence. The Attorney General objects to the Supplemental Declaration of Gary Kleck in Support of Plaintiffs' Motion for Preliminary Injunction (Dkt. 23-3), and to the Supplemental Declaration of Anna M. Barvir in Support of Plaintiffs' Motion for Preliminary Injunction (Dkt. 23-2).

## I. SUPPLEMENTAL KLECK DECLARATION

The Attorney General objects to the Supplemental Kleck Declaration because it is improper legal argument, irrelevant (Fed. R. Evid. 402), lacks foundation, and contains legal conclusions.

The Supplemental Kleck Declaration (Supp. Kleck Decl.) is 27 pages of additional argument, not evidence. A declaration "used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. Rules Civ. Proc. 56(e). Professor Kleck's supplemental declaration contains improper legal argument, legal conclusions, and alleged facts of which the declarant has no personal knowledge. Instead of offering facts, Professor Kleck critiques the report of David Hemenway from the Violence Policy Center (Supp. Kleck Decl., ¶¶ 1-8), and the declarations of Lucy Allen (*id.*, ¶¶ 9-16, 23-29, 45-47)[1] John Donohue III (*id.*, ¶¶ 30-37), and Daniel Webster (*id.*, ¶¶ 35, 40-44, 48-65). Professor Kleck then argues that LCMs are needed for defense against criminals (*id.*, ¶¶ 17-18), accidental shootings when using a gun in self-defense are "virtually nonexistent" (*id.*, ¶¶ 19-22), and the presence of LCMs in mass shootings does not affect the number of victims, and whether those victims might be able to escape (*id.*, ¶¶ 38-39).

The Supplemental Kleck Declaration reads like an extension of Plaintiffs' reply brief, rather than a declaration of facts. For example, Professor Kleck states

---

[1] In the supplemental declaration, Professor Kleck incorrectly identifies Ms. Allen as "Laura Allen." Supp. Kleck Decl., ¶ 23.

that "NRA staff arguably would better serve their political agenda by selecting stories or responsible gun uses." Supp. Kleck Decl., ¶ 10. Speculation about possible NRA arguments are not facts. Professor Kleck also commented on Webster's observation—that limiting studies of mass shootings to only those where more than six people are killed and wounded fails to consider that LCMs could affect casualty counts for one to five victims—"is utterly irrelevant to the validity" of his analysis. *Id.,* ¶ 40. What facts are relevant (or not) to the merits of the ban is a legal question for the Court, not for a hired witness. Professor Kleck's commentary—e.g., that some of Defendants' arguments are "false" (*id.,* ¶¶ 2, 4, 43, 44), "grossly overstated" (*id.,* ¶ 25), or "fatally flawed" (*id.,* ¶ 16)—is inappropriate for a witness declaration. The Court should therefore strike the Supplemental Kleck Declaration.

## II. SUPPLEMENTAL BARVIR DECLARATION

The Attorney General objects to Exhibit NNN attached to the Supplemental Declaration of Anna Barvir as impermissible new evidence first submitted in reply. *See, e.g., Peregrine Semiconductor Corp.*, No. 12–cv–911–IEG (WMC), 2012 WL 2068728, *7 (S.D. Cal. June 8, 2012) ("[I]it is not proper for a party to submit new evidence in a reply brief"); *BoomerangIt, Inc. v. ID Armor, Inc.*, No. 5:12–CV– 0920 2012 (EJD), WL 2368466, *4 (N.D. Cal. June 21, 2012).[2]

---

[2] In addition to these supplemental declarations, Plaintiffs have submitted various objections to Defendant's evidence. (Dkt. 23-1). Plaintiffs' attempts to challenge uncontroverted facts and study results relied upon by Defendant's experts—John Donohue III, Lucy Allen, and Daniel Webster—are without merit. *See Kolbe v. O'Malley*, 42 F. Supp. 3d 768, 780-81 (D. Md. 2014) (rejecting similar objections to Webster and Allen), *aff'd in part, vacated in part, remanded sub nom. Kolbe v. Hogan*, 813 F.3d 160 (4th Cir. 2016), *on reh'g en banc*, 849 F.3d 114 (4th Cir. 2017), *and aff'd sub nom. Kolbe v. Hogan*, 849 F.3d 114 (4th Cir. 2017)

| | | |
|---|---|---|
| 1 | Dated: June 12, 2017 | Respectfully submitted, |
| 2 | | XAVIER BECERRA<br>Attorney General of California |
| 3 | | TAMAR PACHTER<br>Supervising Deputy Attorney General |
| 4 | | NELSON R. RICHARDS<br>ANTHONY P. O'BRIEN |
| 5 | | Deputy Attorneys General |
| 6 | | */s/ Alexandra Robert Gordon* |
| 7 | | ALEXANDRA ROBERT GORDON<br>Deputy Attorney General |
| 8 | | *Attorneys for Defendant*<br>*Attorney General Xavier Becerra* |