XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
NELSON R. RICHARDS
ANTHONY P. O'BRIEN
Deputy Attorneys General
ALEXANDRA ROBERT GORDON
Deputy Attorney General
State Bar No. 207650
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5509
 Fax: (415) 703-5480
 E-mail: Alexandra.RobertGordon@doj.ca.gov
*Attorneys for Defendant*
*Attorney General Xavier Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIRGINIA DUNCAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**XAVIER BECERRA, in his official capacity as Attorney General of the State of California; et al.,**<br><br>Defendants. | 17-cv-1017-BEN-JLB<br><br>**ATTORNEY GENERAL XAVIER BECERRA'S ANSWER**<br><br>Judge: Hon. Roger T. Benitez<br>Courtroom: 5A<br>Action Filed: May 17, 2017 |

Defendant Attorney General Xavier Becerra submits this Answer in response to Plaintiffs' Complaint. The Attorney General answers, in paragraphs that correspond to the Complaint's paragraphs, as follows:

1. To the extent that the allegations contained in paragraph 1 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. With respect to the remainder of the allegations in paragraph 1, the Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations of paragraph 1. Except as specifically admitted, the Attorney General denies the allegations of paragraph 1.

2. To the extent that the allegations contained in paragraph 2 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General admits that California Penal Code section 32310 speaks for itself. The Attorney General further admits that large-capacity magazines, as defined by California law, *see* Cal. Penal Code § 16740, are a threat to public safety. The Attorney General denies the remainder of the allegations in paragraph 2. Except as specifically admitted, the Attorney General denies the allegations of paragraph 2.

3. To the extent that the allegations contained in paragraph 3 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General admits that California Penal Code section 32310 speaks for itself. The Attorney General further admits that each judicial opinion referenced in paragraph 3 speaks for itself. The Attorney General denies the remainder of the allegations in paragraph 3. Except as specifically admitted, the Attorney General denies the allegations of paragraph 3.

4. To the extent that the allegations contained in paragraph 4 are legal conclusions, no answer is required. To the extent they may be deemed allegations of fact, the Attorney General denies the allegations of paragraph 4.

5. To the extent that the allegations contained in paragraph 5 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the

extent they may be deemed allegations of fact, the Attorney General denies the allegations of paragraph 5.

6. Paragraph 6 sets forth a description of the relief sought by Plaintiffs. The Attorney General denies that Plaintiffs are entitled to such relief. The Attorney General denies the remaining allegations of paragraph 6.

7. The Attorney General admits that this Court has jurisdiction. The Attorney General denies the remaining allegations of paragraph 7.

8. The Attorney General admits that Plaintiffs seek declaratory and injunctive relief, as well as attorneys' fees. The Attorney General further admits that each statute referenced in paragraph 8 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 8.

9. The Attorney General admits the allegations of paragraph 9.

10. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10, and on that basis denies the allegations of paragraph 10.

11. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11, and on that basis denies the allegations of paragraph 11.

12. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12, and on that basis denies the allegations of paragraph 12.

13. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13, and on that basis denies the allegations of paragraph 13.

14. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14, and on that basis denies the allegations of paragraph 14.

15. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15, and on that basis denies the allegations of paragraph 15.

16. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16, and on that basis denies the allegations of paragraph 16.

17. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17, and on that basis denies the allegations of paragraph 17.

18. To the extent that the allegations contained in paragraph 18 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. To the extent that they are allegations of fact, the Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18, and on that basis denies the allegations of paragraph 18.

19. To the extent that the allegations contained in paragraph 19 are legal conclusions, no answer is required. The Attorney General admits that he is the Attorney General of California and the chief law officer of the State. The Attorney General admits that article V, section 13 of the California Constitution speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 19.

20. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20, and on that basis denies the allegations of paragraph 20.

21. The Attorney General admits that he is the chief law officer of the State, and as such, is charged with upholding and enforcing the laws of the State. The Attorney General denies the remaining allegations of paragraph 21.

22. The Attorney General denies the allegations of paragraph 22.

23. To the extent that the allegations contained in paragraph 23 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General admits that the Second Amendment speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 23.

24. To the extent that the allegations contained in paragraph 24 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General admits that each judicial opinion referenced in paragraph 24 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 24.

25. To the extent that the allegations contained in paragraph 25 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. Attorney General admits that each judicial opinion referenced in paragraph 25 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 25.

