C.D. Michel – SBN 144258
Sean A. Brady – SBN 262007
Anna M. Barvir – SBN 268728
Matthew D. Cubeiro – SBN 291519
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA DUNCAN, RICHARD LEWIS, PATRICK LOVETTE, DAVID MARGUGLIO, CHRISTOPHER WADDELL, CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, a California corporation,<br><br>                    Plaintiffs,<br><br>          v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>                    Defendant. | Case No:  17-cv-1017-BEN-JLB<br><br>**JOINT DISCOVERY PLAN** |

On July 14, 2017, Plaintiffs Virginia Duncan, Richard Lewis, Patrick Lovette, David Marguglio, Christopher Waddell, the California Rifle & Pistol Association, Incorporated ("Plaintiffs") and Defendant Xavier Becerra ("Defendant") held a conference in accordance with Federal Rule of Civil Procedure 26(f), the Court's July 6, 2017 Order for Telephonic Counsel-Only Early Neutral Evaluation Conference, and the Civil Chamber Rules of the Honorable Jill L. Burkhardt.

During that conference, the parties discussed the matters required by Federal Rule 26(f), the Civil Chambers Rules, and orders of this Court. The parties now submit this Joint Discovery Plan.

## I.   RULE 26(F) DISCOVERY ISSUES

### A.   Rule 26(a) Disclosures (FRCP 26(f)(3)(A))

Pursuant to the Court's July 6 order, the service of initial disclosures shall occur on or before July 21, 2017. The parties do not anticipate any changes to the timing, form, or requirement for such disclosures.

### B.   Anticipated Scope of Discovery (FRCP 26(f)(3)(B))

In accordance with Federal Rule 26(f)(3)(B), the parties agree that discovery will be conducted on the allegations and claims contained within Plaintiffs' Complaint and the denials and defenses raised in Defendants' Answer. The parties will not conduct discovery in phases, and the discovery will not be limited to particular issues.

The parties intend to propound written discovery in the form of interrogatories, requests for production, and requests for admissions as authorized by the Federal Rules. The parties also intend to conduct the depositions of certain plaintiffs, as well as persons most knowledgeable at the California Attorney General's Office and the California Rifle & Pistol Association and various third parties (including expert and lay witnesses).

Plaintiffs

Plaintiffs currently intend to serve written discovery concerning California Penal Code section 32310, the challenged statute that Defendant is charged with implementing and enforcing, including the purported justifications for the law and all information that

Defendant may rely upon to support those justifications. Plaintiffs also intend to take discovery concerning the nature of the fit of the challenged statute with the purported justifications, as well as the scope and impact the law has on the ability of law-abiding citizens to acquire, possess, and use constitutionally protected arms for lawful purposes.

As described in further detail below, Plaintiffs also intend to notice the deposition of Defendant's person most knowledgeable concerning these topics, as well as any expert witness(es) that may be designated by Defendant.

Plaintiffs are contemplating serving document and deposition subpoenas on non-party witnesses responsible for drafting and advocating for the adoption of Proposition 63 and the challenged statute.

Defendant

Defendant currently intends to serve written discovery, including interrogatories, requests for production of documents, and requests for admission, relevant to the factual basis, if any, for the allegations and legal theories in the Complaint as well as assertions made in support of Plaintiffs' Motion for Preliminary Injunction. As described in further detail below, Defendant also intends to notice the depositions of some or all of the individual Plaintiffs, the person or persons most knowledgeable concerning Plaintiffs' Second Amendment, takings, and due process claims, individuals who submitted declarations in support of Plaintiffs' Motion for Preliminary Injunction, as well as any expert witness(es) that may be designated by Plaintiffs. The Attorney General anticipates that the need for further discovery and additional topics may be identified during the course of the discovery process.

## C.    Electronically Stored Information (FRCP 26(f)(3)(C))

In accordance with Federal Rule 26(f)(3)(C), the parties have discussed electronically stored information. As guiding principles, the parties agree to meet and confer in good faith concerning issues that arise with respect to the disclosure or discovery of electronically stored information, and to use their best efforts to produce electronically stored information in the format preferred by the requesting party,

including reasonable requests for production of such information with metadata intact.

### D.    Privilege Issues (FRCP 26(f)(3)(D))

In accordance with Federal Rule 26(f)(3)(D), the parties have discussed privilege and protection issues. They are negotiating a Stipulated Protective Order, which the parties anticipate filing with the Court in the next few weeks.

### E.    Changes to Discovery Limitations (FRCP 26(f)(3)(E))

The parties do not anticipate any changes to the rules on discovery limitations and adopt the default limitations on discovery imposed by the Federal Rules of Civil Procedure, local rules, and applicable case law. The parties do, however, reserve the right to seek leave of Court to exceed these discovery limitations if necessary.

