XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
NELSON R. RICHARDS
ANTHONY P. O'BRIEN
Deputy Attorneys General
ALEXANDRA ROBERT GORDON
Deputy Attorney General
State Bar No. 207650
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone: (415) 703-5509
 Fax: (415) 703-5480
 E-mail:
 Alexandra.RobertGordon@doj.ca.gov
*Attorneys for Defendant*
*Attorney General Xavier Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIRGINIA DUNCAN, et al.,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**XAVIER BECERRA, in his official capacity as Attorney General of the State of California, et al.,**<br><br>Defendants. | 17-cv-1017-BEN-JLB<br><br>**DEFENDANT ATTORNEY GENERAL XAVIER BECERRA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPEAL**<br><br>Date:  September 11, 2017<br>Time:  10:30 a.m.<br>Dept:  5A<br>Judge: Hon. Roger T. Benitez<br>Trial Date:  None Set<br>Action Filed:  May 17, 2017 |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................1

BACKGROUND .....................................................................................1

ARGUMENT...........................................................................................2

I.     This Court Should Grant a Stay of All Proceedings Pending
Appeal. .........................................................................................2

      A.     A Stay Is Warranted Under the *Landis* Standard. ....................4

            1.     No Prejudice Will Result from a Stay.............................4

            2.     Defendant Will Suffer Considerable Hardship and
Inequity If This Action Is Not Stayed. ...........................5

            3.     A Stay Would Promote the Orderly Course of
Justice. ...........................................................................6

      B.     The *Nken* Standard, While Not Applicable, Is Satisfied. ...........8

            1.     The Attorney General Is Likely to Prevail on
Appeal.............................................................................9

            2.     The Attorney General Will Suffer Irreparable Harm
in the Absence of a Stay. ...............................................10

            3.     Plaintiff Will Not Be Harmed by a Stay. ......................11

            4.     A Stay Is in the Public Interest......................................11

CONCLUSION......................................................................................12

1

**TABLE OF AUTHORITIES**

2

<u>Page</u>

3

Cᴀꜱᴇꜱ

4

*Bradberry v. T-Mobile USA, Inc.*
5          No. C 06 6567 CW, 2007 WL 2221076 (N.D. Cal. Aug. 2, 2007)....................11

6

*California Assoc. for Health Services at Home v. Sebelius*
7          No. CV 11-10618, 2012 WL 893782 (C.D. Cal. Mar. 13, 2012) ...................4, 6

8

*Castaneda v. Molinar*
9          No. CV 07-07241, 2008 WL 9449576 (C.D. Cal. May 20, 2008).......................3

10

*Clinton v. Jones*
          520 U.S. 681 (1997) ........................................................................................2
11

12

*CMAX, Inc. v. Hall*
          300 F.2d 265 (9th Cir. 1962).........................................................................3, 4
13

14

*Colorado Outfitters Ass'n v. Hickenlooper*
          24 F. Supp. 3d 1050 (D. Colo. 2014) ...............................................................9
15

16

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*
          498 F.3d 1059 (9th Cir. 2007).............................................................................5

17

*Fed. Home Loan Mortg. Corp. v. Kama*
18          CV 14-00137 ACK-KSC, 2016 WL 922780 (D. Haw. Mar. 9,
          2016)....................................................................................................................7
19

20

*Friedman v. City of Highland Park*
          784 F.3d 406 (7th Cir. 2015)...............................................................................9
21

22

*Fyock v. City of Sunnyvale*
          25 F. Supp. 3d 1267 (N.D. Cal. 2014).................................................................9

23

*Golden Gate Rest. Ass'n v. City and County of San Francisco*
24          512 F.3d 1112 (9th Cir. 2008)................................................................8, 10, 11

25

*Gustavson v. Mars, Inc.*
26          No. 13-cv-04537, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014)....................5, 7

27

*Heller v. District of Columbia*
28          670 F.3d 1244 (D.C. Cir. 2011) .........................................................................9

ii

1

<u>**TABLE OF AUTHORITIES**</u>
**(continued)**

2

<u>Page</u>

3

*In re Lorazepam & Clorazepate Antitrust Litig.*

4

208 F.R.D. 1 (D.D.C. 2002) ............................................................... 6

5

*Kolbe v. Hogan*

6

849 F.3d 114 (4th Cir. 2017) ............................................................ 9

7

*Kotrous v. Goss-Jewett Co. of Northern California, Inc.*
No. Civ. S021520, 2005 WL 2452606 (E.D. Cal. Oct. 4, 2005) ..................... 7, 8

