C.D. Michel – SBN 144258
Sean A. Brady – SBN 262007
Anna M. Barvir – SBN 268728
Matthew D. Cubeiro – SBN 291519
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

VIRGINIA DUNCAN, RICHARD
LEWIS, PATRICK LOVETTE, DAVID
MARGUGLIO, CHRISTOPHER
WADDELL, CALIFORNIA RIFLE &
PISTOL ASSOCIATION,
INCORPORATED, a California
corporation,

                    Plaintiffs,

          v.

XAVIER BECERRA, in his official
capacity as Attorney General of the State
of California; and DOES 1-10,

                    Defendant.

Case No:  17-cv-1017-BEN-JLB

**PLAINTIFF'S OPPOSITION TO
MOTION TO STAY PROCEEDINGS
PENDING APPEAL**

Hearing Date:  Sept. 11, 2017
Hearing Time:  10:30 a.m.
Courtroom:     5A
Judge:         Hon. Roger T. Benitez

Trial Date:    None Set
Action Filed:  May 17, 2017

# TABLE OF CONTENTS

**Page**

Table of Contents ............................................................................................i

Table of Authorities .......................................................................................ii

Introduction .....................................................................................................1

Legal Standard ................................................................................................2

Statement of Facts ...........................................................................................3

Argument .........................................................................................................4

I.   The Attorney General Has Not Satisfied the *Nken* Standard for a Stay Pending Appeal in this Case ...............................................................................4

    A.   The Attorney General Has Not Made a Strong Showing That He Is Likely to Prevail on The Merits.....................................................................4

    B.   The Attorney General Has Not Shown Irreparable Injury .............................5

    C.   The Attorney General Has Not Shown That the Balance of Equities Favors a Stay .................................................................................6

    D.   The Attorney General Has Not Shown That the Public Interest Favors a Stay .................................................................................8

II.  Alternatively, the Attorney General Has Not Satisfied the *Landis* Standard for a Stay ...........................................................................................8

    A.   Granting A Stay Would Cause Irreparable Harm to Plaintiffs and Thousands of Firearm Owners ......................................................8

    B.   The Attorney General Will Not Suffer Hardship Absent a Stay ...................9

    C.   The Attorney General Has Not Shown That the Orderly Course of Justice Supports a Stay ...............................................................14

Conclusion ....................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## <u>Cases</u>

*Assoc. Press v. Otter*,
    682 F.3d 821 (9th Cir. 2012) .................................................................8

*Baker v. Lynch*,
    669 F. App'x 835 (9th Cir. 2016) ........................................................12

*Bauer v. Becerra*,
    858 F.3d 1216 (9th Cir. 2017) ............................................................12

*Carib. Marine Servs. Co., Inc. v. Baldrige*,
    844 F.2d 668 (9th Cir. 1988). ...................................................1, 2, 17

*Dahl v. City of Huntington Beach*,
    84 F.3d 363 (9th Cir. 1996). ................................................................9

*Depend. Hwy. Exp., Inc. v. Navigs. Ins. Co.*,
    498 F.3d 1059 (9th Cir. 2007) ...............................................8, 10, 17

*DISH Network Corp. v. FCC*,
    653 F.3d 771 (9th Cir. 2011) ...............................................................6

*Elrod v. Burns*,
    427 U.S. 347 (1976).............................................................................8

*Ezell v. City of Chicago*,
    651 F.3d 684 (7th Cir. 2011) .............................................................12

*Fisher v. Kealoha*,
    855 F.3d 1067 (9th Cir. 2017) ...........................................................12

*Friedman v. City of Highland Park*,
    784 F.3d 406 (7th Cir.) .......................................................................13

*Fyock v. Sunnyvale*,
    779 F.3d. 991 (9th Cir. 2015) ...........................................5, 6, 12, 13

*Heller v. Dist. of Columbia*,
    670 F.3d 1244 (D.C. Cir. 2011) ..................................................12, 13

*Hilton v. Braunskill*,
    481 U.S. 770 (1987)........................................................................2, 5

*Horne v. Dep't of Agric.*,
    135 S. Ct. 2419 (2016).......................................................................16

*In re Lorazepan & Chlorazepate Antitrust Litig.*,
   208 F.R.D. 1 (D.D.C. 2002) ...................................................11

*Jackson v. City and County of San Francisco*,
   746 F.3d 953 (9th Cir. 2014) ..........................................12, 14

*Just Film, Inc. v. Merch Servs., Inc.*,
   No. 10-1993, 2011 WL 3844071 (N.D. Cal. Aug. 30, 2011)...................3

*Kolbe v. Hogan*,
   849 F.3d 114 (4th Cir. 2017) ...........................................6, 13

*Lakeland Vill. Homeowners Ass'n v. Great Am. Ins. Grp.*,
   727 F. Supp. 2d 887 (E.D. Cal. 2010) ...................................11

*Landis v. North Am. Co.*,
   299 U.S. 248 (1936)...................................................passim

