Xavier Becerra
Attorney General of California
Tamar Pachter
Supervising Deputy Attorney General
Nelson R. Richards
Anthony P. O'Brien
Deputy Attorneys General
Alexandra Robert Gordon
Deputy Attorney General
State Bar No. 207650
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5509
 Fax: (415) 703-5480
 E-mail:
 Alexandra.RobertGordon@doj.ca.gov
*Attorneys for Defendant*
*Attorney General Xavier Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIRGINIA DUNCAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**XAVIER BECERRA, in his official capacity as Attorney General of the State of California, et al.,**<br><br>Defendants. | 17-cv-1017-BEN-JLB<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING APPEAL**<br><br>Date:　　　September 11, 2017<br>Time:　　　10:30 a.m.<br>Dept:　　　5A<br>Judge:　　　Hon. Roger T. Benitez<br>Trial Date:　None Set<br>Action Filed:　May 17, 2017 |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................. 1

ARGUMENT ....................................................................................................... 1

I.     Defendant Has Demonstrated That a Stay Pending Appeal Is Warranted ............................................................................................. 1

     A.     The Court May Stay Proceedings in the Exercise of Its Authority to Control Its Docket .................................................. 1

     B.     Legal Standard for a Stay of Proceedings ................................. 4

II.    The Attorney General Has Satisfied Both the *Nken* and *Landis* Standards for the Court to Grant the Motion to Stay. .......................... 5

     A.     Even if It Were Applicable, the Attorney General Would Satisfy the *Nken* Standard. ...................................................... 5

         1.     The Attorney General Is Likely to Prevail on Appeal ................................................................................ 6

         2.     The Attorney General Will Suffer Irreparable Harm in the Absence of a Stay. .............................................. 7

         3.     Plaintiffs Will Not Be Harmed by a Stay. ...................... 10

         4.     A Stay Is in the Public Interest. .................................... 11

     B.     A Stay Is Warranted Under the *Landis* Standard. ................... 12

CONCLUSION ................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

CASES

*Adobe Lumber, Inc. v. Hellman*
415 F. Supp. 2d 1070 (E.D. Cal. 2006) ................................................................ 11

*Alliance for the Wild Rockies v. Cottrell*
632 F.3d 1127 (9th Cir. 2011) ................................................................................ 6

*Bradberry v. T-Mobile USA, Inc.*
No. C 06 6567 CW, 2007 WL 2221076 (N.D. Cal. Aug. 2, 2007) ..................... 11

*California Assoc. for Health Services at Home v. Sebelius*
No. CV 11-10618, 2012 WL 893782 (C.D. Cal. Mar. 13, 2012) ............... 10, 12

*Caribbean Marine Services Co. v. Baldrige*
844 F.2d 668 (9th Cir. 1988) .............................................................................. 2, 3

*City of Los Angeles v. Alameda Books, Inc.*
535 U.S. 425 (2002) ............................................................................................... 7

*Clinton v. Jones*
520 U.S. 681 (1997) ............................................................................................... 1

*CMAX, Inc. v. Hall*
300 F.2d 265 (9th Cir. 1962) .................................................................................. 5

*Colorado Outfitters Ass'n v. Hickenlooper*
24 F. Supp. 3d 1050 (D. Colo. 2014) ..................................................................... 6

*Ctr. for Fair Pub. Policy v. Maricopa County*
336 F.3d 1153 (9th Cir. 2003) ................................................................................ 7

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*
498 F.3d 1059 (9th Cir. 2007) .............................................................................. 12

*Duncan v. Becerra*
Ninth Circuit Case No. 17-56081 .......................................................................... 13

*Friedman v. City of Highland Park*
784 F.3d 406 (7th Cir.) ........................................................................................... 6

# TABLE OF AUTHORITIES
### (continued)

Page

*Fyock v. City of Sunnyvale*
25 F. Supp. 3d 1267 (N.D. Cal. 2014)........................................................ 6, 7, 8, 9

*Golden Gate Rest. Ass'n v. City and County of San Francisco*
512 F.3d 1112 (9th Cir. 2008)................................................................. 5, 6, 7, 9

*Gustavson v. Mars, Inc.*
No. 13-CV-04537-LHK, 2014 WL 6986421 (N.D. Cal. Dec. 10,
2014) ....................................................................................................... 9

*Heller v. District of Columbia*
670 F.3d 1244 (D.C. Cir. 2011) ............................................................ 6, 8

