UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA DUNCAN, et al.,<br><br>                         Plaintiffs,<br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California,<br><br>                         Defendant. | Case No.: 3:17-cv-1017-BEN<br><br>**ORDER DENYING MOTION TO STAY PROCEEDINGS** |

    A preliminary injunction has issued enjoining Defendant Attorney General Xavier Becerra from implementing or enforcing California Penal Code § 32310 (c) & (d), as enacted by Proposition 63, or from otherwise requiring persons to dispossess themselves of magazines able to hold more than 10 rounds lawfully acquired and possessed. The Attorney General now seeks to stay all proceedings in this Court while his appeal from the preliminary injunction order is heard in the Court of Appeals. Plaintiffs are opposed to a stay. Having considered the arguments, the motion to stay proceedings is denied.

    California Penal Code § 32310 makes it generally unlawful for a person to manufacture, import, keep for sale, offer or expose for sale, give, lend, buy, or receive a firearm magazine that has the ability to hold more than 10 rounds. Plaintiffs bring this

action challenging the constitutionality of § 32310 on three grounds, and ask for declaratory and injunctive relief. While some aspects of the statute have been in effect for many years, Plaintiffs sought a preliminary injunction against enforcement of subsections (c) and (d) which criminalize mere possession as of July 1, 2017. The preliminary injunction order addressed only the criminalization of mere possession; it did not address all aspects of Plaintiff's constitutional challenge to § 32310. The Attorney General has appealed the preliminary injunction order. A typical case would ordinarily continue proceeding through fact discovery, motions, and trial unless an appellate court intervenes. Rather than proceed with the case, the Attorney General moves to stay these regular proceedings until the preliminary injunction appeal is decided.

The Attorney General correctly notes that a district court has discretion to stay proceedings incident to its power to control its own docket. *See e.g., Landis v. North American Co.*, 299 U.S. 248, 256 (1936); *Robinson v. De la Vega*, 2008 WL 4748171, *3 (S.D. Cal. Oct. 24, 2008). But it is not unlimited discretion. A stay of proceedings requires the court exercise sound discretion after considering competing interests. *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962) ("The exertion of this power calls for the exercise of a sound discretion. Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.") (citing *Landis v. N. Am.*, 299 U.S. 248).[1]

---

[1] Both parties agree that there is some uncertainty as to the applicable test for exercising discretion in this context. A request for a stay pending a *direct* appeal may follow the standard described in *Nken v. Holder*, 556 U.S. 418 (2009). A stay pending resolution of a *different* case may follow the standard described in *Landis*. Under both standards, the moving party bears the burden of proof. *See Nken*, 566 U.S. at 433-34; *Landis*, 299 U.S. at 256.

The Attorney General predicts that Plaintiffs will suffer no prejudice from a stay of proceedings. *Def.'s Mem. of P.'s and A.'s in Support*, at 4. He says that a stay will benefit both sides by avoiding the costs of discovery on matters that may be mooted by the Court of Appeals' ruling on his appeal. *Id.* However, the preliminary injunction and the interlocutory appeal concern the constitutionality of California Penal Code § 32310(c) & (d): the newly operative subsections that require dispossession of large capacity magazines and criminalize continued possession. Plaintiffs also challenge the constitutionality of subsections (a) & (b) which criminalize the buying, selling, importing, manufacturing, lending, and transferring of large capacity magazines. The eventual Court of Appeals decision may not address (a) & (b) and (c) & (d) could be decided on Takings Clause grounds rather than Second Amendment grounds. In that scenario, a stay will unnecessarily delay the ultimate decision on (a) & (b).

The Attorney General says that there is an expedited briefing schedule in the Court of Appeals and there is no threat of significant delay. *Def.'s Mem. of P.'s and A.'s in Support*, at 4. Perhaps, but it is noted that the Attorney General has sought, and received, two extensions of time for briefing from that court. As of today, no briefs have been filed and neither party can dictate or accurately forecast when the appeal will be decided. If it is ultimately determined that § 32310 (a) & (b) are infringing on Plaintiffs' Second Amendment rights, a question not addressed in the order appealed from, Plaintiffs will be irreparably harmed every day that passes. *C.f. Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time,

