C.D. Michel—SBN 144258
Sean A. Brady—SBN 262007
Anna M. Barvir—SBN 268728
Matthew D. Cubeiro—SBN 291519
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Fax: (562) 216-4445
Email: abarvir@michellawyers.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA DUNCAN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California,<br><br>    Defendants. | 17-cv-1017-BEN-JLB<br><br>**JOINT MOTION TO EXTEND TIME TO FILE MOTIONS FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. Jill L. Burkhardt<br>Action Filed: May 17, 2017 |

1

JOINT MOTION TO EXTEND TIME TO FILE MOTIONS FOR SUMMARY JUDGMENT
17cv1017

COME NOW THE PARTIES, Plaintiffs Virginia Duncan, et al., and Defendant Xavier Becerra, in his official capacity as Attorney General of the State of California, by and through their respective counsel. Pursuant to Rules 6(b) and 16(b)(4) of the Federal Rules of Civil Procedure, Local Rules 7.1, 7.2, 16.1(f)(1)(a) as well as the Honorable Jill L. Burkhardt's Civil Chambers Rules, the Parties hereby jointly move the Court to extend the deadline for the filing of dispositive motions by 31 days to and including March 5, 2018.

As required by the Civil Chambers Rules, this request is accompanied by the declaration of counsel for Plaintiffs, Anna M. Barvir, "detailing the steps taken to comply with the dates and deadlines set in the order, and the specific reasons why deadlines cannot be met." Decl. of Anna M. Barvir Supp. Joint Mot. to Extend Time ("Barvir Decl."). The Parties further represent that granting this motion should not affect other dates in the Order because trial has not yet been set, pre-trial disclosures and Memoranda of Contentions of Fact and Law are not due until May 4, 2018, and the Parties agree this case is likely to be disposed of via cross-motions for summary judgment. Joint Discovery Plan at 9 (July 19, 2017), ECF No. 31.

On May 17, 2017, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief with this court. On August 4, 2017, this Court issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings ("Order"). Under this Court's Order, all discovery must be completed by February 2, 2018. All pre-trial motions, including motions for summary judgment, must be filed by the same date.

Good cause exists to extend the deadline for dispositive motions. The Parties are diligently engaged in discovery and expect to complete fact and expert discovery by the Court-ordered date of February 2, 2018. Barvir Decl., ¶¶ 2-4, 7-12. The Parties have met both the deadlines for exchange of expert reports and expert rebuttals (October 6, 2017, and November 3, 2017, respectively). Barvir Decl., ¶¶ 3-4. Additionally, the Parties have served and have been served with significant written discovery. Barvir Decl., ¶ 2. Defendant has served on Plaintiffs six sets of

written interrogatories and six sets of requests for production of documents. Barvir Decl., ¶ 2. And Plaintiffs have served four sets of written interrogatories, four sets of requests for production of documents, and one set of requests for admissions. Barvir Decl., ¶ 2. Both parties are currently working on responses to these requests. Barvir Decl., ¶ 2.

The Parties have also been working together diligently and regularly via telephone and e-mail to schedule expert witness depositions since November 10th— mere days after the exchange of expert rebuttals. Barvir Decl., ¶¶ 3-4, 7-12. The scheduling of these depositions, however, has proven difficult and time-consuming for two reasons. First, the Parties have identified eight experts, most of whom are professors with extremely limited availability during the winter months due to final exams, the holidays, and pre-planned conferences. Barvir Decl., ¶¶ 3-4. Second, the eight identified experts reside all over the country—in California, Connecticut, Florida, Maryland, and New York. Barvir Decl., ¶ 6. Significant travel for counsel and/or the witnesses will thus be required, adding yet another difficulty to scheduling. Barvir Decl., ¶ 12. Regardless, the Parties are very close to setting a mutually agreeable deposition schedule. Barvir Decl., ¶ 14. And, as it turns out, most of these depositions cannot take place until January, with the last likely to take place on or around January 12, 2018. Barvir Decl., ¶ 13.

Further, with depositions not concluding until mid-January, Barvir Decl., ¶ 13, the parties may not have access to final transcripts by the February 2nd deadline for dispositive motions, Fed. R. Civ. Proc. 30 (upon request, deponents must be given 30 days after the transcript is made available to review for errors).

For these reasons, and because the Parties also require time to review the transcripts and other discovery, the Parties agree that it will be exceedingly difficult for the parties to file comprehensive motions for summary judgment, inclusive of all discovery that would prove helpful to the Court. Barvir Decl., ¶ 15 These concerns were raised in the Joint Discovery Plan filed by the Parties on July 19,

2017. Joint Discovery Plan at 10 (July 19, 2017), ECF No. 31. Indeed, Plaintiffs expressed that there would likely be issues with closing discovery on the same day dispositive motions are due to be filed:

> Plaintiffs further believe that the breadth of discovery here, as well as the fact that this case is likely to be disposed of on summary judgment, justify providing the parties with an additional month to prepare dispositive motions that will be most helpful to the Court's handling of this matter.

*Id.* Defendant agreed. *Id.* at 11.

Therefore, based on the good cause presented herein, the Parties request that the Court grant this joint motion for extension and order that the last day to file dispositive motions is extended by 31 days to and including March 5, 2018.

Respectfully submitted,

Dated: December 1, 2017  MICHEL & ASSOCIATES, P.C.

