XAVIER BECERRA
Attorney General of California
State Bar No. 118517
MARK R. BECKINGTON
Supervising Deputy Attorney General
State Bar No. 126009
ANTHONY P. O'BRIEN
Deputy Attorney General
State Bar No. 232650
JOHN D. ECHEVERRIA
Deputy Attorney General
State Bar No. 268843
　300 South Spring Street, Suite 1702
　Los Angeles, CA  90013
　Telephone: (213) 269-6249
　Fax: (213) 897-5775
　E-mail: John.Echeverria@doj.ca.gov
*Attorneys for Defendant Attorney General
Xavier Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIRGINIA DUNCAN, RICHARD LEWIS, PATRICK LOVETTE, DAVID MARGUGLIO, CHRISTOPHER WADDELL, and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INC.**, a California corporation,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**XAVIER BECERRA, in his official capacity as Attorney General of the State of California; and DOES 1-10**,<br><br>　　　　　　　　　　　　Defendants. | 17-cv-1017-BEN-JLB<br><br>**DEFENDANT'S OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　　　April 30, 2018<br>Time:　　　10:30 a.m.<br>Courtroom: 5A<br>Judge:　　　Hon. Roger T. Benitez |

1  Defendant Xavier Becerra, Attorney General of the State of California, sued in
2  his official capacity, submits the following objections to evidence filed in support
3  of the motion for summary judgment filed by Plaintiffs Virginia Duncan, Richard
4  Lewis, Patrick Lovette, David Marguglio, Christopher Waddell, and the California
5  Rifle and Pistol Association, Inc.

| No. | PLAINTIFFS' EVIDENCE | OBJECTIONS |
|---|---|---|
| 1 | Declaration of Virginia Duncan (Dkt. No. 50-3) ¶ 6 (objection to italicized portion of testimony):<br><br>"I would also immediately acquire and continuously possess such a magazine for other lawful purposes, including to properly train for such defensive situations, as well as for use in the course of my work in predator management, *as discharging more than ten rounds can be necessary to effectively stop certain pack-hunting predators, like coyotes, from attempting to attack people or the livestock I protect as a service to landowners, including ranchers and farmers. Having to change a magazine after expending ten rounds during a continuing self-defense situation not only slows my ability to respond to the threat such that I may be unable to re-load my firearm in time to effectively defend myself and others in my home, but it also requires me to always have an additional magazine on hand, which is not always feasible. The* | Improper lay testimony based on technical or specialized knowledge. Fed. R. Evid. 701(c); *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997) (lay testimony based on specialized knowledge gained in connection with the witness's job is inadmissible under Federal Rule of Evidence 701).<br><br>Speculative lay testimony. Fed. R. Evid. 701; *United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007) ("It is necessary that a lay witness's 'opinions are based upon . . . direct perception of the event, are not speculative, and are helpful to the determination' of factual issues before the jury." (quoting *United States v. De Peri*, 778 F.2d 963, 977-78 (1985))). |

| | | |
|---|---|---|
| | *same applies to my depredation work.*" | |
| 2 | Declaration of David Marguglio (Dkt. No. 50-4) ¶ 6 (objection to italicized portion of testimony): <br><br> "But for the authorities' current enforcement of California Penal Code section 32310, I would immediately acquire and continuously possess a magazine capable of holding more than ten rounds within the state of California for lawful recreational and competitive shooting, as well as in-home self-defense *to effectively protect myself and others from a threat that cannot be effectively neutralized with ten or fewer rounds, such as multiple armed home-intruders.* I would also immediately acquire and continuously possess such a magazine for other lawful purposes, including to properly train for such defensive situations. *I have first-hand knowledge of how the additional time and dexterity required to change a magazine after expending ten rounds is detrimental in a competitive shooting situation. With the added element of stress, having to change a magazine after expending ten rounds during a continuing self-defense situation not only slows my ability to respond to the threat that I may be unable to re-load my firearm* | Same as Objection 1. |

| | | | |
|---|---|---|---|
| | | *in time to effectively defend myself and others in my home, but it also requires me to always have an additional magazine on hand, which is not always feasible.*" | |
| | 3 | Declaration of Patrick Lovette (Dkt. No. 50-5) ¶ 6 (objection to italicized portion of testimony):<br><br>"I originally selected, and currently still own and possess, this magazine for only lawful purposes, especially for self-defense training, target practice, and in-home self-defense *to effectively protect myself and others from a threat that cannot be effectively neutralized with ten or fewer rounds, such as multiple armed home-intruders.*" | Same as Objection 1. |
| | 4 | Declaration of Patrick Lovette (Dkt. No. 50-5) ¶ 7:<br><br>"In my experience as a certified firearms instructor, to change a magazine after expending ten rounds during a continuing self-defense situation would not only slow my ability to respond to the threat such that I may be unable to re-load my firearm in time to effectively defend myself or others in my home, but it would also require me to always have an additional magazine on hand, which is not always feasible." | Same as Objection 1. |
| | 5 | Declaration of Christopher Waddell (Dkt. No. 50-6) ¶ 6 (objection to italicized portion of testimony): | Same as Objection 1. |

