Neal A. Potischman (SBN 254862)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Phone: (650) 752-2000
Fax: (650) 752-2156
neal.potischman@davispolk.com

*Attorneys for Amicus Curiae*
*Everytown for Gun Safety*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA DUNCAN, RICHARD LEWIS, PATRICK LOVETTE, DAVID MARGUGLIO, CHRISTOPHER WADDELL, and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>Defendants. | No. 3:17-cv-01017-BEN-JLB<br><br>**MEMORANDUM IN SUPPORT OF EVERYTOWN FOR GUN SAFETY'S MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE**<br><br>Hearing Date: April 30, 2018<br>Hearing Time: 10:30 a.m.<br><br>Filing Date: April 16, 2018 |

## I. INTRODUCTION

Everytown for Gun Safety ("Everytown") hereby moves for leave to file the attached amicus brief in support of Defendant's Opposition to Plaintiffs' Motion for Summary Judgment or, Alternatively, Partial Summary Judgment in this constitutional challenge to California Penal Code § 32310 as amended by Proposition 63 (hereinafter, "Proposition 63") banning the possession of large-capacity magazines.[1] Everytown is the largest gun violence prevention organization in the country, with supporters in every state, including tens of thousands of California residents and the mayors of forty California cities. Part of Everytown's mission is to assist courts in evaluating Second Amendment challenges to common sense gun laws by presenting its substantial research on historical firearms laws and expertise in gun law doctrine.

## II. ARGUMENT

District courts have "broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). An amicus curiae can "assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). "District courts have discretion to accept amicus briefs from nonparties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Gabriel Techs. Corp. v. Qualcomm Inc.*, No. 08CV1992 AJB MDD, 2012 WL 849167, at *4 (S.D. Cal. Mar. 13, 2012) (quoting *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1064 (7th Cir. 1997). Moreover, there is "no rule that amici must be totally disinterested." *Korolshteyn v. Costco Wholesale Corp.*, No. 3:15-CV-709-CAB-RBB, 2017 WL 3622226, at *1 (S.D. Cal. Aug. 23, 2017). Everytown submits that these standards counsel in favor of the Court exercising its discretion to permit Everytown to file its brief as amicus curiae.

---

[1] Defendants consent to this request, which is being filed within seven days of their Opposition to Plaintiffs' Motion for Summary Judgment. Plaintiffs have indicated that they will not oppose the request.

Everytown's proposed amicus brief seeks to inform the Court's analysis as to the first step of it Second Amendment analysis, specifically, "whether the challenged law burdens conduct protected by the Second Amendment." *United States v. Chovan*, 735 F.3d 1127, 1136 (9th Cir. 2013). The proposed brief presents historical analysis that situates Proposition 63 in a long tradition of laws prohibiting or regulating weapons that legislatures have determined to be unacceptably dangerous—including a century of restrictions on firearms capable of firing a large number of rounds without reloading. While this historical context alone should be sufficient for this Court to find Proposition 63 to be constitutional under *Heller*, *see District of Columbia v. Heller*, 554 U.S. 570, 626-27 (2008), this brief also addresses why the "common use" test suggested by Plaintiffs is circular and should not persuade this Court.

Everytown's brief provides a unique perspective and expertise that merits granting Everytown's Motion here. *See Korolshteyn*, 2017 WL 3622226, at *1 (quoting *Missouri v. Harris*, No. 2:14-cv-00341-KJM-KJN, 2014 WL 2987284, at *2 (E.D. Cal. July 1, 2014)) ("An amicus brief should normally be allowed when, among other considerations, the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."). Everytown has provided similar expertise in several recent cases. *See, e.g.*, Brief for Everytown for Gun Safety as Amicus Curiae Supporting Defendant-Appellant, *Duncan v. Becerra*, No. 17-56081 (9th Cir. Oct. 19, 2017), ECF 47; Brief for Everytown for Gun Safety as Amicus Curiae Supporting Defendants, *Wiese v. Becerra*, 2:17-cv-00903-WBS-KJN (E.D. Cal. Oct. 4, 2017), ECF 63; Brief for Everytown for Gun Safety as Amicus Curiae Supporting Defendants, *Flanagan v. Becerra*, 2:16-cv-06164-JAK-AS (C.D. Cal. Sept. 18, 2017), ECF 54-1; Brief for Everytown for Gun Safety as Amicus Curiae Supporting Appellees, *Wrenn v. District of Columbia*, 864 F.3d 650 (D.C. Cir. July 20, 2016) (No. 16-7025), ECF 49; Brief for Everytown for Gun Safety as Amicus Curiae Supporting Appellee, *Peña v. Lindley*, No. 15-15449 (9th Cir. Sept. 28, 2015), ECF 34; Brief for Everytown for Gun Safety as Amicus Curiae Supporting Appellees, *Peruta v. Cty. of San Diego*, 824 F.3d 919 (9th Cir. Apr. 30, 2015) (Nos. 10-56971, 11-16255), ECF 150; Brief for Everytown for Gun Safety as Amicus

Curiae Supporting Appellant, *Silvester v. Harris*, 843 F.3d 816 (9th Cir. Apr. 1, 2015) (No. 14-16840), ECF 34.

In addition, the Court should grant leave for Everytown to submit an amicus brief because this case implicates important public interests, including California citizens' interest in public safety, with ramifications beyond the parties directly involved. Proposition 63 was approved by California voters to address serious public safety concerns, giving the voters a direct interest in the outcome of this case. Moreover, the resolution of Defendants' Motion will necessarily involve application of Second Amendment constitutional principles, which will have broader jurisprudential implications for other firearm regulation litigation nationwide. *See California v. U.S. Dep't of Labor*, No. 2:13-CV-02069-KJM-DAD, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014) (granting leave to file amicus brief where case implicated constitutional issues and therefore had "potential ramifications beyond the parties directly involved" (internal citation omitted)).

### III.  CONCLUSION

For the reasons stated above, Everytown respectfully requests that this Court grant leave for it to participate as amicus curiae and submit a brief in support of Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint.

Respectfully submitted,

Dated: April 16, 2018

DAVIS POLK & WARDWELL LLP

/s/ Neal A. Potischman
Neal A. Potischman (SBN 254862)
1600 El Camino Real
Menlo Park, California 94025
Phone: (650) 752-2000
Fax: (650) 752-2156
neal.potischman@davispolk.com

*Attorneys for Amicus Curiae
Everytown for Gun Safety*