C.D. Michel – SBN 144258
Sean A. Brady – SBN 262007
Anna M. Barvir – SBN 268728
Matthew D. Cubeiro – SBN 291519
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: abarvir@michellawyers.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA DUNCAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Attorney General of the State of California, <br><br> Defendant. | Case No:  17-cv-1017-BEN-JLB <br><br> **PLAINTIFFS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT** <br><br> Hearing Date:   April 30, 2018 <br> Hearing Time:   10:30 a.m. <br> Judge:   Hon. Roger T. Benitez <br> Courtroom:   5A |

1

OBJECTIONS TO DEFENDANT'S EVIDENCE RE OPPOSITION TO MSJ

Plaintiffs Virginia Duncan, Patrick Lovette, David Marguglio, Christopher Waddell, and California Rifle and Pistol Association, Incorporated ("Plaintiffs") hereby submit the following objections to evidence filed in support of Defendant Xavier Becerra's ("Defendant") opposition to Plaintiffs' Motion for Summary Judgment, or Alternatively, Partial Summary Judgement.

| No. | Defendant's Evidence | Objections |
|---|---|---|
| 1 | Declaration of Blake Graham (Dkt. No. 53-2) ¶ 15: "LCMs are ammunition feeding devices that can hold more than ten rounds, and sometimes up to 100 rounds, of ammunition." | Declarant improperly offers lay testimony that is actually expert testimony (based on scientific, technical, or specialized knowledge). Fed. R. Evid. 701(c); *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). Declarant was not disclosed as an expert witness but is essentially providing testimony that would only be admissible if offered by an expert. Lay opinion is only admissible if it is based on the declarant's own percipience of the events and is not based on scientific, technical, or other specialized knowledge within the scope of FRE 702. Here, declarant's opinion is based on specialized knowledge and is thus inadmissible. |
| 2 | Declaration of Blake Graham (Dkt. No. 53-2) ¶ 16: "LCMs allow semi-automatic weapons to fire more than 10 rounds without the need for a shooter to reload the weapon." | Same as Objection 1. |
| 3 | Declaration of Blake Graham (Dkt. No. 53-2) ¶ 17: "Because LCMs enable a shooter to fire repeatedly without needing to reload, they significantly increase a shooter's ability to kill and injure large numbers of people quickly." | Declarant improperly offers lay testimony that is actually expert testimony (based on scientific, technical, or specialized knowledge). Fed. R. Evid. 701(c); *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). Declarant was not |

| | | |
|---|---|---|
| | | disclosed as an expert witness but is essentially providing testimony that would only be admissible if offered by an expert. Lay opinion is admissible if it is based on the declarant's own percipience of the events and is not based on scientific, technical, or other specialized knowledge within the scope of FRE 702. Here, declarant's opinion is based on specialized knowledge and is thus inadmissible.<br><br>Additionally, to the extent the testimony is lay opinion, Declarant offers speculative lay testimony here. Fed. R. Evid. 701; *United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007) ("It is necessary that a lay witness's 'opinions are based upon . . . direct perception of the event, are not speculative, and are helpful to the determination' of factual issues before the jury." (quoting *United States v. De Peri*, 778 F.2d 963, 977-78 (1985))). |
| 4 | Declaration of Blake Graham (Dkt. No. 53-2) ¶ 18: "Because magazines carrying more than 10 rounds at a time allow for uninterrupted shooting, such LCMs have been the preferred ammunition feeding devices in several mass shootings in California and elsewhere." | Declarant improperly offers lay testimony that is actually expert testimony (based on scientific, technical, or specialized knowledge). Fed. R. Evid. 701(c); *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). Declarant was not disclosed as an expert witness but is essentially providing testimony that would only be admissible if offered by an expert. Lay opinion is admissible if it is based on the declarant's own percipience of the events and is not based on scientific, technical, or other specialized |

OBJECTIONS TO DEFENDANT'S EVIDENCE RE OPPOSITION TO MSJ

knowledge within the scope of FRE 702. Here, declarant's opinion is based on specialized knowledge and is thus inadmissible.

Additionally, to the extent the testimony is lay opinion, Declarant offers speculative lay testimony here. Fed. R. Evid. 701; *United States v. Freeman,* 498 F.3d 893, 905 (9th Cir. 2007) ("It is necessary that a lay witness's 'opinions are based upon . . . direct perception of the event, are not speculative, and are helpful to the determination' of factual issues before the jury." (quoting *United States v. De Peri*, 778 F.2d 963, 977-78 (1985))).

There is no foundation for this statement. If there is, it is due to having specialized knowledge as an expert and he is not a designated expert.

Lastly, no personal knowledge. Witnesses are prohibited from testifying as to matters that they lack personal knowledge of. Fed. R. Evid. 602. The personal knowledge standard of 602 is also applicable to affidavits and declarations submitted in connection with motions for summary judgment. (*See* FRCP 56(e) which requires, in part, that: "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." *See also*, *FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478

| | | | (9th Cir. 1991) ("Declarations and other evidence of the moving party that would not be admissible are subject to a timely objection and may be stricken.") |
|---|---|---|---|
| 5 | Declaration of Blake Graham (Dkt. No. 53-2) ¶ 19: This objection stands to all sub paragraphs a – o. | | Declarant improperly offers lay testimony that is actually expert testimony (based on scientific, technical, or specialized knowledge). Fed. R. Evid. 701(c); *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). Declarant was not disclosed as an expert witness but is essentially providing testimony that would only be admissible if offered by an expert. Lay opinion is admissible if it is based on the declarant's own percipience of the events and is not based on scientific, technical, or other specialized knowledge within the scope of FRE 702. Here, declarant's opinion is based on specialized knowledge and is thus inadmissible.<br><br>No personal knowledge. Witnesses are prohibited from testifying as to matters that they lack personal knowledge of. Fed. R. Evid. 602. The personal knowledge standard of 602 is also applicable to affidavits and declarations submitted in connection with motions for summary judgment. (*See* FRCP 56(e) which requires, in part, that: "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." *See also*, *FDIC v. New Hampshire Ins. Co.*, |

