1  XAVIER BECERRA
   Attorney General of California
2  State Bar No. 118517
   MARK R. BECKINGTON
3  Supervising Deputy Attorney General
   State Bar No. 126009
4  ANTHONY P. O'BRIEN
   Deputy Attorney General
5  State Bar No. 232650
   JOHN D. ECHEVERRIA
6  Deputy Attorney General
   State Bar No. 268843
7   300 South Spring Street, Suite 1702
    Los Angeles, CA  90013
8   Telephone:  (213) 269-6249
    Fax:  (213) 897-5775
9   E-mail:  John.Echeverria@doj.ca.gov
   *Attorneys for Defendant Attorney General*
10 *Xavier Becerra*

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14

15

16 **VIRGINIA DUNCAN, RICHARD**          17-cv-1017-BEN-JLB
   **LEWIS, PATRICK LOVETTE,**
   **DAVID MARGUGLIO,**
17 **CHRISTOPHER WADDELL, and**
   **CALIFORNIA RIFLE & PISTOL**
18 **ASSOCIATION, INC., a California**   **DEFENDANT'S EX PARTE**
   **corporation,**                      **APPLICATION TO STAY**
                                          **JUDGMENT PENDING APPEAL**
19
                            Plaintiffs,   Date:
20                                        Time:
            **v.**                        Judge:       Hon. Roger T. Benitez
21                                        Courtroom:   5A
                                          Action Filed:  May 17, 2017
22 **XAVIER BECERRA, in his official**
   **capacity as Attorney General of the**
23 **State of California; and DOES 1-10,**

24                          Defendants.

25

26

27

28

                                 1

**TO THE COURT AND ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Xavier Becerra, in his official capacity as the Attorney General of the State of California ("Defendant"), hereby does apply to this Court for an order, under Federal Rule of Civil Procedure 62, staying the Judgment entered in this action on March 29, 2019 (Dkt. No. 88) pending appeal to the United States Court of Appeals for the Ninth Circuit. Specifically, Defendant requests that the Court stay the Judgment—which declares California Penal Code section 32310[1] unconstitutional and enjoined from enforcement—to preserve the status quo pending appeal as it existed prior to entry of the Judgment, whereby, during the pendency of the appeal, section 32310(a) and (b) will remain in effect and section 32310(c) and (d) will remain subject to the preliminary injunction issued on June 29, 2017 (Dkt. No. 28).  Defendant respectfully requests that this Court rule on this stay application by **April 5, 2019**.

To effectively preserve the status quo, and to prevent a sudden influx of large-capacity magazines (LCMs) into the State of California (the "State"), Defendant respectfully requests that the Court issue an immediate, temporary stay pending its ruling on the application for a stay pending appeal.  Even if this Court, or the Ninth Circuit, ultimately issues a stay pending appeal, the State will suffer irreparable injury if LCMs are permitted to flow into the State in the interim.  Defendant respectfully requests that such a temporary stay be issued by no later than **April 2, 2019.**

As discussed in the accompanying Memorandum of Points and Authorities in Support of Ex Parte Application to Stay Judgment Pending Appeal (the "Memorandum"), all four factors considered in such a stay request are satisfied. *See Humane Soc'y of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009) ("A party

---

[1] All subsequent statutory references are to the California Penal Code, unless otherwise noted.

Defendant's Ex Parte Application to Stay Judgment Pending Appeal (17-cv-1017-BEN-JLB)

1    seeking a stay must establish [1] that he is likely to succeed on the merits, [2] that

2    he is likely to suffer irreparable harm in the absence of relief, [3] that the balance of

3    equities tip in his favor, and [4] that a stay is in the public interest." (citing *Winter*

4    *v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008))).

5         Defendant brings this ex parte application for good cause on the ground that

6    the State will suffer irreparable and immediate injury until a stay pending appeal is

7    issued.  California has restricted the acquisition of LCMs for nearly two decades,

8    and until the Judgment is stayed pending appeal, individuals will be free to acquire

9    new LCMs, and there is evidence that sales have begun already.  If Section 32310 is

10   ultimately reinstated by the Ninth Circuit, it will be difficult for the State to remove

11   these new LCMs.

12        This application is based on the Memorandum and the Declaration of John D.

13   Echeverria, filed concurrently herewith, as well as all records on file in this action.

14   Dated:  April 1, 2019                          Respectfully Submitted,

15                                                  XAVIER BECERRA
                                                    Attorney General of California
16                                                  MARK R. BECKINGTON
                                                    Supervising Deputy Attorney General
17                                                  ANTHONY P. O'BRIEN
                                                    Deputy Attorney General
18

19                                                  /s/ John D. Echeverria
20
                                                    JOHN D. ECHEVERRIA
21                                                  Deputy Attorney General
                                                    *Attorneys for Defendant Attorney*
22                                                  *General Xavier Becerra*

23

24

25

26

27

28

Defendant's Ex Parte Application to Stay Judgment Pending Appeal (17-cv-1017-BEN-JLB)