XAVIER BECERRA
Attorney General of California
State Bar No. 118517
MARK R. BECKINGTON
Supervising Deputy Attorney General
State Bar No. 126009
ANTHONY P. O'BRIEN
Deputy Attorney General
State Bar No. 232650
JOHN D. ECHEVERRIA
Deputy Attorney General
State Bar No. 268843
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 269-6249
 Fax:  (213) 897-5775
 E-mail:  John.Echeverria@doj.ca.gov
*Attorneys for Defendant Attorney General Xavier Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIRGINIA DUNCAN, RICHARD LEWIS, PATRICK LOVETTE, DAVID MARGUGLIO, CHRISTOPHER WADDELL, and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INC., a California corporation,**<br><br>Plaintiffs,<br><br>v.<br><br>**XAVIER BECERRA, in his official capacity as Attorney General of the State of California; and DOES 1-10,**<br><br>Defendants. | 17-cv-1017-BEN-JLB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION TO STAY JUDGMENT PENDING APPEAL**<br><br>Date:<br>Time:<br>Judge:     Hon. Roger T. Benitez<br>Courtroom: 5A<br>Action Filed: May 17, 2017 |

1

# BACKGROUND

On March 29, 2019, this Court granted Plaintiffs' motion for summary judgment, holding that California Penal Code section 32310[1] as a whole violates the Second Amendment. *See* Order Granting Pls.' Mot. for Summ. J. (the "Order") (Dkt. No. 87) at 84:25-85:13. The Court entered Judgment (Dkt. No. 88), declaring Section 32310 unconstitutional in its entirety and enjoining its enforcement. Defendant plans to file a notice of appeal forthwith. An immediate stay of the Judgment pending the appeal is warranted to preserve the status quo. Defendant hereby respectfully requests that this Court stay the Judgment during the pendency of the appeal, and reinstate the preliminary injunction issued on June 29, 2017 (Dkt. No. 28) enjoining enforcement of Section 32310(c) and (d) during the stay. Defendant respectfully requests that this Court rule on this stay application by April 5, 2019.

In addition, to prevent a surge of large-capacity magazine (LCM) acquisitions in the State of California (the "State") while the Court considers Defendant's request for a stay pending the appeal, and to preserve the immediate status quo, Defendant requests that the Court issue a temporary stay until the Court rules on the application. Defendant respectfully requests that the Court issue its ruling on the temporary stay by April 2, 2019. In the event that some California residents have already purchased LCMs over the weekend, the Court has the discretion to tailor an appropriate remedy to account for those cases while otherwise maintaining the status quo.

This case presents a question of first impression in this circuit—whether 10-round large-capacity magazine ("LCM") restrictions comport with the Second Amendment. Every other circuit to have considered this question has upheld the

---

[1] All subsequent statutory references are to the California Penal Code, unless otherwise noted.

2

Memorandum of Points and Authorities in Support of Defendant's Ex Parte Application to Stay Judgment Pending Appeal (17-cv-1017-BEN-JLB)

restrictions.[2] A stay of the Judgment pending appeal is warranted to preserve the status quo while the Ninth Circuit considers this important constitutional question. In enjoining LCM restrictions that have been in effect for nearly two decades, the Judgment is far broader than the preliminary injunction and has effected a sudden and dramatic change in California gun-safety laws. Absent a stay, the State faces an influx of previously illegal LCMs while it attempts to defend the law on appeal. The Court should stay its Judgment pending the appeal.

## SUMMARY OF ARGUMENT

All four factors that courts consider in evaluating a request to stay pending appeal weigh in favor of Defendant's request for a stay. *See Humane Soc'y of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009) ("A party seeking a stay must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of relief, [3] that the balance of equities tip in his favor, and [4] that a stay is in the public interest." (citing *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008))).

