XAVIER BECERRA
Attorney General of California
State Bar No. 118517
MARK R. BECKINGTON
Supervising Deputy Attorney General
State Bar No. 126009
ANTHONY P. O'BRIEN
Deputy Attorney General
State Bar No. 232650
JOHN D. ECHEVERRIA
Deputy Attorney General
State Bar No. 268843
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 269-6249
 Fax:  (213) 897-5775
 E-mail:  John.Echeverria@doj.ca.gov
*Attorneys for Defendant Attorney General Xavier Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIRGINIA DUNCAN, RICHARD LEWIS, PATRICK LOVETTE, DAVID MARGUGLIO, CHRISTOPHER WADDELL, and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INC., a California corporation,**<br><br>Plaintiffs,<br><br>v.<br><br>**XAVIER BECERRA, in his official capacity as Attorney General of the State of California; and DOES 1-10,**<br><br>Defendants. | 17-cv-1017-BEN-JLB<br><br>**DECLARATION OF JOHN D. ECHEVERRIA IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION TO STAY JUDGMENT PENDING APPEAL**<br><br>Date:<br>Time:<br>Judge:     Hon. Roger T. Benitez<br>Courtroom: 5A<br>Action Filed: May 17, 2017 |

1

**DECLARATION OF JOHN D. ECHEVERRIA**

I, John D. Echeverria, declare:

1. I am a Deputy Attorney General with the California Department of Justice and serve as counsel to Defendant Xavier Becerra, Attorney General of the State of California ("Defendant"), in the above-captioned matter.

2. Except as otherwise stated, I have personal knowledge of the facts set forth in this declaration, and if called upon as a witness I could testify competently as to those facts. I make this declaration in support of Defendant's Ex Parte Application to Stay Judgment Pending Appeal.

3. On April 1, 2019, at approximately 12:30 p.m., I contacted Anna Barvir, counsel for Plaintiffs, by telephone and left a voicemail, informing her that Defendant would be applying ex parte, as early as today, for an order staying the Judgment entered in this action on March 29, 2019 (Dkt. No. 88) pending Defendant's appeal to the United States Court of Appeals for the Ninth Circuit. I also informed Ms. Barvir that Defendant would be requesting in the application an immediate, temporary stay pending the Court's consideration of the ex parte application, in an effort to preserve the status quo.

4. On April 1, 2019, at approximately 12:50 p.m., I contacted Sean Brady, counsel for Plaintiffs, by telephone, and we discussed Defendant's intention to apply ex parte for a stay pending appeal. I also informed Mr. Brady of Defendant's request for an immediate, temporary stay pending the Court's ruling on the application. Mr. Brady informed me that he would consult with his clients as to whether they are opposed to either or both requests.

5. On April 1, 2019, at approximately 2:12 p.m., I spoke on the telephone with Ms. Barvir and Mr. Brady. Mr. Brady informed me that Plaintiffs will be opposing the ex parte application for a stay pending appeal. Mr. Brady stated that he plans to file Plaintiffs' opposition to the application to stay pending appeal by this Wednesday, April 3, 2019.

2

Declaration of John D. Echeverria in Support of Defendant's Ex Parte Application to Stay Judgment Pending Appeal (17-cv-1017-BEN-JLB)

6. Mr. Brady also indicated that Plaintiffs will be opposing Defendant's request for an immediate, temporary stay pending the Court's consideration of the application to stay pending appeal. We discussed Mr. Brady's concern that, if the immediate stay is issued, individuals who may have ordered LCMs over the weekend following entry of the Judgment may be in violation of the law if they receive the LCMs during the stay. Given that Defendant is requesting that the Court issue the temporary stay by April 2, 2019, Mr. Brady stated that Plaintiffs anticipate filing their opposition to the request for a temporary stay as early as this evening.

7. Good cause exists for granting the ex parte application. The Court issued its ruling on Plaintiffs' motion for summary judgment and entered the Judgment in the afternoon of March 29, 2019. After reviewing the ruling, I contacted Plaintiffs' counsel as soon as practicable on April 1, 2019.

8. Good cause exists for the ex parte relief requested. If the Court's Judgment is reversed on appeal, absent a stay of the Judgment pending appeal, the State of California will be irreparably harmed by the influx of large-capacity magazines during the appeal. Attached hereto as **Exhibit 1** is a true and correct copy of a social media post on Facebook.com by an out-of-state firearms retailer, indicating that it will accept orders for LCMs by California residents and expects an increase in order volume as a result. If Section 32310 is ultimately reinstated by the Ninth Circuit, those new LCMs will be rendered illegal under state law, and it will be difficult for the State to remove these new LCMs. A stay pending appeal will preserve the status quo as it existed prior to the entry of the Judgment.

9. Good cause also exists for the issuance of an immediate and temporary stay of the Judgment pending the Court's ruling on the ex parte application for a stay pending appeal. Such a temporary stay is necessary to prevent new LCMs from entering the State while the Court considers the application for a stay pending the appeal. Given the urgency, Defendant respectfully requests that the Court issue

3

Declaration of John D. Echeverria in Support of Defendant's Ex Parte Application to Stay Judgment Pending Appeal (17-cv-1017-BEN-JLB)

a temporary stay pending the Court's ruling on the ex parte application by April 2, 2019.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 1, 2019, at Los Angeles, California.

                                                        /s/ John D. Echeverria
                                                          John D. Echeverria

4

Declaration of John D. Echeverria in Support of Defendant's Ex Parte Application to Stay Judgment Pending Appeal (17-cv-1017-BEN-JLB)

**EXHIBIT 1**



