IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIRGINIA DUNCAN, RICHARD LEWIS, PATRICK LOVETTE, DAVID MARGUGLIO, CHRISTOPHER WADDELL, and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INC., a California corporation,** | Case No. 17-cv-1017-BEN-JLB |
| Plaintiffs, | **ORDER STAYING IN PART JUDGMENT PENDING APPEAL** |
| **v.** | |
| **XAVIER BECERRA, in his official capacity as Attorney General of the State of California; and DOES 1-10,** | |
| Defendants. | |

On April 1, 2019, Defendant Xavier Becerra, in his official capacity as the Attorney General of the State of California, applied *ex parte* for an order, pursuant to Federal Rule of Civil Procedure 62, staying the Judgment entered in this action on March 29, 2019, pending his appeal to the United States Court of Appeals for the Ninth Circuit. As part of a stay pending appeal, the Attorney General requests reinstatement of the preliminary injunction issued in 2017 enjoining his enforcement of Calif. Penal Code § 32310 (c) and (d). He also notes that the Court has discretion to tailor the stay to account for cases where residents have purchased large-capacity magazines since last Friday.

In deciding whether to grant a stay pending appeal, a court should consider the following four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

1

irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. "Each factor, however, need not be given equal weight." *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. 14-cv-2061-H-BGS, 2018 WL 4928041, at *3 (S.D. Cal. Oct. 10, 2018) (citations omitted). The "likelihood of success in the appeal is not a rigid concept." *Id.* "Therefore, to obtain a stay pending appeal, a movant must establish a strong likelihood of success on appeal, or, failing that, " 'demonstrate a substantial case on the merits,' provided the other factors militate in movant's favor." *Id.* (citations omitted).

These considerations are similar to the factors an appellate court should weigh in deciding whether to issue a stay. *Planned Parenthood of Greater Texas Surgical Health Servs. v. Abbott*, 571 U.S. 1061, 134 S. Ct. 506 (2013) (Scalia, J., concurring in denial of application to stay) ("When deciding whether to issue a stay, the Fifth Circuit had to consider four factors: (1) whether the State made a strong showing that it was likely to succeed on the merits, (2) whether the State would have been irreparably injured absent a stay, (3) whether issuance of a stay would substantially injure other parties, and (4) where the public interest lay. The first two factors are "the most critical.") (quoting *Nken v. Holder,* 556 U.S. 418, 434 (2009))).

**A Substantial Case on the Merits**

The Attorney General has not made a strong showing, to this Court, that he is likely to succeed on the merits. Nevertheless, both sides are aware that other courts have come to contrasting conclusions on similar issues. Of course, facts matter and the facts are different. Strong and thoughtful views may be found on both sides of the important legal questions presented by this case. This Court's decision cuts a less-traveled path and the outcome is very important to all citizens.

"There are many ways to articulate the minimum quantum of likely success necessary to justify a stay — be it a 'reasonable probability' or 'fair prospect,' . . .

2

1     'a substantial case on the merits,' . . . [or] that 'serious legal questions are raised.'

2     We think these formulations are essentially interchangeable, and that none of them

3     demand a showing that success is more likely than not.  Regardless of how one

4     expresses the requirement, the idea is that in order to justify a stay, a petitioner must

5     show, at a minimum, that she has a substantial case for relief on the merits." *Leiva-*

6     *Perez v. Holder*, 640 F.3d 962, 967–68 (9th Cir. 2011) (citations omitted).  In this

7     case, the Attorney General has demonstrated a substantial case on the merits, which

8     favors a stay.

9     **Irreparable Injury to the State**

10         The Attorney General says that a state suffers irreparable injury whenever its

11     laws are enjoined.  There is strong support for that claim.  *Abbott*, 571 U.S. 1061,

12     134 S. Ct. at 506 ("With respect to the second factor, the Court of Appeals reasoned

13     that the State faced irreparable harm because "'any time a State is enjoined by a

14     court from effectuating statutes enacted by representatives of its people, it suffers a

15     form of irreparable injury.'"  *Maryland v. King,* 133 S.Ct. 1, 3 (2012) (Roberts,

16     C.J., in chambers) (quoting *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.,*

17     434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers)).").  The Ninth Circuit,

18     however, has never adopted this view.  *Latta v. Otter*, 771 F.3d 496, 500 n.1 (9th

19     Cir. 2014) ("Individual justices, in orders issued from chambers, have expressed the

20     view that a state suffers irreparable injury when one of its laws is enjoined.  *See*

21     *Maryland v. King,* 133 S.Ct. 1, 3 (2012) (Roberts, C.J., in chambers); *New Motor*

22     *Vehicle Bd. of California v. Orrin W. Fox Co.,* 434 U.S. 1345, 1351 (1977)

23     (Rehnquist, J., in chambers).  No opinion for the Court adopts this view.").

24         The Attorney General may be correct, but it does not end the inquiry.  "As the

25     cited authority suggests, a state may suffer an abstract form of harm whenever one

26     of its acts is enjoined.  To the extent that is true, however, it is not dispositive of the

27     balance of harms analysis.  If it were, then the rule requiring "balance" of

28     "competing claims of injury" would be eviscerated."  *Indep. Living Ctr. of S.*

1   *California, Inc. v. Maxwell-Jolly*, 572 F.3d 644, 658 (9th Cir. 2009), *vacated on*
2   *other grounds and remanded sub nom. Douglas v. Indep. Living Ctr. of S.*
3   *California, Inc.*, 565 U.S. 606 (2012).  "Federal courts instead have the power to
4   enjoin state actions, in part, because those actions sometimes offend *federal* law
5   provisions [or in this case, one of the Bill of Rights], which, like state statutes, are
6   themselves 'enactments of its people or their representatives.'"  *Id.*  (emphasis in
7   original) (citation omitted).

