| | |
|---|---|
| 1 | ROB BONTA<br>Attorney General of California |
| 2 | MARK R. BECKINGTON<br>Supervising Deputy Attorney General |
| 3 | ROBERT L. MEYERHOFF<br>Deputy Attorney General |
| 4 | State Bar No. 298196 |
| 5 |   300 South Spring Street, Suite 1702<br>  Los Angeles, CA  90013-1230 |
| 6 |   Telephone:  (213) 269-6177<br>  Fax:  (916) 731-2144 |
| 7 |   E-mail:  Robert.Meyerhoff@doj.ca.gov<br>*Attorneys for Defendant Rob Bonta in his* |
| 8 | *official as Attorney General of the State of California* |

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIRGINIA DUNCAN, RICHARD LEWIS, PATRICK LOVETTE, DAVID MARGUGLIO, CHRISTOPHER WADDELL, and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INC., a California corporation,**<br><br>                      Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,**<br><br>                      Defendants. | 17-cv-1017-BEN-JLB<br><br>**EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME ON MOTION FOR RECONSIDERATION OF BRIEFING SCHEDULE SET FORTH IN ORDER SPREADING THE MANDATE AND CONTINUING THE PRELIMINARY INJUNCTION**<br><br>Hearing Date: November 9, 2022<br>Time:        10:30 a.m.<br>Courtroom:  5A<br>Judge:       Hon. Roger T. Benitez<br>Action Filed: May 17, 2017 |

## INTRODUCTION

Pursuant to Local Rules 7.1(e)(5) and 83.3(g), Defendant Rob Bonta in his official capacity as Attorney General of the State of California (the "Attorney General") moves this Court for an order shortening time on the Attorney General's Motion for Reconsideration of Briefing Schedule Set Forth in Order Spreading the Mandate and Continuing the Preliminary Injunction (the "Motion for Reconsideration") (Dkt. 112), by advancing the hearing on the Motion for Reconsideration from Wednesday, November 9, 2022, to Tuesday, November 1, 2022, or as soon thereafter as possible.  Good cause exists to advance the hearing on the Motion for Reconsideration, which itself seeks extend the November 10, 2022 deadline by which the Attorney General must file his supplemental brief in response to the Court's September 26, 2022 Order (Dkt. 111).  If the Motion for Reconsideration is not heard on expedited basis as requested in this ex parte application, the Attorney General will be prejudiced because it will be required to prepare its supplemental papers by the November 10, 2022 deadline without the benefit of knowing if the Motion for Reconsideration will be granted.  Thus, without the relief requested in this ex parte application, the Attorney General will be forced to prepare and file supplemental papers without the benefit of a more complete record (which would be available if the Motion for Reconsideration is granted).

As such, good cause exists to grant this ex parte application and enter an expedited schedule on the Motion for Reconsideration as follows: Plaintiffs' opposition to the Motion for Reconsideration due on Monday, October 24, 2022, the Attorney General's Reply in support of the Motion for Reconsideration due on Thursday, October 27, 2022, and a hearing on the Motion for Reconsideration (if ordered) on November 1, 2022.

Plaintiffs do not oppose the Court entering the expedited briefing schedule on the Motion for Reconsideration sought in this application.  On October 13, 2022,

counsel for the Attorney General provided notice via email to Plaintiffs' counsel that this ex parte application would be filed, and Plaintiffs responded that they do not oppose shortening time on the Motion for Reconsideration so long as the deadline for filing of their opposition to the Motion for Reconsideration is not before the date requested in this application (*i.e.*, October 24, 2022).  Meyerhoff Declaration, filed herewith, ¶ 2 & Exhibit A.

## PROCEDURAL BACKGROUND

On May 17, 2017, less than two months before California's ban on possession of LCMs was to go into effect, *see* Cal. Penal Code § 32310(c), Plaintiffs filed suit against the Attorney General.  Dkt. No. 1 (Compl.).  The complaint asserted that section 32310, in its entirety, violates the Second Amendment and that the possession ban codified at section 32310(c) and (d) also violates the Takings Clause and the Due Process Clause.  *Id*. at ¶¶ 64-76.

