ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
ROBERT L. MEYERHOFF
Deputy Attorney General
State Bar No. 298196
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013-1230
 Telephone:  (213) 269-6177
 Fax:  (916) 731-2144
 E-mail:  Robert.Meyerhoff@doj.ca.gov
*Attorneys for Defendant Rob Bonta in his official capacity as Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIRGINIA DUNCAN, RICHARD LEWIS, PATRICK LOVETTE, DAVID MARGUGLIO, CHRISTOPHER WADDELL, and CALIFORNIA RIFLE & PISTOL ASSOCIATION, INC., a California corporation,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,**<br><br>Defendants. | 3:17-cv-01017-BEN-JLB<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF BRIEFING SCHEDULE SET FORTH IN ORDER SPREADING THE MANDATE AND CONTINUING THE PRELIMINARY INJUNCTION**<br><br>Date:           November 9, 2022<br>Time:          10:30 a.m.<br>Courtroom:  5A<br>Judge:         Hon. Roger T. Benitez<br>Action Filed: May 17, 2017 |

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................ 1
ARGUMENT ............................................................................................................... 2
    I.    The *Bruen* Test's Historical Analogue Analysis Requires Expert Testimony. ................................................................................................. 2
    II.   The Existing Record in this Case Must Be Supplemented to Address the Standard Set Forth in *Bruen*. ............................................... 5
    III.  Plaintiffs Concede that a Reply Brief Responding to New Evidence Is Proper. ............................................................................................... 7
CONCLUSION ........................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Bruen. Duncan v. Bonta*
   142 S. Ct. 2895 (2022) ............................................................................*passim*

*Bruen. Duncan v. Bonta*
   49 F.4th 1228 (9th Cir. 2022) ......................................................................... 8

*Burton v. Am. Cyanamid*
   No. 07-CV-0303, 2018 WL 3954858 (E.D. Wis. Aug. 16, 2018) ..................... 3

*Def. Distributed v. Bonta*
   No. CV 22-6200-GW-AGRX, 2022 WL 15524977 (C.D. Cal. Oct. 21, 2022) ........................................................................................................ 4, 6

*Duncan v. Bonta*
   19 F.4th 1087 (9th Cir. 2021) ......................................................................... 7

*Hill v. Eddie Bauer*
   242 F.R.D. 556 (C.D. Cal. 2007) ................................................................... 7

*Langbord v. United States Dep't of Treasury*
   832 F.3d 170 (3d Cir. 2016) ........................................................................ 3, 5

*Silvester v. Harris*
   843 F.3d 816 (9th Cir. 2016) (Thomas, C.J., concurring) ................................. 6

*Sullivan v. Ferguson*
   No. 3:22-CV-05403-DGE, 2022 WL 10428165 (W.D. Wash. Oct. 18, 2022) ........................................................................................................ 3, 4

*United States v. Newmont USA Ltd.*
   No. CV-05-020-JLQ, 2007 WL 4856859 (E.D. Wash. Nov. 16, 2007) ........................................................................................................... 3, 5

*vonRosenberg v. Lawrence*
   413 F. Supp. 3d 437 (D.S.C. 2019) ................................................................ 3

ii

Defendant's Reply ISO Motion for Reconsideration (3:17-cv-01017-BEN-JLB)

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**STATUTES**

California Penal Code
 § 32310 .................................................................................................. 2, 7

**CONSTITUTIONAL PROVISIONS**

Second Amendment ....................................................................................... 1, 5

Fourteenth Amendment ..................................................................................... 4

**INTRODUCTION**

As the Opposition makes clear, Plaintiffs both misunderstand the Supreme Court's decision in *Bruen* and the existing record in this case. The Supreme Court in *Bruen* did not merely streamline the now-defunct two-step test under which this case was previously litigated, but instead fundamentally altered the legal standard for evaluating Second Amendment challenges to firearms regulations. Plaintiffs elide the obvious and salient distinctions between the two standards and seek to cabin new evidence offered to address the *Bruen* standard to "legislative facts." But as explained below and in the Motion, expert testimony is necessary to determine, *inter alia*, whether the historical analogies that the Attorney General will identify as justifying California's restrictions on large-capacity magazines are "proper" analogies under *Bruen*.

Plaintiffs also attempt to limit the discovery necessary under *Bruen* by arguing that the Attorney General should have sought that same discovery in prior proceedings in this case. But prior discovery in this case proceeded under the rule that a law (or laws regulating similar conduct) could be "longstanding," and thus presumptively constitutional, if they existed in the early twentieth century. As such, the Attorney General had no reason to develop evidence regarding historically analogous laws from before the twentieth century under the two-step test both because (a) that now-defunct test did not rely on the identification of historical analogous laws, and (b) laws from the twentieth century were sufficient to satisfy the State's burden.

