C.D. Michel – SBN 144258
Sean A. Brady – SBN 262007
Anna M. Barvir – SBN 268728
Matthew D. Cubeiro – SBN 291519
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: abarvir@michellawyers.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA DUNCAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Attorney General of the State of California, <br><br> Defendant. | Case No: 17-cv-1017-BEN-JLB <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' OVERSIZED SUPPLEMENTL BRIEF** <br><br> Hearing Date: January 9, 2023 <br> Hearing Time: 10:30 a.m. <br> Courtroom: 5A <br> Judge: Hon. Roger T. Benitez |

1
MEMORANDUM OF POINTS AND AUTHORITIES

17cv1017

## I. INTRODUCTION

The State's supplemental brief (ECF No. 118) is 63 pages long. Southern District Local Civil Rule 7.1(h) provides that briefs "must not exceed a total of twenty-five (25) pages in length" unless leave is granted. Plaintiffs therefore move to strike pages 26 through 63 of the State's supplemental brief because the State did not obtain leave to file its grossly excessive and burdensome brief.

## II. LEGAL STANDARD

A district court has the "inherent authority" to strike an improper filing to "promulgate and enforce rules of the management of litigation" and the "administration of its business." *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (citations omitted). Where parties violate the page limit established in a district court's local rules, striking all pages that exceed the page limit is within the Court's sound discretion and appropriate. *King County v. Rasmussen*, 299 F.3d 1077, 1083 (9th Cir. 2002) (striking pages 25 through 34 due to 24-page local rule limitation). Indeed, "page limits are important to maintain judicial efficiency and ensure fairness to opposing parties…." *MacIntyre v. Butler*, 181 B.R. 420, 422 (B.A.P. 9th Cir. 1995).

## III. ARGUMENT

The State's 63-page supplemental brief violates Local Rule 7.1(h) because it exceeds the allowable page limit by a whopping 38 pages. There is no justification for the State's violation of the local rules. The briefing in this matter is not exempt from this Court's page limitations and the State does not get to help itself to a grossly excessive brief merely because this matter has a significant public policy profile. The State had plenty of time to solicit the Court for leave to file a longer brief, as Plaintiffs have, but it did not.

Moreover, the State's excessive briefing is not warranted. The State knows that its magazine laws cannot survive the *Bruen* standard, and its brief is essentially a herculean but unavailing argument for a warped interpretation of *Bruen* that allows

2
MEMORANDUM OF POINTS AND AUTHORITIES
17cv1017

it to do what the Supreme Court emphatically said it cannot do – interest balance Second Amendment rights into oblivion. If the State had evidence of a well-subscribed historical tradition of regulations analogous to the magazine laws at issue here, the State would not even need 25 pages, let alone 63, to discuss them.

Moreover, the supplemental briefing at issue here is supplemental to the state's motion for summary judgment briefing. While Local Civil Rule 7.1(h)'s language could plausibly not apply to unusual briefs not classifiable as a "brief in support of or in opposition to motions," the supplemental brief here is within 7.1(h)'s reach because it is filed in support of the Court's *Bruen* focused reevaluation of Plaintiffs' motion for summary judgment.

## IV. CONCLUSION

The State's attempt to burden Plaintiffs and the Court with dozens of excessive pages containing unjustifiable arguments erected upon implausible interpretations of *Bruen* is unwelcome. This Court should exercise its discretion to strike pages 26 through 63 of the State's supplemental brief.

Dated: December 1, 2022

**MICHEL & ASSOCIATES, P.C.**

*s/ Anna M. Barvir*
Anna M. Barvir
Email: abarvir@michellawyers.com
Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE
## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Case Name: *Duncan, et al. v. Becerra*
Case No.: 17-cv-1017-BEN-JLB

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 180 East Ocean Boulevard, Suite 200 Long Beach, CA 90802. I am not a party to the above-entitled action.

    I have caused service of the following documents, described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' OVERSIZED SUPPLEMENTAL BRIEF**

on the following parties by electronically filing the foregoing on December 1, 2022, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Rob Bonta
Attorney General of California
Mark R. Beckington
Supervising Deputy Attorney General
Kevin J. Kelly
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
kevin.kelly@doj.ca.gov

    I declare under penalty of perjury that the foregoing is true and correct. Executed on December 1, 2022, at Long Beach, CA.

*Laura Palmerin* (signature)
Laura Palmerin