ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
KEVIN J. KELLY
Deputy Attorney General
State Bar No. 337425
  300 S. Spring St., Ste. 9012
  Los Angeles, CA 90013
  Telephone: (213) 266-6615
  Fax: (916) 731-2124
  E-mail: Kevin.Kelly@doj.ca.gov
*Attorneys for Defendant Rob Bonta,*
*In his official capacity as Attorney*
*General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA DUNCAN ET AL.,<br><br>                  Plaintiffs,<br><br>v.<br><br>**ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,**<br><br>                  Defendant. | 3:17-cv-1017-BEN-JLB<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' EX PARTE APPLICATION FOR ORDER EXTENDING PAGE LIMITATION**<br><br>Courtroom:    5A<br>Judge:          Hon. Roger T. Benitez<br>Action Filed:  May 17, 2017 |

# DEFENDANT'S RESPONSE TO PLAINTIFFS' EX PARTE APPLICATION FOR ORDER EXTENDING PAGE LIMITATION

Defendant respectfully submits this response to Plaintiffs' "Ex Parte Application for Order Extending Page Limitation," which was filed in the evening of December 1, 2022. *See* Dkt. 131. As the Court is likely aware, Plaintiffs have concurrently filed a motion to strike all pages except the first 25 pages of Defendant's supplemental brief for being submitted in purported violation of Local Civil Rule 7.1(h). *See* Dkt. 130.

As Plaintiffs' ex parte application papers reflect, on November 30, 2022, Plaintiffs' counsel sought Defendant's position on their contemplated ex parte application, and the undersigned informed counsel in good faith that Defendant would not oppose it even though the local rule does not apply to the supplemental briefing ordered by the Court. *See* Declaration of Anna M. Barvir in Support of Plaintiffs' Ex Parte Application for Order Extending Page Limitation ¶¶ 2-3. However, at no time prior to filing their ex parte application did Plaintiffs disclose that they were also contemplating a motion to strike Defendant's briefing on the grounds that it was purportedly "oversized" and submitted in violation Local Civil Rule 7.1(h). *See* Declaration of Kevin J. Kelly in Support of Defendant's Response to Plaintiffs' Ex Parte Application for Order Extending Page Limitation ¶ 6. Had Defendant been aware of the planned motion to strike, Defendant would have informed Plaintiffs that he would consent to Plaintiffs' application provided that the Court does not strike any pages of his supplemental brief, which would severely prejudice Defendant by limiting his brief to 25 pages while permitting Plaintiffs' supplemental brief to exceed 25 pages.

As Defendant informed Plaintiffs in advance of their ex parte application, Local Civil Rule 7.1(h) does not, by its terms, apply to the briefing at issue and thus Plaintiffs' ex parte motion is not necessary. Following the remand of this matter, the Court ordered Defendant to "file any additional briefing that is necessary to

-1-

1  decide this case in light of *Bruen* within 45 days of this Order," with Plaintiffs
2  filing "any responsive briefing within 21 days thereafter." Dkt. 111. The Court did
3  not specify any page limitations on these briefs. *See id.* And Local Civil Rule 7.1(h)
4  does not apply to these briefs because they are not "in support of or in opposition to
5  a[ny] motions noticed for the same motion day" (*see* L.R. 7.1(h)), as there are no
6  pending motions before the Court. That said, Defendant continues to not oppose
7  Plaintiffs' application to the extent Plaintiffs seek to file a responsive brief that
8  exceeds 25 pages in length.

9       However, if the Court is inclined to grant the ex parte application, Defendant
10 respectfully submits that the Court should *sua sponte* deny Plaintiffs' motion to
11 strike Defendant's supplemental briefing. Defendant was not given a full and fair
12 opportunity to consider his position on the ex parte application without the
13 knowledge that Plaintiffs would be filing a motion to strike Defendant's own
14 briefing. Moreover, the granting of both Plaintiffs' application and motion would
15 result in a plainly inequitable and absurd result—Defendant's supplemental briefing
16 would be restricted to 25 pages, while Plaintiffs' briefing would extend to some 50
17 pages, much of it submitted in response to argument set forth in the full version of
18 Defendant's briefing. Accordingly, the Court should not grant Plaintiffs'
19 application if it is inclined to grant the motion to strike.

20 Dated: December 2, 2022       Respectfully submitted,

21                                           ROB BONTA
                                          Attorney General of California
22                                           MARK R. BECKINGTON
23                                           Supervising Deputy Attorney General

24

25                                           */s/ Kevin J. Kelly*
                                          KEVIN J. KELLY
26                                           Deputy Attorney General
                                          *Attorneys for Defendant Rob Bonta, in*
27                                           *his Official Capacity as Attorney*
                                          *General of the State of California*
28 SA2017107272
   65600543.docx

-2-