ROB BONTA
Attorney General of California
MARK BECKINGTON
Supervising Deputy Attorney General
KEVIN J. KELLY
Deputy Attorney General
State Bar No. 337425
  300 S. Spring St., Ste. 9012
  Los Angeles, CA 90013
  Telephone: (213) 266-6615
  Fax: (916) 731-2124
  E-mail: Kevin.Kelly@doj.ca.gov
*Attorneys for Defendant Rob Bonta,
In his official capacity as Attorney*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIRGINIA DUNCAN ET AL.,**<br><br>                        Plaintiffs,<br><br>v.<br><br>**ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,**<br><br>                        Defendant. | 3:17-cv-1017-BEN-JLB<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL BRIEF**<br><br>Hearing Date:  January 9, 2023<br>Hearing Time:  10:30 a.m.<br>Courtroom:  5A<br>Judge:  Hon. Roger T. Benitez<br>Action Filed:  May 17, 2017 |

## INTRODUCTION

This Court should deny Plaintiffs' motion to strike pages 26 through 63 of Defendant's briefing submitted in response to this Court's order dated September 26, 2022 (Dkt. No. 111) (the "Order") for being submitted in purported violation of Local Civil Rule 7.1(h). By its own terms, that rule applies only to briefs submitted "in support of or in opposition to all motions noticed for the same motion day," and there was no motion pending before the Court at the time the Order was issued. But even if this Court were to conclude that Local Civil Rule 7.1(h) does apply to the briefing at issue, the Court should still deny the instant motion and accept Defendant's full briefing in the interests of fairness to the parties. The Order itself did not provide notice that the briefing related to any prior motion in this case and did not include any specific page limit, and the filing of the instant motion without advance notice to Defendant operated to deny Defendant a full and fair opportunity to determine his position on Plaintiffs' concurrent ex parte application to file a brief in excess of 25 pages. Moreover, for the Court to simultaneously grant Plaintiffs' ex parte application (which Defendant continues to not oppose) as well as the instant motion would produce an absurd and inequitable result. Finally, the significant issues framed in the Order warrant the length of the submitted briefing, and Defendant's brief—as well as Plaintiffs' brief—should be accepted as filed. For these reasons and others set forth more fully below, the Court should deny the instant motion.

## BACKGROUND AND RELEVANT PROCEDURAL HISTORY

As this Court is aware, following the Supreme Court's vacatur of the judgment in this matter, the Ninth Circuit remanded the matter to this Court "for further proceedings consistent with *New York State Rifle & Pistol Ass'n v. Bruen*," 597 U.S. ___, 142 S. Ct. 2895 (2022). *See Duncan v. Bonta*, 49 F.4th 1228, 1231 (9th Cir. 2022). This Court then issued the Order, which in relevant part directed the following: "Defendant shall file any additional briefing that is necessary to decide this case in light of *Bruen* within 45 days of this Order. Plaintiffs shall file any responsive briefing within 21 days thereafter. This Court will then decide the case on the briefs and the prior record or schedule additional hearings." No motion was filed by any of the parties

during the timeframe between the Supreme Court's vacatur of the judgment and this Court's issuance of the Order.

On November 10, 2022, Defendant submitted his additional briefing in response to the Order. *See* Dkt. No. 118. On November 30, 2022, counsel for Plaintiffs contacted counsel for Defendant and stated that it was Plaintiffs' position that the supplemental briefing ordered by the Court in this matter was bound by the 25-page limitation set by Local Civil Rule 7.1(h). *See* Declaration of Kevin J. Kelly in Support of Defendant's Response to Plaintiffs' Ex Parte Application for Order Extending Page Limitation ("Kelly Decl.") (Dkt. No. 133-1) ¶ 2 & Exhibit A. Plaintiffs' counsel further inquired as to whether Defendant would oppose Plaintiffs' ex parte application to file a brief in excess of that limitation. *See id.* Defendants' counsel stated that while it was Defendant's position that Local Civil Rule 7.1(h) did not apply to limit the length of that briefing, since that rule pertains to briefs "in support of or in opposition to motions" and there was no pertinent motion currently pending before the Court, Defendant would not oppose Plaintiffs' ex parte application. *See id.* ¶ 4 & Exhibit A.

The following day, Plaintiffs concurrently filed their 50-page supplemental brief (*see* Dkt. No 132), an Ex Parte Application for Order Extending Page Limitation (*see* Dkt. No. 130), and the instant motion (*see* Dkt. No. 131). At no point prior to filing the instant motion had Plaintiffs informed Defendant that the instant motion would be filed. *See* Kelly Decl. ¶ 6. Nevertheless, in good faith and consistent with Defendant's counsel's earlier representations to Plaintiffs' counsel, Defendant did not oppose Plaintiffs' ex parte application. *See* Defendant's Response to Plaintiffs' Ex Parte Application for Order Extending Page Limitation (Dkt. No. 133) at 2.

