C.D. Michel – SBN 144258
Sean A. Brady – SBN 262007
Anna M. Barvir – SBN 268728
Matthew D. Cubeiro – SBN 291519
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: abarvir@michellawyers.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA DUNCAN, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of the State of California,<br><br>　　　　　　　　　Defendant. | Case No: 17-cv-1017-BEN-JLB<br><br>**PLAINTIFFS' REPLY TO OPPOSITION TO MOTION TO STRIKE DEFENDANTS' OVERSIZED SUPPLEMENTAL BRIEF**<br><br>Hearing Date:　January 9, 2023<br>Hearing Time:　10:30 a.m.<br>Courtroom:　　5A<br>Judge:　　　　Hon. Roger T. Benitez |

1    Local Civil Rule 7.1(h) sets a 25-page upper limit for briefs filed in support of
2 or in opposition to any pending "motion." "Unless otherwise ordered by a judge of
3 this district, or unless contrary to statute or in conflict with a provision of the Fed. R.
4 Civ. P., the provisions of this rule will apply to *motions*, applications and orders to
5 show cause, *or other request for ruling by the Court*." S.D. Cal. Local Rule 7.1(a)
6 (emphasis added). Without seeking leave, the State filed a 63-page brief in response to
7 this Court's order for supplemental briefing given the recent *Bruen* decision. Defs.'
8 Suppl. Br. Re: Ct.'s Order of Sept. 26, 2022 (Nov. 10, 2022) (ECF No. 118). The
9 State knowingly violated the rules, and its conduct unduly burdened Plaintiffs, who
10 had only 21 days (including the Thanksgiving holiday) to analyze and respond to the
11 State's bloated brief and thousands of pages of supporting evidence.
12    The State's only justification for its failure to seek leave to file its oversized
13 brief is that Local Rule 7.1(h) does not apply because its supplemental brief is not "in
14 support of or in opposition to" any pending motion. Defs.' Opp'n to Pls.' Mot. to
15 Strike 2-3 (Dec. 27, 2022) (ECF No. 136). But as Plaintiffs' moving papers point out,
16 the parties' court-ordered briefs relate to Plaintiffs' motion for summary judgment
17 under re-evaluation by this Court in light of the Ninth Circuit's post-*Bruen* remand for
18 further proceedings. Pls.' Mot. to Strike 3 (Dec. 1, 2022) (ECF No. 130-1). Otherwise,
19 the briefs would not be "supplemental" to anything; they would simply be trial briefs
20 or some other such brief informing the Court of the parties' post-appeal positions.
21    But even if the briefs are unrelated to Plaintiffs' summary judgment motion, the
22 State's brief makes at least one "request for ruling by the Court," bringing the brief
23 within the scope of Local Rule 7.1(h). That is, the State's brief recognizes that the
24 result of the briefing will be a merits ruling by the Court, and it affirmatively requests
25 at least two forms of relief related to that ruling. Defs.' Suppl. Br. 63. First, it asks the
26 Court to grant its motion for reconsideration to allow further discovery if the Court
27 holds that the current record does not show that "California's restrictions on large-
28 capacity magazines comport with the Second Amendment." *Id.* Then, it asks the Court

to "stay the enforcement of any judgment pending appeal" if the Court holds that California's magazine ban violates the Second Amendment. *Id.* Under a plain reading of Local Rule 7.1(a), the State's brief constitutes a "motion" subject to the page limitation set forth in Local Rule 7.1(h).

At the very least, the State's conduct violates the spirit of a rule created to prevent the filing of grossly oversized briefs that unnecessarily burden the opposing party and the Court. Because the State thought it was necessary to file a brief well over 25 pages, it could have simply sought the Court's permission to do so. This would have given the Court the chance to consider whether the State had good cause to file such a long brief under the circumstances. And, based on the Court's comments during the December 12, 2022, Case Management Conference, it likely would have informed the parties that such briefs were unnecessary to the resolution of this straightforward matter—*before* both parties spent a great deal of time and money crafting briefs that are dozens of pages longer than this Court's rules ordinarily allow. *See, e.g.*, Tr. at 39:24-40:15 (Dec. 12, 2022) (explaining that the parties in *Fouts* would not need 36 pages to discuss the history and tradition of arms regulations).

Moreover, when the State filed its 63-page supplemental brief, it was already on notice that the Court considered the State's post-*Bruen* supplemental briefs to be "oversized." In fact, in response to a nearly identical order for briefing in *Miller v. Bonta*, the State filed a 77-page brief that is remarkably similar to the State's brief here. *See* Defendants' Supplemental Brief in Response to the Court's Order of August 29, 2022, *Miller v. Bonta*, No. 19-cv-1537 (Oct. 13, 2022) (ECF No. 137). On October 14, 2022—just one day after the State filed its brief in *Miller*—the Court ruled that "the parties ha[d] filed oversized briefs" and thus ordered that they file "a compendium of works, articles, studies, internet articles, etc., cited or referred to in the briefs and attached declarations and provide a printed courtesy copy of the compendium to chambers." Minute Order, *Miller v. Bonta*, No. 19-cv-1537 (Oct. 14,

2022) (ECF No. 138).¹ In short, when the State filed its 63-page supplemental brief in this matter, it *knew* it was filing an "oversized" brief and yet chose not to seek to leave to exceed the page limitations as the rules require.

All this said, however, Plaintiffs agree with the State's concern that justice demands parity for the parties related to the length of their briefs. *See* Opp'n 3-4. As the Plaintiffs' ex parte motion suggests, they requested leave to file their own oversized brief in the case that the Court accepts the State's oversized brief. Pls.' Ex Parte Appl. For Order Extending Pg. Limitation 2 (Dec. 1, 2022) (ECF No. 131-1) ("*If* the Court accepts the State's entire supplemental brief, fairness dictates that Plaintiffs should be afforded the same number of pages to respond to the State's many arguments.") Likewise, if the Court grants Plaintiffs' ex parte motion to exceed the page limits, they would withdraw their opposition to the State's oversized brief.

Dated: January 3, 2023                    **MICHEL & ASSOCIATES, P.C.**

                                          *s/ Anna M. Barvir*
                                          Anna M. Barvir
                                          Email: abarvir@michellawyers.com
                                          Attorneys for Plaintiffs

---

¹ To be fair, the State's attorneys of record when the supplemental briefs were filed in *Miller* were not identical to the attorneys of record when the supplemental briefs were filed in this case. But the attorneys were all from the Attorney General's office. They represent the same defendants. And they filed almost identical briefs in both matters. If the State's attorneys are coordinating over the substance of their arguments to such a great extent, it is hard to believe they were not on notice of this Court's order in *Miller* designating their brief as "oversized." In fact, because they proactively filed the compendium of cited works that this Court ordered the State to file in *Miller*, it seems very likely that they were.

# CERTIFICATE OF SERVICE
## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Case Name: *Duncan, et al. v. Becerra*
Case No.: 17-cv-1017-BEN-JLB

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 180 East Ocean Boulevard, Suite 200 Long Beach, CA 90802. I am not a party to the above-entitled action.

I have caused service of the following documents, described as:

**PLAINTIFFS' REPLY TO OPPOSITION TO MOTION TO STRIKE DEFENDANTS' OVERSIZED SUPPLEMENTAL BRIEF**

on the following parties by electronically filing the foregoing on January 3, 2023, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Rob Bonta
Attorney General of California
Mark R. Beckington
Supervising Deputy Attorney General
Kevin J. Kelly
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
kevin.kelly@doj.ca.gov

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 3, 2023, at Long Beach, CA.

Laura Palmerin