*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Plaintiffs' Disagreements re Defendant's Survey of Relevant Statutes (Pre-Founding – 1930s)[1, 2]**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| Defendant's Survey of Statutes (Pre-Founding – 1889) ||||||
| 1 | 1383 | England | 7 Rich. 2, ch. 13 (1383) | Prohibited possession of launcegays.  Punished by forfeiture of the weapon. | Objection to inclusion.<br><br>"Historical evidence that long predates [the founding] may not illuminate the scope of the right if linguistic or legal conventions changed in the intervening years." *Bruen*, 142 S.Ct. at 2136.<br><br>And English history is ambiguous at best, and the Court saw "little reason to think that the Framers would have thought it applicable in the New World." *Id*. at 2139.<br><br>As this chart shows, bans on simply possessing weapons did not continue into the 18th and 19th centuries.<br><br>Finally, the State has not provided the current status of this law indicating whether the law was ever repealed or reviewed by a court.[3] |

[1] In compliance with the Court's Order dated December 15, 2022 (Dkt. 134), Defendant created this survey of statutes, laws, and regulations that Defendant has determined are relevant to this action.  Plaintiffs disagree that nearly all of those statutes, laws, and regulations are relevant to the historical analysis required in this case, and in compliance with the Court's December 15 Order, the chart reflects Plaintiffs' position regarding the relevance of each law.

[2] The surveys have been filed in compliance with the Court's Order directing the parties to identify all relevant laws, statutes, and regulations from the time of the Second Amendment to twenty years after adoption of the Fourteenth Amendment.  In compliance with that Order and in recognition of the historical inquiry mandated by *Bruen*, the spreadsheets identify hundreds of relevant firearms laws, some of which were drafted well before the Thirteenth Amendment's abolition of slavery and the Fourteenth Amendment's Equal Protection Clause.  While our subsequent briefing, as ordered by the Court, will explain in more detail the historical context and relevance of such laws, the Attorney General emphasizes his strong disagreement with racial and other improper discrimination that existed in some such laws, and which stand in stark contrast to California's commonsense firearm laws, which are designed to justly and equitably protect all Californians.  The listing of such racist and discriminatory statutes should in no way be construed as an endorsement of such laws by the Attorney General or his counsel in this matter.

[3] Plaintiffs will not repeat this for each entry in the chart in which the State did not provide the current status of the law, because it applies to the vast majority of the entries in this survey. It is likely that many of the laws the State cites here have been repealed or replaced or are otherwise no longer enforced.

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 2 | 1396 | England | 20 Rich. 2, ch. 1 (1396) | Prohibited possession of launcegays. Punished by forfeiture of the weapon. | Objection to inclusion.<br><br>"Historical evidence that long predates [the founding] may not illuminate the scope of the right if linguistic or legal conventions changed in the intervening years." *Bruen*, 142 S.Ct. at 2136.<br><br>And English history is ambiguous at best, and the Court saw "little reason to think that the Framers would have thought it applicable in the New World." *Id*. at 2139.<br><br>As this chart shows, bans on simply possessing weapons did not continue into the 18th and 19th centuries. |
| 3 | 1541 | England | 33 Hen. 8, ch. 6 §§ 1, 18 (1541) | Prohibited possession of any crossbow, handgun, hagbutt, or demy hake. Exempted subjects living within 12 miles of the Scottish border. Punishable by forfeiture or payment of 10 pounds. | Objection to inclusion.<br><br>"Historical evidence that long predates [the founding] may not illuminate the scope of the right if linguistic or legal conventions changed in the intervening years." *Bruen*, 142 S.Ct. at 2136.<br><br>And English history is ambiguous at best, and the Court saw "little reason to think that the Framers would have thought it applicable in the New World." *Id*. at 2139.<br><br>As this chart shows, bans on simply possessing weapons did not continue into the 18th and 19th centuries. |
| 4 | 1606 | England | 4 Jac. I, ch. 1 (1606) | Repealed exemption for subjects living with 12 miles of the Scottish border for the keeping of crossbows, handguns, and demy hakes. | Objection to inclusion.<br><br>"Historical evidence that long predates [the founding] may not illuminate the scope of the right if linguistic or legal conventions changed in the intervening years." *Bruen*, |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|--------------|----------|----------------------------|-----------------------|
| | | | | | 142 S.Ct. at 2136. |
| | | | | | And English history is ambiguous at best, and the Court saw "little reason to think that the Framers would have thought it applicable in the New World." *Id*. at 2139. |
| | | | | | As this chart shows, bans on simply possessing weapons did not continue into the 18th and 19th centuries in America. |
| 5 | 1664 | New York | The Colonial Laws of New York from the Year 1664 to the Revolution . . ., at 687 (1894) | Prohibited a slave from possessing or using a gun, pistol, sword, club, or other kind of weapon unless in the presence and at the direction of their Master or Mistress. | Objection to inclusion. |
| | | | | | The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries. |
| | | | | | The law predates the Founding by far too long to be afforded much weight. *Bruen*, 142 S.Ct. at 2136 (citing *Heller*, 554 U.S. at 634). |
| | | | | | The law is not "relevantly similar" to CA's magazine ban because it restricted *who* may use and possess arms, not *what* arms they may possess. *Id.* at 2133. |
| | | | | | Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. |
| 6 | 1686 | New Jersey | The Grants, Concessions, and Original Constitutions of The Province of New Jersey 289-90 (1881) (1686) | Prohibited the carrying "privately" of any pocket pistol, skeines, stilettoes, daggers or dirks, or other unusual or unlawful weapons.  Punishable | Objection to inclusion. |
| | | | | | This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | | by fine of 5 pounds for first conviction, and punishable by imprisonment for 6 months and a fine of 10 pounds. | even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 7 | 1689 | England | English Bill of Rights of 1689, 1 Wm. & Mary ch. 2, § 7 | Provided a right for Protestants to have "Arms for their Defense . . . as allowed by law." | <u>No objection to inclusion.</u> Though it is an English law that predates the founding by nearly 100 years, it evidences a general right to arms for self-defense that carried into the New World. *See Bruen*, 142 S.Ct. at 2136. To the extent, however, the law limited its scope to "Protestant" subjects, it includes a restriction on the rights of disfavored populations (e.g., Catholics) that would not survive in America past the ratification of the 14th Amendment. Further, such a restriction is not "relevantly similar" to CA's magazine ban because it restricts *who* (i.e., only disfavored groups) may use and possess arms, not *what* arms anyone may possess. *Id.* at 2133. Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 8 | 1750 | Massachusetts | 1750 Mass. Acts 544, An Act for Preventing and Suppressing of Riots, Routs and Unlawful Assemblies, ch. 17, § 1 | Prohibited the carrying of a club or other weapon while unlawfully, riotously, or tumultuously assembling. Punishable by seizing the weapon and a hearing before the court. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, only applies when one is engaged in unlawful, riotous, or tumultuous assembly. *Bruen*, 142 S.Ct. at 2133. |
| 9 | 1769 | England | 1 Blackstone ch. 1 (1769) | Recognized the "fifth and last auxiliary right," which provided that Protestant subjects had the right to "arms for their defence" "such as are allowed by law." | No objection to inclusion.<br><br>Though it is an English law that predates the founding by nearly 100 years, it evidences a general right to arms for self-defense that carried into the New World. *See Bruen*, 142 S.Ct. at 2136.<br><br>To the extent, however, the law limited its scope to "Protestant" subjects, it includes a restriction on the rights of disfavored populations (e.g., Catholics) that would not survive in America past the ratification of the 14th Amendment.<br><br>Further, such a restriction is not "relevantly similar" to CA's magazine ban because it restricts *who* (i.e., only disfavored groups) may use and possess arms, not *what* arms anyone may possess. *Id.* at 2133.<br><br>Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. |
| 10 | 1771 | New Jersey | 1763-1775 N.J. Laws 346, An Act for the | Prohibited the setting of any trap gun intended to discharge by any | Objection to inclusion. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
|  |  |  | Preservation of Deer and Other Game, and to Prevent Trespassing with Guns, ch. 539, § 10 | string, rope, or other contrivance.  Punishable by forfeiture of the firearm and fine of 6 pounds. | The law is not "relevantly similar" to CA's magazine ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns"). And it regulates for completely different reasons than CA's magazine ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133. |
| 11 | 1783 | Massachusetts – City of Boston | 1783 Mass. Acts 37, § 2 | Prohibited the possession of any "fire arms," and among other devices, loaded with any gun powder.  Punishable by forfeiture and sale at public auction. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It regulates possession entirely differently (by  applying only to loaded firearms, not mere possession of common arms), and it does so for completely different reasons (i.e., prevention of fires and explosions) than CA's magazine ban. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, even if it were relevant, this law is an outlier insufficient to establish an American tradition of such regulation. *Id.* |
| 12 | 1784 | New York – City of New York City | 1784 Laws of N.Y. 627, ch. 28 | Prohibited any person to keep any quantity of gun powder exceeding 28 pounds and required storage in separate containers.  Punishable by forfeiture and fine. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It regulates possession entirely differently (by only applying only to very large quantities of gunpowder, not mere possession of common arms), and it does so for completely different reasons (i.e., prevention of fires and explosions) than |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | CA's magazine ban. *Bruen*, 142 S.Ct. at 2133. |
| 13 | 1786 | Massachusetts | An Act to Prevent Routs, Riots, and Tumultuous assemblies, and the Evil Consequences Thereof, reprinted in Cumberland Gazette (Portland, MA), Nov. 17, 1786, at 1 | Prohibited being armed with a club or other weapon while rioting. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in illegal activity (i.e., rioting). *Bruen*, 142 S.Ct. at 2133. |
| 14 | 1788 | Ohio [Territory] | 1788-1801 Ohio Laws 20, A Law Respecting Crimes and Punishments . . ., ch. 6 | Prohibited the carrying of any "dangerous weapon" that indicates a violent intention while committing a burglary. Punishable by imprisonment for up to 40 years. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., burglary w/ intent to commit violence). *Bruen*, 142 S.Ct. at 2133. |
| 15 | 1792 | Virginia | Collection of All Such Acts of the General Assembly of Virginia, of a Public and Permanent Nature, as Are Now in Force . . . ., at 187 (1803), §§ 8-9 | Prohibited any "negro or mulatto" from possessing or carrying a gun, powder, shot, club, or other weapon. | Objection to inclusion.<br><br>The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries.<br><br>The law is not "relevantly similar" to CA's magazine ban because it restricted *who* (i.e., only disfavored groups) may use and possess arms, not *what* arms anyone may possess. *Id.* at 2133. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB

**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | | | Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. |
| 16 | 1797 | Delaware | Del. Laws 104, An Act for the Trial of Negroes, ch. 43, § 6 | Prohibited "any Negro or Mulatto slave" from carrying guns, swords, pistols, fowling pieces, clubs, or other arms and weapons without the master's special license. | Objection to inclusion.<br><br>The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries.<br><br>The law is not "relevantly similar" to CA's magazine ban because it restricted *who* (i.e., only disfavored groups) may use and possess arms, not *what* arms anyone may possess. *Id.* at 2133.<br><br>Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. |
| 17 | 1798 | Kentucky | 1798 Ky. Acts 106 | Prohibited "negro, mulatto, or Indian" from possessing or carrying a gun, powder, shot, club, or other weapon or ammunition. | Objection to inclusion.<br><br>The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries.<br><br>The law is not "relevantly similar" to CA's magazine ban because it restricted *who* may use and possess arms, not *what* arms they may possess. *Id.* at 2133. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | | | Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. |
| 18 | 1799 | Mississippi [Territory] | 1799 Miss. Laws 113, A Law for The Regulation of Slaves | Prohibited any "Negro or mulatto" from carrying gun, powder, shot, club, or other weapon. Also prohibits a "negro or mulatto" from possessing a gun, weapon, or ammunition. | Objection to inclusion. <br><br> The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries. <br><br> The law is not "relevantly similar" to CA's magazine ban because it restricted *who* (i.e., only disfavored groups) may use and possess arms, not *what* arms anyone may possess. *Id.* at 2133. <br><br> Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. |
| 19 | 1799 | New Jersey | Charles Nettleton, Laws of the State of New-Jersey, at 474 (1821), [An Act to Describe, Apprehend and Punish Disorderly Persons (1799)], § 2 | Prohibited the carrying of any pistol, hanger, cutlass, bludgeon, or other offensive weapon, with intent to assault any person." | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. |
| 20 | 1801 | Tennessee | 1801 Tenn. Act 260-61 | Prohibited the private carrying of "any dirk, large knife, pistol, or any other dangerous weapon, to | Objection to inclusion. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB

**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | | the  fear or terror of any person," unless a surety is posted. Punishable as for "breach of the peace, or riot at common law." | This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only the manner of carrying certain arms and, even then, only while participating in a riot or breaching the peace. *Bruen*, 142 S.Ct. at 2133. |
| 21 | 1804 | Indiana [Territory] | 1804 Ind. Acts 108, A Law Entitled a Law Respecting Slaves, § 4 | Prohibited a "slave or mulatto" from carrying or possessing a gun, powder, shot, club or other weapon and ammunition. | Objection to inclusion.<br><br>The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries.<br><br>The law is not "relevantly similar" to CA's magazine ban because it restricted *who* (i.e., only disfavored groups) may use and possess arms, not *what* arms anyone may possess. *Id.* at 2133.<br><br>Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. |
| 22 | 1804 | Mississippi [Territory] | 1804 Miss. Laws 90, An Act Respecting Slaves, § 4 | Prohibited a "Slave" from keeping or carrying a gun, powder, shot, club, or other weapon. | Objection to inclusion.<br><br>The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries.<br><br>The law is not "relevantly similar" to CA's magazine ban because it restricted *who* may use and possess arms, not *what* arms they |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB

**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | | | may possess. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. |
| | | | | | Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Id.* at 2154. |
| 23 | 1811 | Maryland | The Laws of Maryland, with the Charter, the Bill Of Rights, the Constitution of the State, and Its Alterations, the Declaration of Independence, and the Constitution of the United States, and Its Amendments, at 465 (1811) | Prohibited the carrying of any pistol, hanger, cutlass, bludgeon, or other offensive weapon with the intent to assault a person. Punishable by imprisonment for 3 months to 2 years. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or attempting to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 24 | 1813 | Louisiana | 1813 La. Acts 172, An Act Against Carrying Concealed Weapons, and Going Armed in Public Places in an Unnecessary Manner, § 1 | Prohibited the carrying of any concealed weapon, including a dirk, dagger, knife, pistol, or any other deadly weapon. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 25 | 1816 | Georgia | Lucius Q.C. Lamar, A Compilation of the Laws of the State of Georgia, Passed by the Legislature since the Year 1810 to the Year 1819, Inclusive. Comprising all the Laws Passed within those Periods, Arranged under Appropriate Heads, with Notes of Reference to those Laws, or Parts of Laws, which are Amended or Repealed to which are Added such Concurred and Approved Resolutions, as are Either of General, Local, or Private Moment. Concluding with a Copious Index to the Laws, a Separate one to the Resolutions, at 599 (1821), Offences Against the Public Peace, (1816) § 19 | Prohibited the carrying of any pistol, hanger, cutlass, bludgeon, or other offensive weapon with the intent to assault a person. Punishable by imprisonment with hard labor for a period of time to be determined by a jury. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 26 | 1818 | Missouri [Territory] | Organic Laws:-Laws of Missouri Territory, (Alphabetically Arranged):-Spanish Regulations for the Allotment of Lands:- Laws of the United States, for Adjusting Titles to Lands, &c. to Which are Added, a Variety of Forms, Useful to Magistrates, at 374 (1818), Slaves, § 3 | Prohibited "slave or mulatto" from carrying a gun, powder, shot, club or other weapon and from possessing a gun or ammunition. | Objection to inclusion.<br><br>The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries.<br><br>The law is not "relevantly similar" to CA's magazine ban because it restricted *who* (i.e., only disfavored groups) may use and possess arms, not *what* arms anyone may possess. *Id.* at 2133.<br><br>Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms.<br><br>Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Id.* at 2154. |
| 27 | 1821 | Maine | 1821 Me. Laws 98, An Act for the Prevention of Damage by Fire, and the Safe Keeping of Gun Powder, chap. 25, § 1 | Prohibited any person from possessing any gunpowder, in any quantity, unless permitted by local rules and regulations. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It regulates the possession of gun powder for entirely different reasons than CA does here (i.e., prevention of fires and explosions). *Bruen*, 142 S.Ct. at 2133.<br><br>But if it were relevant, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | weight than it can rightly bear."). <br><br> And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. |
| 28 | 1835 | Arkansas [Territory] | Slaves, in Laws of the Arkansas Territory 521 (J. Steele & J. M'Campbell, Eds., 1835) | Prohibited any "slave or mulatto" from keeping or carrying a gun, powder, shot, club, or other weapon. | Objection to inclusion. <br><br> The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries. <br><br> The law is not "relevantly similar" to CA's magazine ban because it restricted *who* (i.e., only disfavored groups) may use and possess arms, not *what* arms anyone may possess. *Id.* at 2133. <br><br> Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. <br><br> Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Id.* at 2154. |
| 29 | 1836 | Massachusetts | Mass. Rev. Stat., ch. 134, § 16 (1836) | Prohibited the carrying of a dirk, dagger, sword, pistol, or other offensive and dangerous weapon without reasonable cause to fear an assault.  Punishable by finding sureties for keeping the peace for a term up to 6 months. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| | | | | | <u>Objection to Description.</u> |
| | | | | | The law does not even ban carry. It only required the posting of a surety and, even then, only if someone complained of a reasonable fear of the person carrying. |
| | | | | | The relevant text is as follows: "If any person shall go armed with a dirk, dagger, sword, pistol, or other offensive and dangerous weapon, without reasonable cause to fear an assault or other injury, or violence to his person, or to his family or property, he may, on complaint of any person **having reasonable cause to fear an injury**, **or breach of the peace**, be required **to find sureties for keeping the peace**, for a term not exceeding six months, **with the right of appealing as before provided**."[4] |
| 30 | 1836 | Connecticut – Cities of Hartford, New Haven, New London, | 1836 Conn. Acts 105, ch. 1, § 20 | Authorizing the local court of common counsel to prohibitand regulate the storage of gun powder. | <u>Objection to inclusion.</u><br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession of any arm or any conduct at all. It instead authorizes a court to prohibit and regulate the storage of gun powder, likely for reasons |

---

[4] https://firearmslaw.duke.edu/laws/theron-metcalf-the-revised-statutes-of-the-commonwealth-of-massachusetts-passed-november-4-1835-to-which-are-subjoined-an-act-in-amendment-thereof-and-an-act-expressly-to-repeal-the-acts-which-a/.

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|------|------|------|------|
| | | Norwich, and Middletown | | | related to fire prevention.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 31 | 1837 | Alabama | 1837 Ala. Acts 7, §§ 1, 2 | Imposed tax of $100 on any person selling, giving, or disposing of any Bowie knife or Arkansas toothpick.  Failure to pay the tax was subject to penalty of perjury. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on transferring certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 32 | 1837 | Arkansas | Josiah Gould, A Digest of the Statutes of Arkansas Embracing All Laws of a General and Permanent Character in Force the Close of the Session of the General Assembly of 1856 380 381–82 (1837) | Prohibited the concealed carrying of any pistol, dirk, butcher or large knife, sword cane, unless "upon a journey." | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* one may carry. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | postenactment history more weight than it can rightly bear."). |
| 33 | 1837 | Georgia | Acts of the General Assembly of the State of Georgia Passed in Milledgeville at an Annual Session in November and December 1837, at 90-91 (1838) | Prohibited any merchant, or "any other person or persons whatsoever," to sell, offer to sell, keep, or have on their person or elsewhere any Bowie knife or "any other kind of knives, manufactured and sold for the purpose of wearing, or carrying the same as arms of offence or defence," pistols, swords, sword canes, or spears.  Exempted "such pistols as are known as horseman's pistols" from these restrictions.  Punishable by a fine of up to $100-500 for the first offense and $500-1,000 for subsequent offenses. | No objection to inclusion.  The law was held to be unconstitutional under the 2nd Amendment. *Nunn v. State*, 1 Ga. 243 (1846). To the extent that it bans the transfer or possession of common arms, like CA's magazine ban does, judicial review of the law tends to show that CA's magazine ban is also unconstitutional. |
| 34 | 1837 | Mississippi | 1837 Miss. L. 291-92 | Prohibited the use of any rifle, shotgun, sword cane, pistol, dirk, dirk knife, Bowie knife, or any other deadly weapon in a fight in which one of the combatants was killed, and the exhibition of any dirk, dirk knife, Bowie knife, sword, sword cane, or other deadly weapon in a rude or threatening manner that was not in necessary self-defense.  Punishable by liability to decedent and a fine of up to | Objection to inclusion.  This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It bans the use of arms (including common arms) to assault and kill people. It also bans brandishing a weapon in a threatening manner necessary for self-defense. *Bruen*, 142 S.Ct. at 2133.  Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | $500 and imprisonment for up to 3 months. | postenactment history more weight than it can rightly bear."). |
| 35 | 1837 | Mississippi – Town of Sharon | 1837 Miss. L. 294 | Authorized the town of Sharon to enact "the total inhibition of the odious and savage practice" of carrying dirks, Bowie knives, or pistols. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession of any arm or any conduct at all. It instead purports to authorize a local jurisdiction to adopt a law. And the State does not indicate whether the town actually passed that law. *Bruen*, 142 S.Ct. at 2133.<br><br>Even if the town did pass such a law, it would not be "relevantly similar" because it would regulate only carry of certain arms.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 36 | 1837 | Tennessee | 1837-38 Tenn. Pub. Acts 200-01, An Act to Suppress the Sale and Use of Bowie Knives and Arkansas Tooth Picks in this State, ch. 137, § 2 | Prohibited the carrying of a concealed Bowie knife, Arkansas tooth pick, or other knife or weapon.  Punishable by fine of $200-500 and imprisonment for 3-6 months. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB

**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 37 | 1837 | Tennessee | 1837-1838 Tenn. Pub. Acts 200, An Act to Suppress the Sale and Use of Bowie Knives and Arkansas Tooth Picks in this State, ch. 137, § 1. | Prohibited any merchant from selling a Bowie knife or Arkansas tooth pick.  Punishable by fine of $100-500 and imprisonment for $1-6 months. | Objection to inclusion.