26. To the extent that the allegations contained in paragraph 26 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. Attorney General admits that each constitutional provision and judicial opinion referenced in paragraph 26 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 26.

27. To the extent that the allegations contained in paragraph 27 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General admits that the Takings Clause of the Fifth Amendment speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 27.

28. To the extent that the allegations contained in paragraph 28 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General admits that the judicial opinion referenced in paragraph 28 speaks

for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 28.

29. To the extent that the allegations contained in paragraph 29 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. Attorney General admits that each judicial opinion referenced in paragraph 29 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 29.

30. To the extent that the allegations contained in paragraph 30 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General admits that the judicial opinion referenced in paragraph 30 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 30.

31. To the extent that the allegations contained in paragraph 31 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General admits that the Due Process Clause of the Fourteenth Amendment speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 31.

32. To the extent that the allegations contained in paragraph 32 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. Attorney General admits that each judicial opinion referenced in paragraph 32 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 32.

33. To the extent that the allegations contained in paragraph 33 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. Attorney General admits that each judicial opinion referenced in paragraph 33 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 33.

34. To the extent that the allegations contained in paragraph 34 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General admits that the judicial opinion referenced in paragraph 34 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 34.

35. The Attorney General admits that a magazine is a container that holds and feeds rounds of ammunition to a firearm. Except as specifically admitted, the Attorney General denies the allegations of paragraph 35.

36. The Attorney General admits that magazines may be fixed or detachable. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 36, and on that basis denies the allegations of paragraph 36. Except as specifically admitted, the Attorney General denies the allegations of paragraph 36.

37. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37, and on that basis denies the allegations of paragraph 37.

38. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38, and on that basis denies the allegations of paragraph 38.

39. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39, and on that basis denies the allegations of paragraph 39.

40. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40, and on that basis denies the allegations of paragraph 40.

41. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41, and on that basis denies the allegations of paragraph 41.

42. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42, and on that basis denies the allegations of paragraph 42.

43. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 43, and on that basis denies the allegations of paragraph 43.

44. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44, and on that basis denies the allegations of paragraph 44.

45. The Attorney General admits that California law speaks for itself. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 45, and on that basis denies the allegations of paragraph 45. Except as specifically admitted, the Attorney General denies the allegations of paragraph 45.

46. To the extent that the allegations contained in paragraph 46 are legal conclusions, no answer is required. The Attorney General admits that a number of jurisdictions have laws prohibiting large-capacity magazines. The Attorney General admits that each statute referenced in paragraph 46 and footnote 7 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 46.

47. To the extent that the allegations contained in paragraph 47 are Plaintiffs' characterization of their case, no answer is required. The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 47, and on that basis denies the allegations of paragraph 47.

48. The Attorney General admits that Senate Bill 23, Senate Bill 1080, and California Penal Code sections 16740 and 32310 speak for themselves. Except as specifically admitted, the Attorney General denies the allegations of paragraph 48.

49. The Attorney General admits that Senate Bill 23 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 49.

50. The Attorney General admits that in July 2016, the California Legislature passed and the Governor signed Senate Bill 1446 into law. The Attorney General further admits that in November 2016, California voters approved Proposition 63. The Attorney General admits that Senate Bill 1446, Proposition 63, and California Penal Code section 32310 speak for themselves. Except as specifically admitted, the Attorney General denies the allegations of paragraph 50.

51. The Attorney General admits that California Penal Code section 32310 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 51.

52. The Attorney General admits that California Penal Code section 32310 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 52.

53. The Attorney General admits that each section of the California Penal referenced in paragraph 53 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 53.

54. To the extent that the allegations contained in paragraph 54 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General admits that California Penal Code section 32310 speaks for itself. The Attorney General further admits that each judicial opinion referenced in paragraph 54 speaks for itself. The Attorney General denies the remainder of the allegations in paragraph 54. Except as specifically admitted, the Attorney General denies the allegations of paragraph 54.

55. To the extent that the allegations contained in paragraph 55 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General denies the allegations of paragraph 55.

56. To the extent that the allegations contained in paragraph 56 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General admits that California Penal Code section 32310 speaks for itself. The Attorney General denies the remainder of the allegations in paragraph 56. Except as specifically admitted, the Attorney General denies the allegations of paragraph 56.

57. To the extent that the allegations contained in paragraph 57 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General denies the allegations of paragraph 57.