### F.    Other Discovery & Scheduling Orders (FRCP 26(f)(3)(F))

In accordance with Federal Rule 26(f)(3)(F), the parties have discussed the need for other discovery or scheduling orders under Rule 26(c), 16(b), and 16(c). The parties do not currently request any other orders, though they may seek additional orders as discovery proceeds and if the need arises.

The parties do, however, anticipate that Defendant will appeal the preliminary injunction this Court entered on June 29, 2017, and will move to stay proceedings in this case pending resolution of that appeal. Plaintiffs oppose any such stay.

## II.    ADDITIONAL DISCOVERY ISSUES (CHAMBER RULES)

### A.    Witnesses the Parties Intend to Depose (Chamber Rule III.B.1)

Pursuant to the Civil Chambers Rules, the parties have disclosed the identities of all witnesses they intend to depose and have discussed, briefly, the reasons they seek to take those depositions. Neither party currently anticipates opposing the deposition of any specific witness, but each reserves the right to object to all or part of any deposition if necessary.

Plaintiffs

Plaintiffs intend to notice the deposition of Defendant by way of his person most knowledgeable in order the test the allegations in Defendant's Answer and those made in

support of Defendant's Opposition to Motion for Preliminary Injunction. Plaintiffs also seek to secure evidence relevant to the claims and defenses asserted in this action, including evidence concerning the scope and impact of Penal Code section 32310, the challenged statute that Defendant is charged with implementing and enforcing.

Plaintiffs also intend to notice the deposition of each of Defendants' non-party witnesses concerning the testimony each provided in opposition to Plaintiffs' Motion for Preliminary Injunction, as well as any other subjects on which they intend to opine in support of Defendant's defenses to Plaintiffs' claims. Plaintiffs currently expect those individuals to include:

- Lucy P. Allen, Managing Director of NERA Economic Consulting
- John J. Donohue, Professor of Law at Stanford Law School
- Blake Graham, Special Agent Supervisor, California Department of Justice, Bureau of Firearms
- Ken James, Retired Law Enforcement Officer, Emeryville Police Department
- Daniel W. Webster, Professor of Health & Policy Management, Co-Director for Research at the Center for the Prevention of Youth Violence, and Director of the Johns Hopkins Center for Gun Policy & Research

Plaintiffs may identify other witnesses via document production or written discovery whose deposition may be necessary.

<u>Defendant</u>

Defendant Attorney General intends to take the depositions of some or all the Plaintiffs in this action, Plaintiffs Virginia Duncan, Richard Lewis, Patrick Lovette, David Marguglio, and/or Christopher Waddell, in order the test the factual allegations in Plaintiffs' Complaint and/or those made in support of Plaintiffs' Motion for Preliminary Injunction as well as to discover evidence relevant to the claims and defenses asserted in this action. In addition, the Attorney General intends to take the deposition of Plaintiff California Rifle & Pistol Association, Incorporated, through the person or persons most

JOINT DISCOVERY PLAN

knowledgeable to determine whether associational standing exists, test the factual allegations in Plaintiffs' Complaint and/or those made in support of Plaintiffs' Motion for Preliminary Injunction, and to discover evidence relevant to the claims and defenses asserted in this action.

The Attorney General intends to take the depositions of some or each of Plaintiffs' non-party witnesses concerning the testimony each provided in support of Plaintiffs' Motion for Preliminary Injunction, as well as any other subjects on which they intend to opine in support of Plaintiffs' claims or as may be relevant to this action.  The Attorney General currently expects those deponents to include:

- Massad Ayoob
- James Curcuruto, Director, Industry Research & Analysis, National Shooting Sports Foundation
- Gary Kleck, Emeritus Professor of Criminology & Criminal Justice, Florida State University
- Stephen Helsley, Retired Peace Officer, California Department of Justice

The Attorney General may identify other witnesses via document production or written discovery whose deposition may be necessary.

**B.    Documents Requested for Production (Chamber Rule III.B.2)**

Pursuant to the Civil Chambers Rules, the parties have disclosed the categories of documents they intend to request for production. Neither party currently anticipates objecting to any of the broad categories of documents disclosed below, but each reserves the right to object to all or part of any specific request for production if necessary.

<u>Plaintiffs</u>

Plaintiffs expect to request the following categories of documents from Defendants:

All documents in support of the defenses raised in Defendant's Answer, as well as all factual allegations made in support of Defendant's Opposition to Motion for Preliminary Injunction, including:

JOINT DISCOVERY PLAN

17cv1017

- All documents referencing the California Legislature's official justification(s) for adopting Penal Code section 32310.
- All documents constituting evidence that Defendants may rely on in asserting that restrictions on magazines capable of holding over ten rounds of ammunition further public safety.
- All documents constituting evidence that Defendants may rely on in asserting that the possession, manufacture, transfer, or sale of magazines over ten rounds harms public safety.
- All documents constituting evidence that Defendants may rely on in asserting that magazines over ten rounds are not useful or necessary for personal defense.