8

9

*Lair v. Bullock*
697 F.3d 1200 (9th Cir. 2012) ......................................................... 9

10

*Lakeland Vill. Homeowners Ass'n v. Great Am. Ins. Grp.*

11

727 F. Supp. 2d 887 (E.D. Cal. 2010) ................................................ 6

12

*Lal v. Capital One Financial Corp.*

13

No. 16-6674-BLF, 2016 WL 282895 (N.D. Cal. Jan. 23, 2017) ...................... 3

14

*Landis v. North American Co.*

15

299 U.S. 248 (1936) ............................................................... 3, 4, 8

16

*Leiva-Perez v. Holder*

17

640 F.3d 962 (9th Cir. 2011) .......................................................... 8, 10

18

*Leyva v. Certified Growers of Cal., Ltd.*

19

593 F.2d 857 (9th Cir. 1979) ........................................................ 3, 4

20

*Lockyer v. Mirant Corp.*
398 F.3d 1098 (9th Cir. 2005) ....................................................... 3, 11

21

22

*Matera v. Google Inc.*
No. 15-CV-04062-LHK, 2016 WL 454130 (N.D. Cal. Feb. 5, 2016) .............. 11

23

*McCollough v. Minnesota Lawyers Mut. Ins. Co.*

24

No. CV-09-95, 2010 WL 441533 (D. Montana Feb. 3, 2010) ...................... 11

25

*McElrath v. Uber Technologies, Inc.*

26

No. 16-CV-07241-JSC, 2017 WL 1175591 (N.D. Cal. Mar. 30,

27

2017) ................................................................................. 3, 5

28

iii

## TABLE OF AUTHORITIES
### (continued)

Page

*Mediterranean Enters., Inc. v. Ssangyong Corp.*
708 F.2d 1458 (9th Cir. 1983).................................................................. 3

*Minor v. FedEx*
No. C 09-1375, 2009 WL 1955816 (N.D. Cal. Jul.6, 2009) ................................ 4

*New York State Rifle & Pistol Ass'n v. Cuomo*
804 F.3d 242 (2d Cir. 2015) .................................................................. 9

*Nken v. Holder*
556 U.S. 418 (2009) ...................................................................... 3, 8, 10

*Pickup v. Brown*
No. 2:12-cv-02947, 2013 WL 411474 (E.D. Cal. Jan. 29, 2013) ........................ 7

*Pokorny v. Quixtar Inc.*
No. 07-00201 SC, 2008 WL 1787111 (N.D. Cal. Apr. 17, 2008) ...................... 9

*Richards v. Ernst & Young LLP*
No. C-08-04988 RMW, 2012 WL 92738 (N.D. Cal. Jan. 11, 2012) .................. 9

*Rivers v. Walt Disney Co.*
980 F. Supp. 1358 (C.D. Cal. 1997)....................................................... 2, 3

*Robinson v. De la Vega*
2008 WL 4748171 (S.D. Cal. Oct. 24, 2008)............................................. 2

*Roe v. SFBSC Mgmt., LLC*
No. 14-CV-03616-LB, 2015 WL 1798926 (N.D. Cal. Apr. 17,
2015)...................................................................................... 11

*Rollins v. Dignity Health*
No. 13-cv-01450-THE, 2014 WL 6693891 (N.D. Cal. Nov. 26,
2014)........................................................................................ 3

*San Diego Padres Baseball P'ship v. United States*
No. 99-CV-0828, 2001 WL 710601 (S.D. Cal. 2001) ................................ 2, 7

*San Francisco Veteran Police Officers Ass'n v. City of San Francisco*
18 F. Supp. 3d 997 (N.D. Cal. 2014)........................................................ 9

iv

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Todd v. Tempur-Sealy Int'l, Inc.*
No. 13-CV-04984-JST, 2016 WL 6082413 (N.D. Cal. Oct. 18, 2016) .......................................................................................................... 11

*Washington v. Trump*
No. C17-0141JLR, 2017 WL 1050354 (W.D. Wash. Mar. 17, 2017) ................. 8

*Washington v. Trump*
No. C17-0141JLR, 2017 WL 2172020 (W.D. Wash. May 17, 2017) ................. 7