*Leyva v. Cert. Grocers of Cal., Ltd.*,
   593 F.2d 857 (9th Cir. 1979) .............................................3

*Lingle v. Chevron U.S.A.*,
   544 U.S. 528 (2005)......................................................16

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005) .........................................3, 11

*McCutcheon v. Fed. Election Comm'n*,
   134 S. Ct 1434 (2014)....................................................14

*N. Y. State Rifle & Pistol Ass'n v. Cuomo (NYSRPA)*,
   804 F.3d 242 (2d Cir. 2015) ........................................6, 13, 15

*Nken v. Holder*,
   556 U.S. 418 (2009).................................................passim

*Peruta v. County of San Diego*,
   824 F.3d 919 (9th Cir. 2016) ............................................12

*Phelan v. Taitano*,
   233 F.2d 117 (9th Cir. 1956). ............................................1

*Reneg. Bd. v. Bannercraft Clothing Co.*,
   415 U.S. 1 (1974).........................................................7

*Sampson v. Murray*,
   415 U.S. 61 (1974) .......................................................7

*Silvester v. Harris*,
   843 F.3d 816 (9th Cir. 2016) .........................................12, 14

*Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*,
    535 U.S. 302 (2002)................................................................15

*Teixeira v. County of Alameda*,
    822 F.3d 1047 (9th Cir. 2016) ..........................................12

*Turner Broad. Sys., Inc. v. FCC*,
    520 U.S. 180 (1997)................................................................15

*Tyler v. Hillsdale Cty. Sheriff's Dep't*,
    837 F.3d 678 (6th Cir. 2016) ..........................................12

*United States v. Chester*,
    628 F.3d 673 (4th Cir. 2010) ..........................................12

*United States v. Chovan*,
    735 F.3d 1127 (9th Cir. 2013) ....................................12, 14

*United States v. Marzzarella*,
    614 F.3d 85 (3d Cir. 2010) ........................................12, 15

*United States v. Pewee Coal Co.*,
    341 U.S. 114 (1951)................................................................15

*United States v. Real Prop. At 6557 Ascot Drive, Oakland, Cal.*,
    No. 02-4948, 2009 WL 2525456 (N.D. Cal. Aug. 14, 2009)....................3

*United States v. Reese*,
    627 F.3d 792 (10th Cir. 2010) ........................................13

*Va. Petrol. Jobbers Ass'n v. Fed. Power Comm'n*,
    259 F.2d 921 (D.C. Cir. 1958)............................................2

*Ward v. Rock Against Racism*,
    491 U.S. 781 (1989)................................................................14

**Constitutional Provisions**

Const., amend. I ............................................................................7

Const., amend. II ................................................................passim

Const., amend. V ................................................................4, 8, 13

Const., amend. XIV..............................................................4, 8

**Statutes**

Cal. Penal Code § 32310........................................................passim

/ / /

/ / /

PLAINTIFFS' OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING APPEAL

17cv1017

1

## **Other Authorities**

2    Order Denying Defendant's Motion to Stay Proceedings Pending Appeal,
        *Ams. for Prosp. Found. v. Harris*,
3        2015 WL 12859224 (C.D. Cal. May 19, 2015) (No. 14-09448) ....................................6

4    Order Denying Defendant's Motion to Stay Proceedings Pending Appeal,
        *Thomas More Law Ctr. v. Harris*, No. 15- 03048 (C.D. Cal. Aug. 18, 2015). ...............6
5

6    Prop. 63 (Nov. 8, 2016).............................................................................................4

7    Sen. Bill No. 1446, 2015-2016 Reg. Sess. (Cal. 2016) ........................................................4

8    Sen. Bill No. 23, 1999-2000 Reg. Sess. (Cal. 1999). ..........................................................3

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

When a party appeals a preliminary injunction, the case must generally "proceed in the lower court as though no appeal has been taken." *Phelan v. Taitano*, 233 F.2d 117, 119 (9th Cir. 1956). Staying all proceedings pending appeal is disfavored because it can "unnecessarily delay the litigation and waste judicial resources." *Carib. Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 673 (9th Cir. 1988). Not only does the Attorney General lack special grounds for departing from the prevailing rule, but the circumstances of this case provide especially compelling grounds for insisting on it. Rapid resolution of this lawsuit is essential to vindicate Plaintiffs' fundamental rights under the Constitution. And delaying the proceedings will only prolong the doubt surrounding the ultimate disposition of this matter, as well as the chill on Plaintiffs' Second Amendment rights.