*Hilton v. Braunskill*
481 U.S. 770 (1987) ................................................................................. 5

*Kolbe v. Hogan*
849 F.3d 114 (4th Cir. 2017)................................................................... 6

*Kotrous v. Goss-Jewett Co. of N. California*
No. CIV. S021520 FCD JFM, 2005 WL 2452606 (E.D. Cal. Oct. 4,
2005).......................................................................................................... 1

*Landis v. North American Co.*
299 U.S. 248 (1936) ............................................................................ 5, 12

*Leyva v. Certified Growers of Cal., Ltd.*
593 F.2d 857 (9th Cir. 1979)................................................................. 10

*Lockyer v. Mirant Corp.*
398 F.3d 1098 (9th Cir. 2005)............................................................... 4, 9

*McCollough v. Minnesota Lawyers Mut. Ins. Co.*
No. CV-09-95, 2010 WL 441533 (D. Montana Feb. 3, 2010)............... 9

*McElrath v. Uber Technologies, Inc.*
No. 16-CV-07241-JSC, 2017 WL 1175591 (N.D. Cal. Mar. 30,
2017).......................................................................................................... 5

*Minor v. FedEx*
No. C 09-1375 TEH, 2009 WL 1955816 (N.D. Cal. July 6, 2009) ........ 8, 9

iii

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Murphy v. DirecTV, Inc.*
   No. 2:07-cv-06465-FMC-VBKx, 2008 WL 8608808 (C.D. Cal.
   July 1, 2008) ................................................................................... 11

*National Meat Association, et al. v. Brown, et al.*
   No. 108CV01963, 2009 WL 1473819 (E.D. Cal. 2009) .................................... 11

*New York State Rifle & Pistol Ass'n v. Cuomo*
   804 F.3d 242 (2d Cir. 2015) ................................................................. 6

*Nken v. Holder*
   556 U.S. 418 (2009) ................................................................. 4, 5, 12

*Penn Central Transp. Co. v. City of N.Y.*
   438 U.S. 104 (1978) ................................................................. 8

*Phelan v. Taitano*
   233 F.2d 117 (9th Cir. 1956) ................................................................. 2

*Pickup v. Brown*
   No. 2:12-cv-02497, 2013 WL 411474 (E.D. Cal. Jan. 29, 2013) .................... 4, 5

*Pimentel v. Dreyfus*
   670 F.3d 1096 (9th Cir. 2012) ................................................................. 7, 10

*Rivers v. Walt Disney Co.*
   980 F. Supp. 1358 (C.D. Cal. 1997) ................................................................. 12

*Rollins v. Dignity Health*
   No. 13-cv-01450-THE, 2014 WL 6693891 (N.D. Cal. Nov. 26,
   2014) ................................................................. 5

*Rucker v. Davis*
   237 F.3d 1113 (9th Cir. 2001) ................................................................. 3

*San Francisco Veteran Police Officers Ass'n v. City of San Francisco*
   18 F. Supp. 3d 997 (N.D. Cal. 2014) ................................................................. 6

*Thomas More Law Ctr. v. Harris*
   No. 15-03048 (C.D. Cal. Aug. 18, 2015) ................................................................. 9

iv

# TABLE OF AUTHORITIES
### (continued)

Page

*Turner Broad. Sys., Inc. v. FCC*
  520 U.S. 180 (1997) ................................................................... 7

*Welch v. Brown*
  No. CIV. 2:12-2484 WBS, 2013 WL 496382 (E.D. Cal. Feb. 7,
  2013) ........................................................................... 1, 4, 5, 9

*Wiese v. Becerra*
  No. CV 2:17-903 WBS KJN, 2017 WL 2813218 (E.D. Cal.
  June 29, 2017) ........................................................................ 6

*Zaborowski v. MHN Gov. Servs., Inc.*
  C 12-05109 SI, 2013 WL 1832638 (N.D. Cal. May 1, 2013) ............ 11

STATUTES

California Penal Code
  § 32310 ........................................................................ 6, 7, 8, 10
  § 32310 (c) ....................................................................... 5, 10
  § 32310 (d) ............................................................................ 5

CONSTITUTIONAL PROVISIONS

United States Constitution
  First Amendment ..................................................................... 4
  Second Amendment .................................................................. 8

COURT RULES

Federal Rules of Appellate Procedure
  Rule 3-3 .............................................................................. 11

# INTRODUCTION

The Attorney General asks this Court to stay these proceedings in the exercise of its authority to control its docket pending resolution of the appeal of the preliminary injunction earlier entered in this case.  The Ninth Circuit's decision is likely to provide significant guidance, if not rulings of law, that will materially impact and/or affect this litigation.  Accordingly, a stay of proceedings in this case pending resolution of the appeal will prevent the Court and the parties from spending limited resources to address matters that may be determined in the Court of Appeals.  Although the parties disagree as to the relevant standard for analyzing a stay of district court proceedings pending appeal, the disagreement is unimportant, as a stay is justified under any standard.