---

Under *Nken*, courts consider whether the stay applicant has made a strong showing that he is likely to succeed on the merits. On the other hand, likelihood of success is not a factor in *Landis,* upon which *CMAX* rests. *Landis* describes three factors to consider: (1) the "possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 255).

unquestionably constitutes irreparable injury."); *Ex parte Young*, 209 U.S. 123, 152, (1908) ("But the general doctrine of *Osborn v. Bank of United States*, that the circuit courts of the United States will restrain a state officer from executing an unconstitutional statute of the state, when to execute it would violate rights and privileges of the complainant which had been guaranteed by the Constitution, and would work irreparable damage and injury to him, has never been departed from."). In contrast, the Attorney General will not be prejudiced by moving forward with proceedings because enforcement § 32310 (a) & (b) is not being enjoined. Plaintiffs may be prejudiced by a stay.

The Attorney General argues that it is an inequitable and unfair burden to have to expend time and resources litigating, taking discovery, and proceeding to dispositive motions or trial based on standards the Court of Appeals may reject. *Def.'s Mem. of P.'s and A.'s in Support*, at 6. That, however, is a typical burden shouldered by parties in litigation.

The Attorney General suggests that staying the case will permit avoidance of issues that may be resolved by the Court of Appeals. *Def.'s Mem. of P.'s and A.'s in Support*, at 8. But a ruling on the propriety of a preliminary injunction will not necessarily decide the ultimate constitutional issues to be tried. For example, in another recent interlocutory appeal concerning Second Amendment rights and a firearm magazine ban, the Court of Appeals ruled on the propriety of the preliminary injunction without addressing the constitutionality of the challenged regulation. *See Fyock v. City of Sunnyvale*, 779 F.3d 991, 998 n.5 (9th Cir. 2015) ("We do not opine today on the constitutionality of any regulations regarding semi-automatic handguns nor do we suggest that such a regulation could not pass constitutional muster. We simply recognize that based on the evidence of record at the time of its ruling, the district court's [preliminary injunction] conclusions were not clearly erroneous.").

The Attorney General suggests that his interlocutory appeal has a substantial likelihood of success on the merits. *Def.'s Mem. of P.'s and A.'s in Support*, at 9. That

4

argument is not persuasive. The preliminary injunction order which is the subject of the appeal concluded that Plaintiffs' claims were likely to succeed on the merits. That has not changed. Moreover, having obtained his second briefing deadline extension from the appellate court, the Attorney General has yet to brief his arguments.

The Attorney General asserts that he will suffer irreparable harm in the absence of a stay of proceedings. *Def.'s Mem. of P.'s and A.'s in Support*, at 10. This is because he will be forced to spend resources litigating issues that may be resolved, narrowed, or rendered moot by an appellate review of the interlocutory appeal. As mentioned above, in *Fyock*, the Court of Appeals did not decide whether the firearm regulation was constitutional because of the interlocutory posture of the appeal. 779 F.3d at 998 n.5. This case is in a similar posture. Thus, the constitutional issues are not likely to be resolved, narrowed, or mooted. *Fyock* did address the evidentiary record required to support a preliminary injunction so the parties already have the benefit of the appeals court decision to guide their current discovery efforts. *E.g. id.* at 997 n.3 ("As the merits action proceeds and the parties develop the record, the district court will be able to adequately assess the historical roots and implications of firing-capacity regulations.").

Finally, although he does not argue it, the Attorney General and the people of California may be harmed by a stay. After a complete evidentiary record and trial on the merits, it could be decided that the enforcement of § 32310 (c) & (d) is a constitutionally permissible exercise of the State's police powers. In that case, the State will be harmed by further litigation delay in implementing and enforcing the magazine possession ban.

Having considered the arguments, the Court declines to stay the proceedings in this case. A ruling on the interlocutory appeal is not likely to resolve all of the constitutional issues and both parties have some guidance on their respective evidentiary burdens. The Attorney General is not likely to suffer irreparable injury by proceeding forth. Both parties, on the other hand, may suffer irreparable harm if proceedings are stayed. The Attorney General's motion to stay proceedings pending appeal is hereby denied.

**IT IS SO ORDERED.**

**DATED:** October 10, 2017

_____
Hon. Roger T. Benitez
United States District Judge