*/s/ Anna M. Barvir*
ANNA M. BARVIR
*Attorneys for Plaintiffs Virginia Duncan, Richard Lewis, Patrick Lovette, David Marguglio, Christopher Waddell, and California Rifle & Pistol Association*

Dated: December 1, 2017  XAVIER BECERRA
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
ANTHONY P. O'BRIEN
Deputy Attorneys General

*/s/ Alexandra Robert Gordon*
ALEXANDRA ROBERT GORDON
Deputy Attorney General
*Attorneys for Defendant Attorney General Xavier Becerra*

4
JOINT MOTION TO EXTEND TIME TO FILE MOTIONS FOR SUMMARY JUDGMENT
17cv1017

**DECLARATION OF ANNA M. BARVIR**

1. I am an attorney at the law firm Michel & Associates, P.C., attorneys of record for Plaintiffs in this action. I am licensed to practice law before the United States District Court for the Southern District of California. I am also admitted to practice before the Eastern, Central, and Northern Districts of California, the courts of the state of California, the Supreme Court of the United States, and the D.C., Fourth, Ninth, and Tenth Circuit Courts of Appeals. I have personal knowledge of the facts set forth herein and, if called and sworn as a witness, could and would testify competently thereto.

2. The parties have worked diligently to move discovery forward and presently expect to complete fact and expert discovery by the Court-ordered date of February 2, 2018. Indeed, Defendant has served on Plaintiffs six sets of written interrogatories and six sets of requests for production of documents. Plaintiffs have served four sets of written interrogatories, four sets of requests for production of documents, and one set of requests for admissions. Both parties are currently working on responses to these requests, with deadlines in late December and early January.

3. On October 6, 2017, the parties exchanged disclosures of expert witnesses. Defendant Xavier Becerra, through his counsel of record, served on Plaintiffs the expert reports of Dr. Lucy Allen, Dr. Louis Klarevas, and Dr. Christopher Koper. That same day, on behalf of Plaintiffs Virginia Duncan, et al., I directed my secretary to serve Defendant with the expert reports of Mr. Stephen Helsley and Mr. James Curcuruto.

4. On November 3, 2017, the parties exchanged disclosures of expert rebuttal reports. Defendant Xavier Becerra, through his counsel of record, served on Plaintiffs the expert report of Dr. John Donohue. That same day, on behalf of Plaintiffs Virginia Duncan, et al., I directed my secretary to serve Defendant with the expert reports of Dr. Gary Kleck and Dr. Carlisle Moody.

5. Six of the eight designated expert witnesses are professors, many of whom have limited availability in December and January due to the administering and grading of final exams. Some also have conflicts due to attendance at pre-planned conferences.

6. Six of the eight designated expert witnesses reside on the East Coast. Drs. Allen and Klarevas each reside in New York. Dr. Koper resides in Maryland. Mr. Curcuruto resides in Connecticut. Dr. Kleck resides in Florida. And Dr. Moody resides in Virginia. Mr. Helsley and Dr. Donohue reside in Northern California. While the parties are negotiating handling all depositions in three or four states, significant travel will still be required by counsel and witnesses.

7. On November 10, 2017, Ms. Alexandra Robert Gordon, counsel of record for Defendant, called me to discuss the scheduling of expert depositions and potential concerns with filing cross-motions for summary judgment by the current deadline of February 2, 2018.

8. During that telephone conference, Ms. Gordon and I each confirmed that we had been in touch with our respective experts regarding availability for depositions, and that we would provide potential dates as soon as we had confirmation from each witness. We also agreed that an extension for summary judgment would be likely and agreed to discuss the issue with our respective clients.

9. On November 20, 2017, Ms. Gordon sent me an e-mail explaining that, likely owing to the holiday, her experts had been slow to respond to her requests for deposition availability, but that she would follow-up with them. I responded that day, explaining that I had not yet received confirmation from my experts regarding their availability. I followed up with each of my witnesses that day.

10. Over the next few days, my expert witnesses slowly began to respond. On November 27, 2017, as soon as I had responses from three of my four

witnesses, I sent an e-mail to Ms. Gordon providing several available dates.

11. My final witness provided his availability on November 28, 2017, and I immediately informed opposing counsel. I also informed Ms. Gordon that my client would agree to an extension of the deadline to file cross-motions for summary judgment.

12. On November 28, 2017, Ms. Gordon provided deposition availability for each of her witnesses. And I immediately went to work preparing a proposed schedule for travel and depositions, taking into account the availability of witnesses and counsel, the holidays, and the significant travel needed for these depositions. That day, I exchanged multiple additional e-mails with Ms. Gordon regarding the proposed schedule, as well as other issues surrounding the taking of depositions. Ms. Gordon assured me that she would discuss the proposed schedule with her colleagues and respond shortly.

13. The schedule I proposed included travel to the East Coast to take six expert depositions during the first two weeks of January, with depositions being completed by January 12, 2018.

14. On November 30, 2017, I called Ms. Gordon to discuss the stipulation or joint motion for extension of time to file cross-motions for summary judgment and the grounds for same. During that call, Ms. Gordon informed that she would have a response to my proposed deposition schedule by December 1, 2017. Ms. Gordon then sent me a response with respect to most of the depositions on December 1, and expects to confirm the remaining few by early next week. The parties are thus very close to setting a mutually agreeable deposition schedule.

15. With discovery likely to be completed so late into January, the parties agree that it will be difficult to prepare and file motions for summary judgment, inclusive of all discovery that would prove helpful to the Court, by the current deadline of February 2, 2018. The parties therefore respectfully request that this Court extend the deadline to file dispositive motions by 31 days, to and including

1  March 5, 2018.

2      I declare under penalty of perjury that the foregoing is true and correct.

3  Executed within the United States on December 1, 2017.

*[signature]*

Anna Barvir
Declarant