| | | | |
|---|---|---|---|
| | | "But for the authorities' current enforcement of California Penal Code section 32310, I would immediately acquire and continuously possess a magazine capable of holding more than ten rounds within the state of California for in-home self-defense *to effectively protect myself and others from a threat that cannot be effectively neutralized with ten or fewer rounds, such as multiple armed home-intruders.* I would also immediately acquire and continuously possess such a magazine for other lawful purposes, including to properly train for such defensive situations. *Having to change a magazine after expending ten rounds during a continuing self-defense situation not only slows my ability to respond to the threat such that I may be unable to re-load my firearm in time to effectively defend myself and others in my home, but it also requires me to always have an additional magazine on hand, which is not always feasible.*" | |
| | 6 | Declaration of Richard Francis Travis (Dkt. No. 50-7) ¶ 4:<br><br>"CRPA's membership includes individuals who do not currently own an ammunition magazine capable of holding more than ten rounds." | Hearsay. Fed. R. Evid. 801; *Block v. City of L.A.*, 253 F.3d 410, 419 (9th Cir. 2001) (affidavit based on inadmissible hearsay where affiant was not personally involved in the matters at issue, did not personally review records regarding such matters, and relied on unsworn out-of- |

| | | | |
|---|---|---|---|
| | | | court statements by unidentified individuals). |
| | 7 | Declaration of Richard Francis Travis (Dkt. No. 50-7) ¶ 5:<br><br>"CRPA's membership includes individuals who, due to the current enforcement of California Penal Code section 32310, are prohibited from acquiring or possessing, within the state of California, any magazine capable of holding more than ten rounds that has not been permanently altered so that it cannot accommodate more than ten rounds, is not a .22 caliber tube ammunition feeding device, and is not a tubular magazine that is contained in a lever-action firearm, because they do not qualify for any of the limited exceptions to section 32310's restrictions." | Same as Objection 6. |
| | 8 | Declaration of Richard Francis Travis (Dkt. No. 50-7) ¶ 6:<br><br>"CRPA's membership includes individuals who, but for the current enforcement of California Penal Code section 32310, would immediately acquire and continuously own a magazine capable of holding more than ten rounds within the state of California to the extent permitted by law for lawful purposes, | Same as Objection 6. |

| | | | |
|---|---|---|---|
| | | including for in-home self-defense, hunting, and competing, as well as training for each of these." | |
| | 9 | Declaration of Richard Francis Travis (Dkt. No. 50-7) ¶ 7:<br><br>"CRPA's membership includes individuals who, if this court declares California Penal Code section 32310 invalid or otherwise enjoins its enforcement, will immediately acquire and continue to possess a magazine capable of holding more than ten rounds within the state of California to the extent permitted by law for lawful purposes, including for in-home self-defense, hunting, and competing, as well as training for each of these." | Same as Objection 6. |
| | 10 | Declaration of Richard Francis Travis (Dkt. No. 50-7) ¶ 8:<br><br>"CRPA's membership includes individuals who, prior to January 1, 2000, in accordance with state and federal law, lawfully acquired an ammunition feeding device capable of holding more than ten rounds that meets the definition of a 'large capacity magazine' under California Penal Code section 16740. These members presently own and use these magazines for lawful purposes, including in-home self-defense, hunting, and competing, as well as training for each of these. | Same as Objection 6. |