| | | |
|---|---|---|
| | | 953 F.2d 478 (9th Cir. 1991) ("Declarations and other evidence of the moving party that would not be admissible are subject to a timely objection and may be stricken.") |
| 6 | Declaration of Blake Graham (Dkt. No. 53-2) ¶ 21: "From 1994 to 2004, the federal assault weapons ban controlled the manufacture and sales of LCMs in the United States. During this 10-year window, new LCMs were only able to be sold to law enforcement and the military. Over time, LCMs *were removed from public access due to incidental seizure during everyday law enforcement investigations in all 50 states*. (Objection to italicized portion). | Same as Objection 1. |
| 7 | Declaration of Blake Graham (Dkt. No. 53-2) ¶ 22: "In 1999, the California Legislature passed Senate Bill No. 23, which restricted sales, transfer and manufacture of LCMs on a state level. This bill, which, at the time did not prohibit possession of LCMs, eventually became codified as California Penal Code section 32310." | Declarant improperly offers lay testimony that is actually expert testimony (based on scientific, technical, or specialized knowledge). Fed. R. Evid. 701(c); *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). He impermissibly offers expert testimony under the guise of lay opinion, in contravention of FRE 701 and 702. Declarant was not disclosed as an expert witness but is essentially providing testimony that would only be admissible if offered by an expert. Lay opinion is admissible if it is based on the declarant's own percipience of the events and is not based on scientific, technical, or other specialized knowledge within the scope of FRE 702. Here, declarant's opinion is |

6

OBJECTIONS TO DEFENDANT'S EVIDENCE RE OPPOSITION TO MSJ

| | | based on specialized knowledge and is thus inadmissible. |
|---|---|---|
| | | There is no foundation for this statement. If there is, it is due to having specialized knowledge as an expert and he is not a designated expert. |
| 8 | Declaration of Blake Graham (Dkt. No. 53-2) ¶ 23: "For nearly two decades, since 2000, when California's LCM restrictions went into effect, magazine manufacturers have been producing compliant magazines for sale in California that hold no more than 10 rounds of ammunition, which are widely available in the state and compatible with most, if not all, semiautomatic firearms." | Same as objection 7. |
| 9 | Declaration of Blake Graham (Dkt. No. 53-2) ¶ 24: "Once the Federal restrictions were lifted in late 2004, LCMS became available in states outside California. *This has created in [sic] increase in the amount of illegal importation of LCMs in California*." (Objection to italicized portion). | Same as objection 5. |
| 10 | Declaration of Blake Graham (Dkt. No. 53-2) ¶ 25: "Since at least 2002, Agents from the DOJ Bureau of Firearms have conducted investigations in which California residents would travel outside California and purchase or acquire LCMs and then return to California with these illegally imported LCMs." | Same as objection 5. |

| 11 | Declaration of Blake Graham (Dkt. No. 53-2) ¶ 28: "*The prohibition on sales, but not possession, of LCMs, has also created a market for LCM repair kits.* At numerous California gun shows, prior to 2014, I saw subjects purchase disassembled LCMs being sold as large-capacity magazine repair kits. *Often the repair kits were for weapons that were not even sold prior to the year 2000*." (Objection to the italicized portion of testimony). | Same as objection 7. |
| 12 | Declaration of Blake Graham (Dkt. No. 53-2) ¶ 29: "Because of the availability of the "repair kits," Special Agents with the Bureau of Firearms could see California residents were either illegally importing LCM or purchasing these repair kits and assembling them into LCMs in violation of Penal Code Section 32310." | Same as objection 3. |
| 13 | Declaration of Blake Graham (Dkt. No. 53-2) ¶ 30: "On October 11, 2013, Governor Brown signed Assembly Bill No. 48, which made it a misdemeanor to knowingly manufacture, import, keep for sale, offer or expose for sale, or give, lend, buy, or receive any LCM conversion kit that is capable of converting an ammunition feeding device into a large-capacity magazine. The bill also made it a misdemeanor or a felony to buy or receive a large-capacity magazine. *This new law in essence outlawed "repair kits" and the issues associated with them.* Much of AB 48 was codified as Section 32310, | Declarant improperly offers lay testimony that is actually expert testimony (based on scientific, technical, or specialized knowledge). Fed. R. Evid. 701(c); *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). Declarant impermissibly offers expert testimony under the guise of lay opinion, in contravention of FRE 701 and 702. Declarant was not disclosed as an expert witness but is essentially providing testimony that would only be admissible if offered by an expert. Lay opinion is admissible if it is based on the declarant's own percipience of the events and is not |

| | | | |
|---|---|---|---|
| | | subdivisions (a) and (b). (Objection to italicized portion of testimony). | based on scientific, technical, or other specialized knowledge within the scope of FRE 702. Here, declarant's opinion is based on specialized knowledge and is thus inadmissible.<br><br>Constitutes a legal conclusion. Testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible under FRE 704. *See United State v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009); *United States v. School*, 166 F.3d 964, 973 (9th Cir. 1999). |
| | 14 | Declaration of Blake Graham (Dkt. No. 53-2) ¶ 31: "Even with the passage of AB 48, BOF Agents do not have the ability to identify whether the LCMs at issue where legally purchased, or are the product of an illegal transfer. *Also, the presence of large numbers of LCMs in the state—even if lawfully owned by law-abiding citizens—increase the potential for criminal theft or illegal trafficking of such magazines.*" (Objection to italicized portion). | Same as objection 3. |
| | 15 | Declaration of Blake Graham (Dkt. No. 53-2) ¶ 32: "Because of these challenges in identifying legally possessed magazines, as well as use of LCMs in mass shootings that have occurred both in and outside of California for several years, the people of California enacted Proposition 63 in November of 2016 to amend Section 32310 to prohibit the possession of large-capacity magazines. The State's laws prohibiting possession of large | Same as objection 4. |