*First*, Defendant meets the requirement of showing a strong likelihood of succeeding on the merits of the Second Amendment claim on appeal.[3] This Court resolved on the merits a question of first impression in the Ninth Circuit involving

---

[2] *See Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Attorney General N.J.* (*ANJRPC*), 910 F.3d 106, 122 (3d Cir. 2018); *Kolbe v. Hogan*, 849 F.3d 114, 140-41 (4th Cir. 2017) (en banc), *cert. denied*, 138 S. Ct. 469 (2017); *N.Y. State Rifle & Pistol Ass'n v. Cuomo* (*NYSRPA*), 804 F.3d 242, 262-64 (2d Cir. 2015), *cert. denied sub nom. Shew v. Malloy*, 136 S. Ct. 2486 (2016); *Friedman v. City of Highland Park*, 784 F.3d 406, 411-12 (7th Cir. 2015), *cert. denied*, 136 S. Ct. 447 (2015); *Heller v. District of Columbia* (*Heller II*), 670 F.3d 1244, 1264 (D.C. Cir. 2011).

[3] In addition to ruling that Section 32310 violates the Second Amendment, the Court found that Section 32310(c) and (d) violate the Takings Clause. *See* Order Granting Pls.' Mot. for Summ. J. (the "Order") (Dkt. No. 87) at 84:20-23. While Defendant maintains that the LCM-possession ban does not effect a taking requiring just compensation, in requesting a stay of the Judgment, Defendant requests that the Court reinstate the preliminary injunction pending the appeal to preserve the status quo. *See Nken v. Holder*, 556 U.S. 418, 429 (2009) (describing the status quo as the "state of affairs before" the injunctive relief was granted). Accordingly, the likelihood of success on the merits is limited to the ruling on the Second Amendment claim.

Second Amendment law. As this Court has acknowledged, the appeal will be the first opportunity for the Ninth Circuit to address the constitutionality of LCM restrictions in a decision that arises from a final judgment. *See* Order at 80:13-15 ("If this judgment is appealed, the Court of Appeals will have the opportunity to rule *on the merits*, for the first time.").[4] The four other circuit courts that have considered the constitutionality of state-wide LCM restrictions on the merits (the Second, Fourth, Seventh, and D.C. Circuits) have upheld them on records that are substantially similar to the one presented in this action. *See NYSRPA*, 804 F.3d at 262-64; *Kolbe*, 849 F.3d at 140-41; *Friedman*, 784 F.3d at 411-12; *Heller II*, 670 F.3d at 1264. And the Third Circuit recently joined them in holding that 10-round LCM restrictions do not violate the Second Amendment as a matter of law. *See ANJRPC*, 910 F.3d at 122 (affirming denial of preliminary injunction motion because "the Act survives intermediate scrutiny, and like our sister circuits, we hold that laws restricting magazine capacity to ten rounds of ammunition do not violate the Second Amendment"). At a minimum, this case presents a serious question of first impression in the Ninth Circuit, satisfies the first factor for a stay pending appeal where, as here, the equities tip strongly in favor of granting a stay.

***Second***, absent a stay, the State will be irreparably injured as a matter of law. LCMs have been illegal to manufacture, import, keep or offer for sale, give, or lend since 2000; and as long as the Court's decision remains in effect, individuals who have been prevented from acquiring LCMs for nearly twenty years will be able to lawfully acquire them. Indeed, out-of-state firearms dealers are already advertising to California residents that they may now purchase LCMs. *See* Decl. of John D. Echeverria in Supp. of Def.'s Ex Parte Appl. to Stay J. Pending Appeal ("Echeverria Decl."), Ex. 1. Moreover, a stay pending appeal will protect

---

[4] The two Ninth Circuit cases considering the constitutionality of LCM restrictions occurred in the context of preliminary injunction motion. *See Fyock v. Sunnyvale*, 779 F.3d 991 (9th Cir. 2015) (affirming district court denial of preliminary injunction motion); *Duncan v. Becerra*, 742 Fed. App'x 218 (9th Cir. 2018) (affirming district court grant of preliminary injunction motion).

4

Memorandum of Points and Authorities in Support of Defendant's Ex Parte Application to Stay Judgment Pending Appeal (17-cv-1017-BEN-JLB)

prospective purchasers of LCMs because anyone who acquires an LCM during the appeal will be required to divest themselves of the LCMs if the possession restrictions at Section 32310(c) and (d) are ultimately sustained. In addition, the State suffers irreparable harm when a duly enacted law is enjoined from enforcement during an appeal if the law is ultimately sustained.