8        **Injury to Other Parties**

9        Without question, entering a stay pending appeal will harm the Plaintiffs, and
10   all others like the Plaintiffs (who are many), who would choose to acquire and
11   possess a firearm magazine holding more than 10 rounds for self-defense.  "It is
12   well established that the deprivation of constitutional rights 'unquestionably
13   constitutes irreparable injury.'"  *Rodriguez v. Robbins*, 715 F.3d 1127, 1144 (9th
14   Cir. 2013) (quoting *Melendres v. Arpaio,* 695 F.3d 990, 1002 (9th Cir. 2012),
15   quoting *Elrod v. Burns,* 427 U.S. 347, 373 (1976)).

16        **Where the Public Interest Lay**

17        The State's interest in enforcing a law merges with the public interest, where
18   the law is valid.  *Nken,* 556 U.S. at 435.  At the same time, however, "'it is always
19   in the public interest to prevent the violation of a party's constitutional rights.'"
20   *Am. Beverage Ass'n v. City & Cty. of San Francisco*, 916 F.3d 749, 758 (9th Cir.
21   2019) (quoting *Melendres*, 695 F.3d at 1002).

22        **Discussion**

23        The first factor weighs in favor of staying the injunction.  The second factor
24   weighs heavily in opposing directions and thus amounts to a draw.  The last two
25   factors weigh against staying the injunction.  The first two factors are the most
26   critical.  *Abbott*, 571 U.S. 1061.  The result of these four factors slightly favors a
27   stay pending appeal.

28

1    The Court understands that strong emotions are felt by people of good will on
2   both sides of the Constitutional and social policy questions.  The Court understands
3   that thoughtful and law-abiding citizens can and do firmly hold competing opinions
4   on firearm magazine restrictions.  These concerns auger in favor of judicial
5   deliberation.  There is an immeasurable societal benefit of maintaining the
6   immediate status quo while the process of judicial review takes place.

7    The power to grant a stay pending appeal is part of a court's "traditional
8   equipment for the administration of justice," and is "a power as old as the judicial
9   system of the nation." *Nken,* 556 U.S. at 427.  A partial stay will permit the
10   appellate court to bring its considered judgment to bear -- judgment that takes time.
11   "The choice for a reviewing court should not be between justice on the fly" or a
12   moot ceremony. *Id.*  A stay pending appeal is a means of ensuring that the
13   reviewing court(s) can thoughtfully fulfill the role of review. *Id.*  A stay "simply
14   suspend[s] judicial alteration of the status quo." *Id.* at 429.  In this case, that means
15   staying the injunction on subsections (a) and (b) of § 32310 which has been in force
16   since 2000 and continuing in place the injunction on subsection (c) and (d) entered
17   by this Court on June 29, 2017, pending the outcome of the appeal.

18    In layman's terms, the State of California and the law enforcement agencies
19   therein will be free to re-start the enforcement of Calif. Penal Code § 32310 (a) and
20   (b) which currently prohibits, among other things, any person in the state from
21   manufacturing, importing into the state, offering for sale, giving, lending, buying,
22   or receiving a firearm magazine able to hold more than 10 rounds (as defined by
23   Calif. Penal Code § 16740).  This will continue until the appeal proceedings
24   conclude or the stay is modified or lifted.

25    At the same time, the State of California and the law enforcement agencies
26   therein will remain enjoined (or prevented) from enforcing Calif. Penal Code
27   § 32310 (c) and (d) which would have criminalized the simple possession of a
28   firearm magazine able to hold more than 10 rounds and required disposing of such

5

1  magazines.  This will also continue until the appeal proceedings conclude or the
2  stay is modified or lifted.

3       Both parties indicate in briefing that persons and business entities in California
4  may have manufactured, imported, sold, or bought magazines able to hold more
5  than 10 rounds since the entry of this Court's injunction on March 29, 2019 and in
6  reliance on the injunction.  Indeed, it is the reason that the Attorney General seeks
7  urgent relief in the form of a stay pending appeal.  Both parties suggest that it is
8  appropriate to fashion protection for these law-abiding persons.

9       THEREFORE, IT IS HEREBY ORDERED that the Judgment is stayed in part
10  pending final resolution of the appeal from the Judgment.  The permanent
11  injunction enjoining enforcement of California Penal Code § 32310 (a) and (b) is
12  hereby stayed, effective 5:00 p.m., Friday, April 5, 2019.

13       IT IS HEREBY FURTHER ORDERED that the preliminary injunction issued
14  on June 29, 2017, enjoining enforcement of California Penal Code § 32310 (c) and
15  (d) shall remain in effect.

16       IT IS HEREBY FURTHER ORDERED that the permanent injunction
17  enjoining enforcement of California Penal Code § 32310 (a) and (b) shall remain in
18  effect for those persons and business entities who have manufactured, imported,
19  sold, or bought magazines able to hold more than 10 rounds between the entry of
20  this Court's injunction on March 29, 2019 and 5:00 p.m., Friday, April 5, 2019.
21  Dated:  April 4, 2019

22
23                                              Hon. Roger T. Benitez
24                                              United States District Judge
25
26
27
28

Order Staying Judgment Pending Appeal (17-cv-1017-BEN-JLB)