Plaintiffs filed a motion for a preliminary injunction to enjoin enforcement of the newly enacted ban on LCM possession.  Dkt. 6.  On June 29, 2017, the district court issued a preliminary injunction, enjoining enforcement of section 32310(c) and (d).  Dkt. 28.  A divided Ninth Circuit panel affirmed the preliminary injunction in an unpublished memorandum.  *Duncan v. Becerra*, 742 Fed. App'x 218, 221-22 (9th Cir. 2018).

On March 5, 2018, while the interlocutory appeal was pending, Plaintiffs filed a motion for summary judgment on all claims.  Dkt. 50.  The Attorney General opposed the motion.  Dkt. 53.  After full briefing and oral argument, on March 29, 2019, this Court issued an order granting Plaintiffs' motion for summary judgment, and entered judgment in favor of Plaintiffs.  Dkt. 87.  The Attorney General timely appealed that order and judgment on April 4, 2019.  Dkt. 96.

On August 14, 2020, a three-judge panel of the Ninth Circuit affirmed the Court's order and judgment.  *Duncan v. Becerra*, 970 F.3d 1133 (9th Cir. 2020).  However, the Ninth Circuit *en banc* reversed this Court's order and judgment and

remanded with instructions to enter judgment in the Attorney General's favor. *Duncan v. Becerra*, 988 F.3d 1209, 1210 (9th Cir. 2021). Plaintiffs filed a petition for writ of certiorari, and on June 30, 2022, the Supreme Court granted the petition, vacated the Ninth Circuit's judgment, and remanded the case to the Ninth Circuit for "further consideration in light of" *Bruen*. *Duncan v. Bonta*, 142 S. Ct. 2895 (2022).

After remand from the Supreme Court, the Ninth Circuit directed the parties to "file supplemental briefs on the effect of *Bruen* on this appeal, including whether the en banc panel should remand this case to the district court for further proceedings in the first instance." 9th Cir. Dkt. 202 (August 2, 2022). After considering briefs from the parties and amicus, the Ninth Circuit adopted the course urged by the Attorney General and remanded the case to this Court for further proceedings consistent with *Bruen*. *Duncan v. Bonta*, No. 19-55376, 2022 WL 4393577 (9th Cir. Sept. 23, 2022). Thereafter, on September 26, 2022, this Court entered an Order Spreading the Mandate and Continuing the Preliminary Injunction. Dkt. 111. In that Order, the Court provided that the Attorney General "shall file any additional briefing that is necessary to decide this case in light of *Bruen* within 45 days of this Order," that Plaintiffs "shall file any responsive briefing within 21 days thereafter," and that the Court will then "decide the case on the briefs and the prior record or schedule additional hearings." *Id*. at 2.

On October 12, 2022, the Attorney General filed his Motion for Reconsideration of Briefing Schedule Set Forth in Order Spreading the Mandate and Continuing the Preliminary Injunction. Dkt. 112. In that Motion, the Attorney General argued that the text-and-history history standard set forth in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2211 (2022) (*Bruen*), requires that the parties have sufficient time to develop a record on which a Court can determine whether "the Second Amendment's plain text" protects the conduct in which the plaintiff wishes to engage, and if it does, then decide whether the regulation "is

consistent with this Nation's historical tradition of firearm regulation." Dkt. 112-1 at 1 (citing *Bruen*, 142 S. Ct. at 2126).  The Attorney General, citing *Bruen*'s direction to lower courts to follow "various evidentiary principles and default rules," including "the principle of party presentation," in resolving this text-and-tradition analysis, 142 S. Ct. at 2130 n.6, asserted that the 45-day period in which to respond to the Court's Order was not sufficient to develop that record.  Dkt. 112-1 at 1.  The Attorney General further argued that the Court's briefing sequence, which provided Plaintiffs with the opportunity to respond to the Attorney General's evidence but no opportunity for the Attorney General to respond to Plaintiffs' evidence, did not comport with the general rule that parties should be given the opportunity to respond to new evidence.  *Id*.  Because of these infirmities, the Attorney General argued that the Court's Order effected clear error and manifest injustice and thus his motion for reconsideration (and accompanying request for a new briefing schedule) should be granted.  *Id*. at 2.