One point that Plaintiffs do concede in their Opposition is that the Attorney General should have the opportunity to respond to any new evidence that Plaintiffs submit in their responsive brief. Plaintiffs nonetheless argue, however, that this Motion should be denied and the Attorney General should be required to later move for leave to file a sur-reply to respond to new evidence because Plaintiffs are the

"moving party." But Plaintiffs cannot be the moving party because no motion from any party, much less Plaintiffs, is pending. Thus, Plaintiffs' concession that "fairness to all parties generally requires" the opportunity to reply applies here and the Attorney General should be granted a reply brief.

In sum, *Bruen* sets forth a new standard which requires expert testimony and under which the parties have not (and rationally would not have) sought discovery. Both fairness to the parties and the development of a complete record under which the Court can determine whether California's restrictions on large-capacity magazines are constitutional under *Bruen* require the normal course of expert discovery and ordinary briefing sequence sought in the Motion.

## ARGUMENT

### I. THE *BRUEN* TEST'S HISTORICAL ANALOGUE ANALYSIS REQUIRES EXPERT TESTIMONY.

The determination of whether there exists a historical analogue to Section 32310 sufficient to satisfy the *Bruen* standard requires expert testimony. Under *Bruen*, a historical analogy must be "well-established and representative." 142 S. Ct. 2111, 2133. While in some cases, "historical analogies . . . are relatively simple to draw," in cases involving "unprecedented societal concerns or dramatic technological changes," a "more nuanced approach" to drawing historical analogies may be required. *Id*. at 2132. As *Bruen* recognized, "the Constitution can, and must, apply to circumstances beyond those the Founders specifically anticipated." *Id*. (citing *United States v. Jones*, 565 U.S. 400, 404-405). This admonition encompasses those "modern regulations that were unimaginable at the founding." *Id*. (citing *Heller*, 554 U.S. at 582). In this case, the Attorney General anticipates providing evidence establishing that the problem of public mass shootings is an "unprecedented societal concern" and that the large-capacity magazines restricted under California law represent a "dramatic technological change[]."

2

Contrary to Plaintiffs' assertions, the Attorney General does not seek "impermissible" expert testimony to "pass on the[] constitutionality" of the challenged statute. Opp., 12. Instead, testimony is needed from historians and other experts on whether the analogy or analogies identified by the Attorney General are sufficiently "well-established and representative," *Bruen*, 142 S. Ct. at 2133, so as to establish the constitutionality of California's restrictions on LCMs.

This evidence and the context surrounding it is most properly provided by experts, not lay persons. As courts in this Circuit and elsewhere have recognized, "[h]istorians are trained to recover 'facts' and, through selecting certain facts from the universe of available facts, construct narratives that explain a historical issue." *See United States v. Newmont USA Ltd.*, No. CV-05-020-JLQ, 2007 WL 4856859, at *3 (E.D. Wash. Nov. 16, 2007) (permitting a historian to, *inter alia*, "provide historical context to the evidence"); *see also Langbord v. United States Dep't of Treasury*, 832 F.3d 170, 195 (3d Cir. 2016) (finding that a historian "fulfill[ed] his role as an expert witness . . . by surveying a daunting amount of historical sources, evaluating their reliability and providing a basis for a reliable narrative about that past"); *see also vonRosenberg v. Lawrence*, 413 F. Supp. 3d 437, 450 (D.S.C. 2019) ("[S]ynthesizing voluminous historical texts . . . is precisely the type of expertise that courts acknowledge historians possess."); *Burton v. Am. Cyanamid*, No. 07-CV-0303, 2018 WL 3954858, at *4 (E.D. Wis. Aug. 16, 2018) ("Even when the words on the face of an historical document are comprehensible to the lay juror, a trained historian can contribute tremendously to the accuracy and completeness of the juror's understanding by situating the document in its historical context—a context with social, economic, technological, linguistic, and medical dimensions, to name but a few.").

The post-*Bruen* decision in *Sullivan v. Ferguson*, No. 3:22-CV-05403-DGE, 2022 WL 10428165 (W.D. Wash. Oct. 18, 2022), is instructive. In that case, a challenge to Washington's restrictions on large-capacity magazines, the court