## ARGUMENT

**I. DEFENDANT'S BRIEF DID NOT CONSTITUTE A BRIEF "IN SUPPORT OF OR IN OPPOSITION TO" ANY MOTION, AND THUS LOCAL CIVIL RULE 7.1(H) SHOULD NOT BE HELD TO APPLY.**

Local Civil Rule 7.1(h) states:

> **Length of Brief in Support of or in Opposition to Motions.** Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day must not exceed a total of twenty-five (25) pages in length, per party, for all such motions without leave of the judge who will

> hear the motion. No reply memorandum will exceed ten (10) pages without leave of the judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

This rule does not, by its own terms, apply to the briefing at issue in the instant motion. There was no motion pending before the Court at the time it issued the Order, and thus Defendant's briefing was not submitted "in support of or in opposition to" any motion. Nor had the Ninth Circuit remanded this matter to this Court for any explicit motion-related purpose, such as reconsideration of Plaintiffs' earlier summary judgment motion, as it instead remanded "for further proceedings consistent with [*Bruen*]." *See Duncan*, 49 F.4th at 1231

Plaintiffs for their part have pointed to nothing in the record suggesting that Local Civil Rule 7.1(h) applies to the relevant Court-ordered briefing. Plaintiffs' assertions that "the supplemental briefing at issue here is supplemental to the state's motion for summary judgment briefing" and "the supplemental brief here is within 7.1(h)'s reach because it is filed in support of the Court's *Bruen* focused reevaluation of Plaintiffs' motion for summary judgment" (*see* Plaintiffs' Memo at 3) are not supported by any references to the record in this case and are thus speculative. Their motion should be denied.

## II. EVEN IF LOCAL CIVIL RULE 7.1(H) DOES APPLY TO THE BRIEFING AT ISSUE, THIS COURT SHOULD DENY PLAINTIFFS' MOTION IN THE INTEREST OF FAIRNESS TO THE PARTIES.

To the extent the Order was intended as a *sua sponte* order requiring the parties to supplement briefing submitted in relation to any prior motion, the Court should nonetheless deny Plaintiffs' motion to strike as a matter of fundamental fairness to the parties. The Order did not so indicate that the briefing should be understood to relate to any earlier motion in this case, and thus Defendant could not have had sufficient notice that Local Civil Rule 7.1(h) may apply. Moreover, the Order directed Defendant to submit "any additional briefing that is necessary to decide this case in light of *Bruen*" (*see* Order at 2) without imposing any specific page limit.

Furthermore, fundamental fairness dictates that Plaintiffs' motion should be denied insofar as Defendant was not given a full and fair opportunity to consider his position on the ex parte application with the knowledge that Plaintiffs would be filing the instant motion. Had Defendant

been aware of the planned motion to strike, Defendant would have informed Plaintiffs that he would consent to Plaintiffs' application provided that the Court does not strike any pages of Defendant's supplemental brief; otherwise Defendant would be severely prejudiced by limiting his brief to 25 pages while permitting Plaintiffs' supplemental brief to exceed 25 pages. Moreover, granting both Plaintiffs' application and motion would result in a plainly inequitable and absurd result—Defendant's supplemental briefing would be restricted to 25 pages, while Plaintiffs' briefing would extend to some 50 pages, much of it submitted in response to argument set forth in the full version of Defendant's briefing.

If the Court does determine that Rule 7.1(h) applies, the parties should each be granted leave to proceed with their respective briefs. Briefing the significance of *Bruen* in the context of the issues framed in this litigation warrants the length of the briefing that both parties have submitted. Indeed, Plaintiffs' claim that "[i]f the State had evidence of a well-subscribed historical tradition of restrictions analogous to the magazine laws at issue here, the State would not even need 25 pages, let alone 63, to discuss them" (*see* Plaintiffs' Memo at 3) is belied by the complexity and length of their own responsive briefing, which comprises some 50 pages (*see* Plaintiffs' Supplemental Brief, Dkt. No. 132). And while Plaintiffs claim in their accompanying ex parte application that they "did not create the circumstance that necessitated" their request for leave to file a brief of more than 25 pages (*see* Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Ex Parte Application for Order Extending Page Limitation at 2), they do not explain why they did not immediately request that the Court limit the length of Defendant's brief after it was filed, instead waiting to file their own 50-page responsive brief along with the instant motion and accompanying ex parte application on the day their brief was due.[1]

---

[1] To the extent Plaintiffs argue that the length of Defendant's briefing is "not warranted" because "[t]he State knows that its magazine laws cannot survive the *Bruen* standard" (*see* Plaintiffs' Memo at 2-3), the Court should disregard that argument as well as any other arguments going to the merits of this case as outside the scope of the instant motion.

# CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion to strike.

Dated: December 27, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

*/s/ Kevin J. Kelly*
KEVIN J. KELLY
Deputy Attorney General
*Attorneys for Defendant Rob Bonta, in his Official Capacity as Attorney General of the State of California*

SA2017107272
65645297.doc