If the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Bruen*, 142 S.Ct. at 2133.

But if it were relevant, the law was adopted too long after the Founding to be afforded much weight—especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").

And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. It was the only still-standing prohibition on sales of bowie knives by the end of the 19th century. Kopel, *Bowie Knife Statutes 1837-1899*, Reason Magazine (Nov. 20, 2022). |
| 38 | 1837 | Tennessee | 1837-1838 Tenn. Pub. Acts 201, An Act to Suppress the Sale and Use of Bowie Knives and Arkansas Tooth Picks in the State, ch. 137, § 4 | Prohibited the stabbing or cutting of another person with any knife or weapon known as a "Bowie knife, Arkansas tooth pick, or any knife or weapon that shall in form, shape or size resemble a Bowie knife," regardless of whether the person dies.  Punishable by imprisonment for 3-15 years. | Objection to inclusion.

This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It only bans the use of certain knives to stab or cut people. *Bruen*, 142 S.Ct. at 2133.

Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving |

19

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB

**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|------|------|------|------|
| | | | | | postenactment history more weight than it can rightly bear."). |
| 39 | 1838 | Tennessee | Acts Passed at the First Session of the Twenty-Second General Assembly of the State of Tennessee: 1837-38, at 200-01, ch. 137 | Prohibited the sale or transfer of any Bowie knife or knives, Arkansas toothpicks, or "any knife or weapon that shall in form shape or size resemble a Bowie knife or any Arkansas toothpick." | Objection to inclusion. This appears to be the same TN Bowie knife law listed above (No. 35). If the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Bruen*, 142 S.Ct. at 2133. But if it were relevant, the law was adopted too long after the Founding to be afforded much weight—especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. It was the only still-standing prohibition on sales of bowie knives by the end of the 19th century. Kopel, *Bowie Knife Statutes 1837-1899*, Reason Magazine, (Nov. 20, 2022). |
| 40 | 1838 | Virginia | Acts of the General Assembly of Virginia, Passed at the Session of 1838, at 76-77, ch. 101 (1838) | Prohibited "habitually or generally" carrying any concealed pistol, dirk, Bowie knife, or any other weapon of like kind. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-----|-----|-----|-----|-----|
| | | | | | carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 41 | 1839 | Alabama | 1839 Ala. Acts 67, § 1 | Prohibited the concealed carrying of "any species of fire arms, or any bowie knife, Arkansas tooth-pick, or any other knife of the like kind, dirk, or any other deadly weapon." Punished by fine of $50-100 and imprisonment not to exceed 3 months. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 42 | 1839 | Florida [Territory] | John P. Duval, Compilation of the Public Acts of the Legislative Council of the Territory of Florida, Passed Prior to 1840, at 423 (1839), An Act to Prevent any Person in this Territory from Carrying Arms Secretly | Prohibited the concealed carrying of "any dirk, pistol, or other arm, or weapon, except a common pocket-knife." Punishable by fine of $50-500 or imprisonment for 1-6 months. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | postenactment history more weight than it can rightly bear."). |
| | | | | | Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Id.* at 2154. |
| 43 | 1839 | Mississippi – Town of Emery | 1839 Miss. L. 385, ch. 168 | Authorized the town of Emery to enact restrictions on the carrying of dirks, Bowie knives, or pistols. | Objection to inclusion. |
| | | | | | This law is not "relevantly similar" to CA's magazine ban. It does not ban possession of any arm or any conduct at all. It instead purports to authorize a local jurisdiction to adopt a law. And the State does not indicate whether the town actually passed that law. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Even if the town did pass such a law, it would not be "relevantly similar" because it would regulate only carry of certain arms. |
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 44 | 1840 | Mississippi – Town of Hernando | 1840 Miss. L. 181, ch. 111 | Authorized the town of Hernando to enact restrictions on the carrying of dirks, Bowie knives, or pistols. | Objection to inclusion. |
| | | | | | This law is not "relevantly similar" to CA's magazine ban. It does not ban possession of any arm or any conduct at all. It instead purports to authorize a local jurisdiction to adopt a law. And the State does not indicate whether the town actually passed that law. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | | | *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Even if the town did pass such a law, it would not be "relevantly similar" because it would regulate only carry of certain arms. |
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 45 | 1841 | Alabama | 1841 Ala. Acts 148–49, Of Miscellaneous Offences, ch. 7, § 4 | Prohibited the concealed carrying of "a bowie knife, or knife or instrument of the like kind or description, by whatever name called, dirk or any other deadly weapon, pistol or any species of firearms, or air gun," unless the person is threatened with an attack or is traveling or "setting out on a journey." Punished by a fine of $50-100. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. And it includes exceptions for self-defense and when on a "journey." *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 46 | 1841 | Maine | 1841 Me. Laws 709, ch. 169, § 16. | Prohibited the carrying of a dirk, dagger, sword, pistol, or other offensive and dangerous weapon without reasonable cause to fear an assault.  Upon complaint of any person, the person intending to carry such weapons may be | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. And it includes exceptions for self- |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB

**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | | required to find sureties for keeping the peace for up to six months. | defense and when on a "journey." *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 47 | 1841 | Mississippi | 1841 Miss. 52, ch. 1 | Imposed an annual property tax of $1 on each Bowie knife. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 48 | 1842 | Louisiana | Henry A. Bullard & Thomas Curry, 1 A New Digest of the Statute Laws of the State of Louisiana, from the Change of Government to the Year 1841 at 252 (E. Johns & Co., New Orleans, 1842) | Prohibited the carrying of " any concealed weapon, such as a dirk, dagger, knife, pistol, or any other deadly weapon." Punishable by fine of $20-50. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | postenactment history more weight than it can rightly bear."). |
| 49 | 1845 | Illinois | Mason Brayman, Revised Statutes of the State of Illinois: Adopted by the General Assembly of Said State, at Its Regular Session, Held in the Years A.D. 1844-45: Together with an Appendix Containing Acts Passed at the Same and Previous Sessions, Not Incorporated in the Revised Statutes, but Which Remain in Force , at 176 (1845), Criminal Jurisprudence, § 139 | Prohibited the carrying of "any pistol, gun, knife, dirk, bludgeon or other offensive weapon, with intent to assault any person. Punishable by fine up to $100 or imprisonment up to 3 months. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 50 | 1846 | North Carolina | 1846 N.C. L., ch. 42 | Prohibited "any slave" from receiving any sword, dirk, Bowie knife, gun, musket, firearms, or "any other deadly weapons of offense" without written permission. | Objection to inclusion.<br><br>The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries.<br><br>The law is not "relevantly similar" to CA's magazine ban because it restricted *who* may use and possess arms, not *what* arms they may possess. *Id.* at 2133.<br><br>Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual |

25

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | right to keep and bear arms. |
| | | | | | Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 51 | 1847 | Maine | The Revised Statutes of the State of Maine, Passed October 22, 1840; To Which are Prefixed the Constitutions of the United States and of the State of Maine, and to Which Are Subjoined the Other Public Laws of 1840 and 1841, with an Appendix, at 709 (1847), Justices of the Peace, § 16 | Prohibited the carrying of a dirk, dagger, sword, pistol, or other offensive and dangerous weapon without reasonable cause to fear an assault. Upon complaint of any person, the person intending to carry such weapons may be required to find sureties for keeping the peace for up to one year. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. And it provides an exception for self-defense *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 52 | 1849 | California – City of San Francisco | 1849 Cal. Stat. 245, An Act to Incorporate the City of San Francisco, § 127 | Prohibited the carrying, with intent to assault any person, any pistol, gun, knife, dirk, bludgeon, or other offensive weapon with the intent to assault another person.. Punished by fine of up to $100 and imprisonment for up to 3 months. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | *Id.* at 2156. |
| | | | | | Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 53 | 1850 | Mississippi | 1850 Miss. 43, ch. 1 | Imposed an annual property tax of 50 cents on each Bowie knife. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 54 | 1851 | Alabama | 1851-52 Ala. 3, ch. 1 | Tax of $2 on "every bowie knife or revolving pistol." | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| 55 | 1851 | Illinois – City of Chicago | Ordinances of the City of Chicago, Ill., ch. 16, § 1 | Prohibiting the keeping, sale, or giving away of gun powder or gun cotton "in any quantity" absent written permission of the authorities.  Punishable by a fine of $25 per offense. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It regulates the possession of gun powder/cotton differently (i.e., requires permission to possess) than CA's flat ban. And it regulates for entirely different reasons than CA does here (i.e., prevention of fires and explosions). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 56 | 1851 | Pennsylvania – City of Philadelphia | 1851 Pa. Laws 382, An Act Authorizing Francis Patrick Kenrick, Bishop of Philadelphia, to Convey Certain Real Estate in the Borough of York, and a Supplement to the Charter of Said Borough, § 4 | Prohibited the willful and malicious carrying of any pistol, gun, dirk, knife, slungshot, or deadly weapon.  Punishable by imprisonment for 6 months to 1 year and security for future good behavior. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | | | 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 57 | 1853 | California | S. Garfielde, Compiled Laws of the State of California: Containing All the Acts of the Legislature of a Public and General Nature, Now in Force, Passed at the Sessions of 1850-51-52-53, § 127 | Prohibited carrying of pistol, gun, knife, dirk, bludgeon, or other offensive weapon with intent to assault. Punishable by fine of up to $100 or imprisonment for up to 3 months. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 58 | 1853 | New Mexico [Territory] | 1853 N.M. Laws 406, An Act Prohibiting the Carrying of Weapons Concealed or Otherwise, § 25 | Prohibited the carrying of a concealed pistol, Bowie knife, cuchillo de cinto (belt buckle knife), Arkansas toothpick, Spanish dagger, slungshot, or any other deadly weapon. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>Finally, the 19th-century laws of the Western Territories are not "instructive" because they |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 59 | 1854 | Mississippi | 1854 Miss. 50, ch. 1 | Imposed an annual property tax of $1 on each Bowie knife, Arkansas toothpick, sword cane, and dueling or pocket pistol. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 60 | 1854 | Washington [Territory] | 1854 Wash. Sess. Law 80, An Act Relative to Crimes and Punishments, and Proceedings in Criminal Cases, ch. 2, § 30 | Prohibited exhibiting, in a rude, angry, or threatening manner, a pistol, Bowie knife, or other dangerous weapon.  Punishable by imprisonment up to 1 year and a fine up to $500. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only brandishing of certain arms (including common arms) in a rude, angry, or threatening manner. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | | | and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 61 | 1855 | California | 1855 Cal. L. 152-53, ch. 127 | Provided that a person who killed another in a duel with "a rifle, shot-gun, pistol, bowie-knife, dirk, small-sword, back-sword or other dangerous weapon" would pay the decedent's debts and be liable to the decedent's family for liquidated damages. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession of any arm or any conduct at all. It merely holds a person civilly liable if they kill another person in a duel with certain weapons (including common arms). *Bruen*, 142 S.Ct. at 2133. |
| 62 | 1855 | Indiana | 1855 Ind. Acts 153, An Act to Provide for the Punishment of Persons Interfering with Trains or Railroads, ch. 79, § 1 | Prohibited the carrying of any dirk, pistol, Bowie knife, dagger, sword in cane, or any other dangerous or deadly weapon with the intent of injuring another person.  Exempted any person who was a "traveler." Punishable by fine up to $500. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 63 | 1855 | Louisiana | 1855 La. L. 148, ch. 120 | Prohibited the concealed carrying of "pistols, bowie knife, dirk, or any other dangerous weapon." | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 64 | 1856 | Mississippi | 1856-1857 Miss. L. 36, ch. 1 | Imposed an annual property tax of $1 on each Bowie knife, dirk knife, or sword cane. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 65 | 1856 | Tennessee | 1855-56 Tenn. L. 92, ch. 81 | Prohibited the sale or transfer of any pistol, Bowie knife, dirk, Arkansas toothpick, or hunter's knife to a minor. Excepted the transfer of a gun for hunting. | Objection to inclusion. The law is not "relevantly similar" to CA's magazine ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by *anyone*, nor did not ban transfer to adults. *Id.* at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB

**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| 66 | 1856 | Texas | Tex. Penal Code arts. 611-12 (enacted Aug. 28, 1856) | Provided that the use of a Bowie knife or a dagger in manslaughter is to be deemed murder. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It only enhances criminal charges/penalties for killing another person with certain knives. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, while the court in *Cockrum v. State*, 24 Tex. 394 (1859) upheld the penalty enhancement, it also held that "[t]he right to carry a bowie-knife for lawful defence is secured, and must be admitted." |
| 67 | 1858 | Minnesota – City of St. Paul | Ordinances of the City of St. Paul, Minn., ch. 21, § 1 | Prohibited the keeping, sale, or giving away of gun powder or gun cotton "in any quantity" absent payment of $5 to the City Treasurer and written permission of the authorities.  Authorized any person to "keep for his own use" no more than 1 pound of gun powder or gun cotton at any one time.  Punishable by a fine not to exceed $50 per offense. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It regulates the possession of gun powder/cotton differently (i.e., requires permission to possess) than CA's flat ban. And it regulates for entirely different reasons than CA does here (i.e., prevention of fires and explosions). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Even if it were relevant, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. |
| 68 | 1858 | Nebraska [Territory] | 1858 Neb. Laws 69, An Act to Adopt and Establish a Criminal code for the Territory of Nebraska, § 135 | Prohibited the carrying of a pistol, gun, knife, dirk, bludgeon or other offensive weapon with the intent to assault a person. Punishable by fine up to $100. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 69 | 1859 | Kentucky – Town of Harrodsburg | 1859 Ky. Acts 245, An Act to Amend An Act Entitled "An Act to Reduce to One the Several Acts in Relation to the Town of Harrodsburg, § 23 | Prohibited the selling, giving, or loaning of a concealed pistol, dirk, Bowie knife, brass knuckles, slungshot, colt, cane-gun, or other deadly weapon to a "minor, slave, or free negro." Punishable by fine of $50. | Objection to inclusion. The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries. The law is not "relevantly similar" to CA's magazine ban because it restricted *who* may use and possess arms, not *what* arms they |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | may possess. *Id.* at 2133. |
| | | | | | Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. |
| 70 | 1859 | Ohio | 1859 Ohio Laws 56, An Act to Prohibit the Carrying or Wearing of Concealed Weapons, § 1 | Prohibited the concealed carrying of any pistol, Bowie knife, or any other "dangerous weapon." Punishable by fine of up to $200 or imprisonment of up to 30 days for the first offense, and a fine of up to $500 or imprisonment for up to 3 months for the second offense. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 71 | 1859 | Washington [Territory] | 1859 Wash. Sess. Laws 109, An Act Relative to Crimes and Punishments, and Proceedings in Criminal Cases, ch. 2, § 30 | Prohibited exhibiting, in a rude, angry, or threatening manner, a pistol, Bowie knife, or other dangerous weapon. Punishable by imprisonment up to 1 year and a fine up to $500. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only brandishing of certain arms (including common arms) in a rude, angry, or threatening manner. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | postenactment history more weight than it can rightly bear."). |
| 72 | 1860 | Georgia | 1860 Ga. Laws 56, An Act to add an additional Section to the 13th Division of the Penal Code, making it penal to sell to or furnish slaves or free persons of color, with weapons of offence and defence; and for other purposes therein mentioned, § 1. | Prohibited the sale or furnishing of any gun, pistol, Bowie knife, slungshot, sword cane, or other weapon to a "slave or free person of color." Punishable by fine up to $500 and imprisonment up to 6 months. | Objection to inclusion. The 14th Amendment renders explicitly racist laws and slave codes irrelevant to the analysis. *Bruen does not even consider* the many explicitly racist laws of the 18th and 19th centuries. The law is not "relevantly similar" to CA's magazine ban because it restricted *who* (i.e., only disfavored groups) may use and possess arms, not *what* arms anyone may possess. *Id.* at 2133. Further, if a restriction that applied only to disfavored groups was a sufficient historical tradition, then neither *Heller* nor *Bruen* would have ruled in favor of the individual right to keep and bear arms. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").; *id.* at 2153-54 ("late 19th-century cannot provide much insight … when it contradicts earlier evidence") |
| 73 | 1861 | California | William H. R. Wood, Digest of the Laws of California: Containing All Laws of a General Character Which were in Force on the First Day of | Prohibited the display of any dirk, dirk-knife, Bowie knife, sword, sword cane, pistol, gun, or other deadly weapon in a threatening manner, or use of such weapon in a fight. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only display/brandishing of certain arms (including common arms) in a |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | January, 1858; Also, the Declaration of Independence, Constitution of the United States, Articles of Confederation, Kentucky and Virginia Resolutions of 1798-99, Acts of Congress Relative to Public Lands and Pre-Emptions. Together with Judicial Decisions, Both of the Supreme Court of the United States and of California, to Which are Also Appended Numerous Forms for Obtaining Pre-Emption and Bounty Lands, Etc., at 334 (1861) | Punishable by a fine of $100-500 or imprisonment for 1-6 months. | threatening manner, and the use of such arms to assault others. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; ; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").; *id.* at 2153-54 ("late 19th-century cannot provide much insight … when it contradicts earlier evidence") |
| 74 | 1861 | Nevada [Territory] | 1861 Nev. L. 61 | Provided that the killing of another in a duel with a rifle, shotgun, pistol, Bowie knife, dirk, small-sword, back-sword, or other "dangerous weapon" in the killing of another in a duel is to be deemed murder. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It merely provides that killing another person in a duel with certain weapons (including common arms) is murder. *Bruen*, 142 S.Ct. at 2133. |
| 75 | 1862 | Colorado [Territory] | 1862 Colo. Sess. Laws 56, § 1 | Prohibited the concealed carrying in any city, town, or village any pistol, Bowie knife, dagger, or other deadly weapon. Punished by fine of $5-35. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 76 | 1863 | Kansas – City of Leavenworth | C. B. Pierce, Charter and Ordinances of the City of Leavenworth, with an Appendix, at 45 (1863), An Ordinance Relating to Misdemeanors, § 23 | Prohibited the carrying of any concealed "pistol, dirk, bowie knife, revolver, slung shot, billy, brass, lead or iron knuckles, or any other deadly weapon within this city." Punishable by a fine of $3-100. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 77 | 1863 | Tennessee – City of Memphis | William H. Bridges, Digest of the Charters and Ordinances of the City of Memphis, Together with the Acts of the Legislature Relating to the City, with an Appendix, at 190 | Prohibited the carrying of a concealed pistol, Bowie knife, dirk, or any other deadly weapon. Punishable by fine of $10-50. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
|  |  |  | (1863), Offences Affecting Public Safety: Carrying Concealed Weapons, § 3 |  | carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. <br><br> Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 78 | 1864 | California | Theodore Henry Hittell, The General Laws of the State of California, from 1850 to 1864, Inclusive: Being a Compilation of All Acts of a General Nature Now in Force, with Full References to Repealed Acts, Special and Local Legislation, and Statutory Constructions of the Supreme Court. To Which are Prefixed the Declaration of Independence, Constitution of the United States, Treaty of Guadalupe Hidalgo, Proclamations to the People of California, Constitution of the State of | Prohibited the concealed carrying of any dirk, pistol, sword cane, slungshot, or "other dangerous or deadly weapon." Exempted any peace officer or officer acting under the law of the United States. Punishable by imprisonment for 30-90 days or fine of $20-200. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB

**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | California, Act of Admission, and United States Naturalization Laws, with Notes of California Decisions Thereon, at 261, § 1 (1868) | | |
| 79 | 1864 | Montana [Territory] | 1864 Mont. Laws 355, An Act to Prevent the Carrying of Concealed Deadly Weapons in the Cities and Towns of This Territory, § 1 | Prohibited the carrying of a concealed "any pistol, bowie-knife, dagger, or other deadly weapon" within any town or village in the territory. Punishable by fine of $25-100. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 80 | 1865 | Utah [Territory] | An Act in relation to Crimes and Punishment, Ch. XXII, Title VII, Sec. 102, in Acts, Resolutions and Memorials Passed at the Several Annual Sessions of the Legislative | Prohibited the "set[ting] of any gun." Punishable by imprisonment of up to 1 year or a fine of up to $500. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns"). And it regulates for completely different reasons than CA's magazine ban |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | Assembly of the Territory of Utah 59 (Henry McEwan 1866), § 102 | | (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 81 | 1866 | New York | Montgomery Hunt Throop, The Revised Statutes of the State of New York; As Altered by Subsequent Legislation; Together with the Other Statutory Provisions of a General and Permanent Nature Now in Force, Passed from the Year 1778 to the Close of the Session of the Legislature of 1881, Arranged in Connection with the Same or kindred Subjects in the Revised Statutes; To Which are Added References to Judicial Decisions upon the Provisions Contained in the Text, Explanatory | Prohibited using, attempting to use, concealing, or possessing a slungshot, billy, sandclub or metal knuckles, and any dirk or dagger, or sword cane or air-gun. Punishable by imprisonment for up to 1 year and/or a fine up to $500. | Objection to inclusion.<br><br>If the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Bruen*, 142 S.Ct. at 2133.<br><br>But if it were relevant, the law was adopted too long after the Founding to be afforded much weight—especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
|  |  |  | Notes, and a Full and Complete Index, at 2512 (Vol. 3, 1882), An Act to Prevent the Furtive Possession and use of slungshot and other dangerous weapons, ch. 716, § 1 |  |  |
| 82 | 1866 | North Carolina | 1866 N.C. L. ch. 21, at 33-34, § 11 | Imposed a $1 tax on every dirk, Bowie knife, pistol, sword cane, dirk cane, and rifle cane used or worn during the year. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 83 | 1867 | Alabama | 1867 Ala. Rev. Code 169 | Tax of $2 on pistols or revolvers in the possession of private persons, excluding dealers, and a tax of $3 on "all bowie knives, or knives of the like description." Non-payment was punishable by seizure and, unless payment was made within 10 days with a penalty of an additional 50%, subject to sale by public auction. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| 84 | 1867 | Colorado [Territory] | 1867 Colo. Sess. Laws 229, § 149 | Prohibited the concealed carrying of any pistol, Bowie knife, dagger, or other deadly weapon within any city, town, or village in the territory. Punishable by fine of $5-35. Exempted sheriffs, constables, and police officers when performing their official duties. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 85 | 1867 | Tennessee – City of Memphis | William H. Bridges, Digest of the Charters and Ordinances of the City of Memphis, from 1826 to 1867, Inclusive, Together with the Acts of the Legislature Relating to the City, with an Appendix, at 44 (1867), Police Regulations of the State, Offences Against Public Peace, §§ 4746, 4747, 4753, 4757 | Prohibited the carrying of a concealed Bowie knife, Arkansas tooth pick, dirk, sword cane, Spanish stiletto, belt or pocket pistol, or other knife or weapon.  Also prohibited selling such a weapon or using such a weapon to threaten people. | § 4746. Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| | | | | | § 4747. <u>No objection to inclusion.</u> |
| | | | | | To the extent that the law restricted sales of arms in common use for lawful purposes at the time, it may be relevant to this Court's analysis. |
| | | | | | If relevant, however, the law was adopted too long after the Founding to be afforded much weight—especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| | | | | | Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. |
| | | | | | And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | § 4753. <u>Objection to inclusion.</u> |
| | | | | | This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only applies when carrying to terrorize others. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, this was not a state law, but a local |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. |
| | | | | | Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| | | | | | § 4757. <u>Objection to inclusion.</u> |
| | | | | | This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. |
| | | | | | Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 86 | 1867 | Tennessee – City of Memphis | William H. Bridges, Digest of the Charters and Ordinances of the City of Memphis, from 1826 to 1867, Inclusive, Together with the Acts of the Legislature Relating to the | Prohibited selling, loaning, or giving to a minor a pistol, Bowie knife, dirk, Arkansas tooth-pick, hunter's knife, or like dangerous weapon, except a gun for hunting or self defense in traveling.  Punishable by fine of | <u>Objection to inclusion.</u> The law is not "relevantly similar" to CA's magazine ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by anyone, nor did not ban transfer to adults. *Bruen*, 142 S.Ct. at |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|------|------|------|------|
|  |  |  | City, with an Appendix, at 50 (1867), Police Regulations of the State. Selling Liquors or Weapons to Minors, § 4864 | minimum $25 and imprisonment. | 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 87 | 1868 | Alabama | Wade Keyes, The Code of Alabama, 1876, ch. 3, § 4111 (Act of Aug. 5, 1868, at 1) | Prohibited the carrying of any rifle or "shot-gun walking cane." Punishable by fine of $500-1000 and imprisonment of no less than 2 years. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight—especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>What's more, this law is an extreme outlier in restricting the carry of rifles; it is insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. |
| 88 | 1868 | Florida | Fla. Act of Aug. 8, 1868, as codified in Fla. Rev. | Prohibited the manufacture or sale of slungshots or metallic | Objection to inclusion. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | Stat., tit. 2, pt. 5 (1892), at 2425 | knuckles.  Punishable by imprisonment for up to 6 months or a fine up to $100. | If the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Bruen*, 142 S.Ct. at 2133. <br><br> But if relevant, the law was adopted too long after the Founding to be afforded much weight—especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). <br><br> And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. |
| 89 | 1868 | Florida | 1868 Fla. Laws 2538, Persons Engaged in Criminal Offence, Having Weapons, ch. 7, § 10 | Prohibited the carrying of a slungshot, metallic knuckles, billies, firearms or other dangerous weapon if arrested for committing a criminal offence or disturbance of the peace. Punishable by imprisonment up to 3 months or a fine up to $100. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, only when participating in illegal conduct or disturbing the peace. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 90 | 1868 | Florida | James F McClellan, A Digest of the Laws of the | Prohibited the carrying "about or on their person" any dirk, pistol | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | State of Florida: From the Year One Thousand Eight Hundred and Twenty-Two, to the Eleventh Day of March, One Thousand Eight Hundred and Eighty-One, Inclusive, at 403 (1881), Offences Against Public Peace, § 13 (Fla. Act of Aug. 6, 1868, ch. 1637) | or other arm or weapon, except a "common pocket knife." Punishable by fine up to $100 or imprisonment up to 6 months. | magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 91 | 1869 | Tennessee | 1869-70 Tenn. L. 23-24, ch. 22 | Prohibited the carrying of any "pistol, dirk, bowie-knife, Arkansas tooth-pick," any weapon resembling a bowie knife or Arkansas toothpick, "or other deadly or dangerous weapon" while "attending any election" or at "any fair, race course, or public assembly of the people." | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates while attending certain public events. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 92 | 1869 | Washington [Territory] | 1869 Wash. Sess. Laws 203-04, An Act Relative to Crimes and Punishments, and Proceedings in Criminal Cases, ch. 2, § 32 | Prohibited exhibiting, in a rude, angry, or threatening manner, a pistol, Bowie knife, or other dangerous weapon. Punishable by imprisonment up to 1 year and a fine up to $500. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only exhibiting/brandishing of certain arms (including common arms) in a rude, angry, or threatening manner. *Bruen*, 142 S.Ct. at 2133. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 93 | 1870 | Georgia | 1870 Ga. L. 421, ch. 285 | Prohibited the open or concealed carry of "any dirk, bowie-knife, pistol or revolver, or any kind of deadly weapon" at "any court of justice, or any general election ground or precinct, or any other public gathering," except for militia musters. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only applies in certain public space. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 94 | 1870 | Louisiana | 1870 La. Acts 159–60, An Act to Regulate the Conduct and to Maintain the Freedom of Party Election . . ., § 73 | Prohibited the carrying of a concealed or open gun, pistol, Bowie knife or other dangerous weapon on an election day during the hours the polls are open or during registration. Punishable by fine of minimum $100 and imprisonment of minimum 1 month. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only applies in certain public space. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| 95 | 1870 | New York | "The Man Trap," The Buffalo Commercial, Nov. 1, 1870 | Referenced prohibition on the use of "infernal machines." | Objection to inclusion.<br><br>It is entirely unclear whether this entry even references a law.<br><br>If it does, such law is not "relevantly similar" to CA's magazine ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns" or "infernal machines"). And it regulates for completely different reasons than CA's magazine ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133. |
| 96 | 1871 | Arkansas – City of Little Rock | George Eugene Dodge, A Digest of the Laws and Ordinances of the City of Little Rock, with the Constitution of State of Arkansas, General Incorporation Laws, and All Acts of the General Assembly Relating to the City 230-31 (1871) | Prohibited carrying of a pistol, revolver, Bowie knife, dirk, rifle, shot gun, slungshot, colt, or metal knuckles while engaged in a breach of the peace. Punishable by a fine of $25-500. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., breach of the peace). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 97 | 1871 | District of Columbia | An Act to Prevent the Carrying of Concealed Weapons, Aug. 10, 1871, reprinted in Laws of the District of Columbia: 1871-1872, Part II, 33 (1872) (Dist. of Col., An Act to Prevent the Carrying of Concealed Weapons, 1871, ch. XXV) | Prohibited the carrying or having concealed "any deadly or dangerous weapons, such as daggers, air-guns, pistols, Bowie knives, dirk-knives, or dirks, razors, razor-blades, sword-canes, slungshots, or brass or other metal knuckles." Punishable by forfeiture of the weapon and a fine of $20-50. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 98 | 1871 | Mississippi | 1871 Miss. L. 819-20, ch. 33 | Imposed property tax on pistols, dirks, Bowie knives, and sword canes. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 991 | 1871 | Missouri – City of St. Louis | Everett Wilson Pattison, The Revised Ordinance of the City of St. Louis, Together with the Constitution of the United States, and of the State of Missouri; the Charter of the City; and a Digest of | Prohibited the carrying of a concealed pistol, or revolver, colt, billy, slungshot, cross knuckles, or knuckles of lead, brass or other metal, Bowie knife, razor, dirk knife, dirk, dagger, or any knife resembling a Bowie knife, or any other | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
|  |  |  | the Acts of the General Assembly, Relating to the City, at 491-92 (1871), Ordinances of the City of St. Louis, Misdemeanors, §§ 9-10. | dangerous or deadly weapon without written permission from the Mayor.  Punishable by fine of $10-500. | Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. <br><br> Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 100 | 1871 | Tennessee | James H. Shankland Public Statutes of the State of Tennessee, since the Year 1858. Being in the Nature of a Supplement to the Code, at 108 (Nashville, 1871) | Prohibited the carrying of a pistol, dirk, Bowie knife, Arkansas tooth pick, or other weapon in the shape of those weapons, to an election site. Punishable by fine of minimum $50 and imprisonment at the discretion of the court. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only applies at election sites. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 101 | 1871 | Texas | 1871 Tex. Laws 25, An Act to Regulate the Keeping and Bearing of Deadly Weapons. § 1 | Prohibited the carrying of a concealed pistol, dirk, dagger, slungshot, sword cane, spear, brass knuckles, Bowie knife, or any other kind of knife used for offense or defense, unless carried openly for self-defense. Punishable by fine of $20-100, forfeiture of the weapon, and for | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. And it provides an exception for self-defense. *Bruen*, 142 S.Ct. at 2133. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------------------|--------------|----------|---------------------------|----------------------|
| | | | | subsequent offenses, imprisonment up to 60 days. | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| | | | | | Finally, while *English v. State*, 35 Tex. 47 (1872) upheld the constitutionality of the TX law, it held that the arms protected by the 2ⁿᵈ Amendment are only "the arms of a militiaman or soldier." This is not the test under *Heller* or *Bruen*. |
| 102 | 1871 | Texas | Tex. Act of Apr. 12, 1871, as codified in Tex. Penal Code (1879). Art. 163. | Prohibited the carrying of a concealed or open gun, pistol, Bowie knife, or other dangerous weapon within a half mile of a polling site on an election day. Also prohibited generally carrying a pistol, dirk, dagger, slungshot, sword cane, spear, brass knuckles, Bowie knife, or other kind of knife used for offense or defense. Punishable by fine and forfeiture of the weapon. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried and within ½ mile from polling sites on election day. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 103 | 1872 | Maryland – City of Annapolis | 1872 Md. Laws 57, An Act to Add an Additional Section to Article Two of the Code of Public Local Laws, Entitled "Anne Arundel County," Sub-title | Prohibited the carrying of a concealed pistol, dirk-knife, Bowie knife, slingshot, billy, razor, brass, iron or other metal knuckles, or any other deadly | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB

**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | "Annapolis," to Prevent the Carrying of Concealed Weapons in Said City, § 246 | weapon. Punishable by a fine of $3-10. | carried. *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 104 | 1872 | Nebraska – City of Nebraska | Gilbert B. Colfield, Laws, Ordinances and Rules of Nebraska City, Otoe County, Nebraska, at 36 (1872), Ordinance No. 7, An Ordinance Prohibiting the Carrying of Fire Arms and Concealed Weapons, § 1 | Prohibited the carrying openly or concealed of a musket, rifle, shot gun, pistol, sabre, sword, Bowie knife, dirk, sword cane, billy slungshot, brass or other metallic knuckles, or any other dangerous or deadly weapons. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. And the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). What's more, the law is an extreme outlier in that it restricts carry of rifles and other long guns; it is insufficient to establish an |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | American tradition of such regulation. *Id.* at 2133. |
| 105 | 1873 | Alabama | Wade Keyes, The Code of Alabama, 1876, ch. 3, § 4110 (Act of Apr. 8, 1873, p. 130) | Prohibited the concealed carrying of any brass knuckles, slungshots, or "other weapon of like kind or description." Punishable by a fine of $20-200 and imprisonment or term of hard labor not to exceed 6 months. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 106 | 1873 | Georgia | R. H. Clark, The Code of the State of Georgia (1873) § 4528 | Prohibited the carrying of any dirk, Bowie knife, pistol, or other deadly weapon to a court, election site, precinct, place of worship, or other public gathering site.  Punishable by fine of $20-50 or imprisonment for 10-20 days. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *where* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 107 | 1873 | Massachusetts | 1850 Mass. Gen. Law, ch. 194, §§ 1, 2, as codified in Mass. Gen. Stat., ch. 164 (1873) § 10 | Prohibited the carrying of a slungshot, metallic knuckles, bills, or other dangerous weapon if arrested  pursuant to a warrant | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
|  |  |  |  | or while committing a crime. Punishable by fine. | regulates only carry of certain arms, and even then, only when participating in illegal conduct. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 108 | 1873 | Massachusetts | 1850 Mass. Gen. Law, ch. 194, §§ 1, 2 as codified in Mass. Gen. Stat., ch. 164 (1873) § 11 | Prohibited manufacturing or selling a slungshot or metallic knuckles.  Punishable by fine up to $50 or imprisonment up to 6 months. | Objection to inclusion.<br><br>If the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Bruen*, 142 S.Ct. at 2133.<br><br>But if relevant, the law was adopted too long after the Founding to be afforded much weight—especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. |
| 109 | 1873 | Minnesota | The Statutes at Large of the State of Minnesota: Comprising the General Statutes of 1866 as Amended by Subsequent Legislation to the Close of | Prohibited the setting of any spring or trap gun.  Punished by imprisonment for at least 6 months or a fine of up to $500 if no injury results; imprisonment for up to 5 years if non-fatal | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's magazine ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns"). And it regulates for completely |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | the Session of 1873: Together with All Laws of a General Nature in Force, March 7, A.D. 1873 with References to Judicial Decisions of the State of Minnesota, and of Other States Whose Statutes are Similar to Which are Prefixed the Constitution of the United States, the Organic Act, the Act Authorizing a State Government, and the Constitution of the State of Minnesota, at 993 (Vol. 2, 1873), Of Crimes and Their Punishment, Setting Spring Guns Unlawful, § 64-65 | injury results; and imprisonment for 10-15 years if death results. | different reasons than CA's magazine ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 110 | 1873 | Nevada | Bonnifield, The Compiled Laws of the State of Nevada. Embracing Statutes of 1861 to 1873, Inclusive, at 563 (Vol. 1, 1873), Of Crimes and Punishments, §§ 35-36 | Prohibited dueling and killing a person with a rifle, shotgun, pistol, Bowie knife, dirk, small sword, backsword, or other dangerous weapon. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It merely bans killing another person in a duel with certain weapons (including common arms). *Bruen*, 142 S.Ct. at 2133. |
| 111 | 1873 | Tennessee | Seymour Dwight Thompson, A Compilation of the Statute Laws of the State of Tennessee, of a General and Permanent | Prohibited selling, loaning, or giving to a minor a pistol, Bowie knife, dirk, Arkansas tooth-pick, hunter's knife, or like dangerous weapon, except a gun for | Objection to inclusion. The law is not "relevantly similar" to CA's magazine ban because it restricted only the transfer of certain arms to *minors*. It did not |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | Nature, Compiled on the Basis of the Code of Tennessee, With Notes and References, Including Acts of Session of 1870-1871, at 125 (Vol. 2, 1873), Offences Against Public Policy and Economy, § 4864 | hunting or self defense in traveling.  Punishable by fine of minimum $25 and imprisonment for a term determined by the court. | flatly ban possession by anyone, nor did not ban transfer to adults. And it provides express exceptions for hunting and self-defense. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 112 | 1874 | Alabama | 1874 Ala. L. 41, ch. 1 | Imposed $25 occupational tax on dealers of pistols, Bowie knives, and dirk knives. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. And it only applies to dealers. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 113 | 1874 | Illinois | Harvey Bostwick Hurd, The Revised Statutes of the State of Illinois. A. D. 1874. Comprising the Revised Acts of 1871-72 and 1873-74, Together with All Other General Statutes of the State, in Force on the First Day of July, 1874, at 360 (1874), | Prohibited the carrying a concealed weapon, including a pistol, knife, slungshot, brass, steel, or iron knuckles, or other deadly weapon while disturbing the peace.  Punishable by fine up to $100. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried and only when one is "disturbing the peace." *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | Disorderly Conduct: Disturbing the Peace, § 56 | | *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 114 | 1874 | New Jersey – City of Jersey City | Ordinances of Jersey City, Passed by the Board of Aldermen since May 1, 1871, under the Act Entitled "An Act to Re-organize the Local Government of Jersey City," Passed March 31, 1871, and the Supplements Thereto, at 41 (1874), An Ordinance to Prevent the Carrying of Loaded or Concealed Weapons within the Limits of Jersey City. The Mayor and Aldermen of Jersey City do ordain as follows: §§ 1-2 | Prohibited the carrying of a concealed slungshot, billy, sandclub or metal knuckles, and any dirk or dagger (not contained as a blade of a pocket-knife), and loaded pistol or other dangerous weapon, including a sword in a cane, or air-gun. punishable by confiscation of the weapon and a fine of up to $20. Exempted policemen of Jersey City. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 115 | 1874 | Virginia | 1874 Va. L. 239, ch. 239 | Included the value of all "rifles, muskets, and other fire-arms, bowie-knives, dirks, and all weapons of a similar kind" in list of taxable personal property. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. In fact, it does not regulate conduct of any kind. It merely includes arms as taxable personal property. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-----|-----|-----|-----|-----|
| | | | | | 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 116 | 1875 | Alabama | 1875-1876 Ala. L. 82, ch. 1 | Imposed $50 occupational tax on dealers of pistols, Bowie knives, and dirk knives. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. And it only applies to dealers. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 117 | 1875 | Alabama | 1875-1876 Ala. L. 46, ch. 2 | Imposed tax rate of 0.75% of the value of any pistols, guns, dirks, and Bowie knives. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. And it only applies to dealers. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 118 | 1875 | Arkansas | Act of Feb. 16, 1875, 1874-75 Ark. Acts 156, § 1 | Prohibited the carrying in public of any "pistol, gun, knife, dirk, bludgeon, or other offensive weapon, with intent to assault | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | any person." Punishable by a fine of $25-100. | regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| | | | | | Finally, the law was held to be unconstitutional in *Wilson v. State*, 33 Ark. 557 (1878). |
| 119 | 1875 | Idaho [Territory] | Crimes and Punishments, in Compiled and Revised Laws of the Territory of Idaho 354 (M. Kelly, Territorial Printer 1875), § 133. | Prohibited the carrying of "any pistol, gun, knife, dirk, bludgeon, or other offensive weapon, with intent to assault any person." Punishable by imprisonment for up to 3 months or a fine up to $100. | Objection to inclusion. |
| | | | | | This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| | | | | | Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 120 | 1875 | Indiana | 1875 Ind. Acts 62, An Act Defining Certain Misdemeanors, and Prescribing Penalties Therefore, § 1 | Prohibited the drawing or threatening to use a pistol, dirk, knife, slungshot, or any other deadly or dangerous weapon. Punishable by fine of $1-500, and potentially imprisonment up to 6 months. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only drawing/brandishing or threatening to draw/brandish certain arms. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 121 | 1875 | Michigan | 1875 Mich. Pub. Acts 136, An Act To Prevent The Setting Of Guns And Other Dangerous Devices, § 1 | Prohibited the setting of any spring or trap gun. | Objection to inclusion. The law is not "relevantly similar" to CA's magazine ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns"). And it regulates for completely different reasons than CA's magazine ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 122 | 1876 | Alabama | 1876-77 Ala. Code 882, § 4109 | Prohibited the carrying of a Bowie knife, pistol, or air gun, or any other weapon of "like kind or description," unless | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|--------------------------|----------------------|
| | | | | threatened with or having good cause to fear an attack or while traveling or setting out on a journey. Punishable by a fine of $50-300 and imprisonment or hard labor for no more than 6 months. | regulates only carry of certain arms, and even then, it provides an exception for self-defense. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 123 | 1876 | Colorado | 1876 Colo. Sess. Laws 304, § 154 | Prohibited the carrying with intent to assault another any pistol, gun, knife, dirk, bludgeon, or other offensive weapon. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 124 | 1876 | Georgia | 1876 Ga. L. 112, ch. 128 | Prohibited the transfer of any pistol, dirk, Bowie knife, or sword cane to a minor. | Objection to inclusion. The law is not "relevantly similar" to CA's magazine ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by anyone, nor did not ban transfer to adults. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 125 | 1876 | Illinois – Village of Hyde Park | Consider H. Willett, Laws and Ordinances Governing the Village of Hyde Park [Illinois] Together with Its Charter and General Laws Affecting Municipal Corporations; Special Ordinances and Charters under Which Corporations Have Vested Rights in the Village. Also, Summary of Decisions of the Supreme Court Relating to Municipal Corporations, Taxation and Assessments, at 64 (1876), Misdemeanors, § 39 | Prohibited the carrying a concealed pistol, revolver, slungshot, knuckles, Bowie knife, dirk knife, dirk, dagger, or any other dangerous or deadly weapon without written permission from the Captain of Police.  Exempted peace officers. | Objection to inclusion.