58. To the extent that the allegations contained in paragraph 58 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General denies the allegations of paragraph 58.

59. To the extent that the allegations contained in paragraph 59 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General admits that the Due Process Clause of the Fourteenth Amendment speaks for itself. The Attorney General further admits that each judicial opinion referenced in paragraph 59 speaks for itself. Except as specifically admitted, the Attorney General denies the allegations of paragraph 59.

60. To the extent that the allegations contained in paragraph 60 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General denies the allegations of paragraph 60.

61. To the extent that the allegations contained in paragraph 61 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General denies the allegations of paragraph 61.

62. To the extent that the allegations contained in paragraph 62 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General denies the allegations of paragraph 62.

63. To the extent that the allegations contained in paragraph 63 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General denies the allegations of paragraph 63.

64. The Attorney General incorporates and reasserts each and every response contained in the foregoing paragraphs of this Answer, as though fully set forth herein.

65. To the extent that the allegations contained in paragraph 65 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General admits that California Penal Code section 32310 speaks for itself. The Attorney General denies the remainder of the allegations in paragraph 65. Except as specifically admitted, the Attorney General denies the allegations of paragraph 65.

66. The Attorney General denies the allegations of paragraph 66.

67. The Attorney General denies the allegations of paragraph 67.

68. To the extent that the allegations contained in paragraph 68 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General admits that California Penal Code section 32310 speaks for itself. The Attorney General denies the remainder of the allegations in paragraph 68. Except as specifically admitted, the Attorney General denies the allegations of paragraph 68.

69. The Attorney General denies the allegations of paragraph 69.

70. The Attorney General incorporates and reasserts each and every response contained in the foregoing paragraphs of this Answer, as though fully set forth herein.

71. To the extent that the allegations contained in paragraph 71 are Plaintiffs' characterization of their case and conclusions of law, no answer is required. The Attorney General admits that California Penal Code section 32310 speaks for itself. The Attorney General denies the remainder of the allegations in paragraph 71.

Except as specifically admitted, the Attorney General denies the allegations of paragraph 71.

72. The Attorney General denies the allegations of paragraph 72.

73. The Attorney General denies the allegations of paragraph 73.

74. The Attorney General incorporates and reasserts each and every response contained in the foregoing paragraphs of this Answer, as though fully set forth herein.

75. The Attorney General admits that the Dupe Process Clause and each judicial opinion referenced in paragraph 75 speaks for itself. The Attorney General denies the remainder of the allegations in paragraph 75. Except as specifically admitted, the Attorney General denies the allegations of paragraph 75.

76. The Attorney General denies the allegations of paragraph 76.

The Attorney General denies that Plaintiffs are entitled to the relief set forth in the Prayer for Relief immediately following paragraph 76, or to any relief whatsoever. To the extent that the Prayer for Relief states any allegations, the Attorney General denies them.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, and the claims for relief alleged therein, fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims in this action are barred in that they do not have standing to bring them.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint, and each cause of action therein, is improper as Plaintiffs have an adequate remedy at law.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint, and every cause of action therein, is barred by the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that the Attorney General has undertaken any conduct with regard to the subjects and events underlying Plaintiffs' Complaint, such conduct was, at all times material thereto, undertaken in good faith and in reasonable reliance on existing law.

## SIXTH AFFIRMATIVE DEFENSE

The Attorney General has not knowingly or intentionally waived any applicable affirmative defense. The Attorney General reserves the right to assert and rely upon other such defenses as may become available or apparent during discovery proceedings or as may be raised or asserted by others in this case, and to amend the Answer and/or affirmative defenses accordingly. The Attorney General further reserves the right to amend the Answer to delete affirmative defenses that he determines are not applicable after subsequent discovery.

WHEREFORE, Defendant prays that:

1. Plaintiffs take nothing by reason of the Complaint;
2. Judgment be entered in favor of Defendant;
3. Defendant be awarded costs incurred in defending this action; and
4. Defendant be awarded such further relief that the Court may deem just and proper.

| | | |
|---|---|---|
| 1 | Dated: June 12, 2017 | Respectfully submitted, |

XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
NELSON R. RICHARDS
ANTHONY P. O'BRIEN
Deputy Attorneys General

*/s/ Alexandra Robert Gordon*
ALEXANDRA ROBERT GORDON
Deputy Attorney General
*Attorneys for Defendant*
*Attorney General Xavier Becerra*