Plaintiffs may identify and seek additional categories of relevant documents as discovery proceeds.

<u>Defendant</u>

Defendant expects to request the following categories of documents from Plaintiffs:

All documents in support of the factual allegations made in Plaintiffs' Complaint and Motion for Preliminary Injunction, including, but not limited to:

- Plaintiffs' allegations made in support of their Second Amendment claim, such as those allegations regarding the history and prevalence of large-capacity magazines, use of large-capacity magazines, and necessity of large-capacity magazines for self-defense, as well as Plaintiffs' allegations regarding the purported difficulty of utilizing alternatives to large-capacity magazines;
- Plaintiffs' allegations that Section 32310 amounts to a taking of property for which compensation is required; and
- Plaintiffs' allegations in support of its claim that Section 32310 violates due process;

JOINT DISCOVERY PLAN

- ▪ Plaintiffs' allegations regarding irreparable injury purportedly caused by Section 32310; and

- ▪ Plaintiffs' allegations regarding how the public interest would be served by enjoining Section 32310.

The Attorney General may identify and seek additional categories of relevant documents as discovery proceeds.

### C. Discovery to Enable Settlement Evaluation (Chamber Rule III.B.3)

The parties do not believe any discovery would enable the parties to settle this dispute. Indeed, the parties have discussed the possibility of settlement and do not believe this case has any potential of settling. Plaintiffs believe that California Penal Code section 32310 violates various constitutional rights, and Defendant believes the law is constitutional.

Plaintiffs have no intention of dismissing this lawsuit unless Defendant allows all law-abiding citizens to own, possess, purchase, and transfer magazines over ten rounds.

It is Defendant's position that Section 32310 is a constitutional and duly enacted statute. Given the Attorney General's sworn duty to uphold the laws of the State, the Attorney General cannot excuse Plaintiffs from compliance with Section 32310 or otherwise refuse to enforce it. Cal. Const., art. III, § 3.5.

### D. Issues Implicating Expert Evidence & Anticipated *Daubert* Objections (Chamber Rule III.B.4)

<u>Issues that Implicate Expert Evidence</u>

The parties agree that the following issues in this case likely implicate expert evidence:

Whether firearm magazines capable of holding more than ten rounds of ammunition are protected by the Second Amendment. This issue will likely involve expert evidence regarding the ubiquity of magazines over ten rounds the United States, as well as the historical prevalence of such magazines in the United States and/or laws regulating them.

Whether there is a "reasonable fit" between the state's ban on firearm magazines capable of holding more than ten rounds of ammunition and its public safety interests. This issue may involve expert evidence regarding the impact of the law on mass shooting incidents, violent crime, public safety, and law enforcement safety, as well as the impact of the law on citizen's ability to engage in self-defense.

<u>Anticipated *Daubert* Objections</u>

Without having yet exchanged expert designations or having investigated the grounds for their opinions, the parties agree that it is premature to determine whether any *Daubert* objection is likely. The parties reserve their right to raise the issue as necessary.

**E.     Threshold Legal Issues for Motion for Summary Judgment (Chamber Rule III.B.5)**

Because this case primarily raises questions of constitutional law, the parties believe it will likely be resolved on summary judgment.

**F.     Procedure for Claims of Privilege (Chamber Rule III.B.6)**

Pursuant to the Chamber Rules, the parties agree to the following procedure for asserting claims of privilege in response to discovery requests:

The party asserting privilege must serve a "privilege log" within a reasonable time from service of responses. The parties agree that the privilege log shall include all information required by Federal Rules of Civil Procedure 26(b)(5) and 34(b)(2)(C).

**G.     Anticipated Protective Orders (Chamber Rule III.B.7)**

As described above, the parties are negotiating a Stipulated Protective Order, which they anticipate filing with the Court in the next few weeks.

**H.     Proposed Schedule (Chamber Rule III.B.8)**

The parties agree that the Court's tentative schedule is not likely to be met by the parties in this case, particularly as to the dates for completion of fact/expert witness discovery and dispositive motions. The parties were, however, unable to agree on a proposed schedule for the reasons described below.

/ / /

<u>Plaintiffs</u>

The number of depositions required in this case and the fact that the Court's tentative schedule would require counsel to manage the availability of more than a dozen deponents over the course of the holiday season justify modifying the tentative schedule to provide an additional two months for expert/fact discovery. Plaintiffs further believe that the breadth of discovery here, as well as the fact that this case is likely to be disposed of on summary judgment, justify providing the parties with an additional month to prepare dispositive motions that will be most helpful to the Court's handling of this matter.