*Welch v. Brown*
No. CIV. 2:12-2484 WBS, 2013 WL 496382 (E.D. Cal. Feb. 7, 2013) .......................................................................................................... 3

*Wiese v. Becerra*
No. CV 2:17-903 WBS KJN, 2017 WL 2813218 (E.D. Cal. June 29, 2017) ................................................................................................ 4, 10

**STATUTES**

California Penal Code
§ 16740 .......................................................................................... 1
§ 32310 .................................................................................. *passim*
§ 32390 .......................................................................................... 2

California Stats. 1999, Chapter 129
§ 3 .................................................................................................. 1
§ 3.5 ............................................................................................... 1

California Stats. 2013, Chapter 728
§ 1 .................................................................................................. 1

California Stats. 2016, Chapter 58
§ 1 .................................................................................................. 2
§ 2 .................................................................................................. 2

United States Code, Title 28
§ 1292 ............................................................................................ 2

**INTRODUCTION**

The Attorney General respectfully asks this Court to stay these proceedings in the exercise of its authority to control its docket, pending resolution of the appeal of the preliminary injunction earlier entered in this case.  The Ninth Circuit's decision is likely to provide significant guidance, if not rulings of law, that will materially impact and/or affect this litigation.  Accordingly, a stay of these proceedings pending appeal will prevent the Court and the parties from spending time and resources addressing issues and matters that may be rendered unnecessary by the determination in the Court of Appeals.  Because this action is at an early stage, there is an accelerated briefing schedule in the Ninth Circuit, and this Court has enjoined the challenged law prohibiting the possession of large-capacity magazines, the requested stay will not prejudice plaintiffs.  By contrast, forcing defendant the Attorney General to litigate, simultaneously and perhaps needlessly, the same legal issues before this Court and the Court of Appeals would cause substantial hardship and inequity.  Given that the discovery cut off in this case, including expert discovery, as well as the deadline for all pretrial motions, has been set for February 2, 2018, and the final pretrial conference has been set for June 4, 2018, *see* ECF No. 38, the Attorney General will have to conduct and complete discovery, move for summary judgment, and possibly go to trial on the basis of legal standards that the Ninth Circuit may determine to be incorrect.  Thus, law, equity, and the interests of economy and efficiency all weigh in favor of a stay pending appeal.

**BACKGROUND**

Since 2000, California law has prohibited the manufacture, import, keeping or offering for sale, giving, or lending of large capacity magazines (LCMs), defined under Section 16740 of the Penal Code as "a feeding device with the capacity to accept more than 10 rounds."  Cal. Stats. 1999, ch. 129, §§ 3, 3.5, presently codified at Cal. Penal Code § 32310.  In 2013, California also enacted a ban on the purchase or receipt of LCMs.  Cal. Stats. 2013, ch. 728 (A.B. 48) § 1 (amending

1

1   § 32310(a)).  California has also declared LCMs to be a "nuisance."  Cal. Penal

2   Code § 32390.  As recently amended by statute and initiative, California Penal

3   Code section 32310 (Section 32310) prohibits, subject to certain exceptions, the

4   possession of LCMs as of July 1, 2017.  *See* Cal. Penal Code §§ 32310 (c) & (d);

5   Cal. Stats. 2016, ch. 58 (S.B. 1446) §§ 1 & 2; Prop. 63.

6        Plaintiffs sued the Attorney General claiming that Section 32310 violates the

7   Second Amendment, the Takings Clause, and the Due Process Clause.  On June 29,

8   2017, this Court granted plaintiff's motion for a preliminary injunction.  *See* ECF

9   No. 28.  The Attorney General filed a notice of appeal from this Court's order on

10  July 27, 2017.  ECF No. 32.  On August 4, 2017, this Court entered a Scheduling

11  Order setting the exchange of expert reports for October 6, 2017, the close of

12  discovery and all pretrial motions for February 2, 2018, and the final pretrial

13  conference for June 4, 2018.  ECF No. 38.