In trying to paint this as an extraordinary case that warrants a special stay, the Attorney General claims resolution of the pending appeal is "likely to provide significant guidance, if not rulings of law that will materially impact and/or affect this litigation." Mem. Supp. Mot. to Stay Proc. Pending Appeal ("Mot."), ECF No. 39-1, 1. From there, the Attorney General claims that a stay "will prevent the Court and the parties from spending time and resources addressing issues and matters that may be rendered unnecessary by the determination of the Court of Appeals." *Id.*

Of course, an appeal of a preliminary injunction always implicates the likelihood of success in the lower court proceedings. The Attorney General thus seems to be arguing that the prevailing rule should be the opposite of what it is. But the Ninth Circuit has explicitly rejected this type of argument. Indeed, it has held "that [t]o the extent that a desire to get an early glimpse of our view of the merits of the underlying issues in this litigation motivated this tactic, [seeking a stay is] both misconceived and wasteful." *Carib. Marine Servs.*, 844 F.2d at 673 (citations omitted). For cases can often proceed to a final judgment in less time than it takes to appeal an order on preliminary injunction. *Id.* What's more, the limited nature of the Ninth's Circuit's review of such appeals means that its ruling stands to provide "little guidance" to this Court as to the appropriate

PLAINTIFFS' OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING APPEAL

1  disposition on the merits. *Id.* (internal quotations omitted).

2       Granting a stay would thus not advance the public interest or promote judicial

3  efficiency. More likely, it would waste considerable time and resources, as well as cause

4  great hardship to Plaintiffs. The Court should thus press forward "rather than delay all

5  proceedings." *Id.*

6                                          **LEGAL STANDARD**

7       Staying a case is an extraordinary form of relief that should only be granted upon a

8  showing of sufficient grounds warranting exercise of the court's power to do so. *Va.*

9  *Petrol. Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958). The

10  Ninth Circuit has applied two alternative tests for the granting of a stay. A request for a

11  stay pending a *direct* appeal generally follows the standard described in *Nken v. Holder*,

12  556 U.S. 418 (2009). While a stay pending resolution of a *different* case usually follows

13  the standard described in *Landis v. North American Co.*, 299 U.S. 248 (1936). Under

14  either standard, however, the moving party bears the burden of proof. *See Nken*, 566 U.S.

15  at 433-34; *Landis*, 299 U.S. at 256.

16       Under *Nken*, courts consider four factors: "(1) whether the stay applicant has made

17  a strong showing that he is likely to succeed on the merits; (2) whether the applicant will

18  be irreparably injured absent a stay; (3) whether issuance of the stay will substantially

19  injure the other parties interested in the proceeding; and (4) where the public interest

20  lies." 556 U.S. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

21       On the other hand, *Landis* set out a three-factor test: (1) the "possible damage

22  which may result from the granting of a stay"; (2) "the hardship or inequity which a party

23  may suffer in being required to go forward"; and (3) "the orderly course of justice

24  measured in terms of the simplifying or complicating of issues, proof and questions of

25  law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d

26  1098, 1110 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 255).

27       The Attorney General argues both standards, but emphasizes that a *Landis* stay

28  should apply here to "promot[e] economy of time and effort for itself, for counsel, and

for litigants." Mot. 4, n. 5. But a *Landis* stay occurs when a district court stays an action pending resolution of *related but independent lawsuits* in other tribunals. *Lockyer*, 398 F.3d at 1110-13; *Leyva v. Cert. Grocers of Cal., Ltd*., 593 F.2d 857, 863-64 (9th Cir. 1979) (Trial court may stay an action "pending resolution of independent proceedings which bear upon the case."). And in the Attorney General's own words, this is a request to "stay further proceedings pending appeal" on *this* matter. Mot. 4, n. 5. As such, *Nken* provides the appropriate test. Indeed, *Nken* applies not only to requests for stays of the order being appealed from, but also to requests to stay entire actions pending appeal of a discrete ruling. *See e.g.*, *Just Film, Inc. v. Merch Servs., Inc.*, No. 10-1993, 2011 WL 3844071, at *1 (N.D. Cal. Aug. 30, 2011) (applying *Nken* standard to motion to stay all proceedings pending appeal denied motion to compel arbitration); *United States v. Real Prop. At 6557 Ascot Drive, Oakland, Cal.*, No. 02-4948, 2009 WL 2525456, at *1 (N.D. Cal. Aug. 14, 2009) (same).

In any case, under either test, the Attorney General has not met his burden and the Court should deny the motion to stay.

## STATEMENT OF FACTS

Although firearm magazines capable of holding more than ten rounds of ammunition have existed and been in common use for more than a century, the State of California has banned their manufacture, sale, import, and transfer since January 1, 2000. *See* Sen. Bill No. 23, 1999-2000 Reg. Sess. (Cal. 1999). In the state's view, such standard-capacity magazines are "large capacity magazines" that threaten public safety.[1] Last year, the state took the additional and extreme step of banning the *mere possession* of such magazines. *See* Cal. Penal Code §§ 32310 (c)-(d); Sen. Bill No. 1446, 2015-2016

---

[1] Defined as "any ammunition feeding device with the capacity to accept more than 10 rounds," but not including a feeding device that has been permanently altered so that it cannot accommodate more than 10 rounds, a .22 caliber tube ammunition feeding device, or a tubular magazine that is contained in a lever-action firearm. Cal. Penal Code § 16740.