# ARGUMENT

## I.  DEFENDANT HAS DEMONSTRATED THAT A STAY PENDING APPEAL IS WARRANTED

### A.  The Court May Stay Proceedings in the Exercise of Its Authority to Control Its Docket.

As an initial matter, plaintiffs are mistaken that that there is a "prevailing rule" that requires parties to litigate the same issues simultaneously before two courts, rather than await guidance from the Court of Appeals.  *See* Plaintiffs' Opposition, ECF No. 40, (Opp.) at 1.  On the contrary, "the District Court has broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 706 (1997), and stays of district proceedings pending appeal, including appeals from the grant or denial of preliminary injunctions, are not "extraordinary."  Rather, district courts regularly stay cases because resolution of appellate proceedings will simplify issues or questions of law in the cases before them and/or will promote judicial efficiency and avoid inequity, waste, and hardship.  *See Welch v. Brown*, No. CIV. 2:12-2484 WBS, 2013 WL 496382, at *1 (E.D. Cal. Feb. 7, 2013); *Kotrous v. Goss-Jewett Co. of N. California*, No. CIV. S021520 FCD JFM, 2005 WL 2452606, at *5 (E.D. Cal. Oct. 4, 2005); *see*

1

*generally* Attorney General's Memorandum of Points and Authorities in Support of Motion to Stay, ECF No. 39 (Memo) at 5-8.

The cases plaintiffs rely upon are not to the contrary. In support of their theory that there is a Ninth Circuit proscription against stays of district court proceedings pending preliminary injunction appeals, plaintiffs cite selectively from *Phelan v. Taitano*, 233 F.2d 117, 119 (9th Cir. 1956), and *Caribbean Marine Services Co. v. Baldrige*, 844 F.2d 668, 673 (9th Cir. 1988), neither of which supports their argument. (Opp. at 1, 2, 14.) In *Phelan*, an appeal was taken from an order denying a preliminary injunction. *See* 233 F.2d at 119. The district court subsequently dismissed the action and when the plaintiffs appealed the dismissal, they argued that the appeal from the preliminary injunction order divested the district court of jurisdiction to rule on the motion to dismiss. *See id.* In rejecting this contention, the Ninth Circuit stated that an "appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case. The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court, as though no such appeal had been taken, unless otherwise specially ordered." *Id.* (citation and internal punctuation omitted). *Phelan* stands for no more than the unremarkable proposition that an appeal of an order denying preliminary injunctive relief does not divest the district court of jurisdiction to resolve the case. It has no bearing on the question presented here, which is whether a district court may exercise its considerable discretion to stay proceedings pending appeal.

Plaintiffs' reliance on *Caribbean Marine Services Co. v. Baldrige*, 844 F.2d 668, 673, is similarly unavailing. In that case, plaintiffs, owners and crew members of commercial tuna boats, successfully moved to enjoin the government from placing female observers on board their boats to enforce the Marine Mammal Protection Act. *See id.* at 670, 673. Plaintiffs argued, without any evidence, that the presence of female observers would destroy morale, distract the crew and

2

expose owners to liability for sexual harassment and assault.  *See id.* at 671-72.  In reversing the grant of the preliminary injunction, the Ninth Circuit did not review the merits of plaintiffs' claims, but instead confined its review to whether the district court properly evaluated and weighed the relevant harms.  *Id.* at 674.  The Ninth Circuit, in dicta, stated that its "disposition of appeals from most preliminary injunctions *may* provide little guidance as to the appropriate disposition on the merits."  *Id.* at 673 (emphasis added).  It also stated that "[i]n *some* cases, such *appeals* unnecessarily delay the litigation and waste judicial resources."  *Id.* (emphasis added).  The court noted, also in dicta, that in that particular case, the government's request for a stay of discovery was unwarranted, and more to the point, its entire appeal was improvident.  *See id.*  The court stated that rather than filing an appeal, "the parties should have sought a rapid resolution of the legal issues presented *in this case* by moving for summary judgment or proceeding to a trial."  *Id.* (emphasis added).