7

Defendant's Objections to Evidence Filed in Support of Plaintiffs' Motion
for Summary Judgment (17-cv-1017-BEN-JLB)

| | | |
|---|---|---|
| | Many of these CRPA members do not qualify for any of the exceptions to section 32310's restrictions and will, therefore, be legally required to dispossess themselves of any of their lawfully possessed 'large capacity magazines' while within the state of California." | |
| 11 | Declaration of Richard Francis Travis (Dkt. No. 50-7) ¶ 9:<br><br>"I know of CRPA members who have stated that, if this Court does not declare California Penal Code section 32310's 'large capacity magazine' possession restriction invalid or otherwise enjoin its enforcement, they will immediately dispossess themselves of any 'large capacity magazine' they currently lawfully possess while within the State of California." | Same as Objection 6. |
| 12 | Declaration of Richard Francis Travis (Dkt. No. 50-7) ¶ 10:<br><br>"I know of CRPA members who have stated that, if this Court declares California Penal Code section 32310's 'large capacity magazine' possession restriction invalid or otherwise enjoins its enforcement, they will continue to possess any 'large capacity magazine' they currently lawfully possess while within the State of California to the extent permitted by law for lawful purposes, including for in-home self- | Same as Objection 6. |

| | | |
|---|---|---|
| | | defense, hunting, and competing, as well as training for each of these." |
| 13 | Declaration of Anna M. Barvir (Dkt. No. 50-8), Ex. 2 at 32-36 (Expert Witness Report of Stephen Helsley, §§ V.2-3):<br><br>Opinion that large-capacity magazines may be necessary for self-defense. | Speculative expert testimony. Fed. R. Evid. 702; *United States v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002) ("The trial judge in all cases of proferred expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted. The . . . expert must explain how the conclusion is so grounded." (quoting Fed. R. Evid. 702, comm. note)); *see e.g.*, DX-J at 451 (explaining that the "scholarly foundation" for his opinions regarding self-defense comprises "all of the reading that I've done, some writing —not a lot, but a lot of reading and talking to peace officers or other people who have been involved in shootings and learning what was involved in those events"); *id.* at 454-55 (explaining that the basis for his statement that civilians are unlikely to have spare ammunition readily accessible is, "in my own case, for instance, if – if I think somebody is breaking in my house, I'm getting out of bed, I have my boxer shorts on, I've got a flashlight in one hand and the Glock in the other hand and I really don't have any place to put that spare magazine," while acknowledging that he has never been the victim of a home invasion).[1] |

---

[1] Citations to Defendants' exhibits annexed to the accompanying Declaration of John D. Echeverria are to "DX" followed by exhibit number.

| | | |
|---|---|---|
| 14 | Declaration of Anna M. Barvir (Dkt. No. 50-8), Ex. 3 at 52 (Expert Witness Rebuttal of Dr. Gary Kleck, § V.B.1):<br><br>Opinion that Dr. Louis Klarevas does not qualify as an expert. | Improper legal testimony of an expert witness. Fed. R. Evid. 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) ("[E]xpert testimony consisting of legal conclusions [is] not admissible." (citing *Marx v. Diners Club, Inc.*, 550 F.2d 505, 509 (2d Cir. 1977))). |
| 15 | Declaration of Anna M. Barvir (Dkt. No. 50-8), Ex. 4 at 106-115):<br><br>Opinion that Section 32310 has had no statistically significant impact on violent crime in California. | Improper testimony of a rebuttal expert witness. *See Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 635-36 (D. Haw. 2008) ("Rule 26(a)(2)(C) 'defines rebuttal experts as presenting "evidence [that] is *intended solely* to contradict or rebut evidence on the same subject matter identified" by an initial expert witness . . . .'"); *Sierra Club, Lone Star Chapter v. Ceder Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996) ("The purpose of rebuttal and supplementary disclosures is just that—to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information."); DX-UU at 474 (testifying that he did not read anything in the expert reports of Christopher Koper or Louis Klarevas discussing that grandfathered large-capacity magazines have been used in mass shootings in California). |
| 16 | Declaration of Anna M. Barvir (Dkt. No. 50-8), Ex. 4 at 115-21 (Expert Witness Rebuttal of Dr. Carlisle E. Moody, § VI.B): | Improper testimony of a rebuttal expert witness. *See Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 635-36 (D. Haw. 2008) ("Rule 26(a)(2)(C) 'defines rebuttal experts as presenting "evidence [that] |

10

| | | |
|---|---|---|
| | Opinion that lawfully possessed large-capacity magazines are not commonly used in mass shootings in California. | is *intended solely* to contradict or rebut evidence on the same subject matter identified" by an initial expert witness . . . .'"); *Sierra Club, Lone Star Chapter v. Ceder Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996) ("The purpose of rebuttal and supplementary disclosures is just that—to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information."); DX-UU at 476-77 (testifying that there is nothing in the expert reports of Christopher Koper or Louis Klarevas regarding an opinion about California's violent crime rate). |

Dated: April 9, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
ANTHONY P. O'BRIEN
Deputy Attorney General


/s/ John D. Echeverria

JOHN D. ECHEVERRIA
Deputy Attorney General
*Attorneys for Defendant Attorney General Xavier Becerra*