OBJECTIONS TO DEFENDANT'S EVIDENCE RE OPPOSITION TO MSJ

| | | | |
|---|---|---|---|
| | | capacity magazines through Proposition 63 ensures the restriction on the use of such magazines in the State." | |
| | 16 | Declaration of Ken James (Dkt. No. 53-3) ¶ 6: "*In my opinion, the existence of high capacity magazines only serves to enhance the killing and injuring potential of a firearm.* I have attended debriefings of several high profile mass shootings, including Columbine, Sandy Hook, Aurora Colorado, San Bernardino, Orlando Nightclub, and the Christopher Dorner shootings in Southern California. *In each of these shootings high capacity magazines were utilized allowing the shooter or shooters to move quickly through an area dispensing a large number of bullets without slowing to reload, resulting in mass casualties. I have drawn from these reviews that casualties would have been significantly reduced if a shooter needed to slow or stop to reload after ten shots.*" (Objection to italicized portions). | Same as objection 4. |
| | 17 | Declaration of Ken James (Dkt. No. 53-3) ¶ 7: "*It is my opinion that possession and use of high capacity magazines by individuals committing criminal acts pose a significant threat to law enforcement personnel and the general public.* I have been involved with and/or supervised the investigation of gun violence crimes in which high capacity magazines were used. For example, in a drive-by shooting in the City of Emeryville, the investigation revealed that in | Same as objection 3. |

OBJECTIONS TO DEFENDANT'S EVIDENCE RE OPPOSITION TO MSJ
17cv1017

| | | |
|---|---|---|
| | excess of forty casings from two different guns were found at the scene. The shooting resulted in the death of one individual, but fortunately, no other injuries to individuals at the scene. Witnesses told officers that the shooting lasted only a matter of seconds. The number of shots fired resulted in adjacent occupied buildings being struck by stray bullets posing a significant threat to the occupants of those buildings." (Objection to italicized portion). | |
| 18 | Declaration of Ken James (Dkt. No. 53-3) ¶ 8: "*Also it is my opinion that the use of high capacity magazines is not necessary for self-defense.* In my professional capacity as a police chief, Chair of the California Police Chiefs Association's Firearms Committee and member of the IACP's Firearms Committee, I have read and viewed news accounts of incidents in which individuals have defended themselves from a [sic] criminal attacks and perceived criminal attacks by using a firearm. I have performed these reviews to determine whether a large number of rounds was necessary in those incidents for the victims to defend themselves. I am not aware that in any of the accounts the victims fired in excess of ten shots in their defense." (Objection to italicized portion). | Same as objection 3. |
| 19 | Declaration of Ken James (Dkt. No. 53-3) ¶ 10: "The California Police Chiefs Association, in their initial | Declarant would have to be a designated expert, which he is not, in order to show that he has specialized |

OBJECTIONS TO DEFENDANT'S EVIDENCE RE OPPOSITION TO MSJ

| | | | |
|---|---|---|---|
| | | position paper on gun violence written in 1995 and in subsequent updates, have identified limiting magazine capacities as an appropriate and necessary measure to reduce gun violence. The Association adopted its initial position paper in 1995 and has updated and revised its position three times since. The initial paper identified six areas, including limiting magazine capacity, that would significantly impact gun violence in California. Attached hereto as *Exhibit A* is a true and correct copy of the Associations position paper adopted in May of 2013. The Association supported legislation that resulted in the current laws regulating magazine capacity." (Objection to italicized portion referencing exhibit). | knowledge such that he could utilize the document at issue to formulate an admissible expert opinion. As such, Declarant improperly offers lay testimony that is actually expert testimony (based on scientific, technical, or specialized knowledge). Fed. R. Evid. 701(c); *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997).<br><br>Hearsay. Declarant offers this out of court document to prove the truth of the matters asserted in the document, i.e., that limiting magazine capacity would "significantly impact gun violence in California." Fed. R. Evid. 801-802. |
| | 20 | Declaration of John D. Echeverria (Dkt. No. 53-4) Ex. 1 at 38, 18-20 (Expert Witness Report of Lucy P. Allen, ¶¶ 26-29):<br><br>Opinion that odds in California of a victim needing an LCM in a self-defense situation extremely low, compared with harm being done by a firearm. | **Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Unduly prejudicial.**<br><br>Allen addresses a claim that Plaintiffs never make: that LCMs are commonly used (as opposed to possessed) for self-defense. The rate of such incidents are irrelevant. The alleged statistics on gun owners harming themselves are likewise irrelevant and, as such, unduly prejudicial by relying on emotion with no probative value. |
| | 21 | Declaration of John D. Echeverria (Dkt. No. 53-4) Ex. 2 at 38, 42-44 (Expert Witness Report of John J. Donohue, ¶¶ 10, 23-25):<br><br>Opinions that LCMs are key elements to lethality of mass shootings and that | **Speculative expert testimony.**<br><br>Fed. R. Evid. 702; *U.S. v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002) ("The trial judge in all cases of preferred expert testimony must find that it is properly grounded, well-reasoned, and not speculative before |

| | | |
|---|---|---|
| | banning LCMs would lessen lethality of such shootings. | it can be admitted. The … expert must explain how the conclusion is so grounded." (quoting Fed. R. Evid. 702, comm. note)). |
| | | **Improper expert methodology.** |
| | | Fed. R. Evid. 702, 703; *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146-47 (1997) (holding courts have discretion to decide that materials relied upon by experts are insufficient to support an expert's conclusions). |
| | | Donohue provides no data or basis for his claim that banning LCMs will. |
| | | Donohue does not identify any data or other acceptable foundation upon which he bases his opinion. He merely cites to a *New York Times* video (¶ 23), a *Las Vegas Sun* editorial (¶ 24), and a statement by Sheriff Lombardo to Congress (¶ 24), all commenting on LCMs and mass shootings. But an "expert exceeds bounds of permissible expert testimony when he is used as little more than conduit or transmitter for testimonial hearsay, rather than as true expert whose considered opinion sheds light on some specialized factual situation." *U.S. v. Vera*, 770 F.3d 1232 (9th Cir. 2014). |
| | | An expert's lack of certainty may lead to exclusion of evidence on the basis that the testimony is unreliable or unhelpful. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1321-22 (9th Cir. 1995). |
| 22 | Declaration of John D. Echeverria (Dkt. No. 53-4) Ex. 2 at 38-9 (Expert | Improper testimony of an expert witness as to a legal question. Fed. R. |