*Third*, the balance of harms favors the State. While a stay will delay the relief that Plaintiffs seek in this action, acquisition of LCMs has been unlawful for nearly two decades, and Plaintiffs' summary judgment motion remained under submission for more than nine months; any additional delay pending appeal would be comparatively minor and would preserve the status quo until this matter is finally resolved. While any delay in the enjoyment of a constitutional right will involve a burden to those who wish to exercise it, if the Judgment is affirmed on appeal, any such burden would be relatively modest in comparison to the substantial burden that will be imposed on the State if the acquisition of new LCMs is permitted during the appeal.

*Fourth*, the public interest strongly favors the granting of a stay. A stay pending appeal will preserve the status quo involving an important public-safety law that has been in effect for nearly two decades while the Ninth Circuit considers this complex Second Amendment challenge. The Court's Judgment, if not stayed pending appeal, will disrupt the State's efforts to protect the public and law enforcement.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 62, a U.S. District Court may suspend an injunction during the pendency of an appeal of the injunction and may stay enforcement of a final judgment. A party seeking a stay must establish a likelihood of succeeding on the merits, a likelihood of suffering irreparable harm in the absence of a stay, a favorable balance of the equities, and that the public interest supports the stay. *Humane Soc'y*, 558 F.3d at 896. Although there must be a

5

Memorandum of Points and Authorities in Support of Defendant's Ex Parte Application to Stay Judgment Pending Appeal (17-cv-1017-BEN-JLB)

minimal showing on each factor, courts must balance these factors, employing a flexible approach that considers the facts of the particular case. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011); *see also Hilton v. Braunskill*, 481 U.S. 770, 777 (1987). Notably, to obtain a stay, a party "need not demonstrate that it is more likely than not that they will win on the merits" or that "ultimate success is probable." *Leiva-Perez*, 640 F.3d at 966-67. A "substantial case on the merits" or "serious legal questions" will suffice "so long as the other factors support the stay." *Id.* (quoting *Hilton*, 481 U.S. at 778). District courts "may properly stay their own orders when they have ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained." *Wash. Metro Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844-45 (D.C. Cir. 1977).

## ARGUMENT

### I. DEFENDANT SATISFIES THE "LIKELIHOOD OF SUCCESS" FACTOR SUPPORTING A STAY.

A party seeking a stay pending appeal can demonstrate a likelihood of success on the merits by demonstrating that the appeal concerns "serious legal questions, or has a reasonable probability or a fair prospect of success." *Leiva-Perez*, 640 F.3d at 971; *see also Hunt v. Check Recovery Sys., Inc.*, Nos. C 05 4993 SBA, C 06 2037 SBA, 2008 WL 2468473, at *3 (N.D. Cal. 2008) (noting that "most of the foregoing issues are questions of first impression on which no binding precedent exists" and noting that "this fact alone satisfies the requirement that movant is likely to succeed on the merits" (citing *Pearce v. E.F. Hutton Grp., Inc.*, 828 F.2d 826, 829 (D.C. Cir. 1987))); *c.f. Britton v. Co-Op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990) (noting that trial court has the discretion to stay proceedings pending appeal from a refusal to compel arbitration and that the district court in *Pearce* "granted its motion for stay pending appeal because appellant's claim raised issues of first impression [and] appellant would suffer substantial harm if action

6

were not stayed"). At a minimum, in establishing the first factor, a party seeking a stay pending appeal "must show that there is a 'substantial case for relief on the merits'"—a "standard [that] does not require the petitioners to show that 'it is more likely than not that they will win on the merits.'" *Lair v. Bullock*, 697 F.3d 1200, 1205 (9th Cir. 2012). In ordering a stay, "the Court need not determine that it erred and will likely be reversed—an acknowledgment one would expect few courts to make; instead, so long as the other factors strongly favor a stay, such a remedy is appropriate if 'a serious legal question is presented.'" *Loving v. Internal Revenue Serv.*, 920 F. Supp. 2d 108, 110 (D.D.C. 2013).