## ARGUMENT

The Attorney General's ex parte application for an order shortening time on his Motion for reconsideration should be granted.  The "use of an ex parte procedure is justified," *inter alia*, where there "is a threat of immediate or irreparable injury," or where "the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)."  *Greer v. Cnty. of San Diego*, No. 19-CV-378-JO-DEB, 2022 WL 104724, at *1 (S.D. Cal. Jan. 11, 2022) (citing *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013)).  A party seeking ex parte relief "must demonstrate good cause."  *Id*.; *see also Ko Olina Dev., LLC v. Centex Homes*, No. CV 09-00272 DAE-LEK, 2010 WL 11527416, at *2 n.3 (D. Haw. Nov. 30, 2010) (granting motion to shorten time "for good cause shown").  In this case, the Attorney General faces a threat of immediate

and irreparable injury, and the Attorney General can and has demonstrated good cause.

The Court's September 26, 2022 Order, Dkt. 111, provides the Attorney General with only 45 days in which to file "any additional briefing that is necessary to decide this case in light of *Bruen*." Dkt. 111 at 2. As explained in greater detail in the Motion for Reconsideration, Dkt. 112, that limited briefing schedule does not allow for additional discovery (including expert discovery) directed at *Bruen*'s text-and-history standard. *Bruen* requires that the parties have sufficient time to develop a record on which a Court can determine whether "the Second Amendment's plain text" protects the conduct in which the plaintiff wishes to engage, and if it does, then decide whether the regulation "is consistent with this Nation's historical tradition of firearm regulation." 142 S. Ct. at 2126. Thus, that limited briefing schedule does not comport with the Ninth Circuit's remand to this Court for "further proceedings consistent with" with *Bruen*. *Duncan v. Bonta*, 49 F.4th 1228 (9th Cir. 2022).

If this ex parte application is not granted, the Attorney General will in all likelihood be required to file a supplemental brief based on the less than fulsome record that could be developed in that limited 45-day period, prior to a decision on its Motion for Reconsideration, which, if granted, would provide the Attorney General (and Plaintiffs) with the time necessary to develop a historical record consistent with the standard set forth in *Bruen*. Particularly given the significance of this case, the inability of the Attorney General to fully develop the record under the current November 10, 2022 deadline constitutes immediate and irreparable harm justifying this ex parte application.

## CONCLUSION

For the reasons stated herein, the Attorney General's ex parte application for an order shortening time on the Motion for Reconsideration of Briefing Schedule

Set Forth in Order Spreading the Mandate and Continuing the Preliminary Injunction should be granted and the following schedule should be ordered:

- October 24, 2022 – Last day for Plaintiffs to file their opposition to Motion for Reconsideration of Briefing Schedule Set Forth in Order Spreading the Mandate and Continuing the Preliminary Injunction.
- October 27, 2022 – Last day for the Attorney General to file his reply in support of Motion for Reconsideration of Briefing Schedule Set Forth in Order Spreading the Mandate and Continuing the Preliminary Injunction.
- November 1, 2022 – Hearing on the Motion for Reconsideration of Briefing Schedule Set Forth in Order Spreading the Mandate and Continuing the Preliminary Injunction (if ordered).

Dated: October 14, 2022                Respectfully submitted,

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

/s/ Robert L. Meyerhoff
ROBERT L. MEYERHOFF
Deputy Attorney General

*Attorneys for Defendant Rob Bonta in his official capacity as Attorney General of the State of California*