granted a third party's motion to intervene because the intervenor "has substantial expertise and experience with assessing the efficacy of firearms regulations," and such expertise "may thus help the Court to assess the burden imposed by modern firearm regulations and other factual issues underlying this suit." *Id*. at *5. If the issues raised by a large-capacity magazine regulation could be resolved without discovery, as Plaintiffs seem to assert (Opp. at 10-11), then there would be no need for the "expertise and experience" that the court in *Sullivan* recognized would be helpful in resolution of that case. Similarly, in this case, the testimony that the Attorney General seeks to introduce through a regular course of expert discovery would be helpful for the Court in addressing the issue raised by *Bruen*, and that testimony realistically cannot be fully mustered on the limited timeline provided by the Court. *See Def. Distributed v. Bonta*, No. CV 22-6200-GW-AGRX, 2022 WL 15524977, at *5 (C.D. Cal. Oct. 21, 2022), *adopted*, No. CV 22-6200-GW-AGRX, 2022 WL 15524983 (C.D. Cal. Oct. 24, 2022) (denying plaintiffs' request for preliminary injunction because "there is no possibility this Court would expect Defendants to be able to present the type of historical analysis conducted in *Bruen* on 31 days' notice (or even 54 days' notice)").

Plaintiffs also argue that further discovery is not necessary because (a) the relevant facts are "adjudicative facts" or "primary and secondary sources . . . [that] are publicly available." Opp. at 12; *see also id*. at 10-11 (stating that "the only 'facts' relevant to resolution of this case are 'legislative facts' about the history of magazines over ten rounds and their regulation in this country"). But the Opposition reveals that the relevant facts are not merely adjudicative ones, and, as explained above, the mere citation of primary and secondary sources will not answer the questions raised by *Bruen*. For example, Plaintiffs contend in conclusory fashion that "firearms able to fire more than ten rounds without reloading are nothing new," that those firearms "pre-date the founding," and that they have been "ubiquitous since *at least* the ratification of the Fourteenth

4

Amendment." Opp. at 2. But those are conclusions of fact, not law, the resolution of which requires evidence contextualized by historians and other experts.

Indeed, the Attorney General intends to put forward evidence that LCMs of the type regulated by California firearms do not pre-date the founding in any meaningful sense, and that their ubiquity, to extent it exists today, certainly did not exist in 1791 and 1868. Merely citing these primary sources and secondary sources without the testimony of experts would limit the Court's ability to accurately analyze Plaintiffs' Second Amendment claim because, as explained above, historians "provide historical context to the evidence," *Newmont USA Ltd.*, 2007 WL 4856859, at *3, and evaluate the "reliability" of "historical sources." *Langbord*, 832 F.3d at 195.

Thus, the relevant historical inquiry cannot merely be resolved "through briefing, argument, and presentation of documentary evidence," as Plaintiffs contend, Opp. at 11, and should be developed through expert discovery.

## II. THE EXISTING RECORD IN THIS CASE MUST BE SUPPLEMENTED TO ADDRESS THE STANDARD SET FORTH IN *BRUEN*.

Plaintiffs' contention that the Attorney General seeks "another bite at the apple" through discovery (Opp. at 23) is meritless, because *Bruen* mandates that the parties engage in a new legal analysis for the first time. As such, the Attorney General does not seek to "change th[e] historical record," as Plaintiffs contend (Opp. at 2), but instead to respond to the *Bruen* test calling for a "relevantly similar" historically analogous regulation from 1791 or 1868. *Bruen*, 142 S. Ct. 2131-32. As Plaintiffs concede, this case was previously litigated under the now-defunct two-step test, the first step of which was determining whether the challenged regulation was "longstanding" and thus presumptively constitutional under *Heller*. Opp. at 21 n. 7. And Plaintiffs do not dispute that under that prior precedent, laws from the early twentieth century could be considered longstanding. *Id*. (citing *Silvester v. Harris*, 843 F.3d 816, 823 (9th Cir. 2016) (Thomas, C.J.,

5

concurring). Plaintiffs nonetheless argue that the Attorney General should have included all "relevant laws," including those which "pre-dated the 1900s." *Id*.

This argument fails, however, because the "relevant laws" under the now-defunct two-step test and the cognizable historical analogies under *Bruen* are not the same. Under the two-step test, a law was "longstanding" and thus presumptively constitutional if the law itself was longstanding or if laws regulating similar conduct were longstanding. *Silvester*, 843 F.3d at 819-820. Thus, in *Silvester*, the Ninth Circuit found that California's waiting period law was "longstanding" because "California has had some kind of waiting period statute for firearm purchases continuously since 1923." *Id*. at 823-24. By contrast, in cases such as this one which implicate "unprecedented societal concerns or dramatic technological changes," the court may uphold a challenged regulation if there exists a "historical regulation" that is a "proper analogue" for the modern regulation. 142 U.S. at 2132.

Here, for example, the Attorney General should be allowed sufficient time to develop evidence showing that such a proper analogue to California's restrictions on large-capacity magazines exists. *See Def. Distributed*, 2022 WL 15524977, at *5. Thus, in contrast to the regulation of public carry of firearms challenged in *Bruen* (conduct which undoubtedly existed in 1791 and 1868), this case will require an analysis of analogous historical regulations that was absent from the prior proceedings in this case. As such, the Attorney General will be putting forth evidence under a new standard for the first time, not seeking a second chance under the prior test.