This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.

Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 126 | 1876 | Wyoming [Territory] | Wyo. Comp. Laws (1876) ch. 35, § 127, as codified in Wyo. Rev. Stat., Crimes (1887), Having possession of offensive weapons, § 1027 | Prohibited the carrying of a pistol, knife, dirk, bludgeon, or other offensive weapon with the intent to assault a person. Punishable by fine up to $500 or imprisonment up to 6 months. | Objection to inclusion.

This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133.

Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|--------------------------|----------------------|
| | | | | | postenactment history more weight than it can rightly bear."). |
| | | | | | Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 127 | 1877 | Alabama | Wade Keyes, The Code of Alabama, 1876, ch. 6, § 4230 | Prohibited the sale, giving, or lending of any pistol, Bowie knife, or "like knife" to any boy under the age of 18. | Objection to inclusion. |
| | | | | | The law is not "relevantly similar" to CA's magazine ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by anyone, nor did not ban transfer to adults. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 128 | 1877 | Alabama | Wade Keyes, The Code of Alabama, 1876, ch. 3, § 4109 | Prohibited the concealed carrying of any Bowie knife, or any other knife of like kind or description, pistol, air gun, slungshot, brass knuckles, or other deadly or dangerous weapon, unless the person was threatened with, or had good reason to apprehend, an attack, or "while traveling, or setting out on a journey."  Punishable by fine of $50-300 and | Objection to inclusion. |
| | | | | | This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. And it had exceptions for self-defense and while traveling or on a journey. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | imprisonment of not more than 6 months. | 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 129 | 1877 | Colorado – Town of Georgetown | Edward O. Wolcott, The Ordinances of Georgetown [Colorado] Passed June 7th, A.D. 1877, at 100, § 9 | Prohibited the concealed carrying of any pistol, Bowie knife, dagger, or other deadly weapon. Punishable by a fine of $5-50. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 130 | 1877 | New Jersey | Mercer Beasley, Revision of the Statutes of New Jersey: Published under the Authority of the Legislature; by Virtue of an Act Approved April 4, 1871, at 304 (1877), An Act Concerning Disorderly Persons, § 2 | Prohibited The carrying of "any pistol, hanger, cutlass, bludgeon, or other offensive weapon, with intent to assault any person." Punishable as a "disorderly person." | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e, assault). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | postenactment history more weight than it can rightly bear."). |
| 131 | 1877 | South Dakota [Territory] | S.D. Terr. Pen. Code (1877), § 457 as codified in S.D. Rev. Code, Penal Code (1903), §§ 470-471. | Prohibited the carrying, "whether concealed or not," of any slungshot, and prohibited the concealed carrying of any firearms or sharp or dangerous weapons. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 132 | 1877 | Utah – City of Provo [Territory] | Chapter 5: Offenses Against the Person, undated, reprinted in The Revised Ordinances Of Provo City, Containing All The Ordinances In Force 105, 106-07 (1877) (Provo, Utah). § 182: | Prohibited carrying a pistol, or other firearm, slungshot, false knuckles, Bowie knife, dagger or any other "dangerous or deadly weapon." Punishable by fine up to $25. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 133 | 1878 | Alabama – City of Uniontown | 1878 Ala. L. 437, ch. 314 | Authorized Uniontown to license dealers of pistols, Bowie knives, and dirk knives. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession of any arm or any conduct at all. It instead purports to authorize a local jurisdiction to adopt a law. And the State does not indicate whether the town actually passed that law. *Bruen*, 142 S.Ct. at 2133.<br><br>Even if the town did pass such a law, it would not be "relevantly similar" because it would regulate only carry of certain arms. |
| 134 | 1878 | Mississippi | 1878 Miss. Laws 175, An Act to Prevent the Carrying of Concealed Weapons and for Other Purposes, § 1 | Prohibited the carrying of a concealed Bowie knife, pistol, brass knuckles, slungshot or other deadly weapon.  Excepted travels other than "a tramp." Punishable by fine of $5-100. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. And it provided an exception for travelling. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 135 | 1879 | Alabama – City of Montgomery | J. M. Falkner, The Code of Ordinances of the City Council of Montgomery [Alabama] (1879), § 428 | Prohibited carrying of a concealed Bowie knife, pistol, air gun, slungshot, brass knuckles, or other deadly or dangerous weapon.  Punishable by a fine of $1-100. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | carried. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. |
| | | | | | Finally., the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 136 | 1879 | Idaho – City of Boise [Territory] | Charter and Revised Ordinances of Boise City, Idaho. In Effect April 12, 1894, at 118-19 (1894), Carrying Concealed Weapons, § 36 | Prohibited the carrying a concealed Bowie knife, dirk knife, pistol or sword in cane, slungshot, metallic knuckles, or other dangerous or deadly weapon, unless traveling or setting out on a journey. Punishable by fine up to $25 and/or imprisonment up to 20 days. | Objection to inclusion. |
| | | | | | This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. |
| | | | | | And the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| | | | | | Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 137 | 1879 | Louisiana | La. Const. of 1879, art. III | Provided the right to bear arms, but authorizes the passage of laws restricting the carrying of concealed weapons. | No objection to inclusion.<br><br>To the extent that the law recognizes the individual right to bear arms, it is potentially relevant to this Court's analysis.<br><br>But providing authority to regulate carrying of concealed weapons is not "relevantly similar" to CA's magazine ban. It does not ban the possession, manufacture, or transfer of any arms. It regulates only the carry of arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. |
| 138 | 1879 | Montana [Territory] | 1879 Mont. Laws 359, Offences against the Lives and Persons of Individuals, ch. 4, § 23 | Prohibited dueling and killing a person involved with a rifle, shot-gun, pistol, Bowie knife, dirk, small-sword, back-sword, or other dangerous weapon. Punishable by death by hanging. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It merely bans killing another person in a duel with certain weapons (including common arms). *Bruen*, 142 S.Ct. at 2133. |
| 139 | 1879 | North Carolina | North Carolina: N.C. Sess. Laws (1879), ch. 127, as codified in North Carolina Code, Crim. Code, ch. 25 (1883) § 1005, Concealed weapons, the carrying or unlawfully, a misdemeanor | Prohibited the concealed carrying of any pistol, Bowie knife, dirk, dagger, slungshot, loaded case, metal knuckles, razor, or other deadly weapon. Exemption for carrying on the owner's premises. Punishable by fine or imprisonment at the discretion of the court. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. And it provides an express exemption for carry within the home. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 140 | 1880 | Ohio | Michael Augustus Daugherty, The Revised Statutes and Other Acts of a General Nature of the State of Ohio: In Force January 1, 1880, at 1633 (Vol. 2, 1879), Offences Against Public Peace, § 6892 | Prohibited the concealed carrying of any pistol, Bowie knife, dirk, or other dangerous weapon.  Punishable by a fine of up to $200 or imprisonment for up to 30 days for the first offense, and a fine of up to $500 or imprisonment for up to 3 months for the second offense. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 141 | 1880 | South Carolina | 1880 S.C. Acts 448, § 1, as codified in S.C. Rev. Stat. (1894), § 129 | Prohibited the carrying of a concealed pistol, dirk, dagger, slungshot, metal knuckles, razor, or other deadly weapon.  Punishable by fine up to $200 and/or imprisonment up to 1 year. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 142 | 1881 | Alabama | 1880-1881 Ala. L. 38-39, ch. 44 | Prohibited the concealed carrying of any Bowie knife, or | Objection to inclusion. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | any other knife of like kind or description, pistol, or firearm of "any other kind or description," or air gun. Punishable by fine of $50-300 and imprisonment of not more than 6 months. Further provided that fines collected under the statute would be monetary and not in-kind payments. | This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 143 | 1881 | Arkansas | 1881 Ark. Acts 191, ch. 96, § 1-2 | Prohibited the carrying of any dirk, Bowie knife, sword, spear cane, metal knuckles, razor, or any pistol (except pistols that are used in the Army or Navy if carried openly in the hand). | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 144 | 1881 | Colorado | Colo. Rev. Stat 1774, § 248 (1881) | Prohibited the concealed carrying of any firearms, any pistol, revolver, Bowie knife, dagger, slingshot, brass knuckles, or other deadly weapon, unless authorized by chief of police. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 145 | 1881 | Delaware | 1881 Del. Laws 987, An Act Providing for the Punishment of Persons Carrying Concealed Deadly Weapons, ch. 548, § 1 | Prohibited the carrying of concealed deadly weapons or selling deadly weapons other than an ordinary pocket knife to minors.  Punishable by a fine of $25-200 or imprisonment for 10-30 days. | Objection to inclusion. <br><br> The law's transfer restriction is not "relevantly similar" to CA's magazine ban because it restricted only the transfer of certain arms (including common arms) to *minors*. It did not flatly ban possession by anyone, nor did not ban transfer to adults. *Bruen*, 142 S.Ct. at 2133. <br><br> The restriction on concealed carry is not "relevantly similar" either. It does not ban the possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 146 | 1881 | Illinois | Ill. Act of Apr. 16, 1881, as codified in Ill. Stat. Ann., Crim. Code 73 (1885), ch. 38, Possession or sale forbidden, § 1 | Prohibited the possession, selling, loaning, or hiring for barter of a slungshot or metallic knuckles or other deadly weapon.  Punishable as a misdemeanor. | Objection to inclusion. <br><br> If the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Bruen*, 142 S.Ct. at 2133. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | | | But if relevant, the law was adopted too long after the Founding to be afforded much weight—especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). <br><br> And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. |
| 147 | 1881 | Illinois | Harvey Bostwick Hurd, Late Commissioner, The Revised Statutes of the State of Illinois. 1882. Comprising the "Revised Statutes of 1874," and All Amendments Thereto, Together with the General Acts of 1875, 1877, 1879, 1881 and 1882, Being All the General Statutes of the State, in Force on the First Day of December, 1882, at 375 (1882), Deadly Weapons: Selling or Giving to Minor, § 54b. | Prohibited selling, giving, loaning, hiring for barter any minor a pistol, revolver, derringer, Bowie knife, dirk or other deadly weapon. Punishable by fine of $25-200. | Objection to inclusion. <br><br> The law is not "relevantly similar" to CA's magazine ban because it restricted only the transfer of certain arms (including common arms) to *minors*. It did not flatly ban possession by anyone, nor did not ban transfer to adults. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 148 | 1881 | Indiana | The Revised Statutes of Indiana: Containing, Also, the United States and Indiana Constitutions and an Appendix of Historical | Prohibited maliciously or mischievously shooting a gun, rifle, pistol, or other missile or weapon, or throwing a stone, stick, club, or other substance at a vehicle.  Punishable by | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It merely bans shooting or throwing certain projectiles at vehicles. And it regulates for |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------------------|--------------|----------|---------------------------|----------------------|
| | | | Documents. Vol. 1, at 366 (1881), Crimes, § 1957 | imprisonment for 30 days to 1 year and a fine of $10-100. | very different reasons (i.e., vehicle accident prevention). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 149 | 1881 | Nevada | David E. Baily, The General Statutes of the State of Nevada. In Force. From 1861 to 1885, Inclusive. With Citations of the Decisions of the Supreme Court Relating Thereto, at 1077 (1885), An Act to prohibit the carrying of concealed weapons by minors, § 1 | Prohibited a minor from carrying a concealed dirk, pistol, sword in case, slungshot, or other dangerous or deadly weapon. Punishable by fine of $20-200 and/or imprisonment of 30 days to 6 months. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It merely bans shooting or throwing certain projectiles at vehicles. And it regulates for very different reasons (i.e., vehicle accident prevention). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 150 | 1881 | New York | George S. Diossy, The Statute Law of the State of New York: Comprising the Revised Statutes and All Other Laws of General Interest, in Force January 1, 1881, Arranged Alphabetically According to Subjects, at 321 (Vol. 1, | Prohibited using, attempting to use, or concealing a slungshot, billy, sandclub or metal knuckles, and any dirk. Punishable by imprisonment for up to 1 year and/or a fine up to $500. | Objection to inclusion. If the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Bruen*, 142 S.Ct. at 2133. But if relevant, the law was adopted too long after the Founding to be afforded much |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | 1881), Offenses Against Public Decency; Malicious Mischief, and Other Crimes not Before Enumerated, Concealed Weapons, § 9 | | weight—especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. |
| 151 | 1881 | Tennessee – City of Nashville | William King McAlister Jr., Ordinances of the City of Nashville, to Which are Prefixed the State Laws Chartering and Relating to the City, with an Appendix, at 340-41 (1881), Ordinances of the City of Nashville, Carrying Pistols, Bowie-Knives, Etc., § 1 | Prohibited the carrying of pistol, Bowie knife, dirk, slungshot, brass knuckles, or other deadly weapon. Punishable by fine of $10-50 for a first offense and $50 for subsequent offenses. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 152 | 1881 | Washington [Territory] | 1881 Wash. Code 181, Criminal Procedure, Offenses Against Public Policy, ch. 73, § 929 | Prohibited the carrying of "any concealed weapon." Punishable by fine up to $100 or imprisonment up to 30 days. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | carried. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can bear."). |
| 153 | 1881 | Washington – City of New Tacoma [Territory] | 1881 Wash. Sess. Laws 76, An Act to Confer a City Govt. on New Tacoma, ch. 6, § 34, pt. 15 | Authorized New Tacoma to regulate transporting, storing, or selling gunpowder, giant powder, dynamite, nitroglycerine, or other combustibles without a license, as well as the carrying concealed deadly weapons, and the use of guns, pistols, firearms, firecrackers. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession of any arm or any conduct at all. It instead purports to authorize a local jurisdiction to adopt a law. And the State does not indicate whether the town actually passed that law. *Bruen*, 142 S.Ct. at 2133.<br><br>Even if the town did pass such a law, it would not be "relevantly similar" to CA's magazine ban. It regulates for completely different reasons (i.e., prevention of fires and explosions) than CA's magazine ban. *Bruen*, 142 S.Ct. at 2133. |
| 154 | 1881 | Washington [Territory] | William Lair Hill, Ballinger's Annotated Codes and Statutes of Washington, Showing All Statutes in Force, Including the Session Laws of 1897, at 1956 (Vol. 2, 1897) | Prohibited exhibiting a dangerous weapon in a manner likely to cause terror. Punishable by fine up to $25. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only exhibiting/brandishing of arms in a terrorizing manner. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 155 | 1882 | Georgia | 1882-83 Gal. L. 48-49, ch. 94 | Prohibited the concealed carrying of any "pistol, dirk, sword in a cane, spear, Bowie-knife, or any other kind of knives manufactured and sold for the purpose of offense and defense." | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 156 | 1882 | Georgia | 1882-83 Ga. L. 37, ch. 18 | Imposed $25 occupational tax on dealers of pistols, revolvers, dirks, or Bowie knives. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on certain arms. And it only applies to dealers. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 157 | 1882 | Iowa – City of Sioux City | S. J. Quincy, Revised Ordinances of the City of Sioux City, Iowa, at 62 (1882), Ordinances of the | Prohibited the carrying a concealed pistol, revolver, slungshot, cross-knuckles, knuckles of lead, brass or other | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | City of Sioux City, Iowa, § 4. | metal, or any Bowie knife, razor, billy, dirk, dirk knife or Bowie knife, or other dangerous weapon. | transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 158 | 1882 | West Virginia | 1882 W. Va. Acts 421-22; W. Va. Code, ch. 148, § 7 | Prohibited the carrying of a pistol, dirk, Bowie knife, razor, slungshot, billy, metallic or other false knuckles, or any other dangerous or deadly weapon. Also prohibited selling any such weapon to a minor.  Punishable by fine of $25-200 and imprisonment of 1-12 months. | Objection to inclusion.<br><br>The law's transfer restriction is not "relevantly similar" to CA's magazine ban. It restricted only the transfer of arms (including common arms) to *minors*. It did not flatly ban possession by anyone, nor did not ban transfer to adults. *Bruen*, 142 S.Ct. at 2133.<br><br>The restriction on carry is not "relevantly similar" either. It does not ban the possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| 159 | 1883 | Illinois – City of Danville | Revised Ordinances of the City of Danville [Illinois], at 66 (1883), Ordinances of the City of Danville. Concealed Weapons, § 22. | Prohibited the carrying of a concealed pistol, revolver, derringer, Bowie knife, dirk, slungshot, metallic knuckles, or a razor, as a weapon, or any other deadly weapon.  Also prohibited displaying the weapon in a threatening or boisterous manner.  Punishable by fine of $1-100 and forfeiting the weapon, if ordered by the magistrate. | Objection to inclusion. <br><br> This law's carry restriction is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> The law's restriction on displaying/brandishing arms is not "relevantly similar" either. It does not ban possession, transfer, or manufacture of any arm. It regulates only displaying/brandishing of arms in a threatening or boisterous manner. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. <br><br> Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 160 | 1883 | Kansas | 1883 Kan. Sess. Laws 159, An Act to Prevent Selling, Trading Or Giving Deadly Weapons or Toy Pistols to Minors, and to Provide Punishment Therefor, §§ 1-2 | Prohibited the selling, trading, giving, or loaning of a pistol, revolver, or toy pistol, dirk, Bowie knife, brass knuckles, slungshot, or other dangerous weapons to any minor, or to any person of notoriously unsound mind.  Also prohibited the | Objection to inclusion. <br><br> The law is not "relevantly similar" to CA's magazine ban because it restricted only the transfer of certain arms (including common arms) to *minors* and those of "notoriously unsound mind." It did not flatly ban possession of arms by or transfer of arms to law-abiding adults of "sound mind." *Bruen*, |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-----|-----|-----|-----|-----|
| | | | | possession of such weapons by any minor. Punishable by fine of $5-100. Also prohibited a minor from possessing a pistol, revolver, toy pistol by which cartridges may be exploded, dirk, Bowie knife, brass knuckles, slungshot, or other dangerous weapon. Punishable by fine of $1-10. | 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 161 | 1883 | Missouri | 1883 Mo. Laws 76, An Act to Amend Section 1274, Article 2, Chapter 24 of the Revised Statutes of Missouri, Entitled "Of Crimes And Criminal Procedure" § 1274 | Prohibited the carrying of a concealed fire arms, Bowie knife, dirk, dagger, slungshot, or other deadly weapon to a church, school, election site, or other public setting or carrying in a threatening manner or while intoxicated. Punishable by fine of $25-200 and/or by imprisonment up to 6 months. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* and *where* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 162 | 1883 | Washington – City of Snohomish [Territory] | 1883 Wash. Sess. Laws 302, An Act to Incorporate the City of Snohomish, ch. 6, § 29, pt. 15 | Authorized City of Snohomish to regulate and prohibit carrying concealed deadly weapons and to prohibit using guns, pistols, firearms, firecrackers, bombs, and explosives. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession of any arm or any conduct at all. It instead purports to authorize a local jurisdiction to adopt a law. And the State does not indicate whether the town actually passed that law. *Bruen*, 142 S.Ct. at 2133. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Even if the town did pass such a law, it would not be "relevantly similar" because it would regulate only carry of certain arms. |
| 163 | 1883 | Wisconsin – City of Oshkosh | 1883 Wis. Sess. Laws 713, An Act to Revise, consolidate And Amend The Charter Of The City Of Oshkosh, The Act Incorporating The City, And The Several Acts Amendatory Thereof, ch. 6, § 3, pt. 56 | Prohibited the carrying of a concealed pistol or colt, or slungshot, or cross knuckles or knuckles of lead, brass or other metal or Bowie knife, dirk knife, or dirk or dagger, or any other dangerous or deadly weapon. Punishable by confiscation of the weapon. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 164 | 1884 | Georgia | 1884-85 Ga. L. 23, ch. 52 | Imposed $100 occupational tax on dealers of pistols, revolvers, dirks, or Bowie knives. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on dealers of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 165 | 1884 | Maine | The Revised Statutes of the State of Maine, Passed August 29, 1883, and Taking Effect January 1, 1884, at 928, (1884), Prevention of Crimes, § 10 | Prohibited the carrying of a dirk, dagger, sword, pistol, or other offensive and dangerous weapon without reasonable cause to fear an assault. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, provides an exception to the law for self-defense. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 166 | 1884 | Minnesota – City of Saint Paul | W. P. Murray, The Municipal Code of Saint Paul: Comprising the Laws of the State of Minnesota Relating to the City of Saint Paul, and the Ordinances of the Common Council; Revised to December 1, 1884, at 289 (1884), Concealed Weapons – License, § 1 | Prohibited the carrying of a concealed pistol or pistols, dirk, dagger, sword, slungshot, cross-knuckles, or knuckles of lead, brass or other metal, Bowie knife, dirk knife or razor, or any other dangerous or deadly weapon. Punishable by seizure of the weapon. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 167 | 1884 | Tennessee | Tenn. Pub. Acts (1879), ch. 186, as codified in Tenn. Code (1884) | Prohibited the carrying, "publicly or privately," of any dirk, razor, sword cane, loaded cane, slungshot, brass knuckles, Spanish stiletto, belt or pocket pistol, revolver, or any kind of pistol. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 168 | 1884 | Vermont | 1884 Vt. Acts & Resolves 74, An Act Relating To Traps, § 1 | Prohibited the setting of any spring gun trap. Punishable by a fine of $50-500 and liability for twice the amount of any damage resulting from the trap. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's magazine ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns"). And it regulates for completely different reasons than CA's magazine ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 169 | 1884 | Wyoming [Territory] | 1884 Wyo. Sess. Laws, ch. 67, § 1, as codified in Wyo. Rev. Stat., Crimes (1887): Exhibiting deadly | Prohibited exhibiting in a threatening manner a fire-arm, Bowie knife, dirk, dagger, slungshot or other deadly weapon. Punishable by fine of | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only exhibiting/brandishing of arms |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | weapon in angry manner. § 983 | $10-100 or imprisonment up to 6 months. | in a threatening manner. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 170 | 1885 | Montana [Territory] | 1885 Mont. Laws 74, Deadly Weapons, An Act to Amend § 62 of Chapter IV of the Fourth Division of the Revised Statutes, § 62-63 | Prohibited possessing, carrying, or purchasing a dirk, dirk-knife, sword, sword cane, pistol, gun, or other deadly weapon, and from using the weapon in a threatening manner or in a fight. Punishable by fine of $10-100 and/or imprisonment for 1-3 months. | No objection to inclusion.<br><br>To the extent the law purports to ban the possession or transfer of arms in common use for lawful purposes, it may be relevant to this Court's analysis.<br><br>But if relevant, the law was adopted too long after the Founding to be afforded much weight—especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. |
| 171 | 1885 | New York | George R. Donnan, Annotated Code of Criminal Procedure and | Prohibited using or attempting to use, carrying, concealing, or possessing a slungshot, billy, | Objection to inclusion. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | Penal Code of the State of New York as Amended 1882-85, at 172 (1885), Carrying, Using, Etc., Certain Weapons, § 410 | sandclub or metal knuckles, or a dagger, dirk or dangerous knife. Punishable as a felony, and as a misdemeanor if a minor. | If the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Bruen*, 142 S.Ct. at 2133.<br><br>But if relevant, the law was adopted too long after the Founding to be afforded much weight—especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. |
| 172 | 1885 | New York – City of Syracuse | Charter and Ordinances of the City of Syracuse: Together with the Rules of the Common Council, the Rules and Regulations of the Police and Fire Departments, and the Civil Service Regulations, at 215 (1885), [Offenses Against the Public Peace and Quiet,] § 7 | Prohibited the carrying or using with the intent to do bodily harm a dirk, Bowie knife, sword or spear cane, pistol, revolver, slungshot, jimmy, brass knuckles, or other deadly or unlawful weapon.  Punishable by a fine of $25-100 and/or imprisonment for 30 days to 3 months. | Objection to inclusion.<br><br>If the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Bruen*, 142 S.Ct. at 2133.<br><br>But if relevant, the law was adopted too long after the Founding to be afforded much weight—especially because the law is not consistent with founding-era laws. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | And this law is an outlier insufficient to establish an American tradition of such regulation. *Bruen*, 142 S.Ct. at 2133. |
| 173 | 1885 | Oregon | 1885 Or. Laws 33, An Act to Prevent Persons from Carrying Concealed Weapons and to Provide for the Punishment of the Same, §§ 1-2 | Prohibited the concealed carrying of any revolver, pistol, or other firearm, or any knife (other than an "ordinary pocket knife"), or any dirk, dagger, slungshot, metal knuckles, or any instrument that could cause injury.  Punishable by a fine of $10-200 or imprisonment for 5-100 days. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 174 | 1886 | Colorado – City of Denver | Isham White, The Laws and Ordinances of the City of Denver, Colorado, at 369, § 10 (1886) | Prohibited the carrying of any slungshot, colt, or metal knuckles while engaged in any breach of the peace.  Punishable by a fine of $25-300. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only when one is engaged in a breach of the peace. *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | postenactment history more weight than it can rightly bear."). |
| 175 | 1886 | Georgia | 1886 Ga. L. 17, ch. 54 | Imposed $100 occupational tax on dealers of pistols, revolvers, dirks, Bowie knives, and "pistol or revolver cartridges." | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on dealers of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 176 | 1886 | Maryland – County of Calvert | 1886 Md. Laws 315, An Act to Prevent the Carrying of Guns, Pistols, Dirk-knives, Razors, Billies or Bludgeons by any Person in Calvert County, on the Days of Election in said County, Within One Mile of the Polls § 1 | Prohibited the carrying of a gun, pistol, dirk, dirk-knife, razor, billy or bludgeon on an election day.  Punishable by a fine of $10-50. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only applies on election day. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|------|------|------|------|
| 177 | 1886 | Maryland – County of Calvert | John Prentiss Poe, The Maryland Code. Public Local Laws, Adopted by the General Assembly of Maryland March 14, 1888. Including also the Acts of the Session of 1888 Incorporated Therein, and Prefaced with the Constitution of the State, at 468-69 (Vol. 1, 1888), Concealed Weapons, § 30 | Prohibited the carrying of a concealed  pistol, dirk knife, Bowie knife, slungshot, billy, sandclub, metal knuckles, razor, or any other dangerous or deadly weapon.  Punishable by fine of up to $500 or imprisonment of up to 6 months. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 178 | 1886 | Maryland | 1886 Md. Laws 315, An Act to Prevent the Carrying of Guns, Pistols, Dirk-knives, Razors, Billies or Bludgeons by any Person in Calvert County, on the Days of Election in said County, Within One Mile of the Polls § 1 | Prohibited the carrying of a gun, pistol, dirk, dirk-knife, razor, billy or bludgeon on an election day within 300 yards of the polls.  Punishable by fine of $10-50. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only applies on election day and w/in 300 yards of the polls. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 179 | 1887 | Alabama | 1886 Ala. L. 36, ch. 4 | Imposed $300 occupational tax on dealers of pistols, pistol cartridges, Bowie knives, and dirk knives. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on dealers of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 180 | 1887 | Iowa – City of Council Bluffs | Geoffrey Andrew Holmes, Compiled Ordinances of the City of Council Bluffs, and Containing the Statutes Applicable to Cities of the First-Class, Organized under the Laws of Iowa, at 206-07 (1887), Carrying Concealed Weapons Prohibited, § 105 | Prohibited the carrying of a concealed pistol or firearms, slungshot, brass knuckles, or knuckles of lead, brass or other metal or material , or any sandbag, air guns of any description, dagger, Bowie knife, or instrument for cutting, stabbing or striking, or other dangerous or deadly weapon, instrument or device. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 181 | 1887 | Kansas – City of Independence | O. P. Ergenbright, Revised Ordinances of the City of Independence, Kansas: | Prohibited using a pistol or other weapon in a hostile or threatening manner.  Also | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|------|------|------|------|
|  |  |  | Together with the Amended Laws Governing Cities of the Second Class and Standing Rules of the City Council, at 162 (1887), Weapons, § 27 | prohibited carrying a concealed pistol, dirk, Bowie knife, revolver, slungshot, billy, brass, lead, or iron knuckles, or any deadly weapon.  Punishable by fine of $5-100. | magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only the use of certain arms in a hostile or threatening manner and the manner of carrying certain arms. *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 182 | 1887 | Michigan | 1887 Mich. Pub. Acts 144, An Act to Prevent The Carrying Of Concealed Weapons, And To Provide Punishment Therefore, § 1 | Prohibited the carrying of a concealed dirk, dagger, sword, pistol, air gun, stiletto, metallic knuckles, pocket-billy, sandbag, skull cracker, slungshot, razor or other offensive and dangerous weapon or instrument. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 183 | 1887 | Montana [Territory] | 1887 Mont. Laws 549, Criminal Laws, § 174 | Prohibited the carrying of a any pistol, gun, knife, dirk-knife, bludgeon, or other offensive | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | weapon with the intent to assault a person.  Punishable by fine up to $100 or imprisonment up to 3 months. | transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only while participating in or intending to engage in illegal activity (i.e., assault). *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 184 | 1887 | New Mexico [Territory] | An Act to Prohibit the Unlawful Carrying and Use of Deadly Weapons, Feb. 18, 1887, reprinted in Acts of the Legislative Assembly of the Territory of New Mexico, Twenty-Seventh Session 55, 58 (1887) | Defined "deadly weapons" as including pistols, whether the same be a revolved, repeater, derringer, or any kind or class of pistol or gun; any and all kinds of daggers, Bowie knives, poniards, butcher knives, dirk knives, and all such weapons with which dangerous cuts can be given, or with which dangerous thrusts can be inflicted, including sword canes, and any kind of sharp pointed canes; as also slungshots, bludgeons or any other deadly weapons. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm or any other conduct. It merely provides a definition of "deadly weapons." *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). <br><br> Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 185 | 1887 | Virginia | The Code of Virginia: With the Declaration of Independence and the | Prohibited the carrying of a concealed pistol, dirk, Bowie knife, razor, slungshot, or any | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | Constitution of the United States; and the Constitution of Virginia, at 897 (1887), Offences Against the Peace, § 3780 | weapon of the like kind. Punishable by fine of $20-100 and forfeiture of the weapon. | transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 186 | 1888 | Maryland – County of Kent | John Prentiss Poe, The Maryland Code : Public Local Laws, Adopted by the General Assembly of Maryland March 14, 1888. Including also the Public Local Acts of the Session of 1888 incorporated therein, at 1457 (Vol. 2, 1888), Election Districts–Fences, § 99 | Prohibited carrying, on days of an election, any gun, pistol, dirk, dirk-knife, razor, billy or bludgeon.  Punishable by a fine of $5-20. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only applies on election day. *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 187 | 1888 | Florida | Fla. Act of Aug. 6, 1888, ch. 1637, subch. 7, § 10, as codified in Fla. Rev. State., tit. 2, pt. 5 (1892) | Prohibited the concealed carrying of slungshot, metallic knuckles, billies, firearms, or other dangerous weapons if arrested for committing a | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only the manner of carrying certain |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | criminal offense or disturbance of the peace. Punishable by imprisonment up to 1 year and a fine up to $50. | arms, and even then, only while participating in or intending to engage in illegal activity. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 188 | 1888 | Georgia | 1888 Ga. L. 22, ch. 123 | Imposed $25 occupational tax on dealers of pistols, revolvers, dirks, or Bowie knives. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on dealers of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 189 | 1888 | Maryland – City of Baltimore | John Prentiss Poe, The Maryland Code. Public Local Laws, Adopted by the General Assembly of Maryland March 14, 1888. Including also the Public Local Acts of the Session of 1888 Incorporated Therein, at 522-23 (Vol. 1, 1888), City of Baltimore, § 742 | Prohibited the carrying of a pistol, dirk knife, Bowie knife, slingshot, billy, brass, iron or any other metal knuckles, razor, or any other deadly weapon if arrested for being drunk and disorderly. Punishable by fine of $5-25, and confiscation of the weapon. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only applied when one was arrested for being drunk and disorderly. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | *Id.* at 2156. |
| | | | | | Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 190 | 1888 | Minnesota | George Brooks Young. General Statutes of the State of Minnesota in Force January 1, 1889, at 1006 (Vol. 2, 1888), Making, Selling, etc., Dangerous Weapons, §§ 333-34 | Prohibited manufacturing, selling, giving, or disposing of a slungshot, sandclub, or metal knuckles, or selling or giving a pistol or firearm to a minor without magistrate consent. Also prohibited carrying a concealed slungshot, sandclub, or metal knuckles, or a dagger, dirk, knife, pistol or other fire-arm, or any dangerous weapon. | § 333. <u>Objection to inclusion.</u><br><br>This law is not "relevantly similar" to CA's magazine ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by *anyone*, nor did not ban transfer to adults. *Bruen*, 142 S.Ct. at 2133.<br><br>§ 334. <u>Objection to inclusion</u><br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only the attempt to use certain arms "against another" and the carry of such arm with the intent to assault. *Id.* at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br><u>Objection to description.</u><br><br>The law was not a flat a restriction on carry. It only restricted carry with the intent to assault another. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | The relevant language is as follows: "A person who **attempts to use against another, or who, with intent so to use,** carries, conceals, or possesses any instrument or weapon of the kind commonly known as a slung-shot, sand-club, or metal knuckles, or a dagger, dirk, knife, pistol or other fire-arm, or any dangerous weapon, is guilty of a misdemeanor." |
| 191 | 1888 | Utah – City of Salt Lake City [Territory] | Dangerous and Concealed Weapon, Feb. 14, 1888, reprinted in The Revised Ordinances Of Salt Lake City, Utah 283 (1893) (Salt Lake City, Utah). § 14 | Prohibited carrying a slingshot or any concealed deadly weapon without permission of the mayor. Punishable by fine up to $50. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms, and even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| **Defendant's Survey of Statutes (1889 – 1930s)** | | | | | |
| 192 | 1889 | Arizona [Territory] | 1889 Ariz. Sess. Laws 16, § 1 | Prohibited carrying of any pistol, dirk, dagger, slungshot, sword cane, spear, brass knuckles, Bowie knife, or any knife | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | | manufactured to offensive or defensive purposes.  Punishable by a fine of $25-100 and forfeiture of the weapon. | transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.  Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").  Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154.  Defendants have not provided the current status of this law indicating whether the law was ever repealed or reviewed by a court.[5] |
| 193 | 1889 | Idaho [Territory] | The Act of the Territory of Idaho approved February 4, 1889 (Sess. Laws 1889, p. 27) | Prohibited private persons from carrying "deadly weapons" within any city, town or village. | Objection to inclusion.  This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.  Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving |

---

[5] Plaintiffs will not repeat this for each entry in the chart in which Defendants did not provide the current status of the law, because it applies to nearly every entry in this survey. It is likely that the vast majority of the laws Defendants present here have been repealed or replaced or are otherwise no longer enforced.

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | postenactment history more weight than it can rightly bear."). <br><br> Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 194 | 1889 | Pennsylvania – City of Johnstown | Laws of the City of Johnstown, Pa., Embracing City Charter, Act of Assembly of May 23, 1889, for the Government of Cities of the Third Class, General and Special Ordinances, Rules of Select and Common Councils and Joint Sessions, at 86 (1897), An Ordinance for the Security of Persons and Property of the Inhabitants of the City of Johnstown; The preservation of the Public Peace and Good Order of the City, and Prescribing Penalties for Offenses Against the Same, § 12 | Prohibited the concealed carrying of any pistol, razor, dirk, Bowie knife, blackjack, handy billy, or other deadly weapon. Punishable by fine of $5-50. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. <br><br> Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 195 | 1890 | Connecticut – City of New Haven | Charles Stoers Hamilton, Charter and Ordinances of the City of New Haven, Together with Legislative | Prohibited the concealed carrying of any metal knuckles, pistol, slungshot, stiletto, or similar weapons, absent written | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | Acts Affecting Said City, at 164, § 192 (1890) | permission of the mayor or superintendent of police. Punishable by a fine of $5-50. | regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 196 | 1890 | Georgia | 1890 Ga. L. 38, ch. 131 | Imposed $100 occupational tax on dealers of pistols, revolvers, dirks, or Bowie knives. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on dealers of certain arms. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 197 | 1890 | Louisiana | 890 La. L. 39, ch. 46 | Prohibiting the transfer of any pistol, dirk, Bowie knife, or "any other dangerous weapon, which may be carried concealed on a person to any person under the age of 21. | Objection to inclusion. The law is not "relevantly similar" to CA's magazine ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by *anyone*, nor did not |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | | | ban transfer to adults. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| | | | | | Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 198 | 1890 | Maryland – City of Baltimore | John Prentiss Poe, The Baltimore City Code, Containing the Public Local Laws of Maryland Relating to the City of Baltimore, and the Ordinances of the Mayor and City Council, in Force on the First Day of November, 1891, with a Supplement, Containing the Public Local Laws Relating to the City of Baltimore, Passed at the Session of 1892 of the General Assembly, and also the Ordinances of the Mayor and City Council, Passed at the Session of | Prohibited the carrying of a concealed pistol, dirk-knife, Bowie knife, slingshot, billy, sandclub, metal knuckles, razor or any other dangerous or deadly weapon, or who openly carries with the intent to injure a person. Punishable by fine of up to $500 and imprisonment up to 6 months. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. <br><br> Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | 1891-92, and of 1892-1893, up to the Summer Recess of 1893, at 297-98 (1893), Ordinances of Baltimore, § 742A | | |
| 199 | 1890 | Nebraska – City of Omaha | W. J. Connell, The Revised Ordinances of the City of Omaha, Nebraska, Embracing All Ordinances of a General Nature in Force April 1, 1890, Together with the Charter for Metropolitan Cities, the Constitution of the United States and the Constitution of the State of Nebraska, at 344 (1890), Ordinances of Omaha, Concealed Weapons, § 10 | Prohibited the carrying of a concealed pistol or revolver, colt, billy, slungshot, brass knuckles or knuckles of lead, dirk, dagger, or any knife resembling a Bowie knife, or any other dangerous or deadly weapon.  Punishable by fine up to $100. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 200 | 1890 | Nebraska – City of Omaha | W. J. Connell, The Revised Ordinances of the City of Omaha, Nebraska, Embracing All Ordinances of a General Nature in Force April 1, 1890, Together with the Charter for Metropolitan Cities, the Constitution of the | Prohibited the carrying of a concealed pistol or revolver, colt, billy, slungshot, brass knuckles or knuckles of lead, dirk, dagger, or any knife resembling a Bowie knife, or any other dangerous or deadly weapon.  Punishable by fine up to $100. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | Constitution of the State of Nebraska, at 344 (1890), Ordinances of Omaha, Concealed Weapons, § 10. | | *Id.* at 2156. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 201 | 1890 | Oklahoma [Territory] | 1890 Okla. Laws 495, art. 47, §§ 1, 2, 10; Leander G. Pitman, The Statutes of Oklahoma, 1890. (From the Laws Passed by the First Legislative Assembly of the Territory), at 495-96 (1891) | Prohibited the concealed carrying of any pistol, revolver, Bowie knife, dirk, dagger, slungshot, sword cane, spear, metal knuckles, or any other knife or instrument manufactured or sold solely for defense.  Also prohibited the carrying of any pistol, revolver, Bowie knife, dirk knife, loaded cane, billy, metal knuckles, or "any other offensive or defense weapon."  Punishable by a fine of $50-500 and imprisonment for 3-12 months. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 202 | 1890 | Oklahoma [Territory] | 1890 Okla. Sess. Laws 475, Crimes Against The Public Health And Safety, §§ 18-19 | Prohibited the manufacture, sale, giving, or disposing of any instrument or weapon usually known as a slungshot, and prohibited the carrying any slungshot or similar weapon. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban transfer or manufacture of arms in common use for lawful purposes at the time. *Bruen*, 142 S.Ct. at 2133. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-----|-----|-----|-----|-----|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 203 | 1890 | Oklahoma – Town of Checotah [Territory] | General Laws Relating to Incorporated Towns of Indian Territory, at 37 (1890), Revised Ordinances of the Town of Checotah, Ordinance No. 11, § 3 | Prohibited the carrying of any pistol; dirk; butcher knife; Bowie knife; sword; spear-cane, metal knuckles, razor, slungshot, sandbag, or a switchblade. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. The law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 204 | 1891 | Michigan | 1891 Mich. Pub. Acts 409, Police Department, pt 15 | Prohibited the carrying of a concealed pistol, revolver, Bowie knife, dirk, slungshot, billie, sandbag, false knuckles, or other dangerous weapon. Also prohibited lurking or being concealed with the intent to injure a person or property, or threatening to beat or kill a person or property.  Punishable by fine up to $100 and the costs of prosecution, and in default of payment, imprisonment. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 205 | 1891 | Missouri | "Shot by a Trap-Gun," The South Bend Tribune, Feb. 11, 1891 | Fined farmer for setting a trap gun that killed his wife. | Objection to inclusion. It is entirely unclear whether this entry even references a law. If it does, such law is not "relevantly similar" to CA's magazine ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns"). And it regulates for completely different reasons than CA's magazine ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133. |
| 206 | 1891 | North Dakota | 1891 N.D. Laws 193, An Act to Amend Sections 1 and 2 of Chapter 63 of the General Laws of 1883, ch. 70, § 1 | Prohibited the setting of any gun or gun trap to be discharged at certain animals. | Objection to inclusion. The law is not "relevantly similar" to CA's magazine ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|------|------|------|------|
| | | | | | guns"). And it regulates for completely different reasons than CA's magazine ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 207 | 1891 | West Virginia | 1891 W. Va. Code 915, Of Offences Against the Peace, ch. 148, § 7 | Prohibited the carrying of a pistol, dirk, Bowie knife, razor, slungshot, billy, metallic or other false knuckles, or any other dangerous or deadly weapon. Also prohibited selling such a weapon to a minor.  Punishable by fine of $25-200 and imprisonment for 1-12 months. | Objection to inclusion. <br><br> The law's transfer restriction is not "relevantly similar" to CA's magazine ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by *anyone*, nor did not ban transfer to adults. *Bruen*, 142 S.Ct. at 2133. <br><br> The law's carry restriction is not "relevantly similar" either because it does not ban possession, transfer, or manufacture of any arm. It only regulates the carry of certain arms. *Id.* <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 208 | 1892 | Alabama | 1892 Ala. L. 183, ch. 95 | Imposed $300 occupational tax on dealers of pistols, pistol cartridges, Bowie knives, and dirk knives, and clarified that | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | cartridges that can be used in a pistol shall be deemed pistol cartridges. | transfer, or manufacture of any arm. It is only a tax on dealers of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 209 | 1892 | Georgia | 1892 Ga. L. 25, ch. 133 | Imposed $100 occupational tax on dealers of pistols, revolvers, dirks, Bowie knives, and metal knuckles. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on dealers of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 210 | 1892 | Washington – City of Tacoma | Albert R. Heilig, Ordinances of the City of Tacoma, Washington, at 333-34 (1892) | Prohibited the carrying of a concealed a revolver, pistol or other fire arms or any knife (other than an ordinary pocket knife) or any dirk or dagger, slingshot or metal knuckles, or any instrument by the use of which injury could be inflicted upon the person. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | *Id.* at 2156. |
| | | | | | Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 211 | 1893 | Arizona [Territory] | 1893 Ariz. Sess. Laws 3, § 1 | Prohibited the concealed carrying of any pistol or other firearm, dirk, dagger, slungshot, sword cane, spear, brass knuckles, Bowie knife (or any kind of knife, except a pocket knife not manufactured for offensive or defensive use). | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 212 | 1893 | Delaware | Revised Statutes of the State of Delaware, of Eight Hundred and Fifty-Two. As They Have Since Been Amended, Together with the Additional Laws | Prohibited the concealed carrying of deadly weapons or selling deadly weapons other than an ordinary pocket knife, and prohibited discharging any firearm in any public road. | Objection to inclusion. To the extent that this law restricts transfer of arms in common use for lawful purposes, this late 19th-century law "cannot provide much insight into the meaning of the Second Amendment" because it is not consistent |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | of a Public and General Nature, Which Have Been Enacted Since the Publication of the Revised Code of Eighteen Fifty-Two. To the Year of Our Lord One Thousand Eight Hundred and Ninety-Three; to Which are Added the Constitutions of the United States and of this State, the Declaration of Independence, and Appendix, at 987 (1893), An Act Providing for the Punishment of Persons Carrying Concealed Deadly Weapons, § 1 | Punishable by fine of $25-100 or by imprisonment for 10-30 days. | with earlier laws. *Bruen*, 142 S.Ct. at 2153-54.<br><br>The law's bans on concealed carry and public discharge are not "relevantly similar" either because neither bans possession, transfer, or manufacture of any arm. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 213 | 1893 | North Carolina | 1893 N.C. L. 468-69, ch. 514 | Prohibiting the transfer of any pistol, pistol cartridge, brass knucks, Bowie knife, dirk, loaded cane, or slingshot to a minor. | <u>Objection to inclusion.</u><br><br>The law is not "relevantly similar" to CA's magazine ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by *anyone*, nor did it ban transfer to adults. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 214 | 1893 | Rhode Island | 1893 R.I. Pub. Laws 231, An Act Prohibiting The Carrying Of Concealed Weapons, chap. 1180, § 1 | Prohibited the carrying of any dirk, Bowie knife, butcher knife, dagger, razor, sword cane, air-gun, billy, metal knuckles, slungshot, pistol, or firearm of any description. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 215 | 1893 | Tennessee – City of Nashville | Claude Waller, Digest of the Ordinances of the City of Nashville, to Which are Prefixed the State Laws Incorporating, and Relating to, the City, with an Appendix Containing Various Grants and Franchises, at 364-65 (1893), Ordinances of the City of Nashville, § 738 | Prohibited the carrying of a pistol, Bowie knife, dirk knife, slungshot, brass knucks, or other deadly weapon. Punishable by fine of $10-50 for a first offense and $50 for subsequent offenses. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133. Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 216 | 1893 | Wyoming – City of Rawlins | A. McMicken, City Attorney, The Revised | Prohibited a person from possessing or carrying a pistol, | Objection to inclusion. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | Ordinances of the City of Rawlins, Carbon County, Wyoming, at 131-32 (1893), Revised Ordinances of the City of Rawlins, Article VII, Carrying Firearms and Lethal Weapons, § 1 | revolver, knife, slungshot, bludgeon or other lethal weapon. Punishable by fine up to $100 or imprisonment up to 30 days. | This late 19th-century law banning possession of certain arms "cannot provide much insight into the meaning of the Second Amendment" because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2153-54.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* at 2133.<br><br>The law's restriction on carry is not "relevantly similar" either because it does not ban possession, transfer, or manufacture of any arm. *Id.*<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 217 | 1895 | North Dakota | 1895 N.D. Rev. Codes 1293, Penal Code, Crimes Against the Public Health and Safety, ch. 40, §§ 7312-13 | Prohibited the carrying of any slungshot or similar weapon, and the concealed carrying of any firearm or any "sharp or dangerous weapon." | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|------|------|------|------|
| | | | | | even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 218 | 1895 | North Dakota | The Revised Codes of the State of North Dakota 1895 Together with the Constitution of the United States and of the State of North Dakota with the Amendments Thereto, at 1259 (1895) | Prohibited the setting of any spring or trap gun. | Objection to inclusion. The law is not "relevantly similar" to CA's magazine ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns"). And it regulates for completely different reasons than CA's magazine ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 219 | 1895 | Vermont – City of Barre | Ordinances of the City of Barre, Vermont, ch. 16, § 18 (1895) | Prohibited discharging a gun, pistol, or other loaded firearm, firecracker, serpent, or other explosive, unless on a person's own property or with the permission of the property owner.  Also prohibited making a bonfire in the street except with city council permission and | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only public discharge of firearms and carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | the carrying of concealed steel or brass knuckles, a pistol, slungshot, stiletto, or weapon of similar character. | Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 220 | 1896 | California – City of Fresno | L. W. Moultrie, City Attorney, Charter and Ordinances of the City of Fresno, 1896, at 37, § 53 (1896) | Prohibited the transfer to any minor under the age of 18 any gun, pistol or other firearm, dirk, Bowie knife, powder, shot, bullets, or any combustible or dangerous material, absent written consent of parent or guardian. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's magazine ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by *anyone*, nor did not ban transfer to adults or even minors w/ parental consent. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 221 | 1896 | California – City of Fresno | L. W. Moultrie, Charter and Ordinances of the City of Fresno, at 30, § 8 (1896) | Prohibited the concealed carrying of any pistol or firearm, slungshot, dirk, Bowie knife, or other deadly weapon, absent written permission. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|------|------|------|------|
| | | | | | regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. |
| | | | | | Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 222 | 1896 | Mississippi | 1896 Miss. L. 109-10, ch. 104 | Prohibited the carrying of a concealed Bowie knife, dirk, butcher knife, pistol, brass or metallic knuckles, slingshot, sword, or other deadly weapon "of like kind or description." | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 223 | 1896 | Rhode Island | General Laws of the State of Rhode Island and Providence Plantations to Which are Prefixed the Constitutions of the United States and of the State, at | Prohibited the carrying of any dirk, Bowie knife, butcher knife, dagger, razor, sword cane, air-gun, billy, metal knuckles, slingshot, pistol, or firearm of any description.  Exempted | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | 1010-11 (1896), Offences Against Public Policy, §§ 23, 24, 26 | officers or watchmen whose duties required them to make arrests or guard prisoners or property. | regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 224 | 1896 | Washington – City of Spokane | Rose M. Denny, The Municipal Code of the City of Spokane, Washington. Comprising the Ordinances of the City (Excepting Ordinances Establishing Street Grades) Revised to October 22, 1896, at 309-10 (1896), Ordinances of Spokane, An Ordinance to Punish the Carrying of Concealed Weapons within the City of Spokane, § 1 | Prohibited the carrying of a concealed revolver, pistol or other fire-arms, or any knife (other than an ordinary pocket knife) or any dirk or dagger, sling-shot or metal knuckles, or any instrument by the use of which injury could be inflicted upon the person or property. punishable by fine of $25-100, cost of prosecution, and imprisonment until fines/costs are paid. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 225 | 1897 | Alabama | William Logan Martin, Commissioner, The Code of Alabama, Adopted by Act of the General Assembly of the State of Alabama, Approved | Tax of $300 on the sale of pistols, pistol cartridges, Bowie knives, and dirk knives. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It is only a tax on the sale of certain arms. *Bruen*, 142 S.Ct. at 2133. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | February 16, 1897, § 27 (1897) | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 226 | 1897 | Missouri – City of Saint Joseph | William K. Amick, The General Ordinances of the City of Saint Joseph (A City of the Second Class) Embracing all Ordinances of General Interest in Force July 15, 1897, together with the Laws of the State of Missouri of a General Nature Applicable to the City of St. Joseph. Compiled and Arranged, at 508 (1897), Concealed Weapons – Carrying of, § 7 | Prohibited the carrying of a concealed pistol or revolver, colt, billy, slungshot, cross knuckles or knuckles of lead, brass or other metal, dirk, dagger, razor, Bowie knife, or any knife resembling a Bowie knife, or any other dangerous or deadly weapon. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 227 | 1897 | Texas | 1897 Tex. Gen. Laws 221, An Act to Prevent the Barter, Sale And Gift of Any Pistol, Dirk, Dagger, Slung Shot, Sword Cane, Spear, or Knuckles Made of Any Metal Or Hard Substance to Any Minor Without the Written | Prohibited the selling or giving to a minor a pistol, dirk, dagger, slungshot, sword cane, spear or knuckles made of any metal or hard substance, Bowie knife or any other knife manufactured or sold for the purpose of offense or defense without the consent of their parent or guardian. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's magazine ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by *anyone*, nor did not ban transfer to adults or even minors w/ parental consent. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | Consent of the Parent or Guardian of Such Minor. . ., ch. 155 | Punishable by fine of $25-200 and/or imprisonment for 10-30 days. | the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 228 | 1897 | Washington | Richard Achilles Ballinger, Ballinger's Annotated Codes and Statutes of Washington: Showing All Statutes in Force, Including the Session Laws of 1897, at 1956-57 (Vol. 2, 1897), Carrying Concealed Weapons, § 7084 | Prohibited the carrying of a concealed revolver, pistol, or other fire-arms, or any knife, (other than an ordinary pocket knife), or any dirk or dagger, sling-shot, or metal knuckles, or any instrument by the use of which injury could be inflicted upon the person or property of any other person.  Punishable by fine of $25-100 and/or imprisonment for 30 days. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 229 | 1898 | Georgia | 1898 Ga. L. 60, ch. 103 | Prohibited the concealed carry of any pistol, dirk, sword cane, spear, Bowie knife, other kind of knife "manufactured and sold for purpose of offense and defense," and any "kind of metal knucks." | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 230 | 1898 | Oregon – City of Oregon City | The Charter of Oregon City, Oregon, Together with the Ordinances and Rules of Order, 259 (1898), An Ordinance Providing for the Punishment of Disorderly Persons, and Keepers and Owners of Disorderly Houses, § 2 | Prohibited the carrying of any slingshot, billy, dirk, pistol, or "any concealed deadly weapon," and the discharge of any firearm, air gun, sparrow gun, flipper, or bean shooter, unless in self-defense. | Objection to inclusion. <br><br> The law's carry ban is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only  carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> The law's discharge ban is not "relevantly similar" either. It only restricts the discharge of certain arms unless in self-defense. *Id.* <br><br> Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. <br><br> Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 231 | 1899 | Alaska | Fred F. Barker, Compilation of the Acts of Congress and Treaties Relating to Alaska: From March 30, 1867, to March 3, 1905, at App. A, p. 139 (30 Stat. L. 1253 (1899)); 1896-99 Alaska Sess. Laws 1270, ch. 6, § 117 | Prohibited concealed carrying in any manner any revolver, pistol, other firearm, knife (other than an "ordinary pocket knife"), dirk, dagger, slungshot, metal knuckles, or any instrument that could cause injury to a person or property. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | postenactment history more weight than it can rightly bear."). |
| | | | | | Finally, the 20th-century laws of the U.S. territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 232 | 1899 | Nebraska – City of Fairfield | Compiled Ordinances of the City of Fairfield, Clay County, Nebraska, at 34 (1899), Ordinance No. 20, An Ordinance to Prohibit the Carrying of Concealed Weapons and Fixing a Penalty for the violations of the same. Be it ordained by the Mayor and Council of the City of Fairfield, Nebraska: § 1 | Prohibited the carrying of a concealed pistol, revolver, dirk, Bowie knife, billy, slingshot, metal knuckles, or other dangerous or deadly weapons. Punishable by forfeiture and "shall be so adjudged." | Objection to inclusion. |
| | | | | | This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. |
| | | | | | Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156. |
| | | | | | Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 233 | 1899 | Texas – City of San Antonio | Theodore Harris, Charter and Ordinances of the City of San Antonio. Comprising All Ordinances of a General Character in Force August 7th, at 220 (1899), | Prohibited drawing in a threatening manner a pistol, gun, knife, sword cane, club or any other instrument or weapon that may cause death. | Objection to inclusion. |
| | | | | | This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only drawing/brandishing of arms in a threatening manner. *Bruen*, 142 S.Ct. at 2133. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | Ordinances of the City of San Antonio, Ordinances, ch. 22, § 4 | | Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 234 | 1900 | Iowa – City of Des Moines | William H. Baily, The Revised Ordinances of Nineteen Hundred of the City of Des Moines, Iowa, at 89-90,  (1900), Ordinances City of Des Moines, Weapons, Concealed, § 209 | Prohibited the carrying of a concealed pistol or other firearms, slungshot, brass knuckles, or knuckles of lead, brass or other metal or material, or any sandbag, air guns of any description, dagger, Bowie knife, dirk knife, or other knife or instrument for cutting, stabbing or striking, or other dangerous or deadly weapon. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that ordinances from a few cities are persuasive. *Id.* at 2156.<br><br>Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 235 | 1900 | New York | 1900 N.Y. Laws 459, An Act to Amend Section Four Hundred and Nine of the Penal Code, Relative | Prohibited manufacturing or selling a slungshot, billy, sandclub or metal knuckles, and prohibited selling a firearm to a minor in any city or incorporated | Objection to inclusion.<br><br>The law's firearm transfer restriction is not "relevantly similar" to CA's magazine ban because it restricted only the transfer of |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | to Dangerous Weapons, ch. 222, § 1 | village without written consent of police magistrate.  Exempted any officer of the United States or peace officer when necessary and proper to discharge official duties. | firearms (including common arms) to *minors*. It did not flatly ban possession by *anyone*, nor did not ban transfer of firearms to adults or even to minors with parental consent. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>Re: the law's restrictions on manufacturing and transferring any slungshot, billy, sandclub, or metal knuckles: If the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.*<br><br>Even if relevant, this 20th-century law banning the manufacture and transfer of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>And this law is an outlier insufficient to establish an American tradition of such regulation. *Id.* |
| 236 | 1901 | Arizona [Territory] | 1901 Ariz. 1251-53, §§ 381, 385, 390 | Prohibited the concealed carrying of any pistol or other firearm, dirk, dagger, slungshot, sword cane, spear, brass knuckles, Bowie knife (or any | <u>Objection to inclusion.</u><br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | kind of knife, except a pocket knife not manufactured for offensive or defensive use). Exempted peace officers in discharge of official duties. Punishable by a fine of $25-100 and forfeiture of the weapon. | even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 237 | 1901 | Utah | 1901 Utah Laws 97-98, An Act Defining an Infernal Machine, and Prescribing Penalties for the Construction or Contrivance of the Same, or Having Such Machine in Possession, or Delivering Such Machine to Any Person . . . , ch. 96, §§ 1-3 | Prohibited the construction and possession of any "infernal machine," defined as a device with a loaded firearm that is capable of igniting when moved, handled, or opened. | Objection to inclusion. The law is not "relevantly similar" to CA's magazine ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "infernal machines"). And it regulates for completely different reasons than CA's magazine ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133. |