Plaintiffs dispute Defendant's contention that even more time is required because they do not believe that Defendant's preliminary injunction appeal is likely to provide any guidance likely to impact this case or the scope of discovery. They believe that it is preferable to move forward with discovery at this time.

As such, Plaintiffs propose the following schedule:

| Deadline | Tentative Date | ∏'s Proposal |
|---|---|---|
| File motions to amend and/or add parties | September 1, 2017 | September 1, 2017 |
| Completion of fact and expert witness discovery | December 1, 2017 | February 2, 2018 |
| Designation and service of expert witness reports | October 6, 2017 | October 6, 2017 |
| Supplemental designation and service of rebuttal expert reports | November 3, 2017 | November 3, 2017 |
| Filing of dispositive motions (inclusive of *Daubert* motions) | December 29, 2017 | April 6, 2018 |
| Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the Court | | |
| Mandatory Settlement Conference | February 6, 2018 | May 1, 2018 |
| Pretrial Conference before Judge Benitez | April 30, 2018 | July 23, 2018 |

/ / /

/ / /

Defendant

The Attorney General agrees that the number of depositions required in this case as well as the likelihood that this case will be resolved on summary judgment, justifies modifying the tentative schedule for fact and expert discovery proposed by the Court. The Attorney General submits that good cause exists to extend all of the dates set forth in the Court's tentative schedule by six months for the additional reason that he intends to appeal the preliminary injunction entered in this case and believes that the appeal is likely to provide substantial guidance, if not rulings of law, that will materially affect the scope of this case, including the scope of discovery.  For that reason, and to avoid unnecessary discovery and motion practice regarding discovery, the Attorney General has met and conferred with Plaintiffs regarding a stay of district court proceedings pending appeal.

Should that process prove unsuccessful and should the Court deny a motion to stay, the Attorney General proposes the following schedule:

| Deadline | Tentative Date | ∏'s Proposal |
|---|---|---|
| File motions to amend and/or add parties | September 1, 2017 | September 1, 2017 |
| Completion of fact and expert witness discovery | December 1, 2017 | April 2, 2018 |
| Designation and service of expert witness reports | October 6, 2017 | April 6, 2018 |
| Supplemental designation and service of rebuttal expert reports | November 3, 2017 | May 2, 2018 |
| Filing of dispositive motions (inclusive of *Daubert* motions) | December 29, 2017 | April 30, 2018 |
| Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the Court | | |
| Mandatory Settlement Conference | February 6, 2018 | August 6, 2018 |
| Pretrial Conference before Judge Benitez | April 30, 2018 | October 30, 2018 |

/ / /

/ / /

JOINT DISCOVERY PLAN

Dated: July 19, 2017                     **MICHEL & ASSOCIATES, P.C.**


                                         /s/ Anna M. Barvir
                                         Anna M. Barvir
                                         Email: abarvir@michellawyers.com
                                         Attorneys for Plaintiffs

Dated: July 19, 2017                     XAVIER BECERRA
                                         Attorney General of California
                                         TAMAR PACHTER
                                         Supervising Deputy Attorney General


                                         /s/ Anthony P. O'Brien
                                         ANTHONY P. O'BRIEN
                                         Email: anthony.obrien@doj.ca.gov
                                         ALEXANDRA ROBERT GORDON
                                         Email: alexandra.robertgordon@doj.ca.gov
                                         Deputy Attorneys General
                                         Attorneys for Defendant Xavier Becerra


       Pursuant to Local Rule 2(f)(4), the below filer attests that concurrence in the filing of this document has been obtained from the above signatories.

Dated: July 19, 2017                     /s/ Anna M. Barvir
                                         Anna M. Barvir

JOINT DISCOVERY PLAN

17cv1017

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA DUNCAN, RICHARD LEWIS, PATRICK LOVETTE, DAVID MARGUGLIO, CHRISTOPHER WADDELL, CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>Defendant. | Case No: 17-cv-1017-BEN-JLB<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 180 East Ocean Boulevard, Suite 200 Long Beach, CA 90802. I am not a party to the above-entitled action.

I have caused service of the following documents, described as:

### JOINT DISCOVERY PLAN

on the following parties by electronically filing the foregoing on July 19, 2017, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Ms. Alexandra Robert Gordon
Deputy Attorney General
alexandra.robertgordon@doj.ca.gov
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Mr. Anthony P. O'Brien
Deputy Attorney General
anthony.obrien@doj.ca.gov
1300 I Street, Suite 125
Sacramento, CA 95814

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 19, 2017, at Long Beach, CA.

Laura Palmerin