14                              **ARGUMENT**

15  **I.   THIS COURT SHOULD GRANT A STAY OF ALL PROCEEDINGS PENDING**
         **APPEAL.**
16

17       A district court is authorized to issue a stay of proceedings pending an

18  interlocutory appeal.  28 U.S.C § 1292(b).  In addition, a district court may stay

19  proceedings "incidental to the power inherent in every court to control the

20  disposition of the causes on its docket with economy of time and effort for itself,

21  for counsel, and for litigants."  *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360

22  (C.D. Cal. 1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936));

23  *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) ("The District Court has

24  broad discretion to stay proceedings as an incident to its power to control its own

25  docket); *Robinson v. De la Vega*, 2008 WL 4748171, *3 (S.D. Cal. Oct. 24, 2008)

26  *San Diego Padres Baseball P'ship v. United States*, No. 99-CV-0828, 2001

27  WL 710601, *1 (S.D. Cal. 2001).  In particular, "[a] trial court may, with propriety,

28  find it is efficient for its own docket and the fairest course for the parties to enter a

                                    2

1   stay of an action before it, pending resolution of independent proceedings which

2   bear upon the case." *Leyva v. Certified Growers of Cal., Ltd.*, 593 F.2d 857, 863-

3   64 (9th Cir. 1979); *see also Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708

4   F.2d 1458, 1465 (9th Cir. 1983).  This rule applies whether the separate

5   proceedings are judicial, administrative, or arbitral in character, and does not

6   require that the issues in such proceedings are necessarily controlling of the action

7   before the court." *Leyva*, 593 F.2d at 864.  Rather, a finding that the matters

8   present substantially similar issues is sufficient.  *See id*.

9       A stay is warranted where it prevents prejudice to one or both parties and

10  serves the interests of judicial economy and efficiency.  *See, e.g.*, *Rivers*,

11  980 F. Supp. at 1360 (citing Wright, Miller & Cooper, *Federal Practice and*

12  *Procedure* § 3866 (1986)).  When considering a motion to stay proceedings

13  pending an interlocutory appeal, the Court applies the factors set forth in *Landis v.*

14  *North Am. Co.*, 299 U.S. 248, 254 (1936), and *CMAX, Inc. v. Hall*, 300 F.2d 265,

15  268 (9th Cir. 1962), which include:  "(1) the possible damage which may result

16  from granting of a stay; (2) the hardship or inequity which a party may suffer in

17  being required to go forward; and (3) the orderly course of justice measured in

18  terms of the simplifying or complicating of issues, proof, and questions of law

19  which could be expected to result from a stay." *CMAX*, 300 F.2d at 268; *see also*

20  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).[1]  As set forth below,

21  ───────────────

22      [1] There is some apparent disagreement within the Ninth Circuit about the legal
    standard that applies to a motion to stay district court proceedings pending an
    interlocutory appeal.  While many courts apply the standard set forth in *Landis*, s*ee,*
    *e.g., Lal v. Capital One Financial Corp.*, No. 16-6674-BLF, 2016 WL 282895, *2-

23  3 (N.D. Cal. Jan. 23, 2017); *Rollins v. Dignity Health*, No. 13-cv-01450-THE, 2014
    WL 6693891 (N.D. Cal. Nov. 26, 2014); *Welch v. Brown*, No. CIV. 2:12-2484

24  WBS, 2013 WL 496382, *1 (E.D. Cal. Feb. 7, 2013), other courts have employed
    the four-factor test set forth in *Nken v. Holder*, 556 U.S. 418 (2009).  *See, e.g.*,

25  *Castaneda v. Molinar*, No. CV 07-07241, 2008 WL 9449576, *2 (C.D. Cal.
    May 20, 2008).  *Nken* addresses whether to stay the enforcement of a court order or

26  judgment pending appeal, not they stay of an action pending disposition of an
    appeal.  *See, e.g., id.* at 425-26 (applying the four-factor test in the context of a

27  request to stay an order of removal pending petition of review of order of removal);
    *McElrath v. Uber Technologies, Inc.*, No. 16-CV-07241-JSC, 2017 WL 1175591,

28  (continued…)

3

1    all of these factors weigh in favor of staying this action.[2]

2        **A.**     **A Stay Is Warranted Under the *Landis* Standard.**

3              **1.**     **No Prejudice Will Result from a Stay.**

4        Given that this action is at a very early stage and that this Court has enjoined

5    enforcement of Section 32310, plaintiffs will suffer no prejudice if a stay issues.  In

6    fact, a stay will benefit plaintiffs in the same way that it will benefit the Attorney

7    General, as it will enable them to avoid expending resources on discovery and

8    matters that may become moot in light of the Ninth Circuit's decision in the appeal

9    in this case.  *See Minor v. FedEx*, No. C 09-1375, 2009 WL 1955816, *1 (N.D. Cal.