Reg. Sess. (Cal. 2016); Prop. 63 (Nov. 8, 2016). Under the revised law, Penal Code section 32310, owners of such magazines wishing to keep the property they have lawfully acquired and used for lawful purposes may no longer continue to do so. This case was filed in response to the amendment, which was set to take effect on July 1, 2017. *Id.*

Plaintiffs sued the Attorney General claiming that section 32310 violates the Second Amendment, the Takings Clause of the Fifth Amendment, and the Due Process Clause of the Fifth and Fourteenth Amendments. Compl. at 3, ECF No. 1. On June 29, 2017, this Court granted Plaintiffs' motion for preliminary injunction, halting the enforcement of the newly amended law and preventing thousands of Californians from becoming criminals overnight. *See* Order Granting Prelim. Inj., ECF No. 28. On July 27, 2017, the Attorney General appealed. Notice of Appeal, ECF No. 32.

After the parties' initial case management conference, during which the Attorney General signaled his intent to seek a stay pending appeal, the Court issued a scheduling order setting various discovery deadlines and a deadline for all pretrial motions. Sch. Order Reg. Disc. & Pretrial Proceeds. (Aug. 4, 2017). On August 8, 2017, the Attorney General filed this motion. Mot. to Stay Proceeds. Pending Appeal, ECF No. 39.

## ARGUMENT

## I.   THE ATTORNEY GENERAL HAS NOT SATISFIED THE *NKEN* STANDARD FOR A STAY PENDING APPEAL IN THIS CASE

### A.   The Attorney General Has Not Made a Strong Showing That He Is Likely to Prevail on The Merits

To satisfy the first *Nken* factor, the stay applicant must make a "strong showing" that he is likely to prevail on appeal. 556 U.S. at 434 (quoting *Hilton*, 481 U.S. at 776). It is not enough to show that "a mere possibility of relief." *Id.* This standard, the Attorney General cannot meet. The Court has already ruled, at least on the record as it currently stands, that the Attorney General has *not* met his burden on any of the constitutional questions at issue in this case. Order Granting Prelim. Inj. 50-51. He is therefore unlikely to succeed on the merits.

The Attorney General incredibly claims that this Court's determination is at odds

with every other court to consider the constitutionality of magazine bans. Mot. 9. For support, the Attorney General cites the Ninth Circuit's ruling in *Fyock v. Sunnyvale*, 779 F.3d. 991 (9th Cir. 2015), a preliminary injunction appeal regarding a city-wide ban on magazines over ten rounds. Mot. 9. But the Attorney General's reliance on *Fyock* is misplaced. The *Fyock* court specifically stated that it was *not* determining the ultimate merits of Sunnyvale's ban. 779 F.3d at 995 (recognizing that "due to the limited scope of our review . . . disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition in the merits") (quoting *DISH Network Corp. v. FCC*, 653 F.3d 771, 776 (9th Cir. 2011)). The Ninth Circuit considered only the narrow question of "whether the district court relied on an erroneous legal premise or abused its discretion in denying . . . preliminary injunctive relief." *Id.* Nothing more.

Other cases cited by the Attorney General are similarly unconvincing because they deal with appeals of final decisions on the merits rather than that of an order granting a preliminary injunction. This distinction is crucial because, for purposes of this motion, the Court must decide whether the Attorney General is likely to succeed on the merits of his preliminary injunction appeal. And to do that, the Attorney General must show that this Court abused its discretion in granting the preliminary relief based on the evidence *before the Court at the time*. Order Granting Prelim. Inj. 26-38. Unlike the final judgments in *Kolbe v. Hogan*, 849 F.3d 114 (4th Cir. 2017), and *N. Y. State Rifle & Pistol Ass'n v. Cuomo* (*NYSRPA*), 804 F.3d 242 (2d Cir. 2015), which were based on complete evidentiary records, both parties in this matter are still in the process of conducting discovery and marshalling evidence. Unless the evidence before this Court and the *Kolbe* and *NYSRPA* courts was identical, those cases do not establish a "strong" likelihood that the Ninth Circuit will find this court abused its discretion on the record here.

**B.    The Attorney General Has Not Shown Irreparable Injury**

The Attorney General asserts that he will be irreparably harmed absent a stay because his office will be forced to spend limited resources litigating issues that may be resolved, narrowed, or rendered moot by the Ninth Circuit's decision. Mot. 10. But, as

discussed below, these issues have either been resolved by the Ninth Circuit already or are legal questions implicating little, if any, discovery. *See infra* at pp. 10-15.

More importantly, the Attorney General's claim of irreparable harm flows from the normal consequences of litigation. He argues that the appeal will "likely narrow the factual and legal issues" and that this creates "a *possibility* of irreparable injury sufficient to merit a stay pending appeal." Mot. 10 (emphasis added). The law is clear, however, that the costs of litigation, including discovery and motion practice, are not irreparable injury. *Sampson v. Murray*, 415 U.S. 61, 90 (1974); *Reneg. Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974). Indeed, the Attorney General makes the same argument of "irreparable harm" caused by the ordinary costs of litigation that his office has unsuccessfully made in prior motions to stay. *See* Order Denying Defendant's Motion to Stay Proceedings Pending Appeal, *Ams. for Prosp. Found. v. Harris*, 2015 WL 12859224 (C.D. Cal. May 19, 2015) (No. 14-09448); Order Denying Defendant's Motion to Stay Proceedings Pending Appeal, *Thomas More Law Ctr. v. Harris*, No. 15- 03048 (C.D. Cal. Aug. 18, 2015).