Despite plaintiffs' characterization of it, *Caribbean Marine Services Co.* does not establish a "prevailing rule" that all preliminary injunction appeals are uniformly inappropriate and thus that district courts always must "press forward" with duplicative and potentially unnecessary litigation.  *See* Opp. at 1.  At most, the case stands for the proposition that in some cases, it is better to proceed to judgment in the district court before appealing.  *See Caribbean Marine Services Co.*, 844 F.2d at 673.  The obvious corollary to this is that in some cases, it is better *not* to proceed hastily to judgment, but rather to appeal from the grant of a preliminary injunction, especially where doing so will provide significant guidance.  *Cf. Rucker v. Davis*, 237 F.3d 1113, 1118 (9th Cir. 2001) (en banc) (internal citations omitted), *rev'd on other grounds*, *Department of Housing and Urban Development v. Rucker*, 535 U.S. 125 (2002) ("We typically will not reach the merits of a case when reviewing a preliminary injunction. . ..  Of course, there will be cases in which the district court's interpretation of the law with respect to the underlying issues is

3

challenged, and the resolution of such a legal question will be dispositive.").  In

such cases, the district court may determine that the fair and prudent course of

action is to stay proceedings pending appeal.  *See, e.g. Welch*, 2013 WL 496382, at

*1 (staying proceedings pending a preliminary injunction appeal because "it is

expected that the appeal will resolve an issue that is central to this case …, namely,

whether it is likely that [the challenged statute] violates the First Amendment.");

*Pickup v. Brown*, No. 2:12-cv-02497, 2013 WL 411474, *1 (E.D. Cal. Jan. 29,

2013) ("because the preliminary injunction appeal will resolve issues related to the

constitutionality of [the statute] that this court will need to address in order to move

forward, it will achieve efficiencies to await the outcome of the Ninth Circuit

proceedings.").  As discussed herein and in the Attorney General's Memorandum,

this is one such case.

### B.    Legal Standard for a Stay of Proceedings

When considering a motion to stay, the court weighs the following factors:

"the possible damage which may result from the granting of a stay, the hardship or

inequity which a party may suffer in being required to go forward, and the orderly

course of justice measured in terms of the simplifying or complicating of issues,

proof, and questions of law which could be expected to result from a stay."

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

Plaintiffs wrongly contend that the four-factor test set forth by the Supreme

Court in *Nken v. Holder*, 556 U.S. 418 (2009), provides the correct legal standard

for assessing a motion to stay pending appeal because this is not an appeal from a

related but independent lawsuit.  Opp. at 2.  However, and as set forth in the

Attorney General's Opening Memorandum, Memo at 3, n.1, *Nken* applies to stays

of a court order or judgment pending appeal.  *See*, *e.g.*, *Nken*, 556 U.S. at 425-26

(applying the four-factor test in the context of a request to stay an order of removal

pending petition of review of order of removal).[1]  Here, the Attorney General is not

requesting a stay of the preliminary injunction; he is asking the Court to exercise its

discretion to stay further proceedings pending appeal in order "to promote economy

of time and effort for itself, for counsel, and for litigants."  *CMAX, Inc. v. Hall*, 300

F.2d 265, 268 (9th Cir. 1962).  Should this Court grant the requested stay, the

Court's order enjoining enforcement of California Penal Code Section 32310 (c)

and (d) would remain in effect.  Accordingly, the standard first articulated in *Landis*

*v. North American Co.*, 299 U.S. 248, 254 (1936), applies.[2]  *See, e.g.*, *McElrath v.*

*Uber Technologies, Inc.*, No. 16-CV-07241-JSC, 2017 WL 1175591, *5 (N.D. Cal.

Mar. 30, 2017); *Pickup*, 2013 WL 411474, at *1.  However, and regardless, the

Attorney General's request for a stay is justified under both the *Nken* and the

*Landis* tests.

## II.   THE ATTORNEY GENERAL HAS SATISFIED BOTH THE *NKEN* AND *LANDIS* STANDARDS FOR THE COURT TO GRANT THE MOTION TO STAY.