OBJECTIONS TO DEFENDANT'S EVIDENCE RE OPPOSITION TO MSJ

| | | Witness Report of John J. Donohue, ¶¶ 12-13):<br><br>Opinion that the opinion of Plaintiffs' expert, James Curcuruto, is irrelevant. | Evid. 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) ("[E]xpert testimony consisting of legal conclusions [is] not admissible." (citing *Marx v. Diners Club, Inc.*, 550 F.2d 505, 509 (2d Cir. 1977)).<br><br>The expert is opining on what is proper to consider under the relevant constitutional analysis. |
|---|---|---|---|
| | 23 | Declaration of John D. Echeverria (Dkt. No. 53-4) Ex. 2 at 39 (Expert Witness Report of John J. Donohue, ¶ 13):<br><br>Opinion that the stock of LCMs in California is far lower on a per capita basis than states without LCM restrictions. | For the reasons stated in support of Objection No. 21 above, the statements are improper speculation that should not be considered by the Court.<br><br>Donohue does not identify any data or other acceptable foundation upon which he bases his opinion. |
| | 24 | Declaration of John D. Echeverria (Dkt. No. 53-4) Ex. 2 39-40 (Expert Witness Report of John J. Donohue, ¶¶ 14-15, 17-18):<br><br>Opinion that LCM ownership is increasingly concentrated. | **Improper expert methodology.**<br><br>Donohue merely cites to surveys that he did not conduct, nor claims to have had any input or special knowledge of, and an article. But an "expert exceeds bounds of permissible expert testimony when he is used as little more than conduit or transmitter for testimonial hearsay, rather than as true expert whose considered opinion sheds light on some specialized factual situation." *U.S. v. Vera*, 770 F.3d 1232 (9th Cir. 2014). |
| | 25 | Declaration of John D. Echeverria (Dkt. No. 53-4) Ex. 2 at 40 (Expert Witness Report of John J. Donohue, ¶ 19): | **Speculative expert testimony.**<br><br>For the reasons stated in support of Objection No. 21 above, the statements are improper speculation |

| | | | |
|---|---|---|---|
| | | Opinion that stock of LCMs would be lower today had the federal LCM restriction not lapsed. | that should not be considered by the Court.<br><br>Donohue does not identify any data or other acceptable foundation upon which he bases his opinion. |
| | 26 | Declaration of John D. Echeverria (Dkt. No. 53-4) Ex. 2 at 40 (Expert Witness Report of John J. Donohue, ¶ 19):<br><br>Opinions that the 1994 federal LCM restriction was lawful and that LCM availability following its lapse cannot be the basis to deny states the ability to prohibit LCMs now. | For the reasons stated in support of Objection No. 22 above, the statements are improper legal conclusions that should not be considered by the Court.<br><br>The expert is opining on the constitutionality of LCM bans and on what is proper to consider under the relevant constitutional analysis. |
| | 27 | Declaration of John D. Echeverria (Dkt. No. 53-4) Ex. 2 at 41 (Expert Witness Report of John J. Donohue, ¶¶ 20-1):<br><br>Opinions that self-defense needs of law enforcement officers are different than those of private individuals and that extended gun battles are "far more common" for law enforcement officers than private individuals. | For the reasons stated in support of Objection No. 21 above, the statements are improper speculation that should not be considered by the Court.<br><br>Donohue does not identify any data or other acceptable foundation upon which he bases his opinion. |
| | 28 | Declaration of John D. Echeverria (Dkt. No. 53-4) Ex. 2 at 41-2 (Expert Witness Report of John J. Donohue, ¶ 22):<br><br>Referring to Plaintiffs' expert Steve Helsley's comment that people may need an LCM in a self-defense situation because they may "miss" a lot when shooting as "encouraging" people to "spray" bullets." | **Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 702: Unhelpful to the trier of fact;**<br><br>Donohue's opinion about Helsley's statement is irrelevant because no reasonable person would construe Helsley's point as Donohue did, and it is thus unhelpful to the trier of fact and irrelevant. As such, it is not proper expert testimony. |

OBJECTIONS TO DEFENDANT'S EVIDENCE RE OPPOSITION TO MSJ

| 29 | Declaration of John D. Echeverria (Dkt. No. 534) Ex. 3 (Expert Witness Report of Louis Klarevas): | **Fed. R. Evid. 702: Witness not qualified as expert.**

If a witness lacks "special" knowledge, skill, or experience on the particular subject for which he has been called to express an opinion, an objection to his testimony as an expert lies. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1321-22 (9th Cir. 1995).

As laid out in the Expert Rebuttal Report of Gary Kleck, Declaration of Anna M. Barvir, Ex. 3 at 52, Professor Klarevas lacks all the hallmarks of an "expert" in any field relevant to this case. Based on his own Curriculum Vitae, Klarevas has never published a single refereed article on firearms and violence generally, or mass shootings specifically. That is, he has never published anything on the topic that had to pass review by other experts in the field. His only publication of any kind on the topic is a popular book on mass shootings, *Rampage Nation: Securing America from Mass Shootings* (2016), which offers mostly unsystematic descriptions of mass shootings and non-sequitur opinions about how to prevent them.