This case raises "serious legal questions" warranting a stay pending appeal. *See Leiva-Perez*, 640 F.3d at 971. Indeed, this case involves a question of first impression in the Ninth Circuit. *See* Order at 80:13-15 ("If this judgment is appealed, the Court of Appeals will have the opportunity to rule *on the merits*, for the first time."); *see also* note 4 *supra*. In granting Plaintiffs' motion for summary judgment, this Court became the first court in the nation to find that 10-round LCM restrictions violate the Second Amendment. Five circuit courts have upheld them on substantially similar records, with four of them applying intermediate scrutiny. *See* note 2 *supra*. This pattern of authority shows, at a minimum, that the appeal will present "serious legal questions," which establishes the first factor for a stay where the balance of the equities tips in favor of a stay.

Moreover, Defendant is likely to prevail on the merits during the appeal. Although this Court held that Section 32310 imposes a severe burden on the core Second Amendment right, *see, e.g.*, Order at 80:9-10, the Ninth Circuit has held as a matter of law that intermediate scrutiny applies to LCM restrictions like Section 32310. *See Fyock*, 779 F.3d at 999. In *Fyock*, the Ninth Circuit "agree[d]" with the D.C. Circuit "that intermediate scrutiny is appropriate." *Id.* at 999. It did so because the Sunnyvale ordinance was "simply not as sweeping as the complete handgun ban at issue in *Heller*," did not prevent law-abiding citizens from

7

Memorandum of Points and Authorities in Support of Defendant's Ex Parte Application to Stay Judgment Pending Appeal (17-cv-1017-BEN-JLB)

possessing handguns for self-defense, and "restrict[ed] possession of only a subset of magazines that are over a certain capacity." *Id.* That reasoning applies to Section 32310 even though it is a state-wide measure and does not include every exception reflected in the Sunnyvale ordinance.[5]

Moreover, under intermediate scrutiny, Defendant submitted sufficient evidence to demonstrate that Section 32310 is reasonably fitted to the State's important interests in protecting the public and law enforcement officers from gun violence. In defense of Section 32310, Defendant advanced the same reasons and substantially similar evidence as was presented by the government in *Fyock*, which the Ninth Circuit characterized as "precisely the type of evidence that [the State is] permitted to rely upon to substantiate its interests" and fit under intermediate scrutiny. *Fyock*, 779 F.3d at 1001. On appeal, the Ninth Circuit will review de novo a record—comprised of legislative history, studies cited in pertinent cases, and expert reports[6]—similar to the one it accepted in *Fyock* and one that demonstrates a reasonable fit between the ban on a dangerous subset of magazines and the State's important public safety interests. While the Court may maintain that

---

[5] In affirming this Court's preliminary injunction order, the Ninth Circuit confirmed that intermediate scrutiny applies to Section 32310. *See Duncan*, 742 Fed. App'x at 221. Even though the preliminary injunction order applied two different tests to Section 32310—"intermediate scrutiny and what it coined the 'simple test' of *Heller*"—the Ninth Circuit held that the Court did not apply "the incorrect level of scrutiny" where "one of those tests follows the applicable legal principles and the district court ultimately reaches the same conclusion in both cases." *Id.* The court explained that, "in its intermediate scrutiny analysis, the district court correctly applied the two-part test outlined in *Jackson* [*v. City & Cnty. of San Francisco*, 746 F.3d 953 (9th Cir. 2014)]." *Id.* The court explained that, at the second step of the analysis, "the district court concluded, citing *Fyock*, that section 32310 infringed on the core of the Second Amendment right, but, citing *Silvester v. Harris*, 843 F.3d 816, 823 (9th Cir. 2016), *Fyock*, 779 F.3d at 999, *Jackson*, 746 F.3d at 965, 968, and [*United States v.*] *Chovan*, 735 F.3d at 1138, that inter*mediate scrutiny was the appropriate scrutiny level*." *Id.* (emphasis added).