Finally, Plaintiffs' request that "the Court to order that the State first identify some 'relevantly similar' historical analogues and show that expert testimony would help the Court interpret those identifiable analogues in light of their historical context" (Opp. at 22) neither comports with *Bruen* nor the basic purpose of discovery. The purpose of discovery is to allow "parties can obtain evidence

necessary to evaluate and resolve their dispute," *Hill v. Eddie Bauer*, 242 F.R.D. 556, 560 (C.D. Cal. 2007), and requiring the Attorney General to identify a historical analogy before having the opportunity to fully develop that evidence would put the cart before the horse. And nothing in *Bruen* suggests the type of burden shifting (*i.e.*, requiring the defendant to identify a historical analogy before permitting discovery into the validity of that analogy) that Plaintiffs suggest here. *See* 142 S. Ct. at 2130 n. 6 (describing how the application of the text-and-history test will be guided by "various evidentiary principles and default rules" and "the principle of party presentation").

### III. PLAINTIFFS CONCEDE THAT A REPLY BRIEF RESPONDING TO NEW EVIDENCE IS PROPER.

Plaintiffs do not dispute that the Attorney General should have the opportunity to respond to new evidence that they submit in their response brief, because "fairness to all parties generally requires as much." Opp. at 22-23. But Plaintiffs nonetheless request the Court deny the Attorney General's request because "moving for leave to file a sur-reply is the normal course," as Plaintiffs' contend that they are the "moving party on the motion for summary judgment being supplemented." *Id*. at 23.

This argument fails, however, because Plaintiffs are not the "moving party" here, nor could they be, given that there is no motion pending before the Court. On March 29, 2019, the Court entered judgment in Plaintiffs' favor following its grant of summary judgment to Plaintiffs. Dkt. No. 88 (Clerk's Judgment). As the Court's September 26, 2022 Order recounts, this Court's decision "on summary judgment" that California Penal Code section 32310 is unconstitutional was "reversed and remanded for entry of judgment in favor of the" Attorney General. *Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021). That entry of judgment never occurred, however, because Plaintiffs filed a petition of writ of certiorari. *See, generally,* District Ct. Dkt. The Supreme Court subsequently vacated the

"judgment" and "remanded to the United States Court of Appeals for the Ninth Circuit for further consideration in light of" *Bruen*. *Duncan v. Bonta*, 142 S. Ct. 2895 (2022). Recognizing that the "judgment in this case is vacated," the Ninth Circuit then "remanded [the case] to the district court for further proceedings consistent with" *Bruen*. *Duncan v. Bonta*, 49 F.4th 1228, 1232 (9th Cir. 2022). In sum, the only judgment in this case (*i.e.*, the grant of summary judgment to Plaintiffs) has been vacated.

Moreover, in the September 26, 2022 Order, this Court did not ask the parties for renewed motions for summary judgment or to supplement the record on summary judgment, but instead merely for "any additional briefing that is necessary to decide this case in light of *Bruen*." *Id*. Thus, because the Court's decision on Plaintiffs' motion for summary judgment has been vacated and the Court has not sought (nor have Plaintiffs filed) motions for summary judgment, Plaintiffs are not the "moving party." And because, as Plaintiffs admit, fairness generally requires the opportunity to reply to new evidence in a responsive brief, the Attorney General should not be required to file another motion simply to secure that opportunity.

## CONCLUSION

For the foregoing reasons and those set forth in the Motion, the Attorney General respectfully requests the Court grant the Motion for Reconsideration.

///

///

| | | |
|---|---|---|
| 1 | Dated: November 2, 2022 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | MARK R. BECKINGTON<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | |
| 6 | | */s/ Robert L. Meyerhoff*<br>ROBERT L. MEYERHOFF |
| 7 | | Deputy Attorney General<br>*Attorneys for Defendant Rob Bonta in* |
| 8 | | *his official capacity as Attorney*<br>*General of the State of California* |

9

# CERTIFICATE OF SERVICE

Case Name: **Duncan, et al. v. Bonta**     No.  **3:17-cv-01017-BEN-JLB**

I hereby certify that on November 2, 2022, I electronically filed the following document with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF BRIEFING SCHEDULE SET FORTH IN ORDER SPREADING THE MANDATE AND CONTINUING THE PRELIMINARY INJUNCTION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on November 2, 2022, at Los Angeles, California.

| Robert Leslie Meyerhoff | *Robert M* |
|---|---|
| Declarant | Signature |