| 238 | 1903 | Oklahoma [Territory] | Wilson's Rev. & Ann. St. Okla.(1903) § 583, c. 25 | Prohibited the concealed carrying of any pistol, revolver, Bowie knife, dirk, dagger, slungshot, sword cane, spear, metal knuckles, or other kind of knife manufactured for defense. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear.").<br><br>Finally, the 19th-century laws of the Western Territories are not "instructive" because they are "most unlikely to reflect 'the origins of and continuing significance of the Second Amendment.'" *Bruen*, 142 S.Ct. at 2154. |
| 239 | 1903 | South Dakota | S.D. Rev. Code, Penal Code 1150 (1903) §§ 470, 471 | Prohibited the carrying of a concealed slungshot, firearm, or sharp or dangerous weapon. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 240 | 1905 | Indiana | 1905 Ind. Acts 677, Public Conveyance—Attacking, § 410 | Prohibited maliciously or mischievously shooting a gun, rifle, pistol or other weapon, or throwing a stone, stick, club or any other substance at a vehicle. Punishable by imprisonment for 30 days to 1 year and a fine of $10-100. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It merely bans shooting or throwing certain projectiles at vehicles with the. *Bruen*, 142 S.Ct. at 2133. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 241 | 1905 | New Jersey | 1905 N.J. Laws 324-25, A Supplement to an Act Entitled "An Act for the Punishment of Crimes," ch. 172, § 1 | Prohibited the carrying of a concealed revolver, pistol or other deadly, offensive or dangerous weapon or firearm or any stiletto, dagger or razor. Punishable by fine up to $200 and/or imprisonment with hard labor up to 2 years. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 242 | 1908 | Rhode Island | 1908 (January Session) R.I. Pub. Laws 145, An Act in Amendment of section 23 of chapter 283 of the General Laws, § 23 | Prohibited the carrying of any dirk, dagger, razor, sword cane, Bowie knife, butcher knife, air-gun, billy, metal knuckles, slungshot, pistol, other firearm. Exempted officers or watchmen. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| 243 | 1909 | Idaho | 1909 Id. Sess. Laws 6, An Act To Regulate the Use and Carrying of Concealed Deadly Weapons and to Regulate the Sale or Delivery of Deadly Weapons to Minors Under the Age of Sixteen Years to Provide a Penalty for the Violation of the Provisions of this Act, and to Exempt Certain Persons, § 1 | Prohibited the carrying a concealed dirk, Bowie knife, dagger, slungshot, pistol, revolver, gun, or any other deadly or dangerous weapon in any public setting. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 244 | 1909 | South Dakota | 1909 S.D. Sess. Laws 450, An Act for the Preservation, Propagation, Protection, Taking, Use and Transportation of Game and Fish and Establishing the Office of State Game Warden and Defining His Duties, ch. 240, §§ 21-22 | Prohibited the setting or possession of any "set gun." | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's magazine ban. It regulates for completely different reasons than CA's magazine ban (i.e., to prevent unintended discharges while hunting). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 245 | 1909 | Washington | 1909 Wash. Sess. Laws 973, An Act Relating to Crimes and Punishments and the Rights and Custody of Persons Accused or Convicted of | Prohibited the setting of any trap, spring pistol, rifle, or other deadly weapon. Punishable by imprisonment for up to 1 year or a fine of up to $1,000. Further punishable by imprisonment for | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's magazine ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns"). And it regulates for completely |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------|------|------|------|------|
| | | | Crime, and Repealing Certain Acts, ch. 249, ch. 7, §266, pts. 1-3 | up to 20 years for non-fatal or fatal injuries resulting from the trap or | different reasons than CA's magazine ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 246 | 1911 | New York | 1911 N.Y. Laws 442, An Act to Amend the Penal Law, in Relation to the Sale and Carrying of Dangerous Weapons, ch. 195, § 1 | Prohibited the manufacture, sale, giving, or disposing of any weapon of the kind usually known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, or metal knuckles, and the offering, sale, loaning, leasing, or giving of any gun, revolver, pistol, air gun, or spring-gun to a person under the age of 16. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's magazine ban because it restricted only the transfer of certain arms to *minors under 16*. It did not flatly ban possession by *anyone*, nor did not ban transfer to adults or even minors over 16. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 247 | 1911 | New York | 1911 N.Y. Laws 442-43, An Act to Amend the Penal Law, in Relation to the Sale and Carrying of Dangerous Weapons. ch. 195, § 1 | Prohibited the carrying or possession of any weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, or bludgeon, and the carrying or possession of any dagger, dirk, dangerous knife, razor, stiletto, or other "dangerous or deadly instrument | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's magazine ban because it restricted only the transfer of certain arms to *minors under 16*. It did not flatly ban possession by *anyone*, nor did not ban transfer to adults or even minors over 16. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
|  |  |  |  | or weapon" with intent to use the weapon unlawfully against another. | *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 248 | 1912 | Vermont | 1912 Vt. Acts and Resolves 261 | Prohibited the setting of any spring gun.  Punishable by a fine of $50-500 and liability for twice the amount of damage resulting from the trap. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's magazine ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "spring guns"). And it regulates for completely different reasons than CA's magazine ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 249 | 1913 | Florida | 1913 Fla. 117, An Act to Regulate the Hunting of Wild Deer etc., § 8 | Prohibited hunting wild game with automatic guns. | Objection to inclusion.<br><br>This 20th-century law banning hunting with certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Further, this law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It merely regulates which arms may be used for hunting wild game. *Id.* at 2133.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 250 | 1913 | Hawaii [Territory] | 1913 Haw. Rev. Laws ch. 209, § 3089, Carrying Deadly Weapons, § 3089. | Prohibited the carrying a Bowie knife, sword cane, pistol, air-gun, slungshot, or other deadly weapon. Punishable by fine of $10-250 or imprisonment for 3-12 months, unless good cause can be shown for carrying the weapon. | Objection to inclusion.   This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it provides an exception for good cause. *Bruen*, 142 S.Ct. at 2133.   Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 251 | 1913 | Iowa | 1913 Iowa Acts 307, ch. 297, §§ 1, 2 | Prohibited the carrying of a concealed dirk, dagger, sword, pistol, revolver, stiletto, metallic knuckles, picket billy, sandbag, skull cracker, slungshot, or other offensive and dangerous weapons or instruments.  Also prohibited the selling, keeping for sale, offering for sale, loaning, or giving away any dirk, dagger, stiletto, metallic knuckles, sandbag, or "skull cracker."  Exempted the selling or keeping for sale of "hunting and fishing knives." | Objection to inclusion.   This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.   Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 252 | 1913 | New York | 1913 N.Y. Laws 1627-30, vol. III, ch. 608, § 1, Carrying and Use of Dangerous Weapons Carrying Weapons, Dangerous or Unusual Weapons, § 1 | Prohibited the carrying or possession of any weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, bludgeon, bomb, or bombshell, and the carrying or possession of any dagger, dirk, dangerous knife, razor, stiletto, or other "dangerous or deadly instruments or weapon." | Objection to inclusion.  This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133.  Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 253 | 1915 | New Hampshire | 1915 N.H. Laws 180-81, An Act to Revise and Amend the Fish and Game Laws, ch. 133, pt. 2, § 18 | Prohibited the setting of a spring gun.  Punished by a fine of $50-500. | Objection to inclusion.  This law is not "relevantly similar" to CA's magazine ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "spring guns"). And it regulates for completely different reasons than CA's magazine ban (i.e., to prevent unintended discharges while hunting). *Bruen*, 142 S.Ct. at 2133.  Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 254 | 1915 | North Dakota | 1915 N.D. Laws 96, An Act to Provide for the Punishment of Any Person Carrying Concealed Any | Prohibited the concealed carrying of any instrument or weapon usually known as a blackjack, slungshot, billy, | Objection to inclusion.  This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | Dangerous Weapons or Explosives, or Who Has the Same in His Possession, Custody or Control, unless Such Weapon or Explosive Is Carried in the Prosecution of a Legitimate and Lawful Purpose, ch. 83, §§ 1-3, 5 | sandclub, sandbag, bludgeon, metal knuckles, or any sharp or dangerous weapon, any gun, revolver, pistol, or "other dangerous fire arm," nitroglycerin, dynamite, or any other dangerous or violent explosive. | transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 255 | 1917 | California | 1917 Cal. Stat. 221, § 1 | Prohibited the manufacture, leasing, keeping for sale, offering, giving, or disposing of any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, metal knuckles, dirk, or dagger. | Objection to inclusion. This 20th-century law banning the transfer and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* at 2133. |
| 256 | 1917 | California | 1917 Cal. Stat. 221, § 2 | Prohibited the possession of any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, metal knuckles, bomb, or bombshells, and the carrying of any dirk or dagger. | Objection to inclusion. This 20th-century law banning the possession of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* at 2133. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| 257 | 1917 | California | 1917 Cal. Stat. 221, § 5 | Prohibited the use, or carrying or possession with the intent to use, any dagger, dirk, dangerous knife, razor, stiletto, loaded pistol, revolver, or other firearm, blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, bomb, bombshell, or other "dangerous or deadly instrument or weapon." | Objection to inclusion.<br><br>This 20th-century law banning the use of and possession with intent to use certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* at 2133. |
| 258 | 1917 | Missouri – City of Joplin | Joplin Code of 1917, Art. 67, § 1201. | Prohibited the carrying of a concealed firearm, Bowie knife, spring-back knife, razor, knuckles, bill, sword cane, dirk, dagger, slungshot, or other similar deadly weapons in a church, school, election site, court, or other public setting. Also prohibits using the weapon in a threatening manner, using while intoxicated, or selling to a minor. | Objection to inclusion.<br><br>This law's carry restriction is not "relevantly similar" to CA's magazine ban. It does not ban possession or manufacture of any arm. Instead, it regulates carry of certain arms and, even then, it only regulates *how* and *where* they are carried. *Bruen*, 142 S.Ct. at 2133.<br><br>The law's transfer restriction is not "relevantly similar" either. It restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by *anyone*, nor did not ban transfer to adults. *Id.*<br><br>The law's intoxicated use restriction is not "relevantly similar" either. It restricted only the use of certain arms while intoxicated. It did not flatly ban possession, transfer, or manufacture of any arm. *Id.*<br><br>Further, this was not a state law, but a local law. *Bruen* rejected the notion that |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | | | ordinances from a few cities are persuasive. *Id.* at 2156. |
| | | | | | Finally, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 259 | 1917 | North Carolina – Harnett County | 1917 N.C. Sess. Laws 309, Pub. Local Laws, An Act to Regulate the Hunting of Quail in Harnett County, ch. 209, § 1 | Prohibited killing quail with a gun that shoots over two times before reloading. | Objection to inclusion. |
| | | | | | This 20th-century law banning the killing of quail with certain arms in a single county should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. |
| | | | | | Further, this law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It merely regulates which arms may be used for hunting wild game. *Id.* at 2133. |
| | | | | | Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 260 | 1917 | Oregon | 1917 Or. Sess. Laws 804-08, An Act Prohibiting the manufacture, sale, possession, carrying, or use of any blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, | Prohibited the attempted use, or the carry and possession with the intent to use, any dagger, dirk, dangerous knife, razor, stiletto, loaded pistol, revolver, or other firearm, or any instrument or weapon of the kind commonly | Objection to inclusion. |
| | | | | | This 20th-century law banning the use of, attempted use of, and possession with intent to use certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. |
| | | | | | Also, if the State's claim is that the arms |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-----|-----|-----|-----|-----|
| | | | dirk, dagger or stiletto, and regulating the carrying and sale of certain firearms, and defining the duties of certain executive officers, and providing penalties for violation of the provisions of this Act, § 7 | known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, bomb, bombshell, or any other "dangerous or deadly weapon."  Punishable by a fine of $50-500 or imprisonment for 1-6 months. | subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* at 2133. |
| 261 | 1923 | California | 1923 Cal. Stat. 695, § 1 | Prohibited the manufacture, importation, keeping for sale, offering or exposing for sale, giving, lending, or possession of any instrument or weapon commonly known as a blackjack, slungshot, billy, sandclub, sandbag, metal knuckles, and the concealed carrying of any dirk or dagger. Punishable by imprisonment for 1-5 years. | Objection to inclusion.<br><br>This 20th-century law banning the possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>The restriction on concealed carry is not "relevantly similar" because it regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Id.* at 2133. |
| 262 | 1923 | Missouri | 1923 Mo. Laws 241-42, An Act to Provide the Exercise of the Police Powers of the State by and through Prohibiting the Manufacture, Possession, Transportation, Sale and Disposition of Intoxicating Liquors. . .§ 17 | Prohibited the carrying, while a passenger or operating a moving vehicle, of a revolver, gun or other firearm, or explosive, any Bowie knife, or other knife having a blade of more than two and one-half inches in length, any slingshot, brass knucks, billy, club or other dangerous weapon.  Punishable by imprisonment of minimum 2 years. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only applies when operating or a passenger in a moving vehicle. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | can rightly bear."). |
| 263 | 1923 | South Carolina | 1923 S.C. Acts 221 | Prohibited the selling or giving to a minor a pistol or pistol cartridge, brass knucks, Bowie knife, dirk, loaded cane or slingshot.  Also prohibited a parent from giving such a weapon to their child under 12 years old.  Punishable by fine up to $50 or imprisonment up to 30 days. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's magazine ban because it restricted only the transfer of certain arms to *minors*. It did not flatly ban possession by *anyone* over 12 years old, nor did not ban transfer to adults. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 264 | 1923 | Vermont | 1923 Vt. Acts and Resolves 127, An Act to Prohibit the Use of Machine Guns and Automatic Rifles in Hunting, § 1 | Prohibited using, carrying, or possessing a machine gun or automatic rifle while hunting. | Objection to inclusion.<br><br>This 20th-century law banning the possession of certain arms while hunting should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Bruen*, 142 S.Ct. at 2133. |
| 265 | 1925 | | 1925 Or. Laws 42, An Act Prohibiting the Placing of Spring-Guns or Set-Guns; and Providing a Penalty Therefor, ch. 31, §§ 1-2 | Prohibited the setting of any loaded spring gun.  Punishable by a fine of $100-500 or imprisonment for 30 days to 6 months.  Exception for setting of | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's magazine ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "spring |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | | trap gun to destroy burrowing rodents. | guns" and "set guns"). And it regulates for completely different reasons than CA's magazine ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 266 | 1925 | West Virginia | 1925 W.Va. Acts 25-30, 1st Extraordinary Sess., An Act to Amend and Re-Enact Section Seven . . . Relating to Offenses Against the Peace; Providing for the Granting and Revoking of Licenses and Permits Respecting the Use, Transportation and Possession of Weapons and Fire Arms. . ., ch. 3, § 7(a) | Prohibited unlicensed carrying of a pistol, dirk, Bowie knife, slungshot, razor, billy, metallic or other false knuckles, or any other dangerous or deadly weapon.  Punishable by imprisonment for 6-12 months for the first offense, and for 1-5 years for subsequent offenses, and in either case, a fine of $50-200. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, it only applies to unlicensed carry. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 267 | 1925 | West Virginia | 1925 W.Va. Acts 31-32, 1st Extraordinary Sess., An Act to Amend and Re-Enact Section Seven . . . Relating to Offenses Against the Peace . . . , ch. 3, § 7, pt. b | Prohibited publicly displaying for rent or sale any revolver, pistol, dirk, Bowie knife, slungshot, other dangerous weapon, machine gun, submachine gun, or high powered rifle. Requires dealers to keep a register.  Prohibited selling, renting, giving, or | Objection to inclusion.<br><br>This 20th-century law banning the public display of certain arms for sale or rent should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Further, this law is not "relevantly similar" to CA's magazine ban. It did not ban |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | lending any of these weapons to an unnaturalized person. | possession by anyone, nor did not ban transfer to citizens. *Id.* at 2133.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 268 | 1925 | West Virginia | 1925 W.Va. Acts 30-31, 1st Extraordinary Sess., An Act to Amend and Re-Enact Section Seven . . . Relating to Offenses Against the Peace; Providing for the Granting and Revoking of Licenses and Permits Respecting the Use, Transportation and Possession of Weapons and Fire Arms . . . , ch. 3, § 7, pt. b | Prohibited carrying, transporting, or possessing a machine gun, submachine gun, or high powered rifle except on their own premises and with a permit. Also provides guidelines for such a permit. | Objection to inclusion.<br><br>This 20th-century law banning possession of certain arms without a permit should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>But even if the law's possession restriction were not inconsistent with earlier laws, it is not "relevantly similar" because it regulates differently that CA's flat magazine ban.<br><br>The law's restriction on carry is not "relevantly similar" either because it does not ban possession, sale, or transfer of any arm.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving post enactment history more weight than it can rightly bear.") |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 269 | 1927 | California | 1927 Cal. Stat. 938, An Act to Prohibit the Possession of Machine Rifles, Machine Guns and Submachine Guns Capable of Automatically and Continuously Discharging Loaded Ammunition of any Caliber in which the Ammunition is Fed to Such Guns from or by Means of Clips, Disks, Drums, Belts or other Seperable Mechanical Device, and Providing a Penalty for Violation Thereof, ch. 552, §§ 1 2 | Prohibited a person, firm, or corporation possessing a machine gun. Punishable by imprisonment up to 3 years and/or fine up to $5,000. | <u>Objection to inclusion.</u><br><br>This 20th-century law banning possession of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 270 | 1927 | Indiana | 1927 Ind. Acts 469, Public Offenses—Ownership, Possession or Control of Machine Guns or Bombs—Penalty, ch. 156, § 1 | Prohibited owning or possessing a machine gun or bomb in an automobile. Punishable by imprisonment for 1-5 years. | <u>Objection to inclusion.</u><br><br>This 20th-century law banning possession of certain arms in an automobile should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 271 | 1927 | Indiana | 1927 Ind. Acts 469, Operation of Machine Guns, Discharge of Bombs—Offense and Penalty:, ch. 156, § 2 | Prohibited discharging a machine gun or bomb. Punishable by imprisonment for 2-10 years. | <u>Objection to inclusion.</u><br><br>This 20th-century law banning the discharge of certain arms should not be considered |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* at 2133. |
| 272 | 1927 | Iowa | 927 Iowa Acts 201, An Act to prohibit the Possession or Control of Machine Guns. . . ., §§ 1 2 | Prohibited possession of a machine gun. | Objection to inclusion.<br><br>This 20th-century law banning possession of certain arms without a permit should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 273 | 1927 | Maryland | 1927 Md. Laws 156, § 388-B | Prohibited possession of liquor in an automobile that also carries a gun, pistol, revolver, rifle machine gun, or other dangerous or deadly weapon. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It restricts only the possession of *liquor in an automobile* when one is carrying certain arms. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 274 | 1927 | Massachusetts | 1927 Mass. Acts 416, An Act Relative to Machine Guns and Other Firearms, ch. 326, § 5 | Prohibited the carrying of a pistol, revolver, machine gun, stiletto, dagger, dirk knife, slungshot, metallic knuckles, or sawed off shotgun, billy, or dangerous weapon if arrested upon a warrant for an alleged crime.  Punishable by imprisonment of 6 months to 2.5 years. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It regulates only carry of certain arms and, even then, only when arrested for an alleged crime. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 275 | 1927 | Massachusetts | 1927 Mass. Acts 413, An Act Relative to Machine Guns and Other Firearms, ch. 326, §§ 1-2 (amending §§ 121, 123) | Prohibited selling, renting, or leasing a pistol, revolver, or machine gun to a person without a license to possess the same. | Objection to inclusion.<br><br>This 20th-century law banning transfer of certain arms (including common arms) to individuals without a permit should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that (at least some of the) arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 276 | 1927 | Michigan | 1927 Mich. Pub. Acts 888-89, An Act to Regulate and License the Selling, Purchasing, Possessing and Carrying of Certain Firearms, § 3 | Prohibited manufacturing, selling, or possessing a machine gun, silencer, bomb, bombshell, blackjack, slungshot, billy, metallic knuckles, sandclub, | Objection to inclusion.<br><br>This 20th-century law banning possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | bludgeon.  Punishable by fine up to $1,000 or imprisonment. | Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 277 | 1927 | Michigan | 1927 Mich. Pub. Acts 888-89, An Act to Regulate and License the Selling, Purchasing, Possessing and Carrying of Certain Firearms, § 3 | Prohibited manufacturing, selling, or possessing a machine gun or firearm that can be fired more than 16 times without reloading. Also Prohibited the same for a muffler or silencer. Punishable by fine of $1,000 and/or imprisonment up to 5 years. | Objection to inclusion. This 20th-century law banning possession, transfer, and manufacture of certain arms without a permit should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 278 | 1927 | New Jersey | 1927 N.J. Laws 742, A Further Supplement to an Act Entitled, "An Act for the Punishment of Crimes," ch. 321, § 1 | Prohibited a pawnbroker from selling or possessing for sale, loan, or to give away a machine gun, automatic rifle, revolver, pistol, or other firearm, or other instrument of any kind known as a blackjack, slungshot, billy, sandclub, sandbag, bludgeon, metal knuckles, dagger, dirk, dangerous knife, stiletto, bomb or other high explosive. Punishable as a high misdemeanor. | Objection to inclusion. This 20th-century law banning pawnbrokers from transferring or possessing certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 279 | 1927 | New Jersey | 1927 N.J. Laws 180-81, A Supplement to an Act Entitled "An Act for the | Prohibited selling, giving, loaning, delivering or furnishing, or possessing a machine gun or | Objection to inclusion. This 20th-century law banning the transfer of certain arms to individuals without a permit |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | Punishment of Crimes," ch. 95, §§ 1-2 | automatic rifle to another person without a license. | should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 280 | 1927 | Rhode Island | 1927 (January Session) R.I. Pub. Laws 256, An Act to Regulate the Possession of Firearms: §§ 1, 4, 5, 6 | Prohibited carrying a concealed pistol and Prohibited manufacturing, transfer, selling, purchasing, or possessing a machine gun. | Objection to inclusion.<br><br>This 20th-century law banning the possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.*<br><br>The restriction on concealed carry of pistols is not "relevantly similar" because it regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Id.* at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-----|-----|-----|-----|-----|
| 281 | 1927 | Rhode Island | 1927 R. I. Pub. Laws 256, An Act to Regulate the Possession of Firearms: §§ 1, 4, 7, 8. | Prohibited carrying a concealed pistol and Prohibited manufacturing, selling, purchasing, or possessing a machine gun or silencer. | Objection to inclusion.<br><br>This 20th-century law banning the possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.*<br><br>The restriction on concealed carry of pistols is not "relevantly similar" because it regulates only carry of certain arms and, even then, it only regulates *how* they are carried. *Id.* at 2133. |
| 282 | 1927 | Rhode Island | 1927 R.I. Pub. Laws 256, An Act to Regulate the Possession of Firearms, §§1, 3 | Prohibited a person who has previously been convicted of a violent crime from owning, carrying, or possessing any firearm (including machine gun or pistol). | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban the transfer or manufacture of any arm, and it only restricts possession and carry of firearms by those convicted of a violent crime. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 283 | 1929 | Indiana | 1929 Ind. Acts 139, Criminal Offenses— | Prohibited being armed with a pistol, revolver, rifle shotgun, | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB

**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|---------------------------|----------------------|
| | | | Commission of or Attempt to Commit Crime While Armed with Deadly Weapon, ch. 55, § 1 | machine gun, or any other firearm or dangerous weapon while committing or attempting to commit a crime of rape, robbery, bank robbery, or larceny. Punishable by imprisonment for 10-20 years, in addition to the punishment for the original crime. | magazine ban. It does not ban possession, transfer, or manufacture of any arm. It restricts only the possession of certain arms while committing or attempting to commit rape, robbery, bank robbery, or larceny. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 284 | 1929 | Michigan | 1929 Mich. Pub. Acts 529, An Act to Regulate and License the Selling, Purchasing, Possessing and Carrying of Certain Firearms, § 3 | Prohibited manufacturing, selling, or possessing a machine gun, silencer, bomb, bombshell, blackjack, slungshot, billy, metallic knuckles, sandclub, sandbag, bludgeon, or any gas ejecting device. | Objection to inclusion.<br><br>This 20th-century law banning possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 285 | 1929 | Michigan | 1929 Mich. Pub. Acts 529, An Act to Regulate and License the Selling, Purchasing, Possessing and Carrying of Certain Firearms, § 3 | Prohibited manufacturing, selling, or possessing a machine gun or firearm that can be fired more than 16 times without reloading. Also Prohibited the same for a muffler or silencer. | Objection to inclusion.<br><br>This 20th-century law banning possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 286 | 1929 | Missouri | 1929 Mo. Laws 170, Crimes and Punishment, Prohibiting the Sale, Delivery, Transportation, Possession, or Control of Machine Rifles, Machine Guns and Sub-machine Guns, and Providing Penalty for Violation of Law, §§ 1-2 | Prohibited selling, delivering, transporting, and possessing a machine gun. Punishable by imprisonment of 2-30 years and/or fine up to $5,000. | Objection to inclusion.\n\nThis 20th-century law banning possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.\n\nAlso, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 287 | 1929 | Nebraska | 1929 Neb. Laws 674, An Act Prohibiting the Sale, Possession and Transportation of Machine Guns within the State of Nebraska; and Prescribing Penalties for the Violation of the Provisions Hereof, ch. 190, §§ 1-2 | Prohibited selling or otherwise disposing of a machine gun. Punishable by fine of $1,000-$10,000. Also Prohibited transporting or possessing a machine gun.  Punishable by imprisonment for 1-10 years. | Objection to inclusion.\n\nThis 20th-century law banning possession and transfer of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.\n\nAlso, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 288 | 1929 | Pennsylvania | 1929 Pa. Laws 777, An Act prohibiting the sale, giving away, transfer, purchasing, owning, possession and use of machine guns: §§1 4 | Prohibited selling, giving, transferring, or possessing a machine gun. Punishable by fine up to $1,000 and imprisonment by separate or solitary confinement at labor up to 5 years. Also Prohibited using a | Objection to inclusion.\n\nThis 20th-century law banning possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | machine gun during an attempted crime. Punishable by separate and solitary confinement at labor for up to 10 years. | Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* The law's ban on using a machine gun in the commission of a crime is not "relevantly similar." *Id.* at 2133. |
| 289 | 1929 | Pennsylvania | 1929 Pa. Laws 777, An Act prohibiting the sale, giving away, transfer, purchasing, owning, possession and use of machine guns, § 3 | Prohibited being armed with a machine gun while committing a crime. Punishable by imprisonment with solitary confinement up to 10 years. | Objection to inclusion. This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It restricts only the possession of certain arms while committing or attempting to commit a crime. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 290 | 1929 | Wisconsin | 1928-1929 Wis. Sess. Laws 157, An Act to Create . . . the Statutes, Relating to Machine Guns and Providing a Penalty, ch. 132, § 1 | Prohibited owning, using, or possession a machine gun. Punishable by imprisonment of 1-15 years. | Objection to inclusion. This 20th-century law banning possession and use of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| 291 | 1931 | Delaware | 1931 Del. Laws 813, An Act Making it Unlawful for any Person or Persons Other than the State Military Forces or Duly Authorized Police Departments to have a Machine Gun in his or their Possession, and Prescribing a Penalty for Same, ch. 249, § 1 | Prohibited a person from possessing a machine gun. Punishable by fine and/or imprisonment. | Objection to inclusion.<br><br>This 20th-century law banning possession of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 292 | 1931 | Illinois | 1931 Ill. Laws 452-53, An Act to Regulate the Sale, Possession and Transportation of Machine Guns, §§ 1-2 | Prohibited selling, loaning, or giving away, purchasing, possessing, carrying, or transporting any machine gun. | Objection to inclusion.<br><br>This 20th-century law banning possession and transfer of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.*<br><br>The law's restriction on carrying and transporting certain arm is not "relevantly similar" because it does not ban possession, transfer, or manufacture or any arm. *Id.*<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|-------------------|--------------|----------|--------------------------|----------------------|
| 293 | 1931 | Illinois | 1931 Ill. Laws 454, An Act to Regulate the Sale, Possession and Transportation of Machine Guns, § 7 | Prohibited being armed with a machine gun while committing arson, assault, burglary, kidnapping, larceny, rioting, or robbery. Punishable by imprisonment for 5 years to life. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It restricts only the possession of certain arms while engaged in arson, assault, burglary, kidnapping, larceny, rioting, or robbery. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 294 | 1931 | Michigan | 1931 Mich. Pub. Acts 671, The Michigan Penal Code, ch. 37, § 236 | Prohibited the setting of any spring or trap gun. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's magazine ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns" and "spring guns"). And it regulates for completely different reasons than CA's magazine ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 295 | 1931 | New York | 1931 N.Y. Laws 1033, An Act to Amend the Penal Law in Relation to | Prohibited using an imitation pistol and carrying or possessing a black-jack, slungshot, billy, | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | Carrying and Use of Glass Pistols, ch. 435, § 1 | sandclub, sandbag, metal knuckles, bludgeon, dagger, dirk, dangerous knife, razor, stiletto, imitation pistol, machine gun, sawed off shot-gun, or ay other dangerous or deadly weapon. | magazine ban. It does not a flat ban on possession, transfer, or manufacture of any arm. It regulates only the use of imitation pistols "against another" and the carry and possession of certain arms with the intent to use the same unlawfully against another. *Bruen*, 142 S.Ct. at 2133. Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). To the extent that this 20th century law flatly prohibits any the possession of any arm in common use for lawful purposes, it should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28. Objection to description. The law was not a flat a restriction on use, possession, or carry on all the arms listed by the State. It restricted the possession and carry of certain arms only "with intent to use the same unlawfully against another" and the use of "imitation pistols" "against another." The relevant language is as follows: A person who attempts to use **against another** an imitation pistol, or who carries or possesses any instrument or weapon of the kind commonly known as a black-jack, slungshot, billy, sand club, sandbag, metal |