10   Jul.6, 2009) (granting stay and determining that "[t]o the extent that both [p]laintiffs

11   and [d]efendants will be able to tailor discovery and avoid duplicative or

12   unnecessary tasks, this causes a benefit, rather than damage, to accrue to both

13   parties.").  Because this is an appeal from a preliminary injunction, there is an

14   expedited briefing schedule in the Court of Appeals, and thus there is no threat of

15   significant delay in resuming proceedings in this Court.[3]  *See California Assoc. for*

---

16   (…continued)

17   *5 (N.D. Cal. Mar. 30, 2017) (applying *Landis* factors because "the stay is not of a judgment, but rather pending disposition of" a case before the Supreme Court).

18   Here, the Attorney General is not requesting a stay of the preliminary injunction; he is asking the Court to exercise its discretion to stay further proceedings pending

19   appeal in order "to promote economy of time and effort for itself, for counsel, and for litigants." *CMAX*, 300 F.2d at 268.  Should this Court grant the requested stay,

20   the Court's order enjoining the enforcement of Section 32310 would remain in effect.  Accordingly, the standard first articulated in *Landis* applies. *See, e.g.,*

21   *Leyva*, 593 F.2d at 863-64.  Regardless, and as discussed herein, the Attorney General's request for a stay is justified under both the *Landis* and the *Nken* tests.

22       [2] The district court in *Wiese v. Becerra*, which also involves a challenge to Section 32310 under the Second Amendment and Takings Clause, has ordered the

23   parties to meet and confer and inform the court as to whether proceedings in that case should be stayed pending the appeal in this case.  Case No. 2:17-cv-00903-

24   WBS-KJN, ECF No. 56 (E.D. Cal.).  The district court in *Wiese* notes that the parties in each case "make substantially similar arguments regarding whether

25   California's large capacity ban violates the Second Amendment and Takings Clause of the United States Constitution.  Thus, a decision by the Ninth Circuit regarding

26   the Duncan case may be dispositive as to key issues in this case."

27       [3] The Ninth Circuit has granted the Attorney General's unopposed motion for a 29-day extension in which to file the Opening Brief in the Ninth Circuit.  Ninth

28   Circuit Case No. 17-56081, ECF Nos. 6 & 7.  These additional 29 days will not

                                      (continued…)

*Health Services at Home v. Sebelius*, No. CV 11-10618, 2012 WL 893782, *3 (C.D. Cal. Mar. 13, 2012); Ninth Cir. R. 3-3.  Accordingly, there is no meaningful possibility that the proposed stay would "work damage" to plaintiff.  *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *see also McElrath*, 2017 WL 1175591 at *5-6 (stating that stay of "short, not indefinite, duration" would not cause damage).

### 2.    Defendant Will Suffer Considerable Hardship and Inequity If This Action Is Not Stayed.

As noted above, a number of issues regarding the constitutionality of Section 32310 currently are before the Ninth Circuit on appeal.  Specifically, in reviewing the grant of a preliminary injunction, the Ninth Circuit will consider such dispositive issues of law as: (1) what is the appropriate test for determining the level of scrutiny to apply to Second Amendment claims; (2) what level of scrutiny applies to Section 32310; (3) what evidentiary showing the State is required to make in order to satisfy the applicable level of scrutiny; and (4) what is the appropriate legal framework for evaluating plaintiffs' facial takings claim.

If this action is not stayed, the Attorney General will be forced to litigate the same issues simultaneously before the district and the appellate court, and without the guidance of the Court of Appeals.  *See Gustavson v. Mars, Inc.*, No. 13-cv-04537, 2014 WL 6986421, *3 (N.D. Cal. Dec. 10, 2014).  Among other things, as a result of the Scheduling Order that has been entered in this case, ECF No. 38, the Attorney General and plaintiffs will be subject to potentially expensive and time-consuming discovery, expert discovery, and motion practice that may ultimately prove unnecessary.  For example, in its Order, this Court repeatedly suggests that the Attorney General must provide scientific studies that establish the efficacy of LCM bans with a high degree of precision and near certainty.  *See* Order at 25-30,

_____

(…continued)
cause a meaningful delay or harm to plaintiffs.