Accordingly, the Attorney General has not shown that he will suffer irreparable harm absent a stay.

## C.   The Attorney General Has Not Shown That the Balance of Equities Favors a Stay

The Attorney General asserts that in contrast to their own burden and expense, Plaintiffs will suffer no harm in the event of a stay. Mot. 11. To the contrary, any delay to this action will create obvious prejudice to Plaintiffs. As this Court has explained, "the Act under scrutiny imposes *criminal sanctions* for failure to comply." Order Granting Prelim. Inj. 57 (emphasis added). Ordering a stay will prolong Plaintiffs' harm by increasing the uncertainty as to whether they may continue to possess and use these magazines or whether they will become criminals in the eyes of the law. Plaintiffs, as law-abiding citizens, are justifiably afraid of the possibility of prosecution and of losing their ability to use their constitutionally protected property for self-defense. Therefore,

Plaintiffs have a paramount interest in seeing this case resolved as soon as possible and securing a final disposition on the merits.

The Attorney General suggests that Plaintiffs will not be prejudiced by a stay because this Court's order enjoining enforcement of the magazine possession ban will remain during the appeal, Mot. 4-5, and because there is an expedited briefing schedule in the Court of Appeals. On this basis, the Attorney General claims that there is no meaningful possibility that the proposed stay would work damage to Plaintiffs. Mot. 5 (citing *Depend. Hwy. Exp., Inc. v. Navigs. Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)).

But this case deals with much more than the ban on possessing magazines over ten rounds. It also challenges section 32310's ban on acquiring, transferring, manufacturing, and importing such magazines (Compl. at 3)—conduct protected by the Second Amendment that is not the subject of this preliminary injunction, and which remains unlawful, *see* Order Granting Prelim. Inj. 4. The Ninth Circuit has held that the loss of First Amendment freedoms, for even minimal periods of time, constitutes irreparable injury. *Assoc. Press v. Otter*, 682 F.3d 821, 826 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). This Court affirmed that reasoning applies to the Second Amendment, and perhaps even more in this context, "where additional rounds may save lives." Order Granting Prelim. Inj. 56. Plaintiffs deserve to have these claims heard without delay. For every minute this case is stalled, they suffer real, irreparable harm under those parts of section 32310 not presently enjoined.

Further, the Attorney General's appeal of this Court's order seeks to overturn the preliminary injunction. If a stay is entered, and the Attorney General succeeds in blotting out the preliminary injunction, Plaintiffs will be at the mercy of section 32103(c) until the court can rule on a permanent injunction, and there is no telling how long that might be.[2] If on the other hand, no stay is entered, then a final judgment will be in place—or at least

---

[2] While Plaintiffs hope for this case to proceed as quickly as possible, they understand that the realities of litigation often delay final judgment on the merits.

PLAINTIFFS' OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING APPEAL

much nearer—by the time the Ninth Circuit decides the appeal in this case. It is unfair to Plaintiffs, and all lawful gun-owning citizens of California, to delay a prompt decision on permanent relief while the Attorney General's office attempts to undo the preliminary injunction.

### D.      The Attorney General Has Not Shown That the Public Interest Favors a Stay

The Attorney General finally argues that a stay is necessary under *Nken* because there is a public interest in ensuring the "conservation of judicial resources." Mot. 11. On this point, the parties agree. However, judicial economy is best served by pursuing the "expeditious resolution of litigation," rather than having cases linger on a court's docket for months or years. *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996). There is no public interest in pursuing unnecessary (and previously unsuccessful) motion practice and the appeal of an order granting preliminary injunction in this case. These tactics only serve to make final resolution of this case more expensive and time-consuming for both parties.

Furthermore, the public has an even stronger interest in the vindication of constitutional rights and in thwarting government infringement upon the public's rights under the Second, Fifth, and Fourteenth Amendments. Plaintiffs have brought this action to defend these rights. Compl. at 8-10. And the public has an overriding interest in seeing them litigated promptly on the merits.

For the foregoing reasons, and because the *Nken* factors counsel against a stay, the Court should deny the Attorney General's request to stay the district court proceedings.