### A.   Even if It Were Applicable, the Attorney General Would Satisfy the *Nken* Standard.

In the Ninth Circuit, the standard for granting a stay (of an order or judgment)

on appeal is similar to that used to determine whether a preliminary injunction

should be granted.  *Golden Gate Rest. Ass'n v. City and County of San Francisco*,

512 F.3d 1112, 1115-16 (9th Cir. 2008).  Thus, an applicant for a stay must show

some combination of irreparable injury to its interests and the likelihood of success

on appeal.  If the movant can establish a likelihood that it will prevail on its appeal,

---

[1] The court in *Nken* cited to the "traditional test" for stays of orders or judgments pending appeal from *Hilton v. Braunskill*, 481 U.S. 770, (1987).  *See* 556 U.S. at 426.  *Hilton* also involved a stay of a civil order (of habeas corpus) pending appeal.

[2] As noted in the Attorney General's Memorandum, some district courts have applied the *Nken* standard to stays of district court proceedings pending appeal. Memo at 3, n.1.  Other courts apply the standard set forth in *Landis*, including in cases where an appeal is taken from an interlocutory order in the same case.  *See, e.g.*, *Rollins v. Dignity Health*, No. 13-cv-01450-THE, 2014 WL 6693891 (N.D. Cal. Nov. 26, 2014); *Welch*, 2013 WL 496382, at *1; *see generally McElrath*, 2017 WL 1175591, at *5.

it need only establish "a possibility of irreparable injury" to merit a stay pending appeal. *Id.* at 1115–16 (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1435–6 (9th Cir. 1983)).  Similarly, however, if the movant can establish that "the balance of hardships tips sharply in its favor," it need only demonstrate that its appeal raises "serious legal questions." *Id.*

### 1.  The Attorney General Is Likely to Prevail on Appeal.

The Attorney General has demonstrated a substantial case on the merits, as every other court that has considered the constitutionality of large-capacity magazine (LCM) bans, including in a nearly identical challenge to Section 32310 in the Eastern District of California, *Wiese v. Becerra*, No. CV 2:17-903 WBS KJN, 2017 WL 2813218, at *2-7 (E.D. Cal. June 29, 2017), have upheld the law at issue. *See Fyock v. City of Sunnyvale*, 25 F. Supp. 3d 1267, 1271 (N.D. Cal. 2014), *aff'd sub nom. Fyock v. Sunnyvale*, 779 F.3d 991 (9th Cir. 2015); *Kolbe v. Hogan*, 849 F.3d 114, 130-41 (4th Cir. 2017) (en banc); *New York State Rifle & Pistol Ass'n v. Cuomo*, 804 F.3d 242, 263-64 (2d Cir. 2015), *cert denied sub nom*, *Shew v. Malloy*, 136 S. Ct. 2486 (2016) (*NYSRPA*); *Friedman v. City of Highland Park*, 784 F.3d 406, 411-12 (7th Cir.), *cert. denied*, 136 S. Ct. 447 (2015); *Heller v. District of Columbia*, 670 F.3d 1244, 1260-64 (D.C. Cir. 2011) (*Heller II*); *San Francisco Veteran Police Officers Ass'n v. City of San Francisco*, 18 F. Supp. 3d 997, 1002-1006 (N.D. Cal. 2014); *Colorado Outfitters Ass'n v. Hickenlooper*, 24 F. Supp. 3d 1050, 1067-74 (D. Colo. 2014), *vacated and remanded for lack of standing*, 823 F.3d 537 (10th Cir. 2016).

Plaintiffs incorrectly contend that the above cases differ from the present matter, because many, though not all, of them involve final decisions on the merits and not appeals of motions for a preliminary injunction.  Opp. at 5.  While preliminary injunction decisions are reviewed for abuse of discretion, *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011), in making that

determination in this case, the Ninth Circuit will have to rule on dispositive questions of law, many of which are addressed by the decisions of other courts that have upheld the validity of LCM bans.  *See Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012).  The relevant question, which will be addressed on appeal, is what kind of record the Attorney General must provide under the appropriate level of scrutiny.  In keeping with other cases cited by the Attorney General, it is possible that based upon such controlling precedent as *City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425, 439-40 (2002), *Turner Broad. Sys., Inc. v. FCC*, 520 U.S. 180, 195 (1997), *Fyock*, 779 F.3d at 1001, and *Center for Fair Public Policy v. Maricopa County*, 336 F.3d 1153, 1167-68 (9th Cir. 2003), all of which allow the government greater flexibility in satisfying an evidentiary burden less demanding than that applied here, the Ninth Circuit will rule that the record before this Court was sufficient to justify Section 32310.  Accordingly, the Attorney General has established at least a serious question, if not a likelihood of success, on the merits. *See Golden Gate Rest. Ass'n*, 512 F.3d at 1119 (citations omitted).