Further, Klarevas' claim that he "assembled 50 years of data capturing all known gun massacres in the United States" does not establish that he had done significant research to survive an objection under FRE 702.  Klarevas' work is merely expands on the work Dr. Grant Duwe, |

16

OBJECTIONS TO DEFENDANT'S EVIDENCE RE OPPOSITION TO MSJ

17cv1017

| | | | |
|---|---|---|---|
| | | | who gathered data on every mass murder (not just mass shootings) in the United States for the entire 20th century. All that Klarevas did for his book was to extend Duwe's work to cover the period from 2000 to 2015, and only for a small subset of mass murders. Klarevas is not an expert on this topic. |
| 30 | | Declaration of John D. Echeverria (Dkt. No. 53-5) Ex. 4 at 139-41 (Expert Witness Report of Christopher S. Koper):<br><br>Opinion that presence of LCMs may result in increased shooting victims. | **Fed. R. Evid. 702, 703 Improper speculation.**<br><br>Koper relies upon a report that admits in conclusion, "the evidence on these matters is too limited (both in volume and quality) to make firm projections of the [federal Assault Weapons] ban's impact, should it be reauthorized." An expert's lack of certainty may lead to exclusion of evidence on the basis that the testimony is unreliable or unhelpful. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1321-22 (9th Cir. 1995). |
| 31 | | Declaration of John D. Echeverria (Dkt. No. 53-5) Ex. 4 at 139-41 (Expert Witness Report of Christopher S. Koper):<br><br>Opinion that his "studies and others do appear to show . . . a possibly significant impact [based on the Washington Post's analysis of Virginia data] on those crimes involving LCMs.") | **Fed. R. Evid. 702, 703 Improper expert methodology and speculation.**<br><br>For the reasons stated in support of Objection No._21 above, the statement should not be considered by this Court.<br><br>Koper's opinion is the epitome of speculation by saying it "appears" there may "possibly" be an impact. He relied on a single hearsay study conducted by newspaper reporters for which he does not claim to have had information about the methodology |

| | | | |
|---|---|---|---|
| | | | utilized in the study and provided no testimony on whether such methodology and its results are the types "experts in the particular field would reasonably rely on … in forming an opinion on the subject …"). Fed. R. Evid. 702. |
| | 32 | Declaration of John D. Echeverria (Dkt. No. 53-5) Ex. 4 at 141-142 (Expert Witness Report of Christopher S. Koper):<br><br>Opinion that had that federal LCM ban remained in place there would have been additional long-term benefits. | See objection 31. |
| | 33 | Declaration of John D. Echeverria (Dkt. No. 53-8) Ex. 16 at 723-36:<br><br>Mark Follman, et al., *U.S. Mass Shootings, 1982-2018: Data from Mother Jones' Investigation* (Mother Jones, 2018). | **Fed. R. Evid. 702, 801-802.**  Because the document is comprised entirely of out of court statements being offered for the truth of their contents, and because it is not being put forth by an expert who can speak directly to the reliability thereof under Fed. R. Evid. 702, nor is it proper lay opinion under Fed. R. Evid. 702, the document's contents are inadmissible<br><br>hearsay and should not be considered by the court under Fed. R. Evid. 801-802. |
| | 34 | Declaration of John D. Echeverria (Dkt. No. 53-8) Ex. 17 at 738-72:<br><br>Mayors Against Illegal Guns, *Analysis of Recent Mass Shootings* (2013) | For the reasons stated in support of Objection No. 33 above, the document's contents are inadmissible hearsay and should not be considered by the Court. |
| | 35 | Declaration of John D. Echeverria Ex. 18 (Dkt. No. 53-8 p. 00773-00792), ¶7, p.00777: Mr. Webster states his opinion that magazine capacity is particularly relevant to the overall | Same as objection 3. Affidavits and declarations in connection with a motion for summary judgment are only admissible if the affiant or declarant |

OBJECTIONS TO DEFENDANT'S EVIDENCE RE OPPOSITION TO MSJ

| | | damage caused by a criminal shooting. | would be permitted to testify as to the content of the affidavit at trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Because the declarant here would not be permitted to testify at trial, due to not being a designated expert in this litigation, the objected-to testimony here is inadmissible.<br><br>Hearsay. Declarant offers this out of court document to prove the truth of the matters asserted in the document, i.e., that LCMs enhance the lethality of firearm violence. Fed. R. Evid. 801-802. |
| 36 | | Declaration of John D. Echeverria Ex. 18 (Dkt. No. 53-8, p. 00773-00792), ¶8, p.00777: Mr. Webster states his opinion that the ability to accept an LCM is what distinguishes an assault weapon from another firearm. He also opines that LCMs are particularly attractive to criminals. | Same as objection 3.<br>Affidavits and declarations in connection with a motion for summary judgment are only admissible if the affiant or declarant would be permitted to testify as to the content of the affidavit at trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Because the declarant here would not be permitted to testify at trial, due to not being a designated expert in this litigation, the objected-to testimony here is inadmissible.<br><br>Hearsay. Declarant offers this out of court document to prove the truth of the matters asserted in the document, i.e., that LCMs enhance the lethality of firearm violence. Fed. R. Evid. 801-802. |

19

OBJECTIONS TO DEFENDANT'S EVIDENCE RE OPPOSITION TO MSJ

| 37 | Declaration of John D. Echeverria Ex. 18 (Dkt. No. 53-8, p. 00773-00792), ¶11, p.00779: Mr. Webster states his opinion that shooters often select a weapon with an LCM. | Same as objection 3. Affidavits and declarations in connection with a motion for summary judgment are only admissible if the affiant or declarant would be permitted to testify as to the content of the affidavit at trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Because the declarant here would not be permitted to testify at trial, due to not being a designated expert in this litigation, the objected-to testimony here is inadmissible.<br><br>Hearsay. Declarant offers this out of court document to prove the truth of the matters asserted in the document, i.e., that LCMs enhance the lethality of firearm violence. Fed. R. Evid. 801-802. |
|----|----|----|
| 38 | Declaration of John D. Echeverria Ex. 18 (Dkt. No. 53-8, p. 00773-00792), ¶12, p.00780: Mr. Webster states his opinion that there is data showing more people are shot in incidents where an LCM is used than when one is not used. | Same as objection 3. Affidavits and declarations in connection with a motion for summary judgment are only admissible if the affiant or declarant would be permitted to testify as to the content of the affidavit at trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Because the declarant here would not be permitted to testify at trial, due to not being a designated expert in this litigation, the objected-to testimony here is inadmissible.<br><br>Hearsay. Declarant offers this out of court document to prove the truth of |