[6] Without objection from Plaintiffs, the Court *sua sponte* rejected the expert reports submitted by Defendants on the ground that they—like those of Plaintiffs—were unsworn and not made on personal knowledge. *See* Order at 67 n.59. But expert reports need not be sworn under penalty of perjury, nor based on personal knowledge. Fed. R. Civ. P. 26(a)(2)(B); Fed. R. Evid. 702. Each of the expert witnesses, except for Mr. Webster, were deposed in this action and presented the same opinions under oath and subject to cross examination by Plaintiffs' counsel.

8

Memorandum of Points and Authorities in Support of Defendant's Ex Parte Application to Stay Judgment Pending Appeal (17-cv-1017-BEN-JLB)

this evidence is insufficient, at a minimum, the case presents a significant legal question—one that has not been resolved in the Ninth Circuit—that warrants a stay.

In sum, the "likelihood of success" factor strongly favors entry of a stay pending the appeal of this novel and important Second Amendment case.

## II. THE STATE WILL SUFFER IRREPARABLE INJURY ABSENT A STAY.

The factor of irreparable harm is a "bedrock requirement" for the issuance of a stay. *Leiva-Perez*, 640 F.3d at 965. It is significant, then, that "a state suffers irreparable injury whenever an enactment of its people or representatives is enjoined." *Coal. for Economic Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997). Because the Judgment has enjoined an important gun-safety statute in its entirety, the State (represented by Defendant) is suffering irreparable injury absent a stay. Moreover, the State stands to suffer irreparable harm if LCMs are permitted to flow into the State while the Judgment is being appealed. Indeed, out-of-state firearms dealers are already advertising to California residents that they may now purchase LCMs. *See* Echeverria Decl., Ex. 1. If Section 32310 is sustained on appeal absent a stay—based in part on the dangers posed by LCMs that are disclosed in the record—the State will suffer irreparable injury because there will be more LCMs in the State than before the Judgment.[7] Although the Court believes that "[t]he problem of mass shootings is very small," Order at 60:26, the record reflects that LCMs are used frequently in public mass shootings and, when used, result in far more fatalities and injuries compared to shootings that do not involve LCMs. The irreparable injury factor favors a stay.

## III. THE BALANCE OF THE HARMS FAVORS A STAY.

In comparison with the irreparable harm suffered by the State if a stay is not issued pending the appeal, law-abiding Californians would still be able to retain 10-round magazines for lawful self-defense. While a stay will delay the relief that

---

[7] And if Section 32310(c) and (d) are reinstated on appeal, individuals who acquire new LCMs during the hiatus will be forced to divest themselves of the magazines, further warranting a stay pending the appeal.

Plaintiffs seek, acquisition of LCMs has been unlawful for nearly two decades; any additional delay pending appeal would be comparatively minor and would preserve the status quo until this matter is finally resolved. There is no evidence in the record—or in the Court's own research, *see* Order at 2-3—that any individual in the State has been unable to defend themselves since 1994 with a firearm due to the LCM restrictions. The balance of the harms favors a stay.

## IV. THE PUBLIC INTEREST IS BEST SERVED BY A STAY.

Consistent with the consensus among the circuit courts, LCM restrictions like Section 32310 are justified as public safety measures. By enjoining a significant component of California's gun-safety regime, the Court's Judgment alters the status quo. In a state of 39 million individuals, *see* Order at 51:20, the public safety concerns implicated by Section 32310 strongly favor a stay.

## CONCLUSION

To preserve the status quo, Defendant respectfully requests that the Court issue a stay of the Court's Judgment pending appeal no later than April 5, 2019. In addition, and for the same reasons set forth above, Defendant respectfully requests that the Court issue a temporary stay of its decision pending its consideration of Defendant's request for a stay of its ruling pending appeal.

Dated: April 1, 2019

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
ANTHONY P. O'BRIEN
Deputy Attorney General

/s/ John D. Echeverria

JOHN D. ECHEVERRIA
Deputy Attorney General
*Attorneys for Defendant Attorney General Xavier Becerra*