147

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | knuckles, bludgeon, **or who, <u>with intent to use the same unlawfully against another,</u> carries or possesses a dagger, dirk, dangerous knife, razor, stiletto, imitation pistol, machine gun, sawed off shot-gun, or any other dangerous or deadly instrument**, or weapon is guilty of a misdemeanor, and if he has been previously convicted of any crime he is guilty of a felony. |
| 296 | 1931 | North Dakota | 1931 N.D. Laws 305-06, An Act to Prohibit the Possession, Sale and Use of Machine Guns, Sub-Machine Guns, or Automatic Rifles and Defining the Same . . . , ch. 178, §§ 1-2 | Prohibited selling, giving, loaning, furnishing, or delivering a machine gun, submachine gun, automatic rifle, or bomb (without a license). Punishable by imprisonment up to 10 years and/or fine up to $3,000. | Objection to inclusion.<br><br>This 20th-century law banning the use of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 297 | 1931 | South Carolina | 1931 S.C. Acts 78, An Act Declaring it unlawful for any person, firm, or corporation to place a loaded trap gun, spring gun, or any like devise in any building, or in any place, and providing punishment for the violation thereof: § 1 | Prohibited the setting of any loaded trap gun or spring gun. Punishable by a fine of $100-500 or imprisonment of 30 days to 1 year. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's magazine ban. It does not regulate the possession of any arm. It regulates only how arms are used (i.e., the setting of "trap guns" and "spring guns"). And it regulates for completely different reasons than CA's magazine ban (i.e., to prevent unintended discharges). *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 298 | 1932 | District of Columbia | District of Columbia 1932: 1932, Public-No. 275-72D Congress, ch. 465 | Prohibited being armed with or having readily available any pistol or other firearm while committing a violent crime. In addition to being punished for the crime, will also be punished with imprisonment (various terms depending on the number of previous convictions). Additionally, Prohibited people convicted of violent crimes from owning or possessing a pistol. Prohibited carrying a concealed deadly or dangerous weapon. Regulates the sale and transfer of pistols. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban the possession, transfer, or manufacture of any arm. Instead, it bans the possession of firearms only while committing a violent crime and by those convicted of violent crimes. And it merely regulates, but does not ban, the transfer of pistols. *Bruen*, 142 S.Ct. 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 299 | 1932 | Louisiana | 1932 La. Acts 337-38, An Act to Regulate the Sale, Possession and Transportation of Machine Guns, and Providing a Penalty for a Violation Hereof . . . , §§ 1 2 | Prohibited selling, loaning, giving, purchasing, possession, carrying, or transporting a machine gun. | Objection to inclusion.<br><br>This 20th-century law banning possession and transfer of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 300 | 1933 | California | 1933 Cal. Stat. 1169 | Prohibited a person, firm, or corporation from selling, possessing or transporting a | Objection to inclusion. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------------------|--------------|----------|---------------------------|----------------------|
| | | | | machine gun. Punishable by imprisonment up to 3 years and/or fine up to $5,000. | This 20th-century law banning possession and transfer of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 301 | 1933 | Florida | 1933 Fla. Laws 623, An Act to Prevent Throwing of Bombs and the Discharge of Machine Guns Upon, or Across Any Public Road in the State of Florida . . ., ch. 16111, § 1 | Prohibited throwing a bomb or shooting a machine gun across or along a street or highway, any public park or place where people assemble with the intent to do bodily harm. Punishable by death. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not ban possession, transfer, or manufacture of any arm. It merely bans shooting or throwing certain projectiles at vehicles with the intent to do bodily harm. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 302 | 1933 | Hawaii | 1933 Haw. Special Sess. Laws 117, An Act . . . Regulating The Sale, Transfer And Possession Of Certain Firearms, Tear Gas And Ammunition: § 2 | Prohibited a person, firm, or corporation from owning, possessing, selling, or transporting a machine gun, shell cartridge, or bomb containing or capable of emitting tear gas or other noxious gas. | Objection to inclusion.<br><br>This 20th-century law banning possession and transfer of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | for lawful purposes. *Id.* |
| 303 | 1933 | Kansas | 1933 Kan. Sess. Laws 76, An Act Relating to Machine Guns and Other Firearms Making the Transportation or Possession Thereof Unlawful in Certain Cases, Providing for Search, Seizure and Confiscation Thereof in Certain Cases, Relating to the Ownership and Registration of Certain Firearms, and Providing Penalties for the Violation of this Act, ch. 62, §§ 1 3 | Prohibited possession of a machine rifle, machine gun, or submachine gun. | Objection to inclusion.<br><br>This 20th-century law banning possession of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 304 | 1933 | Minnesota | 1933 Minn. Laws 231-33, An Act Making It Unlawful to Use, Own, Possess, Sell, Control or Transport a "Machine Gun", as Hereinafter Defined, and Providing a Penalty for the Violation Thereof, ch. 190, §§ 1-3 | Prohibited owning, controlling, using, possessing, selling, or transporting a machine gun. | Objection to inclusion.<br><br>This 20th-century law banning possession and transfer of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 305 | 1933 | New York | 1933 N.Y. Laws 1639, An Act to Amend the Penal Law, in Relation to the Sale, Possession and Use of Sub-Machine Guns, ch. 805, §§ 1, 3 | Prohibited selling, giving, disposing of, transporting, or possessing a machine gun or submachine gun to a person guilty of a felony. | Objection to inclusion.<br><br>The law is not "relevantly similar" to CA's magazine ban because it restricted only the possession and transfer of certain arms to convicted felons. It did not ban possession by |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|-----|------------------|--------------|----------|--------------------------|---------------------|
| | | | | | or transfer to law-abiding citizens. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 306 | 1933 | Ohio | 1933 Ohio Laws 189-90, Reg. Sess., An Act. . . Relative to the Sale and Possession of Machine Guns, § 1 | Prohibited owning, possessing, and transporting a machine gun, light machine gun, or submachine gun without a permit. Punishable by imprisonment of 1-10 years. | Objection to inclusion.<br><br>This 20th-century law banning possession of certain arms without a permit should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 307 | 1933 | Oregon | 1933 Or. Laws 489, An Act to Amend Sections 72-201, 72-202, 72-207, Oregon Code 1930, ch. 315, §§ 3-4 | Prohibited possession of a machine gun. Also Prohibited carrying a concealed machine gun, pistol, revolver, or other firearm. | Objection to inclusion.<br><br>This 20th-century law banning the possession of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.*<br><br>The law's restriction on concealed carry is not "relevantly similar" because it regulates only carry of certain arms and, even then, it |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | only regulates *how* they are carried. *Id.* at 2133. |
| 308 | 1933 | Oregon | 1933 Or. Laws 488, An Act to Amend Sections 72-201, 72-202, 72-207, Oregon Code 1930, § 2 | Prohibited a unnaturalized person and person convicted of a felony against another person or the government from owning or possessing a pistol, revolver, other firearm, or machine gun. Punishable by imprisonment for 1-5 years. | Objection to inclusion. <br><br> The law is not "relevantly similar" to CA's magazine ban because it restricted only the possession of certain arms by convicted felons and unnaturalized persons. It did not flatly ban possession by law-abiding citizens. *Bruen*, 142 S.Ct. at 2133. <br><br> Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 309 | 1933 | South Dakota | 1933 S.D. Sess. Laws 245-47, An Act Relating to Machine Guns, and to Make Uniform the Law with Reference Thereto, ch. 206, §§ 1-8 | Prohibited possession of a machine gun during a violent crime. Punishable by imprisonment up to 15 years. Prohibited using a machine gun offensively or aggressively; punishable by imprisonment up to 15 years. Requires manufacturers to keep a register of machine guns and for owners to converted their machine guns to pistols to register the weapon. | Objection to inclusion. <br><br> This law is not "relevantly similar" to CA's magazine ban. It does not flatly ban possession, transfer, or manufacture of any arm. It restricts only the possession or use of a machine gun when engaged in or attempting to engage in murder, manslaughter, kidnapping, rape, mayhem, assault to do great bodily harm, robbery, burglary, housebreaking, breaking and entering, or larceny. *Bruen*, 142 S.Ct. at 2133. <br><br> The law's recordkeeping and registration requirements are not "relevantly similar" either. *Id.* They do not ban the possession, transfer, or manufacture of any arm. |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | | Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; see also *Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 310 | 1933 | Texas | 1933 Tex. Gen. Laws 219-20, 1st Called Sess., An Act Defining "Machine Gun" and "Person"; Making It an Offense to Possess or Use Machine Guns. . . , ch. 82, §§ 1-4, 6 | Prohibited possession of a machine gun; punishable by imprisonment up to 10 years. Prohibited selling, leasing, giving, bartering, exchanging, or trading a machine gun; punishable by imprisonment for 2 months to 10 years. | Objection to inclusion.<br><br>This 20th-century law banning possession and transfer of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 311 | 1933 | Washington | 1933 Wash. Sess. Laws 335-36, An Act Relating to Machine Guns, Regulating the Manufacture, Possession, Sale of Machine Guns and Parts, and Providing Penalty for the Violation Thereof, and Declaring an Emergency, ch. 64, §§ 1-5 | Prohibited manufacturing, owning, buying, selling, loaning, furnishing, transporting, or possessing a machine gun. | Objection to inclusion.<br><br>This 20th-century law banning possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 312 | 1934 | New Jersey | 1934 N.J. Laws 394-95, A Further Supplement to an Act Entitled "An Act for | Declares a person who possesses a machine gun or submachine gun a "gangster" and therefore, enemy of the state.  Also | Objection to inclusion.<br><br>This 20th-century law declaring any person who possesses certain arms to be a "gangster" should not be considered because |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | the Punishment of Crimes," ch. 155, §§ 1-5 | declares a person who carries a deadly weapon without a permit a "gangster." If convicted a "gangster," punishable by fine up to $10,000 and/or imprisonment up to 20 years. | it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.*<br><br>Further, the law is not "relevantly similar" to CA's magazine ban. *Id.* at 2133. |
| 313 | 1934 | South Carolina | 1934 S.C. Acts 1288, An Act regulating the use and possession of Machine Guns: §§ 1 to 6 | Prohibited transporting, possessing, selling, renting, or giving a firearm or machine gun. Punishable by fine up to $1,000 and imprisonment with solitary confinement up to 20 years. | Objection to inclusion.<br><br>This 20th-century law banning possession, transfer, and manufacture of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |
| 314 | 1934 | Virginia | 1934 Va. Acts 137-39, An Act to define the term "machine gun"; to declare the use and possession of a machine gun for certain purposes a crime and to prescribe the punishment therefor, ch. 96, §§ 1-7 | Prohibited possession or use of a machine gun during a violent crime; punishable by death or imprisonment for a minimum of 20 years. Prohibited unlawful possession or use of a machine gun for offensive or aggressive purposes; punishable by imprisonment for a minimum of 10 years. Requires | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not flatly ban possession, transfer, or manufacture of any arm. It restricts only the possession and use of certain arms while engaged in illegal activity. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving |

*Duncan v. Bonta*, No. 3:17-cv-01017-BEN-JLB
**Defendant's Survey of Relevant Statutes (Pre-Founding – 1888)**

| No. | Year of Enactment | Jurisdiction | Citation | Description of Regulation | Plaintiffs' Position |
|---|---|---|---|---|---|
| | | | | manufacturers to keep a register of machine guns. | postenactment history more weight than it can rightly bear."). |
| 315 | 1931-1933 | Wisconsin | 1931-1933 Wis. Sess. Laws 245-47, An Act . . .Relating to Machine Guns and to Make Uniform the Law with Reference Thereto, ch. 76, § 1, pt. 164.01-164.06 | Prohibited using or possessing a machine gun during an attempted violent crime; punishable by imprisonment of minimum 20 years. Prohibited use of a machine gun for offensive or aggressive purposes; punishable by imprisonment of minimum 10 years. | Objection to inclusion.<br><br>This law is not "relevantly similar" to CA's magazine ban. It does not flatly ban possession, transfer, or manufacture of any arm. It restricts only the possession and use of certain arms while engaged in or attempting to engage in violent illegal activity. *Bruen*, 142 S.Ct. at 2133.<br><br>Further, the law was adopted too long after the Founding to be afforded much weight. *Heller*, 554 U.S. at 634-635; *see also Bruen*, 142 S.Ct. at 2136 (cautioning against "giving postenactment history more weight than it can rightly bear."). |
| 316 | 1931-1933 | Wisconsin | 1931-1933 Wis. Sess. Laws 778, An Act . . . Relating to the Sale, Possession, Transportation and Use of Machine Guns and Other Weapons in Certain Cases, and Providing a Penalty, ch. 359, § 1 | Prohibited selling, possessing, using, or transporting a machine gun, automatic firearm, bomb, hand grenade, projectile, shell, or other container that can contain tear or other gas. Punishable by imprisonment for 1-3 years. | Objection to inclusion.<br><br>This 20th-century law banning possession and transfer of certain arms should not be considered because it is not consistent with earlier laws. *Bruen*, 142 S.Ct. at 2154, n.28.<br><br>Also, if the State's claim is that the arms subject to this law are "dangerous and unusual," the law is not "relevantly similar" to CA's ban on magazines in common use for lawful purposes. *Id.* |