40-46.  This conclusion will dictate far more extensive discovery and the need for
more and more comprehensive expert reports and studies than ultimately may be
required.  Similarly, the Court suggests that only mass shootings and use of LCMs
within California is relevant data.  *See* Order at 30.  A decision on whether or not
there is a geographic constraint on the evidence that can be used to defend this case
will impact the scope of discovery.  Further, an appellate decision on plaintiffs'
takings claim, which may be resolved as a matter of law, could greatly limit, if not
obviate, the need for any discovery on this cause of action.  It could also be a basis
for a motion for partial judgment on the pleadings thereby eliminating plaintiffs'
takings claim and simplifying the case.

Having to expend time and resources litigating, including taking discovery and
proceeding to summary judgment or trial, based on standards that the Ninth Circuit
may reject, would impose an inequitable and unfair burden on the Attorney General
(and the plaintiffs) that warrants granting a temporary stay pending appeal.  *See,
e.g.*, *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 6 (D.D.C. 2002)
(granting stay and noting that "because two significant issues are currently pending
before the Court of Appeals, one of which could dispose of this litigation while the
other could substantially reshape it," "proceeding headlong with discovery and
other matters before this Court has the very real potential of unnecessarily wasting
significant resources of all parties"); *Lakeland Vill. Homeowners Ass'n v. Great
Am. Ins. Grp.*, 727 F. Supp. 2d 887, 897 (E.D. Cal. 2010) (granting stay during
interlocutory appeal where "it would be a waste of judicial and party resources" to
conduct discovery and motion practice while appeal was pending); *California
Assoc. for Health Services at Home*, No. 2012 WL 893782, at *2-3 (granting stay
where Ninth Circuit decisions "are likely to narrow issues" in case).

### 3.    A Stay Would Promote the Orderly Course of Justice.

A stay would promote economy of time and effort for the Court and the
parties, as it would relieve both from expending time and resources on decisions

6

that may have to be reconsidered in light of the Ninth Circuit's rulings, or that those rulings may render moot. *See Gustavson*, 2014 WL 6986421, at *3 ("in determining whether the [orderly course of justice] factor weighs in favor of a stay, considerations of judicial economy are highly relevant."). Indeed, district courts routinely stay proceedings where resolution of an appeal may provide guidance in deciding issues before the district court. *See, e.g.*, *Washington v. Trump*, No. C17-0141JLR, 2017 WL 2172020, *2–3 (W.D. Wash. May 17, 2017) (granting a stay of district court proceedings where appeal in related case "will likely settle many" issues and "simplify others, such that a stay will facilitate the orderly course of justice and conserve resources for both the court and the parties.") (citation and internal punctuation omitted); *Fed. Home Loan Mortg. Corp. v. Kama*, CV 14-00137 ACK-KSC, 2016 WL 922780, *8-9 (D. Haw. Mar. 9, 2016) (granting stay where Ninth Circuit's resolution of related cases "w[ould] likely involve an analysis of" issues that would "provid[e] further guidance to the district court); *Pickup v. Brown*, No. 2:12-cv-02947, 2013 WL 411474, *1 (E.D. Cal. Jan. 29, 2013) ("because the preliminary injunction appeal will resolve issues related to the constitutionality of [the statute] that this court will need to address in order to move forward, it will achieve efficiencies to await the outcome of the Ninth Circuit proceedings.").[4] This approach not only preserves resources for the parties and the Court, but also "reduces the risk of inconsistent rulings" that might need to be "disentangle[d]." *Washington v. Trump*, No. C17-0141JLR, 2017 WL 1050354, *5 (W.D. Wash. Mar. 17, 2017).

---

[4] *See also Kotrous v. Goss-Jewett Co. of Northern California, Inc.*, No. Civ. S021520, 2005 WL 2452606, *4-5 (E.D. Cal. Oct. 4, 2005) ("Because the issue before the Ninth Circuit may be dispositive of plaintiff's federal claims, a stay of the proceedings at this point will promote economy of time and effort for both the parties and the court"); *San Diego Padres*, 2001 WL 710601, at *1 (upholding stay because decision in pending Ninth Circuit appeal would simplify issues before the court).