## II.   ALTERNATIVELY, THE ATTORNEY GENERAL HAS NOT SATISFIED THE *LANDIS* STANDARD FOR A STAY

### A.      Granting A Stay Would Cause Irreparable Harm to Plaintiffs and Thousands of Firearm Owners

Any delay to this action will prejudice Plaintiffs' case. As explained, a stay will prolong Plaintiffs' injuries by increasing the uncertainty as to whether they may continue to possess and use their constitutionally protected firearm magazines for lawful purposes,

including self-defense. *See supra* at p. 7. Once again, the Attorney General suggests that the Plaintiffs will not be prejudiced because the preliminary injunction halting enforcement of the magazine possession ban is in place. *See* Mot. 4-5. (citing *Depend. Hwy. Exp.*, 498 F.3d at 1066). As stated above, the injunction does not apply to section 32310(a)'s ban on acquisition and transfer and so does not remove the chill on Plaintiffs' Second Amendment rights. If a stay is entered, Plaintiffs will continue to be irreparably harmed every minute until a permanent injunction can be obtained. *See supra* at p. 7.

### B.   The Attorney General Will Not Suffer Hardship Absent a Stay

A party must make out a clear case of hardship or inequity to obtain a stay. *Landis*, 299 U.S. at 255. The Attorney General has not made such a case. As noted above, the only hardship the Attorney General anticipates is having to engage in "potentially expensive and time-consuming discovery and motion practice that may ultimately prove unnecessary." Mot. 5. This claim is both misleading and incorrect. The Attorney General states that the Ninth Circuit, in reviewing its grant of a preliminary injunction, will consider such dispositive issues of law as: "(1) . . . the appropriate test for determining the level of scrutiny to apply to Second Amendment claims; (2) what level of scrutiny applies to section 32310; (3) what evidentiary showing is required to satisfy the appropriate level of scrutiny; and (4) what is the appropriate legal framework for evaluating plaintiff's facial takings claim." *Id.*

It is well-established that the mere cost of litigation "required to defend a suit, without more, does not constitute a clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. The cases the Attorney General cites to suggesting otherwise either predate or do not discuss the Ninth Circuit's ruling in *Lockyer* and are thus unconvincing. *See* Mot. 6 (citing *In re Lorazepan & Chlorazepate Antitrust Litig.*, 208 F.R.D. 1, 6 (D.D.C. 2002); *Lakeland Vill. Homeowners Ass'n v. Great Am. Ins. Grp.*, 727 F. Supp. 2d 887, 897 (E.D. Cal. 2010)).

Furthermore, the Attorney General's claim that guidance from the Ninth Circuit on appeal will eliminate discovery and motion practice is not supportable. In fact, it is not

clear that the pending appeal will impact proceedings in this Court at all. There is virtually no dispute as to the analytical framework under which discovery will proceed. Both parties—and the court—agree that intermediate scrutiny applies to Plaintiffs' Second Amendment claims. The evidentiary standard for meeting intermediate scrutiny is settled. And the takings claim is a legal question requiring little, if any, additional discovery.

Issue 1: What is the appropriate test for determining the level of scrutiny under the Second Amendment? The Ninth Circuit categorically adopted a framework for Second Amendment challenges in *United States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013) (describing two-part test for Second Amendment cases), and it has faithfully applied that test in nearly every Second Amendment case it has heard since. *See also, e.g.*, *Bauer v. Becerra*, 858 F.3d 1216, 1221 (9th Cir. 2017); *Fisher v. Kealoha*, 855 F.3d 1067, 1070 (9th Cir. 2017); *Silvester v. Harris*, 843 F.3d 816, 820 (9th Cir. 2016); *Peruta v. County of San Diego*, 824 F.3d 919, 949 (9th Cir. 2016); *Teixeira v. County of Alameda*, 822 F.3d 1047, 1053 (9th Cir. 2016); *Fyock*, 779 F.3d. 991; *Jackson v. City and County of San Francisco*, 746 F.3d 953, 960 (9th Cir. 2014); *Baker v. Lynch*, 669 F. App'x 835 (9th Cir. 2016). What's more, the Ninth Circuit's approach is in line with just about every other circuit to have tackled the question. *See, e.g.*, *Tyler v. Hillsdale Cty. Sheriff's Dep't*, 837 F.3d 678, 685 (6th Cir. 2016); *Heller v. Dist. of Columbia* (*Heller II*), 670 F.3d 1244, 1261 (D.C. Cir. 2011); *Ezell v. City of Chicago*, 651 F.3d 684, 701-04 (7th Cir. 2011); *United States v. Marzzarella*, 614 F.3d 85, 89 (3d Cir. 2010); *United States v. Chester*, 628 F.3d 673, 680 (4th Cir. 2010); *United States v. Reese*, 627 F.3d 792, 800 (10th Cir. 2010).

It strains credulity to think that the Ninth Circuit would, in this case, suddenly change course and adopt some novel test. Simply put, the appropriate analytical framework for Second Amendment challenges is not an open question in this circuit. Nothing about the pending appeal is likely to provide any further guidance to the parties or the Court on this point.

<u>Issue 2: Does intermediate scrutiny apply?</u> The Attorney General further claims his appeal will clarify which level of scrutiny applies to Plaintiffs' Second Amendment challenge to section 32310. The claim is disingenuous at best.