### 2.    The Attorney General Will Suffer Irreparable Harm in the Absence of a Stay.

If a stay is denied, the Attorney General will be forced to litigate issues that may be substantially resolved, narrowed, or rendered moot by the Ninth Circuit's decision in this case.  For example, and in addition to what is set forth in the Memorandum, *see* Memo at 5-6, the Ninth Circuit's opinion may resolve plaintiffs' takings claim as a matter of law and also address highly relevant issues, including: (1) what standard of review applies to Section 32310; (2) what evidentiary burden the Attorney General must meet under that standard and what types of evidence he may put forth; and (3) whether under the applicable standard of review, the Court may reweigh the evidence *de novo* and/or what level of deference to the findings of the Legislature and the People is warranted.  The Ninth Circuit's decision in this case will thus clarify the necessary scope of discovery in this matter, if not limit or

7

eliminate the need for further discovery, thereby saving both the Attorney General and plaintiffs valuable time and resources.

In opposition, plaintiffs contend that there is no need to await guidance from the Court of Appeals because there "is virtually no dispute as to the analytical framework under which discovery will proceed." Opp. at 10. This argument, however, ignores much of what is contained in this Court's 66-page order granting the preliminary injunction. To be clear, the Attorney General agrees with plaintiffs' extended discussion that the "appropriate analytical framework for Second Amendment challenges is not an open question in this circuit." *Id.* at 10-11. He also agrees that intermediate scrutiny is the correct standard and that the evidentiary requirements under intermediate scrutiny are well established. *Id.* at 12. It is not certain from the Court's order, however, which standard of review – the "simple test of *Heller*," intermediate scrutiny, or some combination – is being applied. For example, the Court's insistence on "hard facts and reasonable inferences drawn from convincing analysis, which amounts to substantial evidence based on relevant and accurate data sets" due to the alleged severe burden on a core Second Amendment right, Order at 25, suggests a higher level of scrutiny and more stringent evidentiary burden than what is required under intermediate scrutiny. *See, e.g.*, *Fyock*, 779 F.3d at 1001 (citing *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 51-52 (1986)). On appeal, the Ninth Circuit will determine whether intermediate scrutiny was applied properly.[3] This decision will, in turn, dictate the

---

[3] Plaintiffs' related argument that its takings claim can be resolved as a matter of law and thus no discovery is required is similarly weak. Opp. at 13. As an initial matter, while plaintiffs allege only a physical takings claim, the Court has analyzed plaintiffs' claim as a "hybrid taking." Order at 62. Accordingly, if the Ninth Circuit holds that this is the correct legal framework, evidence relevant to the fact-specific inquiry of whether Section 32310 effects a regulatory taking, such as whether Section 32310 deprives plaintiffs of all economically beneficial use of their LCMs as well as evidence regarding the factors set forth in *Penn Central Transp. Co. v. City of N.Y.*, 438 U.S. 104 (1978), would be necessary. Moreover, even assuming that plaintiffs' assertion that no discovery is necessary with respect to their takings claim is correct, the need to await guidance on pure questions of law also militates in favor of a stay. *See Minor v. FedEx*, No. C 09-1375 TEH, 2009
(continued…)

8

1   amount and type of discovery that is warranted here.

2         Plaintiffs' argument that the Attorney General's claim of irreparable harm

3   "flows from the normal consequences of litigation," Opp. at 6, also fails.[4]

4   Although "being required to defend a lawsuit without more does not constitute a

5   clear case of hardship or inequity," *Lockyer,* 398 F.3d at 1112, in this case there *is*

6   more.  Specifically, and unlike in the cases on which plaintiffs rely, the Ninth

7   Circuit's decision is likely to narrow the factual and legal issues in this case.

8   Accordingly, forcing the parties to spend resources on motion practice that is

9   premature and discovery that may become irrelevant establishes "a possibility of

10  irreparable injury" sufficient to merit a stay pending appeal.  *Golden Gate Rest.*

11  *Ass'n*, 512 F.3d at 1115–16; *see also id.* at 1119 ("[I]f there is a probability or

12  strong likelihood of success on the merits, a relatively low standard of hardship is

13  sufficient."); *Lockyer*, 398 F.3d at 1112 (noting the importance of stays where an