20

OBJECTIONS TO DEFENDANT'S EVIDENCE RE OPPOSITION TO MSJ

17cv1017

| | | |
|---|---|---|
| | | the matters asserted in the document, i.e., that LCMs enhance the lethality of firearm violence. Fed. R. Evid. 801-802. |
| 39 | Declaration of John D. Echeverria Ex. 18 (Dkt. No. 53-8, p. 00773-00792), ¶13-23, p.00780-00788: Mr. Webster challenges and essentially rebuts the data in Plaintiffs' expert Dr. Gary Kleck's report throughout these paragraphs. | Same as objection 1. Affidavits and declarations in connection with a motion for summary judgment are only admissible if the affiant or declarant would be permitted to testify as to the content of the affidavit at trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Because the declarant here would not be permitted to testify at trial, due to not being a designated expert in this litigation, the objected-to testimony here is inadmissible. |
| 40 | Declaration of John D. Echeverria Ex. 18 (Dkt. No. 53-8, p. 00773-00792), ¶25, p.00790: Mr. Webster states his opinion that the proper conclusion to draw from the data that is available on the past assault weapons bans is that the LCM aspect of them was the most protective aspect. | Same as objection 3. Affidavits and declarations in connection with a motion for summary judgment are only admissible if the affiant or declarant would be permitted to testify as to the content of the affidavit at trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Because the declarant here would not be permitted to testify at trial, due to not being a designated expert in this litigation, the objected-to testimony here is inadmissible.<br><br>Hearsay. Declarant offers this out of court document to prove the truth of the matters asserted in the document, i.e., that LCMs enhance the lethality |

| | | | |
|---|---|---|---|
| | | | of firearm violence. Fed. R. Evid. 801-802. |
| 41 | | Declaration of John D. Echeverria (Dkt. No. 53-8) Ex. 19 at 793-97: Larry Buchanan, et al., *Nine Rounds a Second: How the Las Vegas Gunman Outfitted a Rifle to Fire Faster*, N.Y. Times, Oct. 5 2017 | For the reasons stated in support of Objection No. 33_above, the document's contents are inadmissible hearsay and should not be considered by the Court. Additionally, its contents are of a technical nature that constitute expert opinion. Since Defendant did not designate its author as an expert, it cannot be considered. Fed. R. Evid. 701, Subd. (c). |
| 42 | | Declaration of John D. Echeverria (Dkt. No. 53-9) Ex. 20 at 798-807: Violence Policy Center, *High-Capacity Ammunition Magazines are the Common Thread Running Through Most Mass Shootings in the United States* (2018) | For the reasons stated in support of Objection No. 41_above, the document's contents are inadmissible hearsay and should not be considered by the Court. |
| 43 | | Declaration of John D. Echeverria (Dkt. No. 53-9) Ex. 21 at 808-11: Alex Yablon, *Bans on High-Capacity Magazines, Not Assault Rifles, Most Likely to Limit Shooting Carnage*, The Trace, June 13, 2016 | For the reasons stated in support of Objection No. 41 above, the document's contents are inadmissible hearsay and should not be considered by the Court. |
| 44 | | Declaration of John D. Echeverria (Dkt. No. 53-9) Ex. 23 at 861-67: Mark Follman, *More Guns, More Mass Shootings—Coincidence?*, Mother Jones, Dec. 15, 2012 | For the reasons stated in support of Objection No. 41 above, the document's contents are inadmissible hearsay and should not be considered by the Court. |
| 45 | | Declaration of John D. Echeverria (Dkt. No. 53-10) Ex. 25 at 899-904: | For the reasons stated in support of Objection No. 41 above, the document's contents are inadmissible |

| | | Robert J. Spitzer, *Gun Law History in the United States and Second Amendment Rights*, 80 Law & Contemporary Problems 55 (2017) | hearsay and should not be considered by the Court. |
|---|---|---|---|
| | 46 | Declaration of John D. Echeverria (Dkt. No. 53-11) Ex. 29 at 1,290-294:<br><br>*LAPD Chief Backs Ban on Some Ammo Magazines*, NBC So. Cal., Mar. 2, 2011 | For the reasons stated in support of Objection No. 41 above, the document's contents are inadmissible hearsay and should not be considered by the Court. |
| | 47 | Declaration of John D. Echeverria (Dkt. No. 53-11) Ex. 31 at 1,301-364:<br><br>Brady Center to Prevent Gun Violence, Assault Weapons: 'Mass Produced Mayhem' (2008) | For the reasons stated in support of Objection No. 41 above, the document's contents are inadmissible hearsay and should not be considered by the Court.<br><br>It states as much at p. 1,308:<br><br>"The question should be asked of the candidates, 'Senator, why should civilians be allowed to wield these weapons of war?'<br><br>This report provides the factual basis for answering that question, and makes the evidentiary case for an assault weapons ban. The report also outlines how the availability of assault weapons to criminals has altered the balance of power on urban streets between police and criminals, placing police officers in grave risk of harm." |
| | 48 | Declaration of John D. Echeverria (Dkt. No. 53-11) Ex. 32 at 1,365-372:<br><br>Testimony of Brian J. Siebel, Senior Attorney, Brady Center to Prevent Gun Violence, Before the Council of | For the reasons stated in support of Objection No. 41 above, the document's contents are inadmissible hearsay and should not be considered by the Court. |

23

OBJECTIONS TO DEFENDANT'S EVIDENCE RE OPPOSITION TO MSJ

| | | | |
|---|---|---|---|
| | | the District of Columbia (Oct. 1, 2008) | |
| | 49 | Declaration of John D. Echeverria (Dkt. No. 53-12) Ex. 34 at 1,378-382:<br><br>Nat. Law Enforcement P'ship to Prevent Gun Violence, Protecting Communities from Assault Weapons and High-capacity Ammunition Magazines (2017) | For the reasons stated in support of Objection No. 41 above, the document's contents are inadmissible hearsay and should not be considered by the Court. |
| | 50 | Declaration of John D. Echeverria (Dkt. No. 53-3) Ex. 35 at p. 01384-04102, ¶5, p. 01385) Expert Declaration of San Francisco Police Department Officer Joseph Emanuel: "In this Declaration, I discuss my experience, education, and expertise on firearms, particularly within San Francisco. Additionally, I explain how large-capacity magazines are dangerous to the public and to police officers, by allowing shooters to fire more rounds of ammunition without having to stop to reload." | Same as Objection 1. This is an expert opinion from an entirely different case. Joseph Emanuel was never designated as an expert in this litigation, and as such, any testimony of his offered to the Court by way of Defendant's counsel's own declaration is at most lay opinion.<br><br>Affidavits and declarations in connection with a motion for summary judgment are only admissible if the affiant or declarant would be permitted to testify as to the content of the affidavit at trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Because the declarant here would not be permitted to testify at trial, due to not being a designated expert in this litigation, the objected-to testimony here is inadmissible. |
| | 51 | Declaration of John D. Echeverria Ex. 35 (Dkt. No. 53-3, p. 01384-04102), ¶35, p. 01391: "The ability of large capacity magazines to hold numerous rounds of ammunition significantly increases the lethality of the | Same as Objection 1. This is an expert opinion from an entirely different case. Joseph Emanuel was never designated as an expert in this litigation, and as such, any testimony of his offered to the Court by way of |