By granting a stay, this Court can avoid unnecessarily addressing issues or questions of law that will be impacted, if not resolved, by the Court of Appeals' eventual resolution.  Waiting for the Ninth Circuit's guidance before proceeding to discovery, motion practice, and/or trial, will streamline issues, proof, and questions of law and thus best serve the interests of judicial economy and efficiency.  *See Landis*, 299 U.S. at 254-255; *Kotrous*, 2005 WL 2452606, at *5.

**B.    The *Nken* Standard, While Not Applicable, Is Satisfied.**

In the Ninth Circuit, the standard for granting a stay (of an order or judgment) on appeal is similar to that used to determine whether a preliminary injunction should be granted.  *Golden Gate Rest. Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008).  In order to obtain a stay, a party must demonstrate: (1) it is likely to succeed on the merits of the appeal; (2) it will be irreparably injured in the absence of a stay; (3) issuance of a stay will not substantially injure the other party; and (4) the stay is in the public interest.  *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011).  The court takes a "flexible approach" to these factors and uses a "sliding scale," meaning that the factors are "balanced" so that "a stronger showing of one element may offset a weaker showing of another."  *Id.* at 964-66.  Thus, the applicant for a stay must show some combination of irreparable injury to its interests and the likelihood of success on appeal.  If the movant can establish a likelihood that it will prevail on its appeal, it need only establish "a possibility of irreparable injury" to merit a stay pending appeal.  *Golden Gate Rest. Ass'n*, 512 F.3d at 1115–16 (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1435–6 (9th Cir. 1983)).  Similarly, however, if the movant can establish that "the balance of hardships tips sharply in its favor," it need only demonstrate that its appeal raises "serious legal questions."  *Id.*

1            **1.   The Attorney General Is Likely to Prevail on Appeal.**

2        The first element, whether the applicant is likely to succeed on the merits,

3    "addresses the merits of the appeal, not the merits of subsequent proceedings in the

4    district court, and it is satisfied where the moving party shows that it has raised a

5    'serious legal question' on appeal." *Pokorny v. Quixtar Inc.*, No. 07-00201 SC,

6    2008 WL 1787111 at *1 (N.D. Cal. Apr. 17, 2008).  To meet this element, the

7    Attorney General need not show he is "more likely than not" to succeed on appeal,

8    but only a "reasonable probability" or a "substantial case on the merits." *Richards*

9    *v. Ernst & Young LLP*, No. C-08-04988 RMW, 2012 WL 92738, *2 (N.D. Cal. Jan.

10   11, 2012); *see also Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012).

11       The Court's determination that plaintiffs are likely to prevail on their claims

12   that Section 32310 violates the Second Amendment, including its conclusion that

13   the Attorney General failed to proffer sufficient evidence to demonstrate that the

14   statute advances the State's compelling interests, is at odds with every other court

15   to consider the constitutionality of LCM bans.  *See Fyock v. City of Sunnyvale*, 25

16   F. Supp. 3d 1267, 1271 (N.D. Cal. 2014), *aff'd sub nom. Fyock v. Sunnyvale*, 779

17   F.3d 991 (9th Cir. 2015) ("No court has yet entered a preliminary injunction against

18   a law criminalizing the possession of magazines having a capacity to accept more

19   than ten rounds, nor has any court yet found that such a law infringes the Second

20   Amendment."); *Kolbe v. Hogan*, 849 F.3d 114, 130-41 (4th Cir. 2017) (en banc);

21   *New York State Rifle & Pistol Ass'n v. Cuomo*, 804 F.3d 242, 263-64 (2d Cir.

22   2015), *cert denied sub nom*, *Shew v. Malloy*, 136 S. Ct. 2486 (2016) (*NYSRPA*);

23   *Friedman v. City of Highland Park*, 784 F.3d 406, 411-12 (7th Cir.), *cert. denied*,

24   136 S. Ct. 447 (2015); *Heller v. District of Columbia*, 670 F.3d 1244, 1260-64 (D.C.

25   Cir. 2011) (*Heller II*); *San Francisco Veteran Police Officers Ass'n v. City of San*

26   *Francisco*, 18 F. Supp. 3d 997, 1002-06 (N.D. Cal. 2014); *Colorado Outfitters*

27   *Ass'n v. Hickenlooper*, 24 F. Supp. 3d 1050, 1067-74 (D. Colo. 2014), *vacated and*

28

*remanded for lack of standing*, 823 F.3d 537 (10th Cir. 2016).  Notably, another district court denied a motion for preliminary injunction in a nearly identical challenge to Section 32310, based on essentially the same record as in this case, holding that plaintiffs were unlikely to prevail on the merits of their Second Amendment and takings claims.  *See Wiese v. Becerra*, No. CV 2:17-903 WBS KJN, 2017 WL 2813218, *2-7 (E.D. Cal. June 29, 2017).  Accordingly, the Attorney General has established at least a serious question, if not a likelihood of success, on the merits of these claims.  *See Golden Gate Rest. Ass'n*, 512 F.3d at 1119 (citations omitted).