Section 32310 prohibits law-abiding citizens from, inter alia, possessing magazines capable of holding over ten rounds. The Attorney General has admitted that intermediate scrutiny is appropriate for this type of restriction and that "every other court to consider the issue concluded that intermediate scrutiny was appropriate." Opp'n to Pls.' Mot. Prelim. Inj. 16; *see also Fyock*, 779 F.3d at 999 (applying intermediate scrutiny to a city ordinance banning magazines capable of holding over ten rounds); *Kolbe*, 849 F.3d at 138 (applying intermediate scrutiny); *NYSRPA*, 804 F.3d 242 at 260-61 (same); *Friedman v. City of Highland Park*, 784 F.3d 406, 410 (7th Cir.) (same); *Heller II*, 670 F.3d at 1264 (same).

It is unlikely that the Ninth Circuit's ruling on the Attorney General's pending appeal will impact this Court's proceedings in this respect. For there is virtually no dispute about the level of scrutiny under which this case will proceed. The parties—and the Court—agree that restrictions on the possession of magazines over ten rounds are subject to intermediate scrutiny in the Ninth Circuit. *See* Pls.' Mot. Prelim. Inj. 6-7; Opp'n to Pls.' Mot. Prelim. Inj. 16; Order Granting Prelim. Inj. 18.[3] That standard is exceedingly unlikely to change on appeal. Consequently, the Attorney General's contention that, absent further guidance from the Ninth Circuit on this issue, the parties will engage in expensive and time-consuming, and ultimately unnecessary, discovery or motion practice is false.

<u>Issue 3: What evidentiary showing is the State required to meet?</u> The Attorney General next claims that he requires guidance from the Court of Appeals on his burden of

---

[3] Again, Plaintiffs do not concede that Ninth Circuit precedent is correct insofar as it holds that intermediate scrutiny is the appropriate test in cases like this one, but they do recognize that it *is* the test in this circuit for now.

proof under the appropriate level of scrutiny, and that his appeal is likely to provide it. Mot. at 5. This claim is premised on the assumption that the appropriate level of scrutiny is in question. It is not. Again, as this Court (and all parties) have stated, intermediate scrutiny is the appropriate standard for judging Plaintiffs' Second Amendment claim. *See* Order Granting Prelim. Inj. 18; Pls.' Mot. Prelim. Inj. 8; Opp'n to Pls.' Mot. Prelim. Inj. 16.

Under intermediate scrutiny, the government must establish that: "(1) its stated objective . . . is significant, substantial, or important; and (2) that there . . . [is] a reasonable fit between the challenged regulation and the asserted objective." *Silvester*, 843 F.3d at 821-22 (quoting *Chovan*, 735 F.3d at 1139). The test "does not require the least restrictive means of furthering a given end." *Id*. at 827 (quoting *Jackson*, 746 F.3d at 969). But the fit must be "reasonable", and the government must prove that those means are "narrowly tailored to achieve the desired objective." *McCutcheon v. Fed. Election Comm'n*, 134 S. Ct 1434, 1456-57 (2014); *see Ward v. Rock Against Racism*, 491 U.S. 781, 782-83 (1989); *Marzzarella*, 614 F.3d 85 at 97-98.

Despite the Attorney General's claim, the evidentiary standard for intermediate scrutiny is well established. That is, the government must show "reasonable inferences based on substantial evidence that the statutes are substantially related to the governmental interest." *NYSRPA*, 804 F.3d at 264 (citations omitted) (striking down New York State's seven-round magazine limitation); *see also e.g*., *Turner Broad. Sys., Inc. v. FCC*, 520 U.S. 180, 195 (1997) ("In reviewing the constitutionality of a statute . . . [o]ur sole obligation is to assure that, in formulating its judgments, Congress has drawn reasonable inferences based on substantial evidence."). The Ninth Circuit has consistently applied intermediate scrutiny on this basis for as long as the standard has been in existence. It is unlikely to provide any more clarity than that.

Issue 4: What is the analytical framework for the facial takings claim? Finally, the Attorney General implies that deciding the appropriate legal framework for evaluating the facial takings claim is too burdensome a challenge, and that a stay is required to allow

the Court and parties to avoid "expensive and time-consuming discovery and motion practice." Mot. 5. This claim has no basis in fact. Plaintiffs' takings claim is a legal question and consequently does not require much additional discovery.

Plaintiffs have claimed that section 32310 violates the Takings Clause of the Fifth Amendment. The Takings Clause protects against two kinds of governmental takings: "a restriction on the use of property," which is known as a "regulatory taking," and a direct "physical appropriation" of an "interest in property." *Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 323 (2002). "When the government physically takes possession of an interest in property for some public purpose, it has a categorical duty to compensate the former owner." *Id.* at 322 (citing *United States v. Pewee Coal Co.*, 341 U.S. 114 (1951)). That rule applies to takings of both real and physical property. *See Horne v. Dep't of Agric.*, 135 S. Ct. 2419, 2427 (2016). For example, a regulation that "goes too far" by depriving a property owner of economically beneficial use or otherwise "interfer[ing] with legitimate property interests" also requires just compensation. *Lingle v. Chevron U.S.A.*, 544 U.S. 528, 537-39 (2005). Here, Plaintiffs have claimed that by forcing individuals to surrender their otherwise lawfully acquired property without compensation, section 32310 is effectively a per se unconstitutional taking. *See Horne*, 135 S. Ct. at 2427.