14  appeal could narrow factual and legal issues before the district court); *McCollough*

15  *v. Minnesota Lawyers Mut. Ins. Co.*, No. CV-09-95, 2010 WL 441533 (D. Montana

16  Feb. 3, 2010).  For this reason, the second factor favors staying of these

17  proceedings.[5]

_____

18  (…continued)
    WL 1955816, at *1 (N.D. Cal. July 6, 2009).
19
20       [4] Plaintiffs note that the Attorney General has made similar arguments
    regarding irreparable harm that were denied by a different federal court.  Opp. at 6,
21  citing *Americans for Prosperity Foundation v. Harris*, No. 14-cv-9448 (C.D. Cal.
    May 19, 2015), *Thomas More Law Ctr. v. Harris*, No. 15-03048 (C.D. Cal. Aug.
    18, 2015).  The decisions in those two cases—which involve different issues and
22  facts—are not controlling and have no bearing on the Court's determination here.
    Moreover, courts have adopted these arguments regarding irreparable harm in other
23  motions to stay.  *See, e.g., Minor*, 2009 WL 1955816, at *1) ("[I]t certainly appears
    to be a hardship to conduct pointless discovery that may well be moot.");
24  *Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 6986421, at *3 (N.D.
    Cal. Dec. 10, 2014); *Welch*, 2013 WL 496382, at *1.

25       [5] Indeed, plaintiffs' counsel, who also served as counsel for plaintiffs in
    *Fyock*, in which plaintiffs appealed from the denial of a preliminary injunction,
26  acknowledged that being forced to litigate in the face of legal uncertainty that will
    be resolved on appeal constitutes hardship and a waste of judicial resources.  *See*
27  Appellants' *Motion to Stay Appeal, Case* No. 14-15408, ECF No. 13 at 7-8, 11.
    The parties in *Fyock* stipulated to a stay of district court proceedings, stating that
28                                                              (continued…)

### 3.    Plaintiffs Will Not Be Harmed by a Stay.

In sharp contrast to the burden and expense faced by the Attorney General, plaintiffs will suffer no harm should this Court stay proceedings.  Despite the fact that this Court has enjoined the Attorney General from enforcing Section 32310 (c) and (d), plaintiffs claim that they are harmed because they also challenge Section 32310's ban on acquiring, transferring, manufacturing, and importing such magazines"—which were not subject to the preliminary injunction.  Opp. at 7 (citing Cal. Penal Code § 32310 (a), (b)).  These parts of the law have been in effect since 1999.  Therefore, a stay in proceedings until resolution of an expedited appeal will not harm plaintiffs, who have not been permitted to acquire or transfer LCMs for nearly 20 years.

Plaintiffs simultaneously assert that they need the litigation to proceed expeditiously because the Attorney General could prevail on appeal and the preliminary injunction could dissolve.  Opp. at 7-8.  But for the Ninth Circuit to reverse the grant of a preliminary injunction, it would have to determine that this Court abused its discretion by basing its decision upon an erroneous legal standard or a clearly erroneous finding of fact.  *Pimentel*, 670 F.3d at 1105.  Such conclusions, which would indicate that plaintiffs are not entitled to injunctive relief, would define the scope of this litigation, and would be useful to know before proceeding further.  *See Leyva v. Certified Growers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979); *California Assoc. for Health Services at Home v. Sebelius*, No. CV 11-10618, 2012 WL 893782, at *2-3 (C.D. Cal. Mar. 13, 2012).

---

(…continued)
"granting a stay will benefit both parties to this action by sparing them the expense of contemporaneous litigation and the accompanying fees and expenditure of time inherent in pursuing litigation in both this Court and the Court of Appeals."  Case No. 4:13-cv-05807-PJH, ECF No. 63.  These arguments are equally true in this case.

Finally, plaintiffs' notion that they will be harmed by some postponement of discovery and trial is unfounded.  Preliminary injunction appeals are expedited. Ninth Cir. R. 3-3.  Even given the 29-day extension of time that the Attorney General was granted in which to file his Opening Brief, and even assuming that either party seeks a further extension before the Ninth Circuit, there is still no threat of significant delay in resuming proceedings in this Court.  Moreover, the mere fact that proceedings will be delayed while the appeal is pending does not constitute serious harm that would warrant denial of a stay.  *See Zaborowski v. MHN Gov. Servs., Inc.*, C 12-05109 SI, 2013 WL 1832638, at *3 (N.D. Cal. May 1, 2013); *Murphy v. DirecTV, Inc.*, No. 2:07-cv-06465-FMC-VBKx, 2008 WL 8608808, at *3 (C.D. Cal. July 1, 2008).