OBJECTIONS TO DEFENDANT'S EVIDENCE RE OPPOSITION TO MSJ
17cv1017

| | | | |
|---|---|---|---|
| | | automatic and semiautomatic firearms using them. The more bullets a shooter can fire without stopping to reload increases the shooter's ability to injure and kill large numbers of people quickly. In addition, in a dense urban area like San Francisco, every firearm discharge has the potential to injure innocent people who are nearby. Increasing the number of rounds a firearm can discharge through the use of large capacity magazines can and does result in unnecessary injury to innocent people who are nearby." | Defendant's counsel's own declaration is at most lay opinion.<br><br>Affidavits and declarations in connection with a motion for summary judgment are only admissible if the affiant or declarant would be permitted to testify as to the content of the affidavit at trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Because the declarant here would not be permitted to testify at trial, due to not being a designated expert in this litigation, the objected-to testimony here is inadmissible.<br><br>Hearsay. Declarant offers this out of court document to prove the truth of the matters asserted in the document, i.e., that LCMs enhance the lethality of firearm violence. Fed. R. Evid. 801-802. |
| | 52 | Declaration of John D. Echeverria Ex. 35 (Dkt. No. 53-3, p. 01384-04102), ¶4, p. 01385: Mr. Emanuel states in part "In this Declaration, except where I state something to be based on my own personal observations, I am stating my opinion as a firearms expert, or am referring to information that I used to form my opinions." | Same as objection 1. Mr. Emanuel clearly states that he is an expert, but he was never designated as one in this litigation.<br><br>Affidavits and declarations in connection with a motion for summary judgment are only admissible if the affiant or declarant would be permitted to testify as to the content of the affidavit at trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Because the declarant here would not be permitted to testify at trial, due to not being a designated expert in this litigation, |

| | | | |
|---|---|---|---|
| 1 2 | | | the objected-to testimony here is inadmissible. |
| 3 4 5 6 7 8 9 10 11 12 13 14 15 | 53 | Declaration of John D. Echeverria Ex. 35 (Dkt. No. 53-3, p. 01384-04102), ¶20, p. 01388: Mr. Emanuel opinions on the legal distinctions between various categories of assault weapons. | Same as objection 1. This is specialized, expert testimony given by a someone never designated as an expert in this litigation.<br><br>Affidavits and declarations in connection with a motion for summary judgment are only admissible if the affiant or declarant would be permitted to testify as to the content of the affidavit at trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Because the declarant here would not be permitted to testify at trial, due to not being a designated expert in this litigation, the objected-to testimony here is inadmissible. |
| 16 17 18 19 20 21 22 23 24 25 26 27 28 | 54 | Declaration of John D. Echeverria Ex. 35 (Dkt. No. 53-3, p. 01384-04102), ¶23, p. 01389: Mr. Emanuel states in precision detail various technical aspects of firearms magazines and how they operate. | Same as objection 1. This is specialized, expert testimony given by a someone never designated as an expert in this litigation.<br><br>Affidavits and declarations in connection with a motion for summary judgment are only admissible if the affiant or declarant would be permitted to testify as to the content of the affidavit at trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Because the declarant here would not be permitted to testify at trial, due to not being a designated expert in this litigation, the objected-to testimony here is inadmissible. |

OBJECTIONS TO DEFENDANT'S EVIDENCE RE OPPOSITION TO MSJ
17cv1017

| 55 | Declaration of John D. Echeverria Ex. 35 (Dkt. No. 53-3, p. 01384-04102), ¶25, p. 01390: Mr. Emanuel opines on the relationship between the magazine capacity and reloading. | Same as objection 1. This is specialized, expert testimony given by a someone never designated as an expert in this litigation.<br><br>Affidavits and declarations in connection with a motion for summary judgment are only admissible if the affiant or declarant would be permitted to testify as to the content of the affidavit at trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Because the declarant here would not be permitted to testify at trial, due to not being a designated expert in this litigation, the objected-to testimony here is inadmissible. |
| 56 | Declaration of John D. Echeverria Ex. 35 (Dkt. No. 53-3, p. 01384-04102), ¶36, p. 01392: Mr. Emanuel states that study derived data shows a link between LCM use and lethality of shootings. | Same as objection 1. This is specialized, expert testimony given by a someone never designated as an expert in this litigation. Affidavits and declarations in connection with a motion for summary judgment are only admissible if the affiant or declarant would be permitted to testify as to the content of the affidavit at trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Because the declarant here would not be permitted to testify at trial, due to not being a designated expert in this litigation, the objected-to testimony here is inadmissible. |
| 57 | Declaration of John D. Echeverria Ex. 35 (Dkt. No. 53-3, p. 01384-04102), ¶38, p. 01393: Mr. Emanuel states his | Same as objection 3. Affidavits and declarations in connection with a motion for |