### 2. The Attorney General Will Suffer Irreparable Harm in the Absence of a Stay.

The second *Nken* factor requires an applicant to show a probability of irreparable injury if the stay is not granted.  *See Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011) (explaining that while the first factor asks "whether the stay petitioner has made a strong argument on which he could win," the second factor asks the court to "anticipate what would happen as a practical matter following the denial of a stay").  In analyzing whether there is a probability of irreparable injury, the court should "focus on the individualized nature of irreparable harm and not whether it is 'categorically irreparable.'"  *Id.* at 969 (quoting *Nken*, 556 U.S. at 435).

As discussed above, if a stay is denied, the Attorney General will be forced to spend limited resources litigating issues that may be substantially resolved, narrowed, or rendered moot by the Ninth Circuit's decision in this case.  Thus, while in general, litigation costs do not amount to irreparable harm, where, as here, an appeal will likely narrow the factual and legal issues in a case, forcing a party to spend large amounts of time and money on motion practice that is premature and discovery that may become irrelevant establishes "a possibility of irreparable injury" sufficient to merit a stay pending appeal.  *Golden Gate Rest. Ass'n*, 512

10

1    F.3d at 1115–16; *see also id.* at 1119 ("[I]f there is a probability or strong

2    likelihood of success on the merits, a relatively low standard of hardship is

3    sufficient."); *Lockyer*, 398 F.3d at 1112 (noting the importance of stays where an

4    appeal could narrow factual and legal issues before the district court); *Todd v.*

5    *Tempur-Sealy Int'l, Inc*., No. 13-CV-04984-JST, 2016 WL 6082413,*2 (N.D. Cal.

6    Oct. 18, 2016); *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016

7    WL 454130,*4 (N.D. Cal. Feb. 5, 2016); *Roe v. SFBSC Mgmt., LLC*, No. 14-CV-

8    03616-LB, 2015 WL 1798926,*2 (N.D. Cal. Apr. 17, 2015); *McCollough v.*

9    *Minnesota Lawyers Mut. Ins. Co.*, No. CV-09-95, 2010 WL 441533 (D. Montana

10   Feb. 3, 2010).

11   ### 3.    Plaintiff Will Not Be Harmed by a Stay.

12   In sharp contrast to the burden and expense faced by the Attorney General,

13   plaintiffs will suffer no harm should this Court stay proceedings.  The preliminary

14   injunction entered by this Court on June 29, 2017, will remain in place and Section

15   32310 cannot be enforced during the pendency of the appeal.  Further, as the appeal

16   is expedited, there is no threat of significant delay.  Ninth Cir. R. 3-3.

17   ### 4.    A Stay Is in the Public Interest.

18   Finally, as to the fourth factor, the public interest "lies in conservation of

19   judicial resources" and weighs in favor of granting the stay.  *See Bradberry v. T-*

20   *Mobile USA, Inc.*, No. C 06 6567 CW, 2007 WL 2221076, *4 (N.D. Cal. Aug. 2,

21   2007).

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, the Attorney General respectfully requests that the Court stay all proceedings in this matter pending the resolution of the appeal in the United States Court of Appeals for the Ninth Circuit in *Duncan v. Becerra*, Ninth Circuit Case No. 17-56081.

Dated:  August 7, 2017                              Respectfully Submitted,

                                                   XAVIER BECERRA
                                                   Attorney General of California
                                                   TAMAR PACHTER
                                                   Supervising Deputy Attorney General
                                                   NELSON R. RICHARDS
                                                   ANTHONY P. O'BRIEN
                                                   Deputy Attorneys General

                                                   */s/ Alexandra Robert Gordon*
                                                   ALEXANDRA ROBERT GORDON
                                                   Deputy Attorney General
                                                   *Attorneys for Defendant*
                                                   *Attorney General Xavier Becerra*