Where there is no factual dispute as to an issue, there can be no need for additional discovery, much less "expensive and time-consuming" discovery. *See* Mot. 5. Here, there is no factual dispute as to what will occur if section 32310 remains law, nor does the Attorney General claim that the now-banned magazines do not actually belong to their possessors. Both sides agree that if section 32130 is enforced, Plaintiffs will be forced to dispossess themselves of their property. The takings issue is therefore a legal question: whether section 32130 causes a physical or regulatory taking, and if so, whether the remedy should be invalidation or compensation. Accordingly, there can be no appreciable burden from proceeding to discovery—let alone a "clear case of hardship or inequity." *Landis*, 299 U.S. at 255.

### C.    The Attorney General Has Not Shown That the Orderly Course of Justice Supports a Stay

Finally, the Attorney General argues that a stay would promote judicial efficiency by relieving the Court of time and resources on decisions that it might have to reconsider or that might become moot. However, the actions of the Attorney General contradict his argument. By filing this motion to stay, and an appeal of this Court's order granting preliminary injunction, the Attorney General only creates additional issues for the courts to consider, rather than trying to promote judicial efficiency by moving swiftly to a final adjudication on the merits. As stated above, the Ninth Circuit has explicitly rejected the argument the Attorney General makes here. *See supra* at p. 1.

> To the extent that a desire to get an early glimpse of our view of the merits of the underlying legal issues in this litigation motivated [the filing of a motion to stay], it was both misconceived and wasteful. A preliminary injunction is, as its name implies, preliminary to the trial, not to an appeal. We believe that this case could have proceeded to trial, or to the summary judgement stage, in less time than it took the parties to submit these cases to appeal. Had the parties pursued this course, they would have achieved a prompt resolution of the merits. . . . Our resolution of these issues will not determine the merits of the underlying legal issues presented in this litigation, and will only temporarily affect the rights of the parties. When the district court renders its judgment on the merits of these cases, the losing party may again appeal. Thus, rather than delay all proceedings during the pendency of an appeal from an order granting a preliminary injunction, *the parties should have sought a rapid resolution of the legal issues presented in this case by moving for summary judgment or proceeding to a trial*.

*Carib. Marine Servs.*, 844 F.2d 668 at 673 (citations omitted) (emphasis added).

Again, a stay pending appeal in this case is unlikely to result in any useful guidance from the Ninth Circuit as to the analytical framework guiding this case, the appropriate level of scrutiny, the Attorney General's burden of proof, or the merits of the taking claim. Even if abstaining until the Ninth Circuit's ruling promotes judicial economy, it would still not suffice to warrant a stay. "[W]hile it is the prerogative of the district court to manage its workload, case management alone is not necessarily a sufficient ground to stay proceedings." *Depend. Hwy.*, 498 F.3d at 1066. In other words, conserving judicial resources is an insufficient reason to impose a stay that would harm

Plaintiffs without mitigating any clear hardship identified by the Attorney General.

Because the *Landis* factors weigh against a stay, this Court should deny the Attorney General's motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully urges that the Court deny the Attorney General's motion to stay all proceedings pending appeal.

Dated: August 28, 2017          **MICHEL & ASSOCIATES, P.C.**


/s/ Anna M. Barvir
Anna M. Barvir
Email: abarvir@michellawyers.com
Counsel for Plaintiffs

1

# UNITED STATES DISTRICT COURT

2

## SOUTHERN DISTRICT OF CALIFORNIA

3

| | |
|---|---|
| VIRGINIA DUNCAN, RICHARD LEWIS, PATRICK LOVETTE, DAVID MARGUGLIO, CHRISTOPHER WADDELL, CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, a California corporation, | Case No:  17-cv-1017-BEN-JLB |
| | **CERTIFICATE OF SERVICE** |

Plaintiffs,

v.

XAVIER BECERRA, in his official capacity as Attorney General of the State of California; and DOES 1-10,

Defendant.

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 180 East Ocean Boulevard, Suite 200 Long Beach, CA 90802. I am not a party to the above-entitled action.

I have caused service of the following documents, described as:

**PLAINTIFFS' OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING APPEAL**

on the following parties by electronically filing the foregoing on August 28, 2017, with the Clerk of the District Court using its ECF System, which electronically notifies them.

| | |
|---|---|
| Ms. Alexandra Robert Gordon | Mr. Anthony P. O'Brien |
| Deputy Attorney General | Deputy Attorney General |
| alexandra.robertgordon@doj.ca.gov | anthony.obrien@doj.ca.gov |
| 455 Golden Gate Avenue, Suite 11000 | 1300 I Street, Suite 125 |
| San Francisco, CA 94102-7004 | Sacramento, CA 95814 |

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 28, 2017, at Long Beach, CA.

Laura Palmerin

1

17cv1017