### 4.    A Stay Is in the Public Interest.

Finally, as to the fourth factor, the public interest "lies in conservation of judicial resources" and weighs in favor of granting the stay.  *See Bradberry v. T-Mobile USA, Inc.*, No. C 06 6567 CW, 2007 WL 2221076, at *4 (N.D. Cal. Aug. 2, 2007).  Plaintiffs agree that there is a public interest in conserving judicial resources, but claims that such judicial economy is best served by the "expeditious resolution of litigation."  Opp. at 8 (quoting *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996)).  The expedited briefing schedule ensures that "there is no threat of significant delay" in staying the action.  *National Meat Association, et al. v. Brown, et al.*, No. 108CV01963, 2009 WL 1473819, at *5 (E.D. Cal. 2009).  Moreover, where, as here, issues on appeal may be dispositive of a claim before the lower court, "a stay [of discovery] at this point will promote economy of time and effort for both the parties and the court."  *Adobe Lumber, Inc. v. Hellman*, 415 F. Supp. 2d 1070, 1079 (E.D. Cal. 2006).  The public interest therefore is served by staying this action.

**B.   A Stay Is Warranted Under the *Landis* Standard.**

As set forth in the Attorney General's Memorandum, he has more than satisfied the factors set forth in *Landis v. North American Co.*, 299 U.S. 248.  *See* Memo at 4-8.  If this action is not stayed, the Attorney General and plaintiffs will waste time and resources simultaneously litigating the same issues before the district and the appellate court, and without the guidance of the Court of Appeals. Given that this Court has granted a preliminary injunction, this action is at a very early stage, and preliminary injunction appeals are expedited, there is no meaningful possibility that the proposed stay would harm Plaintiffs' interests in any way.  *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).  Finally, a stay would "promote economy of time and effort" for the Court as well, as it would relieve the Court from expending valuable time and resources on decisions that it may have to reconsider in light of the Ninth Circuit's ruling on pure questions of law, or that the ruling may render moot.  *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *see also Landis*, 299 U.S. at 254-255.  Thus, a stay of proceedings pending appeal will prevent prejudice to the Attorney General, cause no prejudice to plaintiffs, and serve the interests of judicial economy and efficiency.  *See, e.g.*, *Rivers*, 980 F. Supp. at 1360.

Plaintiffs' contrary arguments fail for the same reasons as those made with respect to *Nken*, and show a lack of understanding of the issues raised on appeal. For instance, and as discussed above, even if intermediate scrutiny applies, the parties need clarification on what amount of evidence is needed to satisfy that standard.   Having the Attorney General expend time and resources litigating on standards that the Ninth Circuit may reject would impose an unfair burden on the Attorney General (and plaintiffs).  See *California Assoc. for Health Services at Home*, No. 2012 WL 893782, at *2-3 (granting stay where Ninth Circuit decisions "are likely to narrow issues" in case).  Such hardship warrants imposition of the temporary stay pending appeal.

1

**CONCLUSION**

2

    For the foregoing reasons, and for the reasons stated in the Memorandum of

3

Points and Authorities in Support for Motion to Stay Proceedings filed on August 7,

4

2017, the Attorney General respectfully requests that the Court stay all proceedings

5

in this matter pending resolution of the appeal in *Duncan v. Becerra*, Ninth Circuit

6

Case No. 17-56081.

7

8

Dated:  September 5, 2017                          Respectfully Submitted,

9
                                                   XAVIER BECERRA
                                                   Attorney General of California
10                                                 TAMAR PACHTER
                                                   Supervising Deputy Attorney General
11

12                                                 */s/ Alexandra Robert Gordon*
                                                   ALEXANDRA ROBERT GORDON
13                                                 Deputy Attorney General
                                                   *Attorneys for Defendant*
14                                                 *Attorney General Xavier Becerra*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

# CERTIFICATE OF SERVICE

Case Name:   **Duncan, Virginia et al v. Xavier Becerra**        No.     **17-cv-1017-BEN-JLB**

I hereby certify that on September 5, 2017, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING APPEAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 5, 2017, at San Francisco, California.


| N. Newlin | */s/ N. Newlin* |
|---|---|
| Declarant | Signature |

SA2017107272
21022111.doc