27

OBJECTIONS TO DEFENDANT'S EVIDENCE RE OPPOSITION TO MSJ

| | | opinion that criminals prefer firearms equipped with LCMs. | summary judgment are only admissible if the affiant or declarant would be permitted to testify as to the content of the affidavit at trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Because the declarant here would not be permitted to testify at trial, due to not being a designated expert in this litigation, the objected-to testimony here is inadmissible.<br><br>Hearsay. Declarant offers this out of court document to prove the truth of the matters asserted in the document, i.e., that LCMs enhance the lethality of firearm violence. Fed. R. Evid. 801-802. |
|---|---|---|---|
| | 58 | Declaration of John D. Echeverria Ex. 35 (Dkt. No. 53-3, p. 01384-04102), ¶40, p. 01394: Mr. Emanuel states his opinion that large capacity magazines in the hands of criminals pose a greater threat to police than lower capacity magazines. | Same as objection 3. Affidavits and declarations in connection with a motion for summary judgment are only admissible if the affiant or declarant would be permitted to testify as to the content of the affidavit at trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Because the declarant here would not be permitted to testify at trial, due to not being a designated expert in this litigation, the objected-to testimony here is inadmissible.<br><br><br>Hearsay. Declarant offers this out of court document to prove the truth of the matters asserted in the document, i.e., that LCMs enhance the lethality of firearm violence. Fed. R. Evid. 801-802. |

OBJECTIONS TO DEFENDANT'S EVIDENCE RE OPPOSITION TO MSJ

17cv1017

| 59 | Declaration of John D. Echeverria Ex. 36, (Dkt. No. 53-3, p. 01404-01412, ¶11, p. 01411): "It is my opinion, based on my training and experience, that large capacity magazines in the hands of criminals pose a greater danger to both police officers and the public than standard capacity magazines. Large capacity magazines increase the number of rounds that the shooter can discharge in a given amount of time. Large capacity magazines allow the shooter to fire more rounds at their target(s) before the need to stop firing in order to replace the magazine. The use of large capacity magazines in conjunction with any semi-automatic or fully automatic firearm increases the potential lethality of the firearm. There is a direct correlation between the number of rounds immediately available to the shooter and the ability to inflict more casualties among those persons targeted. This has been illustrated in various mass-shootings in and around the City of Los Angeles over the past twenty years." | Same as Objection 1. Declarant improperly offers lay testimony that is actually expert testimony (based on scientific, technical, or specialized knowledge). Fed. R. Evid. 701(c); *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). Detective Merserau offered this declaration in support of an *amicus* brief filed in the appeal of the preliminary injunction issued in favor of Plaintiffs in this litigation. Detective Mersereau has not been designed as an expert in this litigation by Defendant and therefore cannot provide expert opinion testimony via a declaration offered as an exhibit to Defendant's counsel's declaration.<br><br>Affidavits and declarations in connection with a motion for summary judgment are only admissible if the affiant or declarant would be permitted to testify as to the content of the affidavit at trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Because the declarant here would not be permitted to testify at trial, due to not being a designated expert in this litigation, the objected-to testimony here is inadmissible.<br><br>**Hearsay**. Declarant offers this out of court document to prove the truth of the matters asserted in the document, i.e., that LCMs enhance the lethality of firearm violence. Fed. R. Evid. 801-802. |

| 60 | Declaration of John D. Echeverria (Dkt. No. 53-12) Ex. 37 at 1,413-417:<br><br>Mark Follman, et al., *A Guide to Mass Shootings in America*, Mother Jones (last updated Mar. 10, 2018, 9:00 AM) | For the reasons stated in support of Objection No. 41 above, the document's contents are inadmissible hearsay and should not be considered by the Court. |
|----|----|----|
| 61 | Declaration of John D. Echeverria (Dkt. No. 53-12) Ex. 38 at 1,418-422:<br><br>David S. Fallis & James V. Grimaldi, *Va. Data Show Drop in Criminal Firepower During Assault Gun Ban*, Wash. Post, Jan. 23, 2011 | For the reasons stated in support of Objection No. 41 above, the document's contents are inadmissible hearsay and should not be considered by the Court. |
| 62 | Declaration of John D. Echeverria (Dkt. No. 53-12) Ex. 39 at 1,423-427:<br><br>David S. Fallis, *Data Indicate Drop in High-Capacity Magazines During Federal Gun Ban*, Wash. Post, Jan. 10, 2013 | For the reasons stated in support of Objection No. 41 above, the document's contents are inadmissible hearsay and should not be considered by the Court. |
| 63 | Declaration of John D. Echeverria (Dkt. No. 53-12) Ex. 43 at 1,470-478:<br><br>Larry Buchanan, et al., *How They Got Their Guns*, N.Y. Times, Nov. 5, 2017) | For the reasons stated in support of Objection No. 41_above, the document's contents are inadmissible hearsay and should not be considered by the Court. |

Dated: April 23, 2018            **MICHEL & ASSOCIATES, P.C.**

/s/Anna M. Barvir
Anna M. Barvir
Email: abarvir@michellawyers.com
Attorneys for Plaintiffs

30

OBJECTIONS TO DEFENDANT'S EVIDENCE RE OPPOSITION TO MSJ

17cv1017

1

## CERTIFICATE OF SERVICE

2

### UNITED STATES DISTRICT COURT

3

### SOUTHERN DISTRICT OF CALIFORNIA

4

Case Name: *Duncan, et al. v. Becerra*

5

Case No.: 17-cv-1017-BEN-JLB

6

IT IS HEREBY CERTIFIED THAT:

7

8

    I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 180 East Ocean Boulevard,

9

Suite 200 Long Beach, CA 90802. I am not a party to the above-entitled action.

10

    I have caused service of the following documents, described as:

11

12

**PLAINTIFFS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

13

14

on the following parties by electronically filing the foregoing on April 23, 2018, with the Clerk of the District Court using its ECF System, which electronically notifies

15

them.

16

17

John D. Echeverria
Deputy Attorney General
john.echeverria@doj.ca.gov
300 South Spring Street, Suite 1702
Los Angeles, CA 90013

Anthony P. O'Brien
Deputy Attorney General
anthony.obrien@doj.ca.gov
1300 I Street, Suite 125
Sacramento, CA 95814

18

19

20

21

    I declare under penalty of perjury that the foregoing is true and correct. Executed on April 23, 2018, at Long Beach, CA.

22

23

24

/s/Laura Palmerin

25

Laura Palmerin

26

27

28